**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
FEB 1 1 2004
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| TEXAS PEANUT FARMERS et. al, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-445C |
| ) | (Judge Firestone) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER THIS COURT'S ORDER OF DISMISSAL AND DEFENDANT'S RESPONSE TO OTHER MOTIONS CONTAINED IN PLAINTIFFS' MOTION TO RECONSIDER**

By order dated January 13, 2004, this Court required that defendant respond to plaintiffs' motion to reconsider this Court's order dated December 16, 2003, dismissing the complaint for lack of jurisdiction. Defendant opposes plaintiff's motion to reconsider.

In addition, plaintiffs filed with their motion two other motions: (1) to transfer the case to (unidentified) Federal district courts and (2) a motion to stay this case pending resolution of the cases in various Federal district courts.[1] We address these motions as well.

---

[1] Plaintiffs did not include these two other motions in the caption of their pleading.

1

Introduction

1. Status of Suits In Federal District Courts In Seven Southern States In Which Peanut Producers Raise Allegations Virtually Identical To Allegations They Raised In The Complaint Filed In This Court

Plaintiffs' counsel has filed virtually identical lawsuits in seven southern states (peanut-producing regions) raising virtually identical allegations to those the plaintiffs raised in their Complaint filed in this Court. After full briefing, this Court dismissed plaintiffs' complaint for lack of jurisdiction.[2] In their motion for reconsideration, plaintiffs suggest (among other things) that their cases are not being heard quickly enough in the Federal district courts.

Plaintiffs are wrong. In fact, several of the cases are very active. For example, in the Eastern District of Virginia, defendants have filed several motions, including:

   a.  motion to dismiss for lack of constitutional standing and failure to exhaust mandatory administrative remedies and related pleadings;

---

[2] Tom Clements et al. v. Ross J. Davidson, Civil Action No. 2:03cv352 (E.D. Va); Barnhill v. Davidson, No. 4:02-CV-159-H(4) (E.D. N.C.); Billy M. Barnes, et al. v. Davidson, et al., No. 2-03CV-120 (E.D. TX.); Terry E. Beasley, et al. v. Davidson, et al., No. CV-03-B-500-S (M.D. Ala.); Joey Watford, et al. v. Davidson, et al., No. 03-M-153-S (M.D. Ala.); Georgia Peanut Farmers: Bradford L. Carroll; Edwin Clark; et al v. Ross J. Davidson et al. (M.D. Ga), Case No. 1:03-CV175-WLS; James C. Barnes, et al. v. Davidson, et al., No. 5:03-CV-107-SPM (N.D. Fla.); Wallace A. Berry, et al. v. Davidson, et al., No. 3-03-1631-10 (D.S.C.). (An attorney other than plaintiffs' counsel filed one of the cases in the Middle District of Alabama.)

    b.    opposition to plaintiffs' motion for summary judgment and related pleadings; and,

    c.    motion for protective order (court's review should be on the administrative record (pursuant to the Administrative Procedure Act, an APA review).

<u>Tom Clements et al., v. Ross J. Davidson, Administrator for RMA et al.</u>, Civil Action No. 2:03cv352 (E.D. VA). The district court in Virginia has issued a scheduling order, with a trial date of August 11, 2004. In addition, the court conducted a hearing on January 20, 2004, to address defendant's motion for protective order (based upon our argument that this is a record review case under the Administrative Procedure Act (APA)) and other matters. The Magistrate, citing Fed.R.Civ.P 26(a)(1)(E), that precludes initial disclosures in record review cases under the APA, ordered that initial disclosures not occur, and barred discovery unless there were some future order of the court. The Magistrate ordered that the Government prepare and file the administrative record by February 3, 2004. The Government filed the administrative record on February 3, 2004. The parties in that court have approximately two weeks in which to file any further pleadings relating to the record, and a hearing on the dispositive motions should be scheduled within the relatively near future.

    In addition, the Government has filed similar motions (as described above) in the district court in North Carolina, and anticipates filing similar motions in the Texas district court.

Further, plaintiffs have filed several motions in one or more of the district courts, including:

    a.   motion for summary judgment and related pleadings;

    b.   opposition to defendant's motion to dismiss;

    c.   motion for class certification; and,

    d.   motion to compel discovery (filed after plaintiffs served several discovery requests).

Therefore, plaintiffs' suggestion that they will not have their day in court is without merit. Rather, plaintiffs' claims will be heard in the proper courts, and, as this Court held correctly, the <u>only</u> courts with jurisdiction to entertain their actions. 7 U.S.C. §1508(j)(2) (peanut producer must file claim for indemnity in the district court in the district in which the farm is located).

2.   <u>This Court Should Deny Plaintiffs' Motion To Reconsider</u>

Plaintiffs' motion more properly falls within Rule 59(b) because it is fundamentally a motion to reconsider legal issues that were fully briefed and which the Court decided in its December 16, 2003 decision. Rule 59(b) requires that a motion for reconsideration be filed within ten days of the Court's judgment.

Plaintiffs filed their motion to reconsider this Court's order of dismissal, with a service date of December 31, 2003. Because the Court's Order and Judgment dismissing this case for

4

lack of jurisdiction was dated December 16, 2003, and more than ten days passed after December 16, 2003, plaintiffs' motion is out of time.

In any event, nothing in the Government's filings in the Federal district courts warrants any additional consideration by this Court. While plaintiffs contend that the Government has argued in some of the district courts that plaintiffs might belong in the Court of Federal Claims, plaintiffs' characterization of the Government's position is not correct. Further, their suggestion that the Government has engaged in improper tactics is also clearly incorrect.

Plaintiffs did not allege in their complaints filed in the district courts any regulatory takings challenge to the repeal of the peanut quota, or any implied-in-fact contract theory, or any third party beneficiary theory (referenced at page 3 in footnotes 2 and 3 of plaintiffs' motion).[3] If the plaintiffs in this case, who bought crop insurance for peanuts, had intended to raise a regulatory takings challenge with respect to their crop insurance policies, or any other theories ---- which they clearly have not — the Government would address jurisdictional issues at that

---

[3] For example, the plaintiffs in these peanut crop insurances cases did not make any of the same allegations made by plaintiffs in Members of the Peanut Quota Holders Association, Inc. v. United States, No. 02-1664C (Fed. Cl.) (Judge Miller), in which those plaintiffs (lessors of quotas) raised regulatory takings claims directly challenging the repeal of the peanut quota.

5

time.

However, in these peanut crop insurance cases, plaintiffs allege breach of contract theories and due process theories based upon their crop insurance policies. While plaintiffs have made suggestions that they may add additional theories to their district court complaints, they have as yet to file any such additional theories (in the form of any amended complaint).

In any event, as this Court correctly held, any due process claim relating to plaintiffs' crop insurance policies are properly and exclusively maintained in the appropriate Federal district courts.[4]

2. <u>Defendant Opposes Plaintiffs' Motion to Transfer</u>

Most of the pages in plaintiffs' motion for reconsideration relate to plaintiffs' motion to transfer this case to various district courts. (Pages 2-9 of plaintiffs' 10-page memorandum). We oppose any motion to transfer.

First, the issue of a transfer pursuant to 28 U.S.C. §1631 was raised in at least one of the (unrecorded) status conferences

---

[4] If we are correct that plaintiffs lack constitutional standing to maintain their action in a district court, and/or that they have failed to exhaust mandatory administrative remedies, and, therefore are barred from pursuing their claims in a Federal district court, plaintiffs have only themselves to blame. Thus, if we have correctly raised these defenses in our dispositive motions, any dismissal in district court clearly would not mean, as plaintiffs suggest, that this Court would possess jurisdiction.

during 2003. Moreover, we briefed this issue in our reply b⁴rief filed in September 2003. We pointed out that plaintiffs had not filed any motion to transfer, and that, in any event, there was no need to invoke 28 U.S.C. §1631 to transfer the case filed by any of the named plaintiffs to any of the appropriate Federal district courts because each of the plaintiffs listed in the style of the complaint in this case was also listed in a complaint filed in another Federal district court. Therefore, it was unnecessary and inappropriate for this Court to consider a transfer order.[5]

In any event, if plaintiffs had desired a transfer, instead of dismissal, plaintiffs should have filed a motion to transfer *before* the Court issued its Order and Judgment on December 16, 2003, dismissing this case for lack of jurisdiction.

Moreover, even if plaintiffs had moved to transfer the case, it was their burden to inform this Court of the identity of the Federal district court(s) to which this case or any particular

---

[5] To the extent that plaintiffs may be attempting to transfer cases of individuals who are not named plaintiffs, plaintiffs' attempt is far too late in this Court. Plaintiffs failed to file any motion for class certification in this Court (although we note that they have filed a motion for class certification in some of the district court cases, motions that the Government opposes). We would request the opportunity to brief this issue, if necessary, given our opposition to class certification. We would oppose any transfer of this case to a district court for any unnamed individuals.

named plaintiff should be transferred. See 7 U.S.C. §1508(j)(2) (suit must be filed in district in which farm is located). And, because there is more than one district in several of the seven states at issue, it would not be a simple matter for this Court to issue an order involving dozens of named plaintiffs, without specific information as to the appropriate court(s) to which to transfer a case involving a particular named plaintiff.

Further, the Government and plaintiffs' counsel agreed in the case initially filed in Georgia to transfer the case to another district in Georgia, given the location of the farms of the peanut producers who had sued. Plaintiffs should have explored this voluntary option before involving the courts.

In any event, the cases upon which plaintiffs rely are inapposite. For example, plaintiff cites Britell v. United States, 318 F.3d 70 (1st Cir. 2003), for the proposition there is a presumption in favor of transfer to ensure that a litigant is protected from his attorney's error and/or a technicality of procedure. However, a jurisdictional issue involving the sovereign immunity of the United States is clearly not a "technicality of procedure" and cannot be waived (even if a plaintiff's lawyer erred in this regard). To the extent that the issue is one of "venue," as plaintiffs suggest by citing Intercargo Insurance Co. v. Burlington N. Santa Fe R.R., 1999 U.S. Dist. LEXIS 22302, we explained above that the named

plaintiffs in this suit are already named in other Federal district courts, and, if they are not in the proper Federal district court, the issue should be addressed by the district court.[6]

Accordingly, we respectfully request that this Court deny plaintiffs' motion to transfer.

4. **We Oppose Plaintiffs' Alternative Motion to Stay This Case Pending Resolution of District Court Case(s)**

Plaintiffs also request that this Court stay this action pending resolution of one or more of the district court cases.

We oppose this motion. Because this Court lacks jurisdiction, dismissal is the only appropriate action. Without jurisdiction, this Court has no power to stay the case to retain jurisdiction pending any other action.

---

[6] Plaintiffs' reliance upon Glenn v. United States, 858 F.2d 1577 (Fed. Cir. 1988), is also misplaced. Glenn involved an admittedly unusual case, relating to a case governed by the Contract Disputes Act, 41 U.S.C. §§601 et seq., filed by a contractor in the United States Claims Court. The case, which could have been filed with a board of contract appeals, involved the doctrine of election of remedies unique to CDA cases, as well as complex jurisdictional issues relating to the dates of the decisions by the board of contract appeals involving entitlement and/or quantum determinations. None of the rationales that the court of appeals addressed in Glenn applies to the issue in this case.

9

CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court deny plaintiffs' motion to reconsider, and also deny plaintiffs' motion to transfer and motion to stay.

                          Respectfully submitted,

                          PETER D. KEISLER
                          Assistant Attorney General

                          DAVID M. COHEN
                          Director

                          JANE W. VANNEMAN
                          Senior Trial Counsel
                          Commercial Litigation Branch
                          Civil Division
                          Department of Justice
                          Attn:  Classification Unit
                                  8th Floor
                          1100 L Street, N.W.

Mark Simpson                  Washington, D.C.  20530
United States Department     Tele: (202) 307-1011
  of Agriculture             Facsimile: (202) 514-8624
Office of the General
  Counsel                          Attorneys for Defendant
Atlanta, Georgia

February 11, 2004

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 11, 2004, I caused to be served by United States mail, postage prepaid, copies of "DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER THIS COURT'S ORDER OF DISMISSAL AND DEFENDANT'S RESPONSE TO OTHER MOTIONS CONTAINED IN PLAINTIFFS' MOTION TO RECONSIDER" addressed as follows:

>R. Daniel Boyce
>Post Office Box 1990
>Raleigh
>North Carolina 27602-1990

*Karlisha Bothea*

A TRUE COPY:
TEST:    APR   1 2006
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By: Debra A. Scaler
Deputy Clerk