# BOYCE & ISLEY, PLLC

ATTORNEYS AT LAW
LAWYERS WEEKLY BUILDING, SUITE 100
POST OFFICE BOX 1990
RALEIGH, NORTH CAROLINA 27602-1990

SEP  6 2005

U.S. COURT OF
FEDERAL CLAIMS

G. Eugene Boyce
R. Daniel Boyce
Philip R. Isley
Laura Boyce Isley

107 Fayetteville Street Mall
Raleigh, North Carolina 27601

Telephone: (919) 833-7373
Facsimile: (919) 833-7536

September 6, 2005

**(VIA FACSIMILE 202-357-6546
AND UNITED STATES MAIL)**

The Honorable Nancy Firestone
Judge - United States Court of Federal Claims
717 Madison Place, NW
Washington, DC  20005

> **Re:**    **Texas Peanut Farmers: Billy M. Barnes, _et al._ v. Ross J. Davidson, _et al_.**
>           No. 03-445, Judge Firestone

Dear Judge Firestone:

It is my understanding we are scheduled for a telephone conference on September 7, 2005.  Although the notice did not indicate the purpose of the status conference, I am assuming it is to discuss the Federal Circuit Court of Appeals' ruling that jurisdiction does indeed lie in the federal district courts, but that the case presently pending in the Court of Federal Claims should be transferred to the various federal districts where venue would be proper.  For purposes of such a discussion, I am enclosing a copy of the transfer order from the Judicial Panel on Multidistrict Litigation, as well as the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, specifically Rule 1.1, "Definitions" regarding "tag-along action"; Rule 1.6, "Transfer of Files"; Rule 7.4, "Conditional Transfer Orders for 'Tag-Along Actions'", and Rule 7.5, "Miscellaneous Provisions Concerning 'Tag-Along Actions'".  I hope this Order and these Rules of Procedure will assist us in our discussion of the transfer.

Thank you for your attention to these matters.

A TRUE COPY:
TEST:    APR  4 2006
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims

By _____
Deputy Clerk

Very truly yours,

**BOYCE & ISLEY, PLLC**

R. Daniel Boyce

R. Daniel Boyce

RDB/sj
Enclosures
cc:    Ms. Jane Vaneman (via facsimile)
[ct/claims/9/6/05 judge fireston ltr]

**Scanned**

FILED-CLERK
US. DISTRICT COURT
04 NOV -1 PM 12:58
TX EASTERN-MARSHALL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 6 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1634*

2:03CV/20

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PEANUT CROP INSURANCE LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation currently consists of seven actions listed on the attached Schedule A and pending, respectively, in the Middle District of Alabama, the Northern District of Florida, the Middle District of Georgia, the Eastern District of North Carolina, the District of South Carolina, the Eastern District of Texas, and the Eastern District of Virginia.[1] Plaintiffs in the seven actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of North Carolina. The defendants in the actions, who are the United States, two United States Government officials, and three United States departments or agencies, oppose transfer. If the Panel determines to order transfer over their objections, then these defendants suggest that the Eastern District of Virginia would be an appropriate transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiff peanut farmers in each action allege that common defendants on or after May 13, 2002, unlawfully and unilaterally imposed modifications to the Multiple Peril Crop Insurance Policy for Year 2002, which changed the plaintiff farmers' insurance coverage by reducing it from $.31 to $.1775 per pound of peanuts. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to jurisdictional and class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

Objecting defendants have argued that Section 1407 transfer would circumvent the requirements of 7 U.S.C. § 1508 (j)(2)(a), which provides that actions on crop insurance claims may

---

[1] The Section 1407 motion, as originally filed, also pertained to an additional action brought in the United States Court of Federal Claims. Movants subsequently withdrew this action from the list of actions encompassed by their motion in recognition of the fact that the action had been dismissed and was on appeal. Also, the Panel has been notified of one additional related action recently filed in the Middle District of Alabama. In light of the Panel's disposition of this docket, this action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

be brought only in the district court for the district in which the insured farm is located. Opponents argue that because of this clear Congressional mandate that a federal court, in a particular district, possesses exclusive jurisdiction to entertain certain farmers' crop insurance claims, the Panel cannot or should not exercise its Section 1407 authority to transfer multiple such actions to a single district for coordinated or consolidated pretrial proceedings. We note, however, that in considering transfer under Section 1407, the Panel is not encumbered by considerations of venue. *In re Great Western Ranches Litigation*, 369 F.Supp. 1406, n.1 (J.P.M.L. 1974). An opposite conclusion would frustrate the essential purpose of Congress in enacting Section 1407 and providing for transfer of civil actions to "any district" by the Panel, namely, to permit centralization in one district of all pretrial proceedings when civil actions involving one or more common questions of fact are pending in different districts. *See In re Matter of New York City Municipal Securities Litigation*, 572 F.2d 49 (2nd Cir. 1978). We also note that any action transferred under Section 1407 for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court will be remanded to its transferor district for trial. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001).

    In concluding that the Eastern District of North Carolina is an appropriate forum for this docket, we note that the proceedings are furthest advanced in that district, which is also well equipped with the resources that this docket is likely to require.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of North Carolina are transferred to the Eastern District of North Carolina and, with the consent of that court, assigned to the Honorable Malcolm J. Howard for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

                                                        FOR THE PANEL:

                                                        *Wm. Terrell Hodges*
                                                        ─────────────────────
                                                        Wm. Terrell Hodges
                                                        Chairman

## SCHEDULE A

MDL-1634 -- In re Peanut Crop Insurance Litigation

### Middle District of Alabama

*Terry E. Beasley, et al. v. Ross J. Davidson, et al.*, C.A. No. 1:03-500

### Northern District of Florida

*Florida Peanut Farmers, et al. v. Ross J. Davidson, et al.*, C.A. No. 5:03-107

### Middle District of Georgia

*Georgia Peanut Farmers, et al. v. Ross J. Davidson, et al.*, C.A. No. 1:03-175

### Eastern District of North Carolina

*Marvin Taylor Barnhill, et al. v. Ross J. Davidson, et al.*, C.A. No. 4:02-159

### District of South Carolina

*Wallace A. Berry, et al. v. Ross J. Davidson, et al.*, C.A. No. 3:03-1631

### Eastern District of Texas

*Texas Peanut Farmers, et al. v. Ross J. Davidson, et al.*, C.A. No. 2:03-120

### Eastern District of Virginia

*Tom Clements, et al. v. Ross J. Davidson, et al.*, C.A. No. 2:03-352

```
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

April 2, 2001

MICHAEL J. BECK
CLERK OF THE PANEL
```

*Effective November 2, 1998, With Amendments Effective June 1, 2000, & April 2, 2001*

RULES OF PROCEDURE
OF THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

TABLE OF CONTENTS

I.  GENERAL RULES/RULES FOR MULTIDISTRICT LITIGATION
UNDER 28 U.S.C. §1407

| Rule 1.1: | Definitions |
| Rule 1.2: | Practice |
| Rule 1.3: | Failure to Comply with Rules |
| Rule 1.4: | Admission to Practice Before the Panel and Representation in Transferred Actions |
| Rule 1.5: | Effect of the Pendency of an Action Before the Panel |
| Rule 1.6: | Transfer of Files |
| Rule 5.1: | Keeping Records and Files |
| Rule 5.11: | Place of Filing of Papers |
| Rule 5.12: | Manner of Filing Papers |
| Rule 5.13: | Filing of Papers: Computer Generated Disk Required |
| Rule 5.2: | Service of Papers Filed |
| Rule 5.3: | Corporate Disclosure Statement |
| Rule 6.2: | Applications for Extensions of Time |
| Rule 7.1: | Form of Papers Filed |
| Rule 7.2: | Motion Practice |
| Rule 7.3: | Show Cause Orders |
| Rule 7.4: | Conditional Transfer Orders for "Tag-Along Actions" |
| Rule 7.5: | Miscellaneous Provisions Concerning "Tag-Along Actions" |
| Rule 7.6: | Termination and Remand |
| Rule 16.1: | Hearing Sessions and Oral Argument |

II.  RULES FOR MULTICIRCUIT PETITIONS FOR REVIEW
UNDER 28 U.S.C. §2112(a)(3)

| Rule 17.1: | Random Selection |
| Rule 25.1: | Filing of Notices |
| Rule 25.2: | Accompaniments to Notices |
| Rule 25.3: | Service of Notices |
| Rule 25.4: | Form of Notices |
| Rule 25.5: | Service of Panel Consolidation Order |

CONVERSION TABLE

- 2 -

RULES OF PROCEDURE
OF THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

I.  GENERAL RULES/RULES FOR MULTIDISTRICT LITIGATION
UNDER 28 U.S.C. §1407

RULE 1.1:    DEFINITIONS

As used in these Rules "Panel" means the members of the Judicial Panel on Multidistrict Litigation appointed by the Chief Justice of the United States pursuant to Section 1407, Title 28, United States Code.

"Clerk of the Panel" means the official appointed by the Panel to act as Clerk of the Panel and shall include those deputized by the Clerk of the Panel to perform or assist in the performance of the duties of the Clerk of the Panel.

"Chairman" means the Chairman of the Judicial Panel on Multidistrict Litigation appointed by the Chief Justice of the United States pursuant to Section 1407, or the member of the Panel designated by the Panel to act as Chairman in the absence or inability of the appointed Chairman.

A "tag-along action" refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407.

RULE 1.2:    PRACTICE

Where not fixed by statute or rule, the practice shall be that heretofore customarily followed by the Panel.

RULE 1.3:    FAILURE TO COMPLY WITH RULES

The Clerk of the Panel may, when a paper submitted for filing is not in compliance with the provisions of these Rules, advise counsel of the deficiencies and a date for full compliance.  If full compliance is not accomplished within the established time, the non-complying paper shall nonetheless be filed by the Clerk of the Panel but it may be stricken by order of the Chairman of the Panel.

RULE 1.4:    ADMISSION TO PRACTICE BEFORE THE PANEL AND REPRESENTATION IN
TRANSFERRED ACTIONS

Every member in good standing of the Bar of any district court of the United States is entitled without condition to practice before the Judicial Panel on Multidistrict Litigation.  Any attorney of record in any action

RULE 1.6:     TRANSFER OF FILES

(a)     Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action

(b)     If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)     If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)     Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
      (i)     a certified copy of the individual docket sheet for each action being remanded;
      (ii)    a certified copy of the master docket sheet, if applicable;
      (iii)   the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
      (iv)    a certified copy of the final pretrial order, if applicable; and
      (v)     a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court

(e)     The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule

designating such a pleading as a motion, shall acknowledge that designation by the distribution of a briefing schedule to all parties in the docket. Response time resulting from an additional motion shall ordinarily be extended only to those parties directly affected by the additional motion. An accelerated briefing schedule for the additional motion may be set by the Clerk of the Panel to conform with the hearing session schedule established by the Chairman.

(i)    Any party or counsel in a new group of actions under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along action in which that party is also named or in which that counsel appears.

RULE 7.3:    SHOW CAUSE ORDERS

(a)    When transfer of multidistrict litigation is being considered on the initiative of the Panel pursuant to 28 U.S.C. §1407(c)(i), an order shall be filed by the Clerk of the Panel directing the parties to show cause why the action or actions should not be transferred for coordinated or consolidated pretrial proceedings. Any party or counsel in such actions shall promptly notify the Clerk of the Panel of any other federal district court actions related to the litigation encompassed by the show cause order. Such notification shall be made for additional actions pending at the time of the issuance of the show cause order and whenever new actions are filed.

(b)    Any party may file a response to the show cause order within twenty days of the filing of said order unless otherwise provided for in the order. Failure of a party to respond to a show cause order shall be treated as that party's acquiescence to the Panel action contemplated in the order.

(c)    Within five days after the lapse of the time period for filing a response, any party may file a reply limited to new matters.

(d)    Responses and replies shall be filed and served in conformity with Rules 5.12, 5.2 and 7.1 of these Rules.

(e)    With respect to any action that is the subject of Panel consideration, counsel shall promptly notify the Clerk of the Panel of any development that would partially or completely moot the matter before the Panel.

RULE 7.4:    CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)    Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)    Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

- 10 -

(c)    Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)    Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)    Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

## RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)    Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)    Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)    Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)    A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)    Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.