**ORIGINAL**

# In the United States Court of Federal Claims

No. 03-445C
(Filed: October 12, 2005)

FILED
OCT 1 2 2005
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * *
                              *
TEXAS PEANUT FARMERS, et al., *
                              *
        Plaintiffs,           *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
        Defendant,            *
                              *
* * * * * * * * * * * * * * *
```

A TRUE COPY:
TEST:                4 2006
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By
Deputy Clerk

**ORDER**

The court has carefully considered the plaintiffs' motion to notify or to transfer this case to the Judicial Panel on Multidistrict Litigation ("JPML") and the government's response. The plaintiffs argue that this court may transfer all of these cases either directly to the United States District Court for the Eastern District of North Carolina ("E.D.N.C.") or to the JPML. The government argues that this court may transfer certain cases, but not all, to the E.D.N.C. and that the JPML does not have authority over these cases directly from this court. The government therefore requests an order transferring the cases of certain named plaintiffs to the E.D.N.C. and directing counsel for the plaintiffs to identify other plaintiffs for transfer to the district courts that would have jurisdiction under 7 U.S.C. § 1508(j)(2)(A) (2000), i.e., the district courts for the judicial district in which each plaintiff's farm is located.

The court is persuaded that the government's approach is correct. The JPML does not have authority over cases before this court, and the cases pending in this court cannot be "Tag-Along" actions to the action pending in the E.D.N.C., because this court is not a "district court" under 28 U.S.C. § 1407 (2000). Furthermore, because this court does not have jurisdiction over the cases under 28 U.S.C. § 1508(j)(2)(A), this court may only transfer to the court(s) in which each claim "could have been brought at the time it was

filed." 28 U.S.C. § 1631 (2000). There is no question that the pending cases could not have been brought in the E.D.N.C. in the first instance. Therefore, the court must transfer each plaintiff's case to the district court with jurisdiction under 28 U.S.C. § 1508(j)(2)(A), i.e., the judicial district in which the plaintiff's farm is located.

Accordingly, the court **ORDERS** counsel for the plaintiffs to file a memorandum identifying (1) each named plaintiff, (2) the judicial district(s) in which each plaintiff's farm is located, and (3) whether the plaintiff has another action pending in the E.D.N.C. that was centralized from a district court that had jurisdiction over the plaintiff's action under 28 U.S.C. § 1508(j)(2)(A)[1] by **Monday, October 24, 2005.** The court will use this information to transfer the plaintiffs' cases to the appropriate district courts.

**IT IS SO ORDERED.**

_____
NANCY B. FIRESTONE
Judge

---

[1] Some of the named plaintiffs in this case also filed actions in the appropriate district courts under 28 U.S.C. § 1508(j)(2)(A) that have been centralized in the E.D.N.C. and that will be transferred back to the appropriate district court following pre-trial proceedings. For these plaintiffs, transfer to the E.D.N.C. may be appropriate.