**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED

OCT 2 7 2005

U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| TEXAS PEANUT FARMERS, *et al.* | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 03-445C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

By leave of the Judge

---

## NOTICE OF FILING OF PLAINTIFFS' NOTICE AND MOTION FOR TRANSFER OF "TAG-ALONG ACTION" TO TRANSFEREE COURT (EDNC) TO THE JPML COURT

NOW COME Class Counsel and counsel for individual plaintiffs and respectfully file this "Notice of Filing Plaintiffs' Notice and Motion for Transfer of Tag-Along Action to Transferee Court (EDNC) to the Judicial Panel on Multidistrict Litigation ("JMPL") Court" as required by the JPML Rule 5.2(b). Undersigned Plaintiffs'/Class Counsel served the "Notice and Motion for Transfer of Tag-Along Action to Transferee Court EDNC" to the JPML Court" on opposing counsel and notified this Court of the filing in a previous filing with this Court. However, the JPML Clerk's Office also advised the local rules require service of the Notice on the potential transferor and transferee courts. Counsel acknowledge (but note its exception for the record) the Court of Federal Claims' subsequent ruling that its case is not a transferable case to the JPML and then to the EDNC; but instead the Court of Federal Claims ruled that it "must first transfer each plaintiff's case to the district court with jurisdiction under 28 U.S.C. § 1508(j)(2)(A), i.e., the judicial district in which the plaintiff's farm is located".

A TRUE COPY:
TEST: APR 4 2006

BRIAN BISHOP
Clerk, U.S. Court of Federal Claims

By
Deputy Clerk

SCANNED

This the 20th day of October, 2005.

**BOYCE & ISLEY, PLLC**

R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, NC  27602-1990
Telephone: (919) 833-7373
Facsimile:  (919) 833-7536
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I caused to be served by United States mail, postage prepaid, copies of the foregoing **NOTICE OF FILING OF PLAINTIFFS' NOTICE AND MOTION FOR TRANSFER OF "TAG-ALONG ACTION" TO TRANSFEREE COURT (EDNC) TO THE JPML COURT** addressed as follows:

The Honorable Margaret M. Earnest
Clerk, U. S. Court of Federal Claims
717 Madison Place, N.W.
Washington, DC 20005-1011

Kent Porter
Assistant U.S. Attorney
8000 World Trade Center
101 W. Main St.
Norfolk, Virginia, 23510

Clerk, US District Court
Eastern District of North Carolina
310 New Bern Avenue
5th Floor
Raleigh, NC 27611

Jane W. Vanneman
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L Street, NW
Washington, DC 20530

Mr. Eric D. Goulian
Assistant U. S. Attorney
310 New Bern Avenue
Suite 800
Raleigh, North Carolina 27601-1461

This the ___20th___ day of October, 2005.

**BOYCE & ISLEY, PLLC**

R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, NC 27602-1990
Telephone: (919) 833-7373
Facsimile: (919) 833-7536
*Attorney for Plaintiffs*

# BOYCE & ISLEY, PLLC

ATTORNEYS AT LAW
LAWYERS WEEKLY BUILDING , SUITE 100
POST OFFICE BOX 1990
RALEIGH, NORTH CAROLINA  27602-1990

G. Eugene Boyce
R. Daniel Boyce
Philip R. Isley
Laura Boyce Isley

107 Fayetteville Street Mall
Raleigh, North Carolina 27601

Telephone: (919) 833-7373
Facsimile: (919) 833-7536

October 20, 2005

Clerk of Court - U.S. District Court
Eastern District of North Carolina
310 New Bern Avenue
5th Floor
Raleigh, North Carolina  27611

     Re:    Master Docket No. 4:05-CV-8-H2 (All Cases)

Dear Sir:

    Enclosed please find an original and three copies of a Notice of Filing Plaintiffs' Notice and Motion for Transfer of "Tag-Along Action to Transferee Court (EDNC) to the JPML court in the above-captioned cases.  It would be appreciated if you file the original and one copy with the court and return the extra copy with the filing date stamped thereon.  A self-addressed envelope is also enclosed for your convenience.

    If you have any questions or concerns, please do not hesitate to give me a call.  Thanking you in advance for your assistance in this matter, I am

        Sincerely yours,

        BOYCE & ISLEY, PLLC

        Shelia Jones
        Legal Assistant

/sj
Enclosures
[peanuts/10/20/05 clerkct]

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

In re 2002 Peanut Insurance Contract     )
(MPCI Policy)                             )         **MDL No. 1634**

**NOTICE OF FILING OF PLAINTIFFS' "NOTICE AND MOTION FOR TRANSFER OF "TAG-ALONG ACTION" TO TRANSFEREE COURT (EDNC) TO THE JPML COURT" AND AMENDED CERTIFICATE OF SERVICE**

Undersigned Plaintiffs'/Class Counsel served the "Notice and Motion for Transfer of Tag-Along Action to Transferee Court EDNC" on opposing counsel and notified Transferor and Transferee courts of the filing in a previous filing with these courts. However, the JPML Clerk's Office also advised the local rules require service of the Notice on the potential transferor and transferee courts. Counsel acknowledge (but note its exception for the record) the Court of Federal Claims' subsequent ruling that its case is not a transferable case to the JPML and then to the EDNC; but instead the Court of Federal Claims ruled that it "must first transfer each plaintiff's case to the district court with jurisdiction under 28 U.S.C. § 1508(j)(2)(A), i.e., the judicial district in which the plaintiff's farm is located".

## AMENDED CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I caused to be served by United States mail, postage prepaid, copies of the foregoing **NOTICE OF FILING OF PLAINTIFFS' NOTICE AND MOTION FOR TRANSFER OF "TAG-ALONG ACTION" TO TRANSFEREE COURT (EDNC) TO THE JPML COURT AND AMENDED CERTIFICATE OF SERVICE**:

The Honorable Margaret M. Earnest
Clerk, U. S. Court of Federal Claims
717 Madison Place, N.W.
Washington, DC 20005-1011

Kent Porter
Assistant U.S. Attorney
8000 World Trade Center
101 W. Main St.
Norfolk, Virginia, 23510

Clerk, US District Court
Eastern District of North Carolina
310 New Bern Avenue
5th Floor
Raleigh, NC 27611

Jane W. Vanneman
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L Street, NW
Washington, DC 20530

Eric Goulian
Assistant U. S. Attorney
310 New Bern Avenue
Suite 800
Raleigh, North Carolina 27601-1461

This the 20th day of October, 2005.

R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, NC 27602-1990
Telephone: (919) 833-7373
Facsimile: (919) 833-7536
*Attorney for Plaintiffs*

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

In Re: Peanut Crop Insurance    )    Master Docket Case No.
Litigation, MDL-1634            )         4:05-CV-8-H2
                                )          (ALL CASES)


**NOTICE OF FILING OF PLAINTIFFS' NOTICE AND MOTION FOR TRANSFER OF
"TAG-ALONG ACTION" TO TRANSFEREE COURT (EDNC) TO THE JPML COURT**


NOW COME Class Counsel and counsel for individual plaintiffs and respectfully file this

"Notice of Filing Plaintiffs' Notice and Motion for Transfer of Tag-Along Action to Transferee

Court (EDNC) to the Judicial Panel on Multidistrict Litigation (JPML) Court" as required by the

JPML Rule 5.2(b).  Undersigned Plaintiffs'/Class Counsel served the "Notice and Motion for

Transfer of Tag-Along Action to Transferee Court EDNC to the JPML Court" on opposing

counsel and notified this Court of the filing in a previous filing with this Court.  However, the

JPML Clerk's Office also advised the local rules require service of the Notice on the potential

transferor and transferee courts.  Counsel acknowledge (but note its exception for the record) the

Court of Federal Claims' subsequent ruling that its case is not a transferable case to the JPML

and then to the EDNC; but instead the Court of Federal Claims ruled that it "must first transfer

each plaintiff's case to the district court with jurisdiction under 28 U.S.C. § 1508(j)(2)(A), i.e.,

the judicial district in which the plaintiff's farm is located".

This the 20 day of October, 2005.

                                        **BOYCE & ISLEY, PLLC**


                                        R. Daniel Boyce
                                        N. C. State Bar # 12329
                                        Post Office Box 1990
                                        Raleigh, NC  27602-1990
                                        Telephone: (919) 833-7373
                                        Facsimile:  (919) 833-7536
                                        *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I caused to be served by United States mail, postage prepaid, copies of the foregoing **NOTICE OF FILING OF PLAINTIFFS' NOTICE AND MOTION FOR TRANSFER OF "TAG-ALONG ACTION" TO TRANSFEREE COURT (EDNC) TO THE JPML COURT** addressed as follows:

The Honorable Margaret M. Earnest
Clerk, U. S. Court of Federal Claims
717 Madison Place, N.W.
Washington, DC  20005-1011

Kent Porter
Assistant U.S. Attorney
8000 World Trade Center
101 W. Main St.
Norfolk, Virginia, 23510

Clerk, US District Court
Eastern District of North Carolina
310 New Bern Avenue
5th Floor
Raleigh, NC  27611

Jane W. Vanneman
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn:  Classification Unit, 8th Fl.
1100 L Street, NW
Washington, DC  20530

Eric Goulian
Assistant U. S. Attorney
310 New Bern Avenue
Suite 800
Raleigh, North Carolina  27601-1461

This the 20th day of October, 2005.

**BOYCE & ISLEY, PLLC**

R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, NC  27602-1990
Telephone: (919) 833-7373
Facsimile:  (919) 833-7536
*Attorney for Plaintiffs*

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

In re 2002 Peanut Insurance Contract
(MPCI Policy)                                          MDL No. 1634

**PLAINTIFFS' NOTICE AND MOTION FOR TRANSFER OF "TAG-ALONG ACTION"**
**TO TRANSFEREE COURT (EDNC)**

POTENTIAL TAG-ALONG ACTION:

| | |
|---|---|
| TEXAS PEANUT FARMERS, *et al.*  ) | |
| ) | |
|     Plaintiffs,  ) | |
| ) | |
|     vs.  ) | No. 03-445C |
| ) | (Judge Firestone) |
| THE UNITED STATES, *et al.*  ) | |
| ) | |
|     Defendant.  ) | |

NOW COME Plaintiffs/Class Counsel and hereby file this Notice and Motion with the Judicial Panel On Multi-District Litigation requesting that, pursuant to Rule 7.4(a) and 7.5(d) of the General Rules for Multidistrict Litigation under 28 U.S.C. § 1407, that the Clerk of the Panel enter a Conditional Order transferring the action entitled "Texas Peanut Farmers; Billy M. Barnes, et al. v. Ross J. Davidson, et al., Federal Court of Claims No. 03-445" to the transferee district, Eastern District of North Carolina; or alternatively that the Panel issue as many as 14 separate orders transferring the cases to the transferee district if this Court and the Court of Federal Claims determines that the extra steps proposed by the Government are required. Contemporaneous with the filing of this Notice and Motion, Plaintiffs are filing a Reply to the Government's Objection to notifying this Court of the potential "Tag-Along Action." Defendants apparently oppose Plaintiffs' request to notify the JPML but also state that if however this Court determines that it would be an appropriate courtesy for the Court of Federal Claims to inform the JPML of the status of these cases, we would have no objection to such notice." (*Exhibit 13, Government's brief filed in the Court of Federal Claims at pg. 12*). The basis for the transfer is the Federal Circuit Court of Appeals Ruling that the Court of Federal Claims cases should be transferred to the appropriate federal district courts (*See Exhibit 14, Federal Circuit Court of Appeals Opinion and Order*).

The Government Defendants also make certain concessions that may mean the only difference in the parties' positions are whether to go through a multi-step process (proposed by the Government) which may or may not cut out certain named plaintiffs and potential class members from recovering damages or a shorter and more efficient process (proposed by Class Counsel) that should result in all the plaintiffs and potential class members being before Judge

2

Howard in the Eastern District of North Carolina (EDNC) sooner rather than later. (See *Exhibit 12 comparing the two proposed processes.*)

In support of this request to issue one conditional transfer order directly to the EDNC rather than as many as 14 separate transfer orders, Class Counsel submit that the JPML may identify the Court of Federal Claims case as a "tag-along action" and that the JPML issue a conditional transfer order to the EDNC. Such an order is valid and enforceable; is in the interests of judicial efficiency and economy; and will avoid continued delays in the conclusion of these class action cases.

## STATEMENT OF THE CASE AND FACTS

### A.  Status of Transferee District Court Case (EDNC)

Plaintiffs filed the initial class action lawsuit on behalf of North Carolina, Virginia, and South Carolina Peanut Farmers regarding the Government's breach of the 2002 Multiple Peril Crop Insurance Policy (MPCI Policy) in November 2002. The Docketing Statement which contains the various motions and rulings mentioned below is attached hereto as *Exhibit 1, Docket Sheet, EDNC.* [1]

The Honorable Malcolm Howard (EDNC) ruled in favor of North Carolina Plaintiff Peanut Farmers and against Defendants on cross-motions for summary judgment. The Court also ruled in favor of North Carolina Plaintiff Peanut Farmers (over the objection of the Government Defendants) on their request for class certification. The Order on these issues was entered on July 22, 2004. (*Exhibit 1*) No appeal was taken. On July 29, 2004, Plaintiffs filed a motion and

---

[1] In the Government's brief filed in the Court of Federal Claims, Counsel for defendants alleged that Plaintiffs'/Class Counsel made an "incomplete and misleading" summary during the telephone conference. However, when challenged on the matter, Government's counsel said that they merely wanted a "more complete summary of the status of all the related cases, than you presented during the status conference." Out of an abundance of caution and based on the original allegations made by Government's counsel, Plaintiffs are providing the docketing statements and a more thorough recitation of the status of the cases than may actually be needed for purposes of the Transfer issue.

memorandum requesting that instead of dismissing certain Plaintiffs from the case that the Court "Transfer Virginia Plaintiffs or Other Plaintiffs to the Appropriate Venues." The Court recently denied that motion. (*Exhibit 1*)[2]

Judge Howard (EDNC) issued an order on calculation of damages based on cross motions filed by the parties on March 31, 2005. This order on calculation of damages covered the first filed case in the Eastern District of North Carolina as well as the transferee cases. (*Exhibit 2, Docket Sheet For All Cases Sent to Transferee District*) A "Motion for Certification of a National Class Action (And Incorporated Memorandum of Law) was filed originally on February 17, 2005. An Amended Memorandum was filed on March 4, 2005. (*Exhibit 2*) The Government opposes this motion. Judge Howard has not ruled.

## B.  Status of Court of Federal Claims Case

A similar class action lawsuit was filed in the Court of Federal Claims on behalf of Alabama, Florida, Georgia, South Carolina and Texas farmers on February 25, 2003. As stated in their previously filed pleadings, Class Counsel were attempting to have all cases heard in the same forum.

On May 31, 2005, the Federal Circuit Court of Claims reversed the Court of Federal Claims' dismissal of the Court of Federal Claims 2002 peanut insurance case ruling that although jurisdiction lies in the federal district courts, the Court of Federal Claims should have transferred the cases to the appropriate federal district courts. (*Exhibit 14*). That ruling was not appealed.

Notice for a telephone conference regarding the status of the case was scheduled by the Court for September 9, 2005. Although the notice did not state the purpose of the September 9,

---

[2] Class Counsel are filing a notice of appeal of that ruling and requesting that MDNC plaintiffs and MDVA plaintiffs should not have been dismissed under 28 USC § 1631 which is consistent with the Federal Circuit Court of Appeals ruling in this case. Class Counsel also are filing new "prophylactic" lawsuits in the MDNC and MDVA districts.

2005 telephone conference, counsel for plaintiffs correctly anticipated the discussion to be about the appropriate method to transfer the Court of Federal Claims case. In preparation for a telephone conference, undersigned counsel sent copies of the Judicial Panel on Multidistrict Litigation (JPML) rules on "tag along cases" to opposing counsel and the Court. Opposing counsel did not send any documents to the court and never contacted class counsel prior to the telephone hearing to discuss its position. In its September 9, 2005 Scheduling Order, this Court treated the Plaintiffs' submission as a motion to notify the JPML that the case may be a "Tag Along" action to the action now centralized in the Eastern District of North Carolina. (*Government's Brief, pg. 13*)

## C. Status of Transferor District Court Cases.

Because of delays caused by the Government in the Court of Federal Claims case and elsewhere, Class counsel decided identical "prophylactic" lawsuits should be filed in six federal district courts in six states (including Virginia) in May, 2003. After additional repeated delays, Class Counsel filed a request with the Judicial Panel on Multi District Litigation (JPML) that the six federal district court cases be transferred to the Eastern District of North Carolina for consolidated proceedings pursuant to 28 U.S.C. § 1407. As has been done on all Plaintiffs'/Class Counsel's efforts to consolidate the cases, the Government Defendants opposed this request.

On July 1, 2004, Class Counsel filed a Notice of Partial Withdrawal of Court of Federal Claims case No. 03-445C in Plaintiff's Motion to Transfer Cases pursuant to 28 U.S.C. § 1407. As stated in that Notice, Plaintiffs had appealed the ruling of the Court of Federal Claims to preserve the venue or jurisdictional issue. However, in light of a conversation with the Clerk of the Judicial Panel on Multidistrict Litigation, the Plaintiffs filed a Notice of Partial Withdrawal

of the Court of Federal Claims case (pending the appeal.) (*Exhibit 3, Footnote 1 of Transfer Order*)

Pursuant to the federal rules on multi-district litigation (and over the objections of the Government Defendants), the JPML transferred for all pretrial proceedings the six federal district court cases to the Eastern District of North Carolina on October 26, 2004. (*Exhibit 2*) In its Transfer Order, the JPML acknowledged that the Court of Federal Claims case had been withdrawn in recognition of the fact that it was on appeal. A seventh "tag along" case (from Alabama) also was acknowledged by the JPML in the Transfer Order and was sent to the EDNC several months later (for a total of eight cases before Judge Howard (EDNC)) for all pretrial proceedings. (*Exhibit 2*). Judge Howard (EDNC), who was assigned the transferee cases, ruled in favor of Plaintiffs in the seven other federal district court cases that had been transferred and against the same Defendants on cross-motions for summary judgment. Judge Howard (EDNC) also ruled in favor of Plaintiffs (and again over the objection of the Government Defendants) in each of the separate federal district court cases on their request for class certification pursuant to Fed. R. Civ. P. 23. The Order on these issues was entered on March 31, 2005. (*Exhibit 2*). No appeal was taken.

As mentioned above, Judge Howard (EDNC) issued an order on calculation of damages based on cross motions filed by the parties on March 31, 2005. This order on calculation of damages covered the first filed case in the Eastern District of North Carolina as well as the transferee cases. (*Exhibit 2, Docket Sheet for All Cases Sent To Transferee District*) A "Motion for Certification of a National Class Action (And Incorporated Memorandum of Law) was filed originally on February 17, 2005. An Amended Memorandum was filed on March 4, 2005. (*Exhibit 2*) The Government opposes this motion. Judge Howard has not ruled.

### D. Class Counsel's Efforts to Obtain Information Regarding Other Named Plaintiffs' and Potential Class Members and Government's Refusal to Provide Information on Named Plaintiffs and Other Class Members

The Government's efforts to limit the recovery of potential claimants was announced at the outset of the case. In a letter of August 15, 2003, Counsel for the Government defendants wrote:

> We also wish to make clear that, even though one or more of the plaintiffs may be named in the appropriate district court, the Government reserves the right to assert other defenses (which may or may not be jurisdictional in nature), and if we prevail, these defenses would result in a dismissal of that plaintiff's action. These potential defenses include: statute of limitations and/or other time-bars, and/or failure to exhaust administrative remedies.

(*Exhibit 4, Vanneman letter of August 15, 2003*)  Thereafter, Class Counsel began its efforts to determine the appropriate venue or jurisdiction for the Plaintiffs (clients of the law firm). At every turn, the Government has resisted those efforts.

For example, on November 5, 2004, Class Counsel began efforts to obtain the necessary information regarding named plaintiffs and potential class members who were not in the Government's database of information by requesting that the Government provide information:

> ...please advise whether the Government is willing to furnish names of all potential class members in other states. We received the Court's Order regarding notice to the class members. We compared the list the Government provided with our internal list of clients [plaintiffs] and found that there were almost 100 clients [plaintiffs] who were not considered class members according to the Government's document that you submitted. It would be helpful if the Government can go ahead and voluntarily furnish the names of all potential class members in each of the states so we can be working on similar information.

(*Exhibit 5, Boyce letter to AUSA Goulian, November 5, 2004.*)  The information never was provided.

In December, 2004, the Government filed its responses to discovery requests and again refused to provide information regarding named plaintiffs and other potential class members in the various states in which actions were pending. (*Exhibit 6, Defendants' Response to Plaintiffs' First Set of Interrogatories.*)

On February 17, 2005, Class Counsel filed a motion to compel the production of documents regarding the identification of plaintiffs and potential class members in the seven districts in which cases had been filed as well as other districts in other states where no actions had been filed. (*Exhibit 7, Motion for Discovery Order Compelling Production of Documents*)

On July 14, 2005, Class counsel again wrote the Government handling the consolidated cases when it was determined that class notice (using the information provided by the Government) had not included all Plaintiff peanut farmers represented by class counsel. (*Exhibit 8, Boyce letter of July 14, 2005*) In fact, as many as 56 Texas peanut farmers, four Florida peanut farmers, 1 South Carolina plaintiff, 42 Virginia plaintiffs, 10 Alabama plaintiffs, and 47 Georgia plaintiffs were not included in the Government's list. Almost two months went by before the Government responded to the request. In their September 6, 2005 response, the government merely stated those plaintiffs did not have farms located in one of the seven federal districts (or did not have a loss) and as such refused to provide any additional information. (*Exhibit 9, AUSA Goulian letter to Boyce dated September 6, 2005*)

The Government steadfastly has refused to provide any assistance or information to help identify the appropriate venues or jurisdictions on named plaintiffs or potential class members while the Government contends they did not farm in a district in which there is an action pending. In fact in their pleadings, they insist that it is up to Plaintiffs'/Class counsel to find the correct jurisdiction or venue for each named plaintiff even though they have conceded (by

providing some of the information for certain districts) that they have the information in their possession that could help in this process. Due in part to the Government's refusal to cooperate; the well founded belief that certain plaintiff farmers and corresponding class members might be excluded from recovery because of the Government's action; and because of the fact that the Federal Rules of Civil Procedure require that all potential class member (and plaintiffs) be treated similarly, Class Counsel have filed for national class action certification.

**ARGUMENT**

The Transfer Order of October 26, 2004 describes the seven actions listed in Schedule A regarding the breach of contract of the Multiple Peril Crop Insurance policy for the year 2002. Eight cases presently are consolidated before Judge Howard (EDNC). In the Transfer Order, the Honorable Judge Hodges of the JPML ordered that, "pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of North Carolina are transferred to the Eastern District of North Carolina ...for coordinated or consolidated pretrial proceedings...." The cases still are before that Court for coordinated or consolidated pretrial proceedings which would include the determination of various jurisdictional and venue issues.

Title 28 U.S.C. § 1407 provides:

> (a) when civil actions involving one or more common questions of fact are pending in different districts, said actions may be transferred to any district for coordinated or consolidated pretrial proceedings . Such transfer shall be made by the Judicial Panel on Multidistrict Litigation authorized by this section upon its determination that transfers of such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the Panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." (emphasis added)

Rule 7.5 Miscellaneous Provisions Concerning 'Tag-Along Actions" provides: (d) "a civil action apparently involving common questions of fact with actions under consideration by

9

the Panel for the transfer under § 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing section, will ordinarily be treated by the Panel as a potential "tag-along action."

Rule 1.1 of the General Rules/Rules for Multidistrict Litigation under 28 U.S.C. § 1407 provide that "a 'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under § 1407." The Court of Federal Claims case has the identical facts and legal issues to the other eight cases but with potentially different plaintiffs and potential class members.

Rule 7.4, Conditional Transfer Orders for "Tag-Along Actions" provides that

(a) "upon learning of the pendency of a potential tag-along action", as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. Moreover, Rule 7.4(c) provides that any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the 15-day period. If a Notice of Opposition is received by the Clerk of the Panel within this 15-day period, the Clerk of Panel shall not transmit said Order to the Clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule."

Also in Title 28 are three additional statutes that speak to jurisdictional and venue issues.

Title 28 U.S.C. § 1631 provides for a transfer to cure want of jurisdiction:

"Whenever a civil action is filed in a court as defined in § 610 of this Title [28 U.S.C. § 610] or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." (emphasis added).

Most importantly 28 U.S.C. § 610 defines the word "courts" to include the district courts of the United States as well as **the United States Court of Federal Claims**".  Thus for transfers to cure want of jurisdiction, Section 610 treats the U.S. Court of Federal Claims the same as a federal district court.

The treatment of the Court of Federal Claims as a federal district court is found in other federal statutes and rules.  The Federal Court of Claims has concurrent jurisdiction with federal district courts over certain actions falling under "the Tucker Act 28 U.S.C. § 1491(a)(1) and the "Little Tucker Act (28 U.S.C. § 1346).  Also, the Federal Circuit Court of Appeals treats the U.S. Court of Federal Claims the same as district courts.  Rule 1(a) states:  The term "district court" and trial court" include:  (a) the **United States district courts**...[and] (c) the **United States Court of Federal Claims**... (emphasis added).  Title 28 U.S.C. § 1406 provides for the cure or waiver of defects.  The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Moreover, 28 U.S.C. § 1404 provides for change of venue:  "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The above statutes all reference transfers to the appropriate federal district courts or division.  The statutes refer to "the interests of justice" and speak of convenience of the parties and judicial efficiency.  Moreover, Rule 23 which governs class actions, has as part of its purpose, not only treating all class members similarly but also judicial efficiency and economy.

Based on prior statements made by the Government in these proceedings, Plaintiff's Counsel are concerned that the Government's efforts are to preclude some plaintiff peanut

farmers and potential class members who otherwise would be entitled to recover like other class members may recover.  Under the Government's proposal, they are only willing to transfer to the Eastern District of North Carolina such cases of plaintiffs who farm in the districts whose cases already are pending in the Eastern District of North Carolina.  Then they reserve the right to seek dismissal of the transferred cases.  The Government has admitted that numerous Plaintiffs are not listed in the database they provided for class notice.  Upon information and belief, if the Government is to have its way, 42 plaintiffs in Virginia could be left out; two plaintiffs in North Carolina could be left out; 47 plaintiffs could be left out in Georgia; 4 plaintiffs could be left out in Florida; 10 plaintiffs could be left out in Alabama, and as many as 33 plaintiffs could be left out of the Texas case.  (*Exhibits 8 and 9*)  Moreover, many more identically situated potential class members might be excluded from recovering.  Such a result would fly in the face of Rule 23 of the Rules of Civil Procedure which govern class actions.  Potential class members are to be treated similarly, not excluded or precluded from recovery.

In Simanonok v. Simanonok, *et al.*, 918 F.2d 947 (1990), the court dealt with the question of whether the district court lacked jurisdiction over the United States claims.  The court stated that it was cognizant of the Supreme Court's admonition that they are obliged to "adhere strictly to principles of law of the case" in order to avoid a "perpetual game of jurisdictional ping pong" citing Christianson, *et al*. v. Colt Indus. Operating Corp., 486 U.S. 800, 818-19, 108 S. Ct. 2166, 100 L.Ed.2d 811 (1988).  The Court in Simanonok noted that the whole jurisdictional dispute had been orchestrated by the Government, which had made and refrained from making arguments as the mood struck.  The Court noted that on appeal to the Eleventh Circuit, the Government argued that the district court indeed had Little Tucker Act jurisdiction, and so the appeal should lie there.  In support of its motion to transfer, the Government cited the district

court's order finding Little Tucker Act jurisdiction. The Eleventh Circuit accepted the argument

and transferred the case back to the United States Court of Appeals for the Federal Circuit. Once

there, however, the Government doubled back and argued again that there was no Little Tucker

Act jurisdiction in district court. The Court noted that under those circumstances, there was little

wonder that the jurisdictional status of the case had been unsettled. Accordingly, the Federal

Circuit retransferred back to the United States Court of Appeals for the Eleventh Circuit.

In a letter dated July 30, 2003, before the Court of Federal Claims and the subsequent

appeal to the Federal Circuit Court of Appeals, Class Counsel sent a letter to counsel for the

Government Defendants in which Class Counsel stated:

> "We agree with Judge Firestone that it would be best for the courts and all concerned to
> have these cases heard all in one case. Also, as Judge Firestone said, "the Plaintiffs need
> something in hand to assure our clients that this case will not be switched back and forth
> from jurisdiction to jurisdiction and thereby avoid an expeditious decision on the merits
> of the case in the ultimate issue of liability."
>
> (Exhibit 10)

The Government's Attorney now opposing this consolidation in earlier words to the

Federal Circuit Court of Appeals seemed to agree with Judge Firestone and the theory of

consolidation to resolve pretrial issues in one place when it was stated:

> "Appellants contend that, for each named plaintiff, the counties with respect to the
> farms at issue were identified in the complaint. However, there are dozens of
> counties potentially involved, and fourteen possible districts within the five state
> (four districts in Texas; three districts each in Florida, Georgia, and Alabama and
> one district in South Carolina, for a total of fourteen possible districts) . . . .
>
> Thus, it was not practical for the court [Court of Federal Claims] to attempt to
> issue transfer orders to any one of the multiple district courts...

(Exhibit 11, Portion of Brief filed by Attorney Vanneman with the Federal Circuit Court of

Appeals, July 21, 2004)

Even earlier, this same Government Attorney was suggesting consolidation and resolution of jurisdictional issues:

> I believe that the most prudent course would be first to clarify and correct these jurisdictional and other matters before proceeding in any of the district courts on the merits or any other matters.

(*Exhibit 3, Letter from Attorney Jane Vanneman dated August 15, 2003, pg. "7"*) Class counsel submit that the Government's own prior statements show how much more practical it would be for the Court of Federal Claims and the JPML to issue one transfer order rather than transferring the Court of Federal Claims case to fourteen separate federal district courts which will then be sent to the JPML for consideration of 14 different tag along orders and ultimately end up in the same place (EDNC) for consolidated pretrial proceedings.

Counsel for the Government concede in their brief that based on the Federal Circuit Court of Appeals ruling that "the dismissal order of the Court of Federal Claims dismissing the case as vacated and the case is remanded with instructions to transfer" must be followed. Moreover, the mandate of the procedure of the Judicial Panel on Multidistrict Litigation make the transfer of "tag-along actions" automatic and mandatory unless the party opposing the transfer files a notice of opposition with the Clerk of the JPML Panel within the 15-day period.

The Government Defendants have not cited a single case in which the JPML is prohibited from sending this case to the Eastern District of North Carolina for consolidated and coordinated pretrial proceedings before returning the cases back to the appropriate federal district courts. [3]

---

- [3] The Government also attempts to convince the courts that matters of sovereign immunity are involved. (See Exhibit 13, Government's brief at pg. 3)   What the Government fails to point out is that in his Summary Judgment Order, Judge Howard indicated the "the congressional act reducing crop insurance coverage on peanuts for the 2002 crop year was not a "public and general" act; therefore the sovereign acts doctrines does not allow the government to escape its contractual obligations under the 2002 crop insurance policies.  Furthermore, because the governmental act was not "public and general," the unmistakability

14

Class Counsel are unaware of any case that prohibits the case being transferred to the EDNC for determination of all pretrial issues including venue and jurisdictional issues under 28 U.S.C. § 1631; 28 U.S.C. § 1406; 28 U.S.C. § 1407, and 28 U.S.C. § 1404 before returning to the "home" courts for final judgment, final resolution and class administration.  In fact, in August 2003, counsel for the Government even suggested as much: "I believe that the most prudent course would be first to clarify and correct these jurisdictional and other matters before proceeding in any of the district courts on the merits or any other matters.  (*Exhibit 4, Letter of Attorney Vanneman, August 15, 2003*).  As stated in previous cases, it is unfair for parties to play "jurisdictional ping-pong" in order to gain some strategic advantage or delay.

Plaintiffs initially proposed the simple most efficient transfer of cases; that is that the Court of Federal Claims notify the JPML and that the JPML issue an order pursuant to JPML Rule 7.4 directing that this case be designated a "tag-along action" and join all the other identical cases for coordinated or consolidated pretrial proceedings in the EDNC as allowed by 28 USC 1407.  Once the EDNC has ruled on all pretrial proceedings, including transfer of specific plaintiffs' claims to other federal district courts to cure any jurisdictional or venue issues, all the cases can be transferred at the conclusion of the multidistrict litigation process.  This simple 5 step process as opposed to the much more laborious and time consuming Government proposal is set forth in *Exhibit 12* attached hereto.

---

doctrine does not apply...."  Howard Order of July 22, 2004, pg. 46).  Moreover, the contract and the Code of Federal Regulations specifically waives sovereign immunity for the insurance contract:
- **25 Legal Action Against Us.** You may not bring legal action against us unless you have complied with all of the policy provisions
- If you do take legal action against us, you must do so within 12 months of the date of denial of the claim. Suit must be brought in accordance with the provisions of 7 USC § 1508(j).

Government defendants concede that the "direct transfer of certain plaintiffs' claims may be both efficient and appropriate for this Court to transfer their claims directly to the Eastern District of North Carolina." (*Exhibit 13, Defendants' Response Memorandum, pg. 7*); and yet the government opposes this simple process for other Plaintiff Peanut Farmers. Instead, the Government Defendants have proposed a far more laborious, inefficient, time consuming process which they concede in their brief "may seem complicated" and that these set of cases are "very complicated procedurally." (*Exhibit 13, Defendants' Response Memorandum, pg. 2 and pg. 9*) The process proposed by the Government will actually require much more work for this Court and the Clerk's Office, the Court of Federal Claims and its Clerk's Office; the courts and clerks' offices in as many as 14 separate federal districts and the Eastern District of North Carolina Court and its clerk's office. (See *Exhibit 12* which outlines the numerous steps required by the Government's proposal). However, Class Counsel is prepared to follow whatever orderly process this Court and the Court of Federal Claims direct.

The proposals are dramatically different from an efficiency point of view, but they may end up with the same result if the Government does not attempt to preclude named Plaintiffs and similarly situated class members from recovery. The Government's proposal on transfer will result in extra work over the next few months for this Court and the Court of Federal Claims' clerk's office and the courts and clerk's offices of as many as 14 different federal districts courts. After this Court and the Court of Federal Claims resolve all issues relating to which cases may go to which federal district court, as many as 14 federal district courts will then have to accept and process "new" cases; and then send notices back to the JPML. The JPML will then have to review 14 separate filings and determine whether they are new "tag-along actions". Then the cases go to the transferee district (EDNC). After Judge Howard resolves all coordinated or

consolidated pretrial issues, as many as seven federal district court cases (the original seven transferor cases) plus as many as 14 "new" federal district courts cases will then be sent back to the "home" or transferor courts for final disposition, final judgment and 14 class administrations.

Of course, this whole matter could be resolved if the Government had cooperated by providing the information requested; had stipulated to National Class Certification; or had agreed to proceeding in one case for the remainder of the cases including class administration. But it appears the Government will not stipulate to such judicial efficiency and economy.

On the other hand Class Counsel's proposal is simple and efficient and gets to the same end result. Plaintiffs' request involves asking the JPML to designate the Court of Federal Claims case as a "tag-along action" and the JPML thereafter transferring the case to the EDNC. Judge Howard could resolve all pretrial issues including questions of jurisdiction and venue under 28 U.S.C § 1631; 28 U.S.C § 1406; 28 U.S.C § 1407; and 28 U.S.C § 1404. If the JPML refuses to rule that the Court of Federal Claims is a "tag-along action," then the Courts would then follow the tedious and time consuming process proposed by the Government. (*Exhibit 12*) Then at the end of this tedious process, the final steps would be the same: JPML can transfer 14 new separate cases (instead of one) to the EDNC. Judge Howard could resolve all pretrial issues including questions of jurisdiction and venue under 28 U.S.C. § 1631; 28 U.S.C § 1406; 28 U.S.C. § 1407; and 28 U.S.C. § 1404 and then again issue transfer orders back to the appropriate federal district courts (as many as 21 federal district if he does not certify it as a national class action. (*Exhibit 12*)

The Government also states in its brief that "if this court determines that it would be an appropriate courtesy for this Court to inform the JPML of the status of those cases, we would have no objection to such notice (*Exhibit 13, Defendants' Response Memorandum at pg. 12.*)

Based on that representation, undersigned counsel checked on the JPML Rules and checked with the JPML Clerk's Office. Class Counsel has determined it is entirely appropriate for Plaintiffs' counsel to notify the JPML in the form of a motion of the potential "tag-along action." Specifically, 28 U.S.C. § 1407 Rule 7.5(e) provides "any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag along actions in which that party is also named or in which that counsel appears." Therefore, simultaneous with the filing of the Reply in the Court of Federal Claims for purposes of judicial efficiency, Plaintiff's Counsel are filing this Motion with the JPML to Transfer this case to the EDNC in that the case can properly be designated a "Tag-Along Action" under federal law and pursuant to the General Rules/Rules for Multi District Litigation under 28 U.S.C. § 1407. A much more efficient method would be for this Court, in conjunction with the JPML, to issue one transfer order to the EDNC for all preliminary pretrial proceedings in the Eastern District of North Carolina before proceeding in any of the district courts on the merits or any other matters. Once all pretrial issues including venue or jurisdiction are resolved the cases can be transferred to 21 (or more) separate federal judicial districts for final judgment and the beginning of 21 (or more) separate class administrations. There is no logical reason to take the long circuitous route and then end up at the same point. (See *Exhibit 12, Plaintiffs' proposed steps 4 and 5 vs. Government's proposed steps 11 and 12*).

## CONCLUSION

WHEREFORE, Class Counsel respectfully requests that the Judicial Panel on Multidistrict Litigation rule that the Court of Federal Claims case is a "tag-along action" and the Clerk of the JPML issue a conditional transfer order transferring the action to the previously

designated transferee district court (EDNC) on the basis of the prior hearing session and the reasons expressed in the previous Order of the Panel filed October 26, 2004.

If however the JPML and Court of Federal Claims determine that the longer process proposed by the Government must be followed, Plaintiffs'/Class counsel request that the Court also ORDER the Government to provide the necessary information to Plaintiffs' Class Counsel to determine the appropriate federal district courts for each of the named plaintiffs so that cases can be transferred to each of the appropriate federal district courts.

This the 28th day of September, 2005.

BOYCE & ISLEY, PLLC

/s/

R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, NC 27602-1990
Telephone: (919) 833-7373
Facsimile: (919) 833-7536
*Class Counsel and Attorneys for Named Plaintiffs*