ORIGINAL

FILED
FEB 27 2006
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TEXAS PEANUT FARMERS, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-445C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S NOTICE OF RECENT ORDER FROM JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, DENYING PLAINTIFFS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. §1407

Pursuant to this Court's order dated November 8, 2005, defendant provides notice to the Court of the recent order by the Judicial Panel on Multidistrict Litigation (JPML). By order dated February 13, 2006, the JPML denied plaintiffs' motion to transfer pursuant to 28 U.S.C. §1407. In re Peanut Crop Insurance Litigation, No. 1634 (February 13, 2006), Attachment 1.

Because the JPML denied the motion to transfer, it is now appropriate to lift the stay in this action. This Court may now implement the mandate from the United States Court of Appeals for the Federal Circuit and transfer the claims of the various named plaintiffs to the appropriate Federal district courts, pursuant to 7 U.S.C. §§1506(d) and 1508(j)(2). Texas Peanut Farmers v. United States v. United States, 409 F.3d 1370 (Fed. Cir. 2005). In its order, the JPML recognized the unique nature of the case -- with this Court under an appellate mandate to

A TRUE COPY:
TEST:          4 2006
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By _____
Deputy Clerk

1

transfer the claims of the plaintiffs, filed erroneously in this Court, to various Federal district courts in which jurisdiction would be proper - the district in each state in which plaintiffs' farm(s) are located.

The JPML concluded that transfer pursuant to its statute, 28 USC §1407, would be inappropriate, at this time. The JPML determined that, if as a result of any transfer order, new actions are created in district courts other than the United States District Court for the Eastern District of North Carolina, the JPML could initiate the process of section 1407 transfer to that court without delay. Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.); In re Peanut Crop Insurance Litigation, 342 F.Supp.2d 1353 (JPML, 2004).

The briefs filed last fall in this Court on these matters should be sufficient for this Court to develop a procedure to accomplish the transfers ordered by the Federal Circuit. In the earlier briefing, we proposed a procedure by which counsel for plaintiffs should provide the information to the Court, for each plaintiff, as to the location of the farm(s) and districts within the various states in which plaintiffs had farms covered by their peanut crop insurance policies, so that the Court could issue a transfer order to the appropriate Federal district court(s) for each plaintiff.

We also opposed plaintiffs' motion for an order requiring the Government to produce the information, because plaintiffs' counsel, as legal representative of the clients, should be in the best position to gather the information necessary for each plaintiff named in this action.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court order counsel for plaintiffs to produce the information required with respect to each plaintiff – location, by county and state, of each farm(s) of the named plaintiffs, matched to the appropriate Federal district

2

court – so that this Court may issue the correct transfer orders.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
    Attn: Classification Unit
    8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Facsimile: (202) 514-8624
Attorneys for Defendant

February 27, 2006

3

# ATTACHMENT



## ATTACHMENTS

<u>In re Peanut Crop Insurance Litigation</u>, No. 1634 (February 13, 2006)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 3 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

DOCKET NO. 1634

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PEANUT CROP INSURANCE LITIGATION*

*Texas Peanut Farmers, et al. v. U.S.A.*, United States Court of Federal Claims, C.A. No. 1:03-445

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*ORDER DENYING TRANSFER*

Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by plaintiffs in a United States Court of Federal Claims action (*TPF*). Movants ask the Panel to transfer *TPF* to the Eastern District of North Carolina for inclusion in the MDL-1634 proceedings centralized there before Judge Malcolm J. Howard. The Court of Claims is currently under an appellate mandate to transfer the claims of *TPF*'s constituent plaintiffs to the federal districts (apparently as many as fourteen) where the various *TPF* plaintiffs should, under the relevant jurisdictional statute, have brought their claims. Entry of a Court of Claims order enforcing this mandate would create new actions pending in federal district courts. This presumably accounts for the *TPF* plaintiffs' alternative request to "issue as many as 14 separate orders transferring the cases to the transferee district...," even though at this point in time there are no such cases yet pending in district courts that could be subject to Section 1407 transfer by the Panel for inclusion in the MDL-1634 pretrial proceedings. Defendant United States of America opposes both of the plaintiffs' requests.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 transfer of *TPF* to the Eastern District of North Carolina is inappropriate at this time. Given the unique circumstances under which this matter has come before the Panel, we are persuaded that denial of transfer is appropriate in order to permit the Court of Claims to implement the existing mandate of the appellate court. If implementation of the mandate results, as contemplated, in the creation of new civil actions which share questions with previously centralized MDL-1634 actions and which are pending in federal district courts other than the Eastern District of North Carolina transferee district, then procedures are available whereby the Panel can initiate the process of Section 1407 transfer without further delay. *See* Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

IT IS THEREFORE ORDERED that the motion for Section 1407 transfer of this action is denied.

FOR THE PANEL:

*[signature]*

Wm. Terrell Hodges
Chairman

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 27, 2006, I caused to be served by United States mail, postage prepaid, copies of "DEFENDANT'S NOTICE OF RECENT ORDER FROM JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, DENYING PLAINTIFFS' MOTION TO TRANSFER PURSUANT TO 28 U.C.S. §1407" and "ATTACHMENT 1" addressed as follows:

> R. Daniel Boyce
> Post Office Box 1990
> Raleigh, North Carolina 27602-1990

*Ena Goddard* (signature)