
ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TEXAS PEANUT FARMERS, et al.    )
                                )
    Plaintiffs,                 )
                                )
    vs.                         )    No. 03-445C
                                )    (Judge Firestone)
THE UNITED STATES, et al        )
                                )
    Defendants.                 )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
MAR - 9 2006
U.S. COURT OF
FEDERAL CLAIMS

by leave of the Judge

A TRUE COPY:
TEST: APR 4 2006
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By_____
Deputy Clerk

**RESPONSE TO DEFENDANTS' NOTICE AND PLAINTFFS' RENEWED REQUEST FOR AN ORDER REQURING THE ASSISTANCE FROM THE GOVERNMENT IN DETERMINING THE APPROPRIATE TRANSFERS OF PLAINTIFFS' CASES**

NOW COME Plaintiffs' counsel in the above-captioned matter and hereby respond to the Defendant Government's notice of the recent order from the Judicial Panel on Multidistrict Litigation (hereinafter "JPML") which recently denied the motion to transfer the cases directly to the Eastern District of North Carolina. Instead, the JPML has ruled that because of "the unique circumstances" under which the matter came before the panel, denial of transfer is appropriate in order to permit the Court of Federal Claims to implement the existing mandate of the appellate court. Plaintiffs' Counsel do not intend to appeal the JPML's ruling.

Plaintiffs' Counsel agree with the Defendants that this Court can implement the mandate from the United States Court of Appeals for the Federal Circuit and transfer the claims of the various named plaintiffs to the appropriate federal district courts and thereafter, the cases can be transferred to the Eastern District of North Carolina by the JPML. However, the Defendants' brief contains erroneous statements. Plaintiffs' counsel already have provided the information in its possession in the attachments to the "Notice Of Named Plaintiffs Whose Cases Should Be

Transferred And Motion For An Order Requiring The Government To Produce Information To Assist In The Transfer Of Plaintiffs' Cases To The Appropriate Federal District Courts" (Exhibit A) which was filed in response to this Court's Order of October 12, 2005. Plaintiffs' notice was served last year on or about October 21, 2005 (before the October 24, 2005 deadline set by this Court).

Accordingly, Counsel for Plaintiffs and the various classes renew the requests in the October 2005 Notice and that this Court order the Government to assist in this process by providing information which will aid the parties and the Court in determining the appropriate federal district courts in which to transfer the cases. Specifically, in the Notice filed in October 2005, Plaintiffs' Counsel requested that this Court order the Government to provide certain information relating to each named plaintiff and the appropriate federal district court for the case of each named plaintiff. The Government has opposed this motion stating that it is the burden of Plaintiffs' counsel to establish the correct district for each individual plaintiff (even though the Transferee judge has certified seven cases as class actions and has ordered the Government to provide similar information in the other pending transferred cases).

Plaintiffs' Counsel has attempted to provide information to this Court to establish the correct districts for each plaintiff and will continue to provide any information in its possession. The Government holds in its possession the information in which it contends is controlling as to the exact identification and location of farm for each and every farmer who had a claim for losses in crop year 2002. Thus, the Government (not Plaintiffs' counsel) has the key information that can resolve any outstanding venue issues and make the cases ripe for transfers.

The Government did not respond to the information presented in October 2005 and has steadfastly refused to assist in determining the appropriate "transferor districts" or provide any

information without a court order. It is not unfair or burdensome to request that the Government provide such information given the fact that they can do so with the touch of a couple of buttons on a computer--as they did for the lists of farmers in the other seven federal cases that already are in the Eastern District of North Carolina.

WHEREFORE, Plaintiffs' Counsel respectfully request that the Court order the Government to provide information and assist in establishing the appropriate federal districts for transfer of each of the cases and any other relief requested in Plaintiffs' notice filed in October 2005.

This the 3rd day of March, 2006.

BOYCE & ISLEY, PLLC

*R. Daniel Boyce*
R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, North Carolina 27602-1990
Telephone: (919) 833-7373
Facsimile: (919) 833-7536
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 3, 2006, I caused to be served by United States mail, postage prepaid, copies of the foregoing *"RESPONSE TO DEFENDANTS' NOTICE AND PLAINTFFS' RENEWED REQUEST FOR AN ORDER REQURING THE ASSISTANCE FROM THE GOVERNMENT IN DETERMINING THE APPROPRIATE TRANSFERS OF PLAINTIFFS' CASES"* addressed as follows:

JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530

                BOYCE & ISLEY, PLLC

                */s/ R. Daniel Boyce*
                R. Daniel Boyce
                N. C. State Bar # 12329
                Post Office Box 1990
                Raleigh, NC 27602-1990
                Telephone: (919) 833-7373
                Facsimile: (919) 833-7536
                *Attorney for Plaintiffs*

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TEXAS PEANUT FARMERS, *et al.*<br>     Plaintiffs,<br><br>     vs.<br><br>THE UNITED STATES,<br>     Defendant. | No. 03-445C<br>(Judge Firestone) |

### NOTICE OF NAMED PLAINTIFFS WHOSE CASES SHOULD BE TRANSFERRED AND MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO PRODUCE INFORMATION TO ASSIST IN THE TRANSFER OF PLAINTIFFS' CASES TO THE APPROPRIATE FEDERAL DISTRICT COURTS

NOW COME Class Counsel and Counsel for individual Plaintiffs and respectfully file this Notice regarding the identification of information as required by this Court's Order of October 12, 2005. Plaintiffs/Class Counsel also move for an order requiring the production of the government's information and certain other relief as set forth herein to assist in the further identification of the appropriate venues for transfer of Plaintiffs' cases.

This Court's Order of October 12, 2005 provides that Plaintiffs' Counsel is responsible for identifying the following by October 24, 2005:

1.  Each named Plaintiff;

2.  The judicial district(s) in which each plaintiff's farm is located; and

3.  Whether the plaintiff has another action pending in the Eastern District of North Carolina (hereinafter "EDNC") that was centralized from a district court that had jurisdiction over the plaintiff's action under 28 U.S.C. § 1508(j)(2)(A).



EXHIBIT A

Plaintiffs' counsel has at least one address provided by each of the named Plaintiffs.[1] Plaintiffs' Counsel cannot certify within the time ordered by the Court that the addresses provided by Plaintiffs include the complete answer to No. 2: the judicial district(s) in which each Plaintiff's farm is located. Counsel for the Plaintiffs requested information and assistance from the Defendants in previous correspondence and motions filed in various courts, in the reply memorandum and in a letter of October 12, 2005. For two years, the Government refuses to provide the requested information in their database regarding insurance payments for the 2002 crop year and instead recently state the burden is Plaintiff Counsel's: "Therefore, many of your questions are inappropriate because the court clearly did not place the burden upon the Government to take the next steps. Rather, the court clearly placed the burden upon you, as counsel for Plaintiffs take next steps." Class Counsel does not have the most pertinent data requested by the Court; the Defendants do.[2] However, Plaintiffs' counsel have reviewed the

---

[1] An example of the original information provided by Plaintiff peanut farmers is attached hereto as **Exhibit 1**.)

[2] Based on information previously provided by the Government Defendants, there is no doubt, and the Government has not denied, that the Defendants have the information needed to determine the location of Plaintiffs' farms in their database. This is evidenced by the fact that the Defendants previously provided the information on certain Plaintiffs who were paid on claims for the 2002 crop year. Plaintiffs made numerous requests in the past and as recent as the September 28 Reply Memorandum sought an Order that the government provide information or assist in identifying the appropriate districts the Defendants contend each farmer has farmed. Plaintiffs/Class counsel repeatedly have requested this information and in the Reply Memorandum filed before this Court, Plaintiffs Counsel stated and requested: "If, however, this Court and the JPML determine that the longer process proposed by the Government must be followed, Plaintiffs' Class counsel request that the Court also ORDER the Government to provide the necessary information to Plaintiffs' Class Counsel to determine the appropriate federal district courts for each of the named plaintiffs so that cases can be transferred to each of the appropriate federal district courts." See *Plaintiffs' Reply To Defendants' Objection to Plaintiffs' Motion for Transfer of this Case to the Judicial Panel on Multi-District Litigation filed September 28, 2005, pg. 18 as explained in Section D ("Class Counsel's Efforts to Obtain Information Regarding Other Named Plaintiff And Potential Class Members and Government's Refusal to Provide Information on Named Plaintiffs and Other Class Members.")*

2

information in their possession and can provide the information set forth below and attached hereto and incorporated herein by reference.

Plaintiffs'/Class Counsel have reviewed the Complaints in each of the federal district courts which have cases now pending in the EDNC. Eight (8) cases, including the original EDNC case and one "tag-along" case, are pending in the EDNC. The headings and listing of plaintiffs in those transferee cases are set forth in **Exhibits 2A** and **2B**. The captions of the complaints with the listed Plaintiffs and their farms or county residences are attached as **Exhibits 3-9**.

The Plaintiffs listed in both the Court of Federal Claims case and one of the eight federal district courts are coded in blue (**Exhibit 10**). Upon information and belief, there may be approximately 92 plaintiffs in the Court of Federal Claims case who have claims presently pending in the EDNC as a result of the transfer of seven (7) cases (including one "tag-along action from the Middle District of Alabama) by the Judicial Panel on Multidistrict Litigation (hereinafter "JPML").

There are approximately 32 plaintiffs named in the Court of Federal Claims case who may reside or farm in a district other than the above seven districts. Those Plaintiff Peanut Farmers are coded in yellow. The districts in which they list mailing address, residence or farm are set forth in the **Exhibit 11**. (Again, the Government refuses to provide the exact location of the farms). Thus, there may be at least 32 plaintiffs and cases that must be transferred to the following new districts:

    Middle District of Texas
    Western District of Texas
    Southern District of Texas
    Southern District of Georgia
    Southern District of Alabama

3

Plaintiff/Class Counsel respectfully request that this Court transfer the Plaintiffs' cases as set forth in **Exhibit 11** to the appropriate federal districts and thereafter that the JPML be notified that the cases are "tag along actions" pursuant to JPML Rule 5.2(b); and, accordingly, the cases should thereupon be transferred to the EDNC for further pretrial proceedings.[3]

In order to expedite this matter, Plaintiff/Class Counsel also respectfully request that this Court order Defendants to provide the information identified in **Exhibit 10** (the Court of Federal Claims Complaint listing all plaintiffs in this action) so that their cases can be transferred to the appropriate federal district court. The reason for this request is set forth below.

A number of issues arose in attempting to identify the information required by the Court. Usually, these matters are handled as matters incidental to Class Administration. However, the Government's position on jurisdiction and venue as well as its refusal to provide the databases on named plaintiffs make it more time consuming and require us to seek Court intervention. Examples of problems identifying the information requested by this Court include:

1. We have at least one address for each client. We cannot in the time allotted be certain if it is a mailing address, residence address, farm location, etc. Oftentimes, the residence and farm location are not the same. We have encountered several instances where the plaintiff farmer resided in another federal district, and even in other states, than the farm(s). Defendants could provide all this information in one computer print-out.

2. Our list may have a Plaintiff farmer's name listed one way, but then the Government's list has the farmer listed differently (either by first initial, etc.). At first glance, it looks like different people, when in actuality it turns out to be the same person. And *visa versa* – we may be overlooking some of our clients on the Government's list because the name does not appear to be exactly the same.

---

[3] Although the Defendants repeatedly has said there are as many as 21 federal districts that might be affected, and Plaintiffs' counsel have relied upon those representations, the information we have reviewed indicates there may be as few as four new causes of action. However, there is a pending motion for national class action certification that is before Judge Howard (EDNC) which may resolve these jurisdiction/venue issues for these and additional similarly situated plaintiffs in other federal districts.

4

3. If our Client/Plaintiff does not appear on the Defendants' lists provided to date, then we have to compare each individual client's county with the county listings in the district with pending cases versus the other districts in their state to see in what federal district they might belong. That leaves room for error. We are relying on the address the client gave us; we must look at hundreds of names on an Excel spreadsheet. We are having to track down the county listings for all the federal districts in the states we filed in (Some are online; others are not. We have had to call several clerk's offices to be sure).

4. We are requesting our clients send in documents related to the 2002 crop year if they are not on the Government's list. Some have indicated they may not have the records; others have stored records and it would take a substantial amount of time to locate them.

Public records, secured by a Protective Order, are readily available to be furnished by the Defendants. If the Government Defendants will provide a copy of its database which includes all Plaintiff farmers who filed a claim for crop year 2002, this process can be expedited. Plaintiffs/Class Counsel also request a telephone conference as soon as the information has been provided by the Government to discuss any other procedural issues relating to an orderly and efficient transfer of all cases. To the extent necessary, Plaintiffs' Counsel request additional time necessary to accomplish the appropriate identification of venue or jurisdiction over all named plaintiffs.

**Wherefore**, Plaintiffs respectfully request that this Honorable Court:

1. Order the transfer of Plaintiffs' cases as set forth in **Exhibit 11**;

2. Order that Defendants provide relevant information regarding the judicial district in which each Plaintiff's farm is located;

3. Order that a telephonic conference call be set after the information has been provided by the Government;

4. Order that the parties be provided reasonable and additional time as necessary to accomplish the appropriate identification of venue or jurisdiction over all named Plaintiffs; and

5. Any other Orders this Court deems just and proper.

This the 21st day of October, 2005.

                              BOYCE & ISLEY, PLLC

                              R. Daniel Boyce
                              N. C. State Bar # 12329
                              Post Office Box 1990
                              Raleigh, NC 27602-1990
                              Telephone: (919) 833-7373
                              Facsimile: (919) 833-7536
                              *Attorney for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 21, 2005, I caused to be served by United States mail, postage prepaid, copies of the foregoing *Notice of Named Plaintiffs Whose Cases Should Be Transferred and Motion to Compel the Production of Information to Assist in the Identification of the Transfer to the Appropriate Federal District Courts* addressed as follows:

The Honorable Margaret M. Earnest
Clerk, U. S. Court of Federal Claims
717 Madison Place, N.W.
Washington, DC 20005-1011

Clerk, US District Court
Eastern District of North Carolina
310 New Bern Avenue
Federal Building, 5th Floor
Raleigh, NC 27601

Eric Goulian
Assistant United States Attorney
310 New Bern Avenue
Federal Building, Room 800
Raleigh, North Carolina 27601-1461

Kent Porter
Assistant U.S. Attorney
8000 World Trade Center
101 W. Main St.
Norfolk, Virginia, 23510

Jane W. Vanneman
Senior Trial Counsel
Commercial Litigation Branc
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L Street, NW
Washington, DC 20530

BOYCE & ISLEY, PLLC

R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, NC 27602-1990
Telephone: (919) 833-7373
Facsimile: (919) 833-7536
*Attorney for Plaintiffs*

7

Docket No. **03-445**

# UNITED STATES COURT OF FEDERAL CLAIMS

## MEMORANDUM

TO: JUDGE **Firestone**
FROM: CLERK'S OFFICE

The attached was received on **3/6/06**
and the following defect(s) is/are noted:

1. _____ Untimely, due to be filed by _____ [Rule 7.2]

2. _____ Proof of service: [Rule 5.1]
   _____ is missing; _____ is not signed and/or dated;
   _____ shows service on wrong attorney or of wrong item;
   _____ is not attached to each document or copy

3. _____ Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. _____ Does not comply with the provisions of Rule:

   | Rule | Description |
   |---|---|
   | 5.2(a)(1)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
   | 5.2(a)(1)(G) | Re: index to appendix is to be located in both the front of the brief **and** in front of the appendix |
   | 5.2(b) | Re: length of briefs or memorandum |
   | 5.3(c) | Re: binding |
   | 5.3(d) | Re: original/copies missing |
   | 5.3(g) | Re: Judge's name on all filings |
   | 7(b) | Re: brief, supporting memorandum, affidavits shall be attached to motion |
   | 24(c) | Re: motion to be accompanied by a pleading |
   | 56(h) | Re: proposed findings and/or response to proposed findings is missing or not a separate document |
   | 56.1(b) | Re: statement of facts and/or counter-statement of facts is missing or not a separate document |
   | 77.1(a) | Re: improper use of the night box |
   | 83.1(c)(1) | Re: one attorney for a party; attorney to be an individual not a firm |

   Re: _____

5. _____ Original affidavit(s)/declaration(s) is/are missing
6. **X** No provision in the Rules (or court order) for the filing of this item *(Notice Response)*
7. _____ This case has been designated as an *ECF* case.
8. _____

_____
Deputy Clerk