ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

```
**********************************

TEXAS PEANUT FARMERS, et al.          )
                                      )
      Plaintiffs,                     )
                                      )
      vs.                             )      No. 03-445C
                                      )      (Judge Firestone)
THE UNITED STATES, et al              )
                                      )
      Defendants.                     )
**********************************
```

FILED

SEP  9 2003

U.S. COURT OF
FEDERAL CLAIMS

by leave of the Judge
A TRUE COPY
TEST:    APR  4 2006

BRIAN BISHOP
Clerk, U.S. Court of Federal Claims

## MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) FOR LACK OF JURISDICTION

NOW COME the Plaintiffs and all other similarly situated class action members

under Fed. R. Civ. P. Rule 23, by and through counsel, respectfully submit this

Memorandum in Opposition to the Government's Motion to Dismiss pursuant to Rule

12(b)(1). Plaintiffs oppose the Government's Motion to Dismiss.[1]

### I. STATEMENT OF CASE

On February 19, 2003, Plaintiffs filed a Class Action Complaint against Ross J.

Davidson, Administrator for Risk Management Agency; Risk Management Agency, the

United States of America, Ann M. Veneman, Secretary of Agriculture for the United

States of America and the United States Department of Agriculture (hereinafter the

"Government") challenging the retrospective breach of contract and retrospective

impairment of other contracts. To date, Plaintiffs have not sued the Federal Crop

---

[1] Per the Court's instructions, Counsel for Plaintiffs attempted to resolve the jurisdiction issue, but the Defendants rejected all of the proposals as set forth on the Outline which was submitted to the Court and Counsel for the Government prior to the earlier telephone conference on July 25, 2003. The Government has provided no alternative proposals to resolve the jurisdiction dispute.

Insurance Corporation ("FCIC") and the FCIC has not moved to intervene. To date, Defendants have failed to file an answer or other responsive pleading until filing its motion to dismiss pursuant to F.R. Civ. P. Rule 12(b)(1).

## II. STATEMENT OF FACTS

Plaintiffs are peanut farmers in Texas, Georgia, Alabama, Florida, and South Carolina in the "Southwestern and Southeastern Growing Area" (hereinafter Plaintiff Peanut Farmers) who grow and harvest peanuts. Plaintiff Peanut Farmers participate in the federal peanut program and are by law offered Multiple Peril Crop Insurance Policy coverage. Plaintiff Peanut Farmers applied for and received the same Multiple Peril Crop Insurance Policies for the growing season of 2002.[2] Plaintiff Peanut Farmers brought this class action on behalf of all peanut farmers in Texas, Georgia, Alabama, Florida, and South Carolina who are similarly situated and who are eligible for the Multiple Peril Crop Insurance Policy for crop year 2002.

This action challenges the unlawful, unilateral contract modification and impairment Defendants made on or after May 13, 2002 to the Multiple Peril Crop Insurance Policy. This modification unilaterally and arbitrarily changed the calculation of the insurance coverage after key contract deadlines and decisions of planting peanuts had passed. Prior to all key dates as set forth in the contract and after regulatory notice had been given, the Government had not changed the insurance contract through RMA, USDA, or the FCIC which could result in reducing the agreed coverage rate of $.31 per pound. Upon information and belief, the same coverage rates had been in effect since the

---

[2] Defendants erroneously allege in their brief that the lawsuit relates to 2001-2002 crop year(s). The lawsuit relates only to 2002 crop year since, upon information and belief, Plaintiff Peanut Farmers were provided the agreed-upon coverage of $.31 per pound for Crop Year 2001.

enactment of the Federal Agriculture Improvement and Reform Act of 1996 (7 U.S.C. § 7271).

Plaintiff Peanut Farmers reasonably relied upon the Government's promises of coverage at the rate of $.31 per pound and accordingly entered into contracts with third-parties including leases, bank loans, credit, employment agreements, equipment purchases and leases and purchases of seed fertilizers and other crop necessities. They also began planting their peanuts. Adverse weather conditions (which are covered by the insurance contract) caused losses in varying amounts which can be determined during the discovery process, but many are estimated to be in excess of ten thousand dollars ($10,000).

Plaintiffs contend that under U.S. v. Winstar, et al., 518 U.S. 839, 116 S. Ct. 2432, 135 L. Ed. 2d 964 (1996), as well as other legal theories, Defendant Government and Government Officials breached or caused the breach of the Multiple Peril Crop Insurance Contract by ex parte changing the insurance contract reducing the calculation of payment by decreasing the "price election level" from $.31 per pound to $.1775 per pound of peanuts for Crop Year 2002 after all key contract dates had passed.

The Government filed a motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(1) for lack of jurisdiction. The Government's argument is that the federal district courts, pursuant to 7 U.S.C. § 1506(d), possess exclusive original jurisdiction for claims against the Federal Crop Insurance Corporation (FCIC), and the Tucker Act is not applicable because Congress withdrew the jurisdiction of the Court of Federal Claims by that statute.

The Government acknowledges under the Tucker Act, 28 U.S.C. § 1491(a)(1), the

Court of Federal Claims possesses exclusive jurisdiction to render judgment upon any

claim against the United States for money damages exceeding $10,000 that is founded

upon either the Constitution or upon any express or implied contract with the United

States. But the government claims Congress withdrew Tucker Act jurisdiction in 7

U.S.C. § 1506(d), the statute governing FCIC matters, which provides:

> The **Corporation**,...may sue and be sued in its **corporate** name,...The
> district courts of the United States, ...shall have exclusive original
> jurisdiction, without regard to the amount in controversy, of all **suits**
> brought by or against the **Corporation**. Any suit against the **Corporation**
> shall be brought in the District of Columbia, or in the district wherein the
> plaintiff resides or is engaged in business.

### ARGUMENT

The Tucker Act is the principal statute governing Court of Federal Claims

jurisdiction and grants this Court jurisdiction. The Tucker Act, 28 U.S.C. § 1491(a)(1),

reads in relevant part:

> "The United States Claims Court shall have jurisdiction to render
> judgment upon any claim against the United States founded either upon
> the Constitution, or any Act of Congress or any regulation of an executive
> department, or upon any express or implied contract with the United
> States, or for liquidated or unliquidated damages in cases not sounding in
> tort."

Furthermore, 28 U.S.C. § 1346 provides:

> (a)    The district courts shall have original jurisdiction,
> <u>concurrent</u> with the United States Claims Court [United States Court of
> Federal Claims], of:

> > (2)    Any other civil action or claim against the United
> > States, not exceeding $10,000 in amount, founded either upon the
> > Constitution, or any Act of Congress, or any regulation of an
> > executive department, or upon any express or implied contract with
> > the United States, or for liquidated or unliquidated damages in
> > cases not sounding in tort, except that the district courts shall not

4

have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978 [41 USCS §§ 607(g)(1), 609(a)(1)]. . .

(emphasis added).

In Brazos Elec. Power Coop., Inc. v. United States, et al., 144 F.3d 784 (1998), an electric power cooperative sued the United States, Department of Agriculture and others seeking declaratory and injunctive relief to prevent the utility's prepayment of a note for repurchase of the cooperative's prepayment interest in a power plant and other related matters. The United States District Court for the Western District of Texas transferred the case to the Court of Federal Claims. The United States Federal Circuit Court of Appeals found that the cooperative essentially sought money damages in its action, satisfying the monetary damages element of the Tucker Act jurisdiction; the Tucker Act jurisdiction existed; and transfer of the case was proper.

The Court stated:

"The Tucker Act, 28 U.S.C. § 1491, and the Little Tucker Act, 28 U.S.C. § 1346 (1994), in this case establish the jurisdiction of the Court of Federal Claims. The Tucker Acts sets forth a number of prerequisites for Court of Federal Claims jurisdiction. These include that the action be 'a claim against the United States,' that the claim is 'founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States,' and that the damages claim 'not sound' in Tort, 28 U.S.C. § 1491(a)(1). ... The Little Tucker Act also provides for concurrent jurisdiction between the district courts and the Court of Federal Claims when the claim is not for monetary damages in excess of $10,000. See 28 U.S.C. § 1346(a)(2).

(emphasis added) Brazos, 144 F.3d at 787. The Court noted that Plaintiff Brazos was making a claim against the Federal Government for breach of contract and that it

"certainly was 'a claim against the United States,' given that the defendants include the United States, the Department of Agriculture and the RUS." Brazos, 144 F.3d at 788.

Pursuant to the Tucker Act and the "Little Tucker Act," the United States Court of Federal Claims possesses jurisdiction as to **any** claim against the United States founded either upon the Constitution or any Act of Congress. Jurisdiction also exists for claims founded upon express or implied-in-fact contracts with the United States. Jablon v. United States, 657 F.2d 1064 (9th Cir. 1981). The very essence of this case is that Congress, by statute, and the Department of Agriculture, by regulation, caused the insurance contract to be breached by reducing the agreed upon coverage from $.31 per pound to $.1775 per pound.

The Tucker Act is only a jurisdictional statute. Payne v. United States, 730 F.2d 1434 (11th Cir. 1984). It does not create any substantive right enforceable against the government for money damages, but merely confers jurisdiction upon the Court of Federal Claims whenever the substantive right exists. United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1983).

Plaintiffs seek money damages and payment of the difference between $.17 and $.31 per pound for their lost peanut crops, some of which will be in excess of $10,000. Claims for relief include: (1) breach of contract under Winstar and other cases, (2) violation of due process by impairment of contract, (3) denial of due process, (4) violation of notice provisions relating to publication in the Federal Register of proposed changes, (5) violation of comment provisions relating to publication in the Federal Register of proposed changes, and (6) violation of due process rights by failing to notify

plaintiffs of their right to appeal. Most, if not all of these claims for relief, fall under the purview of the Tucker Act.

The Defendants' argument is immaterial. The FCIC is **not** a party to this lawsuit. The Defendants are Ross J. Davidson, Administrator for Risk Management Agency; Risk Management Agency, the United States of America, Ann M. Veneman, Secretary of Agriculture for the United States of America and the United States Department of Agriculture. Defendants admit in their memorandum that the insurance contract is reinsured by the FCIC but that "[t]he Risk Management Agency (RMA), a component of the United States Department of Agriculture (USDA), is responsible for overseeing the FCIC and administering the MPCI Program." (See Defendants' Motion to Dismiss, page 2.)

In Owen v. Crop Hail Mgmt., 841 F. Supp. 297 (W.D.Mo. 1994), the District Court related the history or purpose of the Act. As noted in the opinion, the Federal Crop Insurance Act created the FCIC to "promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance." Owen, 841 F. Supp. at 300. However, the Court noted that "this section applies only to cases in which the FCIC is a party. Owen does not allege any wrongdoing on the part of the FCIC and the FCIC is not a party to this case thus, § 1506(d) does not apply to this case." Owen, 841 F. Supp. at 301. Further, the Court noted that "the legislative history also indicates that §1506(d) does not apply to cases in which the FCIC is not a party." Owen, 841 F. Supp. at 301. Also, this case states:

> "The 1980 amendment gives federal <u>courts</u> exclusive jurisdiction over cases in which the FCIC is a party. One interpretation of the legislative history then is that Congress knew how to create exclusive federal jurisdiction, but it did so only for suits involving the FCIC and not for suits between an insured and a private

insurance company. At no time during the Act's existence did Congress address the jurisdiction of a suit where as in the present case, the plaintiff is suing an insurance company which issued a policy reinsured by the FCIC." Owen, 841 F. Supp. at 301-02.

As was noted in the case of Amell, et al. v. United States, 384 U.S. 158, 86 S. Ct. 1384, 16 L. Ed. 2d 445 (1966), "As in other jurisdictional questions involving intersecting statutes, there is no positive answer. We can do no more than to exercise our best judgment in interpreting the will of Congress." Amell, 384 U.S. at 166. In Amell, federal employees were seeking to recover back pay increases and overtime pay. The Court of Claims granted the Government's motion to transfer the action to the District Courts, and the employees petitioned for certiorari. The Supreme Court held that the employees were entitled to assert their contract claims in the Court of Federal Claims under the Tucker Act. As noted by the Supreme Court, "the Court of Claims possesses the expertise necessary to adjudicate government wage claims." Amell, 384 U.S. at 166.

In the case at bar, as was the situation in Amell, Plaintiffs believe the Court of Federal Claims possesses concurrent jurisdiction as well as the expertise necessary to adjudicate this cause of action. As earlier noted by this Court in a telephone conference, this is a Winstar type of claim. Plaintiff would request that this Court take judicial notice of the numerous Winstar claims handled at the Court of Federal Claims. Therefore, not only does concurrent jurisdiction lie in the Court of Federal Claims, this Court has significant expertise in adjudicating such claims.

Numerous cases have been filed and allowed to proceed at least through Summary Judgment in United States Court of Federal Claims where Defendant Department of Agriculture has been a party (See Exhibit A). Therefore, the statute governing claims

against the FCIC, upon which Defendants rely, is irrelevant. The Court of Federal Claims has jurisdiction and the Tucker Act and "Little Tucker Act" apply.

The cases cited by Defendants do not stand for the proposition set forth in Defendants' memorandum. The Defendants mistakenly claim that the statute applies to all claims involving the FCIC stating, "There could be no other purpose for this exclusive jurisdictional provision other than a withdrawal from this Court of Tucker Act Jurisdiction relating to claims involving the FCIC, no matter what amount is in controversy." See Defendants' Memorandum, page 5. But this statute only applies when the FCIC is a party to a lawsuit. It does not apply where issues are merely related to the FCIC. Although the FCIC could have moved to intervene, it has not chosen to do so in this lawsuit or any of the other lawsuits cited in Defendants' first footnote of their brief.

The cases cited by Defendants do not stand for the full proposition set forth in their memorandum. As mentioned above, FCIC is not a party to the lawsuit in this court and it has not moved to intervene. The first two cases cited in Defendants' brief (E. Enters. v. Apfel, 524 U.S. 498, 118 S. Ct. 2131. 141 L. Ed. 2d 451 (1998) and Ruckelshaus v. Monsanto Co., 467 U.S. 986, 104 S. Ct. 2862, 81 L. Ed. 2d 815 (1984)) do not even resolve the issue relating to exclusive jurisdiction versus concurrent jurisdiction and in fact, they have favorable language on other issues for Plaintiffs in this case. For example, in Ruckelshaus, the United States Supreme Court stated that a Tucker Act remedy was available to provide for just compensation that may occur as a result of the government's action and stated, "Neither FIFRA nor its legislative history discusses the interaction between FIFRA and the Tucker Act, and inferring a withdrawal of Tucker Act jurisdiction would amount to a disfavored partial repeal by implication of the Tucker

Act. This Court has recognized, however, that '**repeals by implication are disfavored**'"
[emphasis added] Ruckelshaus, 467 at 1017.

Moreover upon close review of the other two cases cited by the Government, they
are not applicable and/or do not fully support the Government's position in the case at
bar. American Growers Ins. Co. V. Fed. Crop Ins. Corp., 210 F. Supp. 2d 1088 (S.D.
Iowa, 2002) actually supports Plaintiffs' concurrent jurisdiction theory.   The central
issues in American Growers related to issues other than a jurisdictional battle between the
federal district courts and the Court of Federal Claims.   The issue closest to the
jurisdictional question was whether plaintiffs had to abide by the administrative review
process or whether, plaintiffs could circumvent the administrative appeals process by
filing a cause of action in federal district court. The federal district court in Iowa ruled
that the administrative process must be followed and commented on other jurisdictional
issues in dicta. But disposition of the case did not turn on the issue of federal district
court versus court of federal claims court jurisdiction (original exclusive jurisdiction as
opposed to concurrent jurisdiction).   Further, the court acknowledged that "the district
courts have original jurisdiction, concurrent with the claims court, of any civil action
against the United States based in contract that does not exceed $10,000 and it only
provides in dictum that such a claim does not have to be brought in the federal court of
claims. American Growers Ins., Co., 210 at 1093.

Farmers and Merch. Bank of Eatonton, Georgia vs. United States, 43 Fed. Cl. 38
(1999) only discusses whether the applicable statute requires a person to exhaust all
administrative appeal procedures.  The Government has not raised this issue in its motion
and in fact, the Department of Agriculture already has ruled that the issue of whether the

Government could reduce the coverage under the Multiple Peril Crop Insurance Policy is not an appealable case within the Department of Agriculture and the National Appeals Division. Therefore, this case has no applicability to the Government's motion where the only issue is whether this Court can have concurrent jurisdiction with federal district courts. Therefore, Defendants have cited no case specifically supporting its position that there should be exclusive jurisdiction in federal district courts instead of concurrent jurisdiction between federal district courts and this Court.

Even if the Government could argue 7 U.S.C. § 1506(d) is applicable, their argument still fails. Defendants have not cited anything in the statute or in its legislative history which suggests there is a discussion of the interaction between the statute and the Tucker Act. A withdrawal of jurisdiction would amount to a partial repeal of the Tucker Act. Since the Tucker Act grants the Claims Court jurisdiction to render judgment on any claim against the United States founded upon the Constitution or any act of Congress, we would have to infer a withdrawal of jurisdiction under 7 U.S.C. § 1506(d) from the structure of the statute or from its legislative history. Withdrawal of jurisdiction resulting from a mere inference would annul the Tucker Act. As the Supreme Court stated in Ruckelshaus, "repeals by implication are disfavored." Ruckelshaus, 467 at 1017.

Moreover, pursuant to 28 U.S.C. § 1346(a)(2) (Little Tucker Act) the District Courts possess concurrent jurisdiction with the Court of Federal Claims in cases which the amount claimed from the United States does not exceed $10,000. The United States Court of Federal Claims has, at the very least, concurrent jurisdiction over some if not all parties and claims for relief in this matter.

11

## CONCLUSION

Plaintiffs only want their day in Court so that a Federal Court can rule on the merits of the case. In Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818-19, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988), the Supreme Court rendered an admonition to respect the law of the case concerning jurisdiction and avoid "jurisdictional ping pong."

That is exactly what the Plaintiffs are trying to avoid. Plaintiff Peanut Farmers respectfully request that this Court deny the Government's motion to dismiss under Rule 12(b)(1) for lack of jurisdiction and order the Government to answer the Complaint.

This the 29th day of ___August___, 2003.

BOYCE & ISLEY, PLLC

R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, NC  27602-1990
Telephone: (919) 833-7373
Facsimile:  (919) 833-7536
*Attorneys for Plaintiffs*

12

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on **August 29**, 2003, I caused to be served by United States mail, postage prepaid, copies of the foregoing Memorandum in Opposition to Government's Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Jurisdiction addressed as follows:

> JANE W. VANNEMAN
> Senior Trial Counsel
> Commercial Litigation Branch
> Civil Division
> Department of Justice
> Attn: Classification Unit, 8th Floor
> 1100 L Street, N.W.
> Washington, DC 20530

BOYCE & ISLEY, PLLC

R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, NC 27602-1990
Telephone: (919) 833-7373
Facsimile: (919) 833-7536
*Attorneys for Plaintiffs*



**26. Morgan v. U.S.,**
55 Fed.Cl. 706, Fed.Cl., Mar 25, 2003

...**United States Court of Federal Claims** . Johnny C. MORGAN, Plaintiff, v. The UNITED STATES, Defendant. No. 02-1630C. March 25, 2003. ...

...briefs were Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, and Brian M. Simkin, Assistant Director. Sue Golabek, **United States Department** of **Agriculture** , of counsel. OPINION BRUGGINK, Judge. This is an action for breach of contract. Pending are the defendant's ...



**27. Rose Acre Farms, Inc. v. U.S.,**
55 Fed.Cl. 643, Fed.Cl., Mar 20, 2003

...**United States Court of Federal Claims** . ROSE ACRE FARMS, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 92-710C. ...

...March 20, 2003. Producer of poultry eggs brought suit alleging that regulations enacted by the **United States Department** of **Agriculture** (USDA), which placed restrictions on chicken farms suspected of selling salmonella-infested eggs, caused a taking of plaintiff's healthy...

...Powers Distinguished 148k2(1) In General; Interference with Property Rights 148k2(5) k. Relating to Health or Environment. Salmonella-control regulations of the **United States Department** of **Agriculture** (USDA) which required table egg producer to sell its healthy eggs in the less profitable breaker egg market...



**28. Ryco Const., Inc. v. U.S.,**
55 Fed.Cl. 184, Fed.Cl., Dec 23, 2002

...**United States Court of Federal Claims** . RYCO CONSTRUCTION, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 01-151 C. ...

...Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. James E. Andrews, Office of General Counsel, **United States Department** of **Agriculture** , San Francisco, CA, of counsel. OPINION HEWITT, Judge. This matter comes before the court on Defendant's Motion for...

...material fact in dispute and the moving party is entitled to judgment as a matter of law. See Rules of the **United States Court** of **Federal Claims** (RCFC) 56(c). Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202...





**29. Manuel Bros., Inc. v. U.S.,**
55 Fed.Cl. 8, Fed.Cl., Dec 23, 2002

...**United States Court of Federal Claims** . MANUEL BROTHERS, INC., Plaintiff, v. UNITED STATES, Defendant. No. 97-4C. Dec. 23, 2002. ...

...decision of the contracting officer to an agency board, a contractor may bring an action directly on the claim in the **United States Court of Federal Claims** . See 41 U.S.C. § 609(a)(1) (1994). The CDA grants the Court of Federal Claims jurisdiction over actions...

... for money damages in the amount of $2,211,744.79. The United States Court of Appeals for the Federal Circuit and the **United States Court of Federal Claims** have considered three factors when addressing a challenge to the Court of Federal Claims jurisdiction over a...



**30. McNabb v. U.S.,**
54 Fed.Cl. 759, Fed.Cl., Dec 10, 2002

...**United States Court of Federal Claims** . John B. MCNABB, et al., Plaintiffs, v. UNITED STATES, Defendant. No. 00-143C. ...

... Plaintiffs and the BIA enrolled the leased property in farm subsidy programs with the Farm Service Agency (FSA) of the **United States Department of Agriculture** . After receiving the allottees' share of the crop subsidies, the BIA would endorse the crop subsidy payments to...

...District of Idaho. By stipulation, the parties before the District Court agreed that the case should be transferred to the **United States Court of Federal Claims** . After the District Court transferred the case to the Court of Federal Claims, plaintiffs filed an amended...

**31. Lion Raisins, Inc. v. U.S.,**
54 Fed.Cl. 427, Fed.Cl., Nov 20, 2002

...**United States Court of Federal Claims** . LION RAISINS, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 02-29 C. ...

... 170Bk1086 k. Tort Claims. Suit by raisin packer seeking damages for careless performance of inspection duty allegedly owed by **United States Department of Agriculture** to packer, and the unauthorized acts of USDA officials during the performance of the raisin inspections, sounded in...

...resulting from defendant's conduct of inspections under the



statutes and regulations governing raisin processing and
packaging. Defendant, acting through the **United States
Department** of **Agriculture** (USDA), moves to dismiss for lack of
subject matter jurisdiction or, alternatively, for failure to state a
claim...

---

☐  **32. Cross Petroleum, Inc. v. U.S.,**
54 Fed.Cl. 317, Fed.Cl., Oct 31, 2002

...**United States Court** of **Federal Claims** . CROSS PETROLEUM,
INC., Plaintiff, v. The UNITED STATES, Defendant. No. 97-251C.
Oct. 31, 2002. ...

...whom was Assistant Attorney General Robert D. McCallum, Jr.,
for defendant. Rose Miksovsky and James Andrews, Office of the
General Counsel, **United States Department** of **Agriculture** ,
San Francisco, CA, of counsel. OPINION MILLER, Judge. After trial
on the validity of a default termination, this...

...matter what costs have been generated. 4. Jurisdiction In
Plaintiff's Status Report on filed September 13, 2002, plaintiff
questioned whether the **United States Court** of **Federal Claims**
-as opposed to the federal district court [FN3]--can, or should,
retain jurisdiction over the damages phase of the...

---

☑  **33. Olympia Properties, L.L.C. v. U.S.,**
54 Fed.Cl. 147, Fed.Cl., Oct 10, 2002

...**United States Court** of **Federal Claims** . OLYMPIA
PROPERTIES, L.L.C., Plaintiff, v. UNITED STATES, Defendant. No.
00-734C. Oct. 10, 2002. ...

...Branch; David M. Cohen, Director, Commercial Litigation
Branch, Civil Division, United States Department of Justice, for the
defendant. Lynn W. Flanagan, **United States Department** of
**Agriculture** , of counsel. OPINION HORN, Judge. FINDINGS OF
FACT This case arises from a commercial lease between the
Agriculture...

... FINDINGS OF FACT This case arises from a commercial lease
between the Agriculture Stabilization and Conservation Service
(ASCS), of the **United States Department** of **Agriculture**
(USDA), and Kroh Operating Limited Partnership (Kroh), for office
space located in Kansas City, Missouri. The ASCS issued...

---

☐ ▶ **34. Rose Acre Farms, Inc. v. U.S.,**
53 Fed.Cl. 504, Fed.Cl., Aug 29, 2002

...**United States Court** of **Federal Claims** . ROSE ACRE FARMS,
INC., Plaintiff, v. The UNITED STATES, Defendant. No. 92-710C.
...

...Aug. 29, 2002. Producer of poultry eggs brought suit alleging that regulations enacted by the **United States Department** of **Agriculture** (USDA), which placed restrictions on chicken farms suspected of selling salmonella-infested eggs, caused a taking of plaintiff's healthy...

...takings case is before the court following a trial on liability and damages. Plaintiff maintains that regulations enacted by the **United States Department** of **Agriculture** (USDA), which placed restrictions on chicken farms suspected of selling salmonella-infested eggs, caused a taking of plaintiff's healthy...



**35. Son Broadcasting, Inc. v. U.S.,**
52 Fed.Cl. 815, Fed.Cl., Jul 11. 2002

...**United States Court** of **Federal Claims** . SON BROADCASTING, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 98-115C. July 11, 2002. ...

...the briefs were David W. Ogden, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director. Jeffrey Vail, **United States Department** of **Agriculture** , of counsel. OPINION WILSON, Judge. This case is before the Court on defendant's supplemental motion to dismiss and...

...on defendant's supplemental motion to dismiss and cross-motions for summary judgment pursuant to Rule 56 of the Rules of the **United States Court** of **Federal Claims** (RCFC). For the reasons discussed below, defendant's motion to dismiss and for summary judgment is denied. Plaintiff's...



**36. Lion Raisins, Inc. v. U.S.,**
52 Fed.Cl. 629, Fed.Cl., Jun 10. 2002

...**United States Court** of **Federal Claims** . LION RAISINS, INC., Plaintiff, v. The UNITED STATES, Defendant. Nos. 01-322C, 01-536C. ...

...from bidding on government school lunch contracts for a period of one year after investigation determined that it had falsified three **United States Department** of **Agriculture** (USDA) certificates. The Court of Federal Claims, 51 Fed.Cl. 238, found that, as to one contract, the USDA...

...costs. Brian L. Owsley, Washington, DC, with whom was Assistant Attorney General Robert D. McCallum, Jr., for defendant. Michael Gurwitz, **United States Department** of **Agriculture** , of counsel. ORDER MILLER, Judge. Plaintiff's Statement of Bid Proposal Costs calls for resolution of the issue whether...



**37. Turntable Fishery & Moorage Corp. v. U.S.,**
52 Fed.Cl. 256, Fed.Cl., Apr 10, 2002

...**United States Court** of **Federal Claims** . TURNTABLE
FISHERY & MOORAGE CORP., et al., Plaintiffs, v. THE UNITED
STATES, Defendant. No. 01-110C. ...

...of 74 shareholders who also sue in their individual capacities
(the "individual plaintiffs"). By virtue of special-use permits
granted by the **United States Department** of **Agriculture**
Forest Service (the "Forest Service"), plaintiff Turntable since
1945 has enjoyed certain real and personal property interests in...

---

☐  **38. Lion Raisins, Inc. v. U.S.,**
52 Fed.Cl. 115, Fed.Cl., Mar 20, 2002

...**United States Court** of **Federal Claims** . LION RAISINS, INC.,
Plaintiff, v. The UNITED STATES, Defendant. Nos. 01-322C, 01-
536C. ...

...from bidding on government contracts for a period of one year
after a government investigation determined that it had falsified
three **United States Department** of **Agriculture** (USDA)
certificates. the Court of Federal Claims, 51 Fed.Cl. 238, granted
summary judgment in favor of plaintiff on...

...costs. Brian L. Owsley, Washington, DC, with whom was
Assistant Attorney General Robert D. McCallum, Jr., for defendant.
Michael Gurwitz, **United States Department** of **Agriculture** , of
counsel. ORDER MILLER, Judge. Before the court is defendant's
partial motion to dismiss plaintiff's amended complaint. The...

---



**39. Ceres Environmental Services, Inc. v. U.S.,**
52 Fed.Cl. 23, Fed.Cl., Mar 15, 2002

...**United States Court** of **Federal Claims** . CERES
ENVIRONMENTAL SERVICES, INC., Plaintiff, v. The UNITED
STATES, Defendant. No. 02-125C. ...

...bid protest in which plaintiff, Ceres Environmental Services, Inc.
("Ceres"), a Minnesota corporation, objects to solicitation number
NRCS-3-OK-02, issued by the **United States Department** of
**Agriculture's** ("USDA") Oklahoma Office of the Natural Resources
Conservation Service ("NRCS"). This solicitation is one of several
for ice...

---

☐  **40. White Buffalo Const., Inc. v. U.S.,**
52 Fed.Cl. 1, Fed.Cl., Feb 22, 2002

...**United States Court** of **Federal Claims** . WHITE BUFFALO
CONSTRUCTION, INC., an Oregon corporation, Plaintiff, v. THE

UNITED STATES, Defendant. No. 98-767C. ...

...which often provides machinery for plaintiff's work. Defendant, the United States of America, is acting by and through its agent the **United States Department of Agriculture** , United States Forest Service, Willamette National Forest. On June 1, 1988, defendant awarded plaintiff Contract No. 50-04R4-8-7740 (Contract)...

Clear all | Clear 21-40

Full Context Navigation

Print: All Options        ◀ 41-60 ▶    **Edit Search**  |  Locate in Result  |  Hide Terms Go to:

Search: "united states court of federal claims" & "united states department of agriculture"

## Result - 103 Documents

ResultsPlus℠    About

☐   **41. Cross Petroleum v. U.S.,**
51 Fed.Cl. 549, Fed.Cl., Jan 25, 2002

**Key Number** add terms

1. AGRICULTURE
⟸AGRICULTURE >
Agricultural boards and
officers

...**United States Court** of **Federal Claims** . CROSS PETROLEUM,
Plaintiff, v. The UNITED STATES, Defendant. No. 97-251C. Jan.
25, 2002. ...

...contract that included an indemnity provision and that
potentially reaches the fuel spilled. FACTS The following facts are
undisputed. [FN1] The **United States Department** of
**Agriculture** Forest Service (the "Forest Service") manages the
Klamath National Forest ("KNF"), which spans approximately
2,656 square miles in...

**Key Number** add terms

2. AGRICULTURE
⟸Marketing and
production control in
general; quotas and
allotments > Judicial
review of administrative
action

---

**42. Frymire v. U.S.,**
51 Fed.Cl. 450, Fed.Cl., Jan 11, 2002

...**United States Court** of **Federal Claims** . Beverly FRYMIRE,
D/B/A Superior Cleaning Service, Plaintiff, v. UNITED STATES,
Defendant. No. 99-977C. ...

...Contracts 393k73(8) Decisions of Officers or Arbitrators 393k73
(15) k. Review. A contractor makes a binding election to proceed
before either the **United States Court** of **Federal Claims** or a
Board of Contract Appeals, and may not seek relief on the same
claim from both...

...Keasler Building, Bloomfield, Missouri, for the Agricultural
Stabilization and Conservation Service (ASCS), now the Farm
Service Agency (FSA), of the **United States Department** of
**Agriculture** (USDA). In 1985, plaintiff, Beverly Frymire, through
Superior Cleaning Service, entered into a one-year contract to
perform janitorial...

---



**43. Grass Valley Terrace v. U.S.,**
51 Fed.Cl. 436, Fed.Cl., Jan 02, 2002

...**United States Court** of **Federal Claims** . GRASS VALLEY
TERRACE, A California Limited Partnership, et al., Plaintiffs, v. THE
UNITED STATES, Defendant. ...

... II. Factual Background In this case, Plaintiffs entered into at
least one loan agreement with the Farmers Home Administration
(FmHA), **United States Department** of **Agriculture** , under
Section 515 of the Housing Act of 1949 (codified at 42 U.S.C. §
1485). Section 515 authorized...

---



**44. Page v. U.S.,**
51 Fed.Cl. 328, Fed.Cl., Dec 28, 2001

...**United States Court** of **Federal Claims** . Ricardo J. PAGE and Paul E. Fenske, Plaintiffs, v. The UNITED STATES, Defendant. No. 99-441 C. ...

...[their] leasehold and business" amounting to an unconstitutional taking without just compensation. Complaint (Compl.) ¶¶ VI, X. Defendant, acting through the **United States Department** of **Agriculture** Animal and Plant Health Inspection Services (APHIS or the agency), moved to dismiss or, alternatively, for summary judgment. ...

...are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. **United States Court** of **Federal Claims** Rule 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202...

---



**45. Lion Raisins, Inc. v. U.S.,**
51 Fed.Cl. 238, Fed.Cl., Dec 14, 2001

...**United States Court** of **Federal Claims** . LION RAISINS, INC., Plaintiff, v. THE UNITED STATES, Defendant. No. 01-322C, 01-536C. ...

...from bidding on government contracts for a period of one year after a government investigation determined that it had falsified three **United States Department** of **Agriculture** (USDA) certificates. On cross-motions for summary judgment, the Court of Federal Claims, Miller, J., held that: (1) agency...

...facts. Brian L. Owsley, Washington, DC, with whom was Assistant Attorney General Robert D. McCallum, Jr., for defendant. Michael Gurwitz, **United States Department** of **Agriculture** , of counsel. OPINION MILLER, Judge. These consolidated cases are before the court after argument on cross- motions for...

---



**46. Mients v. U.S.,**
50 Fed.Cl. 665, Fed.Cl., Oct 30, 2001

...**United States Court** of **Federal Claims** . Laverne MIENTS, pro se, Plaintiff, v. THE UNITED STATES, Defendant. No. 01-367C. ...

...Oct. 30, 2001. Farmer brought suit alleging, inter alia, discrimination by the **United States Department** of **Agriculture** (USDA) in connection with foreclosures. On defendant's motion to dismiss,the Court of Federal Claims, Miller, J., held that:...

...Miller, J., held that: (1) subject matter jurisdiction was lacking under statute conferring jurisdiction to adjudicate discrimination complaints against the **United States Department** of **Agriculture** (USDA); (2) plaintiff's allegation that his claims were

"contractual," was wholly insufficient to establish jurisdiction under the Tucker...

---

**47. Baker v. U.S.,**
50 Fed.Cl. 483. Fed.Cl., Sep 26, 2001

...**United States Court** of **Federal Claims** . James R. and Rebecca BAKER, Plaintiffs, v. The UNITED STATES, Defendant. No. 00-754C. ...

...calves to increase their operating revenue. This case deals with plaintiffs' efforts to service their loan under the CFRDA through the **United States Department** of **Agriculture's** Farm Services Agency ("FmHA/FSA"). [FN1] FN1. The Farm Services Agency formerly was known as the Farmers Home Administration...

---

**48. Tech Systems, Inc. v. U.S.,**
50 Fed.Cl. 216, Fed.Cl., Aug 23, 2001

...**United States Court** of **Federal Claims** . TECH SYSTEMS, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 01-186C. Aug. 23, 2001. [FN1] ...

... Gregory R. Firehock, Washington, DC, with whom was Acting Assistant Attorney General Stuart E. Schiffer, for defendant. Lynn W. Flanagan, **United States Department** of **Agriculture** , of counsel. SUBSTITUTE OPINION MILLER, Judge. This post-award bid protest is before the court after argument on cross-...

...motions for judgment on the administrative record. The issue to be decided is whether the **United States Department** of **Agriculture** acted arbitrarily in awarding a contract procurement set-aside for small businesses to a company that allegedly is not...

---

**49. Bighorn Lumber Co., Inc. v. U.S.,**
49 Fed.Cl. 768, Fed.Cl., Jul 12, 2001

...**United States Court** of **Federal Claims** . BIGHORN LUMBER CO., INC., Plaintiff, v. The UNITED STATES, Defendant. No. 00-568C. ...

...¶ 31,144, 2000 WL 1474110, which involved provision CT6.01 and the issue of attorneys' fees. While instructive, this decision by the **United States Department** of **Agriculture** Board of Contract Appeals ("the AGBCA") is not binding on the court. Textron, 143 F.3d at 1468. The...

---



**50. Esch v. U.S.,**

49 Fed.Cl. 631, Fed.Cl., Jun 28, 2001

...**United States Court** of **Federal Claims** . Patrick ESCH, et al., Plaintiff, v. The UNITED STATES, Defendant. No. 00-529C. ...

...at different times, in different combinations, formed partnerships that have performed farming, ranching, and cattle raising operations. In January 1984, the **United States Department** of **Agriculture** (USDA or defendant), through the Farmers Home Administration (FmHA), loaned approximately $835,000.00 to L J Farms, a partnership...

...District Court for the District of Colorado (reassigned Civ. No. 00-M-957). At the time plaintiffs filed the present action in **United States Court** of **Federal Claims** , civil action Number 00-M-957 was pending in the District of Colorado. DISCUSSION ...



**51. Page v. U.S.,**
49 Fed.Cl. 521, Fed.Cl., Jun 08. 2001

...**United States Court** of **Federal Claims** . Ricardo J. PAGE and Paul E. Fenske, Plaintiff, v. The UNITED STATES, Defendant. No. 99-441C. ...

...[their] leasehold and business" amounting to an unconstitutional taking without just compensation. Complaint (Compl.) ¶¶ VI, X. Defendant, acting through the **United States Department** of **Agriculture** Animal and Plant Health Inspection Services (APHIS or the agency), has moved to dismiss or, alternatively, for summary...



**52. Ho v. U.S.,**
49 Fed.Cl. 96, Fed.Cl., Mar 30, 2001

...**United States Court** of **Federal Claims** . DANGFENG SHEN HO, Plaintiff, v. The UNITED STATES, Defendant. No. 00-202 C. ...

...Cohen, Director, Donald E. Kinner, Assistant Director, Civil Division, United States Department of Justice, Washington, DC, for defendant. Alan D. Groesbeck, **United States Department** of **Agriculture** , Washington, DC, of counsel. OPINION AND ORDER HEWITT, Judge. This is a suit by a former contractor with...

...**Agriculture** , Washington, DC, of counsel. OPINION AND ORDER HEWITT, Judge. This is a suit by a former contractor with the **United States Department** of **Agriculture** (USDA) for monetary and equitable relief arising out of the nonrenewal of a contract for agricultural marketing services. ...

**53. Seaboard Lumber Co. v. U.S.,**
48 Fed.Cl. 814, Fed.Cl., Mar 15, 2001

...**United States Court** of **Federal Claims** . SEABOARD LUMBER CO., Plaintiff, v. The UNITED STATES, Defendant. Nos. 370-88C, 610-84C. ...

...is thus, according to the Federal Circuit, irrelevant. [FN16] FN16. In Madigan, 986 F.2d 1401, the Federal Circuit reversed a **United States Department** of **Agriculture** Board of Contract Appeals decision, and held that the United States was entitled to contract damages as calculated...

---

☐ ▶ **54. Dodson Livestock Co. v. U.S.,**
48 Fed.Cl. 551, Fed.Cl., Feb 02. 2001

...**United States Court** of **Federal Claims** . DODSON LIVESTOCK COMPANY, Plaintiff, v. UNITED STATES, Defendant. No. 95-771C. Feb. 2, 2001. ...

... Buyer of eighteen sheep at an auction conducted by the **United States Department** of **Agriculture** , Meat and Animal Research Center (MARC), filed a complaint for breach of warranties, alleging that at some time...

...Justice, Washington, D.C., and David M. Cohen, Director, Commercial Litigation Branch, attorneys of record for the defendant. L. Benjamin Young, **United States Department** of **Agriculture** , Washington, D.C., of counsel. OPINION HORN, Judge. FINDINGS OF FACT As found by the court in its earlier...

---

☐ **55. Manno v. U.S.,**
48 Fed.Cl. 587, Fed.Cl., Jan 30, 2001

...**United States Court** of **Federal Claims** . James J. MANNO Sr., d/b/a James J. Manno Construction Co., Plaintiff, v. The United States, Defendant. ...

...plaintiff's Application for Attorneys' Fees after trial and entry of judgment in plaintiff's favor. Plaintiff argues that the position of the **United States Department** of **Agriculture** , by the Natural Resources Conservation Service Agency (the "NRCS" or the "agency"), both before and during litigation was...

...dismiss plaintiff's appeal as untimely, plaintiff requested that its appeal be withdrawn without prejudice in order to file in the **United States Court** of **Federal Claims** . That request was granted on November 18, 1998. On August 28, 1998, plaintiff submitted a request for...

---

**56. Gutz v. U.S.,**
47 Fed.Cl. 556, Fed.Cl., Jul 28. 2000

...**United States Court** of **Federal Claims** . James C. GUTZ and
Arlene Gutz, Husband and Wife, Plaintiffs, v. UNITED STATES,
Defendant. ...

...Resources Division, United States Department of Justice,
Washington, D.C., attorney of record for the defendant; Stuart
Shelton, Office of General Counsel, **United States Department**
of **Agriculture** , Washington D.C., of counsel. ORDER HORN,
Judge. After consideration of the record before the court and the
applicable...

...wife and own Farm No.1993, Tract 1289, in Pierce County,
Nebraska. In 1989, the plaintiffs were informed of possible
ineligibility for **United States Department** of **Agriculture**
(U.S.D.A.) farm program benefits due to the conversion of
wetlands by the plaintiffs. The parties entered into an...

---



**57. Pettro v. U.S.,**
47 Fed.Cl. 136, 148 Oil & Gas Rep. 92, Fed.Cl., Jul 11, 2000

...**United States Court** of **Federal Claims** . Shirl PETTRO,
Plaintiff, v. UNITED STATES, Defendant. No. 96-651L. July 11,
2000. ...

...on August 18, 1995, at the request of the Forest Service,
Kenneth Paur, an attorney with the Office of General Counsel,
**United States Department** of **Agriculture** issued a title opinion
on the gravel rights for the Pettro pit. The opinion stated that
there was...

...& Mississippi Canal Co., 13 Wall. 166, 80 U.S. 166, 179, 20
L.Ed. 557 (1871). The Tucker Act grants the **United States
Court** of **Federal Claims** jurisdiction to entertain claims alleging
that the government has taken private property for public use in
violation...

---



**58. Mangi Environmental Group, Inc. v. U.S.,**
47 Fed.Cl. 10, Fed.Cl., May 31, 2000

...**United States Court** of **Federal Claims** . MANGI
ENVIRONMENTAL GROUP, INC., Plaintiff, v. The UNITED STATES,
Defendant No. 00-29 C. ...

...the court on cross-motions for judgment on the administrative
record. Plaintiff, Mangi Environmental Group, Inc. (Mangi),
contests the decision of the **United States Department** of
**Agriculture** , Forest Service (Forest Service), to award a contract
to Statistical Research, Inc. (SRI) to provide administrative
services and...

---

**59. Grass Valley Terrace v. U.S.,**
46 Fed.Cl. 629, Fed.Cl., Apr 12, 2000

...**United States Court** of **Federal Claims** . GRASS VALLEY
TERRACE, a California Limited Partnership, et al., Plaintiffs, v. The
UNITED STATES, Defendant, ...

... DAMICH, Judge. I. Introduction In this case, fourteen Plaintiffs,
who entered into loan agreements with the Farmers Home
Administration (FmHA), **United States Department** of
**Agriculture** , to provide low-income rural housing, filed suit
against the government alleging the government breached its
contracts by enacting...

...on September 16, 1998, Plaintiffs filed a motion for class
certification pursuant to Rule 23 of the Rules of the **United
States Court** of **Federal Claims** . The motion was denied on
June 9, 1999. On January 20, 1999, Defendant filed a motion to...

---

☐    **60. Hawkins and Powers Aviation, Inc. v. U.S.,**
      46 Fed.Cl. 238, Fed.Cl., Feb 10, 2000

...**United States Court** of **Federal Claims** . HAWKINS AND
POWERS AVIATION, INC., Plaintiff, v. The UNITED STATES,
Defendant. No. 98-109 C. ...

...Judgment. Defendant seeks summary judgment on the ground
that it cannot be bound in contract where the Forest Service of
the **United States Department** of **Agriculture** (Forest Service
or government) lacked actual authority to act in accordance with
the contract terms alleged by plaintiff. ...

...were presented by plaintiff in its Complaint filed on February 11,
1998. This is plaintiff's second complaint filed before the **United
States Court** of **Federal Claims** related to the same transaction.
See Hawkins and Powers Aviation, Inc. v. United States, No. 95-
316C. As ...

---

Clear all | Clear 41-60

Search: "united states court of federal claims" & "united states department of agriculture"

## Result - 103 Documents

ResultsPlus℠    About



**61. Woll v. U.S.,**
45 Fed.Cl. 475, 30 Envtl. L. Rep. 20,245, Fed.Cl., Dec 08, 1999

...**United States Court** of **Federal Claims** . Nick WOLL, Plaintiff, v. The UNITED STATES, Defendant. No. 98-564C. Dec. 8, 1999. ...

... The parties do not dispute the facts that give rise to plaintiff's suit. In the mid-1980s the Forest Service of the **United States Department** of **Agriculture** (the "Forest Service"), responsible for the care of certain federal lands, became interested in the use and development...

---

**62. Gutz v. U.S.,**
45 Fed.Cl. 291, Fed.Cl., Nov 23, 1999

...**United States Court** of **Federal Claims** . James C. GUTZ and Arlene Gutz, Husband and Wife, Plaintiffs, v. UNITED STATES Defendant. ...

...Court as provided for in paragraph 9 of this Settlement Agreement and in reliance on the agreements made herein, the USDA **[United States Department** of **Agriculture** ] and its agencies, including the CCC [Commodity Credit Corporation], shall (a) withdraw all claims against Gutz related to...

...return the unearned funds. "Interest on a claim against the United States shall be allowed in a judgment of the **United States Court** of **Federal Claims** only under a contract or Act of Congress expressly providing for payment thereof." 28 U.S.C. § 2516(a)...

---



**63. Buse Timber & Sales, Inc. v. U.S.,**
45 Fed.Cl. 258, 30 Envtl. L. Rep. 20,185, Fed.Cl., Nov 04, 1999

...**United States Court** of **Federal Claims** . BUSE TIMBER & SALES, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 98-725 C. ...

...contract action, plaintiff, Buse Timber & Sales, Inc., seeks to recover damages it incurred under a contract entered into with the **United States Department** of **Agriculture** Forest Service for the sale and harvest of timber located in the Mount Baker-Snoqualmie National Forest in Washington...

...timber sale contract made between plaintiff, Buse Timber & Sales, Inc. (Buse Timber), and defendant, the United States, acting through the **United States Department** of **Agriculture** , United States Forest Service (Forest Service), for the sale and

**Key Number** add terms

1. AGRICULTURE
⇐▷AGRICULTURE >
Agricultural boards and
officers

**Key Number** add terms

2. AGRICULTURE
⇐▷Marketing and
production control in
general; quotas and
allotments > Judicial
review of administrative
action

harvest of timber located in the Mt. Baker-Snoqualmie...

---



**64. Boers v. U.S.,**
44 Fed.Cl. 725, Fed.Cl., Sep 14. 1999

...**United States Court of Federal Claims** . Howard L. BOERS, Donna M. Boers, Plaintiffs, v. The UNITED STATES, Defendant. No. 96-509C. ...

...Sept. 14, 1999. Dairy farmers sought judicial review of decision of the **United States Department** of **Agriculture** (USDA) denying benefits under the Dairy Indemnity Payment Program (DIPP) for economic losses resulting from disposal of milk...

...use the DIPP benefit to offset plaintiffs' outstanding FmHA loans. West Headnotes [1] 178 Food 178k5 k. Purity and Quality. **United States Department** of **Agriculture** (USDA) was not arbitrary, capricious, or in violation of law in calculating benefits to dairy farmers under the...

---

 ► **65. Scott Timber Co. v. U.S.,**
44 Fed.Cl. 170, Fed.Cl., Jun 03, 1999

...**United States Court** of **Federal Claims** . SCOTT TIMBER COMPANY, Plaintiff, v. The UNITED STATES, Defendant. Nos. 94-784C, 96-204C. ...

...David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director, for defendant. Laurie Ristino and Susan Cook, Office of General Counsel, **United States Department** of **Agriculture** , of counsel. OPINION MARGOLIS, Judge. These consolidated cases are before the court on defendant's motion for reconsideration of...

...11 separate contracts that were made between plaintiff, Scott Timber Company ("Scott Timber"), and defendant, the United States, acting through the **United States Department** of **Agriculture** , United States Forest Service ("Forest Service"), for the sale and harvest of timber in the Siskiyou and Siuslaw...

---



**66. Rosboro Lumber Company v. U.S.,**
43 Fed.Cl. 606. Fed.Cl., May 06, 1999

...**United States Court** of **Federal Claims** . ROSBORO LUMBER COMPANY, Plaintiff, v. The UNITED STATES, Defendant. No. 97-592C. May 6, 1999. ...

...an entitlement to damages. FN1. Plaintiff moves for summary judgment as to liability only. Factual Background In 1992, the Forest Service, **United States Department** of **Agriculture** (defendant) advertised the Allen Timber Sale in the Wallowa-

Whitman National Forest in Oregon. Through this contract, defendant sought...

...equally unavailing. Hoskins involved a contractor's attempt to rely upon a district court injunction as a basis for relief in the **United States Court** of **Federal Claims** when the district court's ruling was later overturned for lack of subject matter jurisdiction by the Ninth...

---

**67. Franconia Associates v. U.S.,**
43 Fed.Cl. 702, Fed.Cl., May 06, 1999

...**United States Court** of **Federal Claims** . FRANCONIA ASSOCIATES, et al., Plaintiff, v. The UNITED STATES, Defendant. No. 97-381C. ...

...FACTS The thirty-one (31) plaintiffs here at bar have entered into loan agreements with the Farmers' Home Administration (FmHA), **United States Department** of **Agriculture** , [FN1] to provide rental housing for low- and moderate-income persons in rural areas. These agreements were made under...

---

**68. Wolcott v. U.S.,**
43 Fed.Cl. 581, Fed.Cl., Apr 27, 1999

...**United States Court** of **Federal Claims** . Norman M. WOLCOTT, Kathy L. Price, and Phyllis M. Spero, Plaintiffs, v. UNITED STATES, Defendant. ...

...because of a staff reduction." The defendant has filed a motion to dismiss under Rule 12(b)(4) of the Rules of the **United States Court** of **Federal Claims** . The defendant argues that the complaint fails to state a claim upon which relief can be granted. ...

...against the United States for money damages, must exist independent of 28 U.S.C. § 1491. The Tucker Act provides: The **United States Court** of **Federal Claims** shall have jurisdiction to render judgment upon any claim against the United States founded either upon the...

---

**69. Nutrite Corp. v. U.S.,**
43 Fed.Cl. 297, 38 UCC Rep.Serv.2d 1323, Fed.Cl., Mar 31, 1999

...**United States Court** of **Federal Claims** . NUTRITE CORPORATION, Plaintiff, v. UNITED STATES, Defendant. No. 97-320C. March 31, 1999. ...

... Creditor brought suit seeking damages from the **United States Department** of **Agriculture** , Farmers Home Administration (FmHA) for the alleged breach of a loan subordination agreement.

On government's motion to dismiss,...

...Litigation Branch, attorneys of record for the defendant. OPINION HORN, Judge. The plaintiff, Nutrite Corporation (Nutrite), seeks damages from the **United States Department of Agriculture** , Farmers Home Administration (FmHA), now known as the Farm Service Agency (FSA), for the alleged breach of a...



**70. Farmers & Merchants Bank of Eatonton, Georgia v. U.S.,**
43 Fed.Cl. 38, Fed.Cl., Feb 16, 1999

...**United States Court** of **Federal Claims** . FARMERS & MERCHANTS BANK OF EATONTON, GEORGIA, Plaintiff, v. UNITED STATES, Defendant. No. 97-621C. ...

...Feb. 16, 1999. Bank brought action seeking damages for breach of a loan note guarantee issued by the **United States Department** of **Agriculture** , Farm Service Agency (FSA). Before filing action, bank appealed the FSA's denial of the claim through the **United** ...

...Service Agency (FSA). Before filing action, bank appealed the FSA's denial of the claim through the **United States Department** of **Agriculture** , National Appeals Division (NAD), which decided in favor of the FSA. On government's motion to dismiss, the Court of Federal...

**71. Dodson Livestock Co. v. U.S.,**
42 Fed.Cl. 455, Fed.Cl., Dec 23, 1998

...**United States Court** of **Federal Claims** . DODSON LIVESTOCK COMPANY, Plaintiff, v. UNITED STATES, Defendant. No. 95-771C. Dec. 23, 1998. ...

... Buyer of eighteen sheep at an auction conducted by the **United States Department** of **Agriculture** , Meat and Animal Research Center (MARC) filed a complaint for breach of warranties, alleging that at some time...

...comes before the court on the defendant's motion for partial dismissal pursuant to Rule 12(b)(1) of the Rules of the **United States Court** of **Federal Claims** (RCFC) for lack of subject matter jurisdiction. Specifically, the defendant has moved to dismiss the claim regarding...

**72. Adams v. U.S.,**
42 Fed.Cl. 463, Fed.Cl., Oct 30, 1998

...**United States Court** of **Federal Claims** , John A. ADAMS and Joyce E. Adams, et al., Plaintiffs, v. UNITED STATES, Defendant.

...

...Decisions as Controlling or as Precedents 106k90 Decisions of Same Court or Co-Ordinate Court 106k90(1) k. In General. Decisions of the **United States Court** of **Federal Claims** , although persuasive and helpful, do not constitute binding precedent for other decisions in the **United States Court** ...

...**Federal Claims** , although persuasive and helpful, do not constitute binding precedent for other decisions in the **United States Court** of **Federal Claims** . [4] 170B Federal Courts 170BXII Claims Court (Formerly Court of Claims) 170BXII(B) Procedure 170Bk1103 Time to Sue and Limitations...



### 73. Louis Leustek & Sons, Inc. v. U.S.,
41 Fed.Cl. 657, Fed.Cl., Aug 25, 1998

...**United States Court** of **Federal Claims** . LOUIS LEUSTEK & SONS, INC., Plaintiff, v. UNITED STATES, Defendant. No. 95-228C. Aug. 25, 1998. ...

...comes before the court on the defendant's motion for summary judgment filed pursuant to Rule 56 of the Rules of the **United States Court** of **Federal Claims** (RCFC). The plaintiff, Louis Leustek & Sons, Inc., entered into a contract with the defendant, the United...

...to 36 C.F.R. § 217.7(e)(3), after receiving Regional Forester Marita's decision, the Sommers had exhausted their administrative remedies within the **United States Department** of **Agriculture** . The pertinent regulation states: A Regional Forester's decision on a second-level appeal constitutes the final administrative determination of...



### 74. Seaboard Lumber Co. v. U.S.,
41 Fed.Cl. 401, 42 Cont.Cas.Fed. (CCH) P 77,340, Fed.Cl., Jul 07, 1998

...**United States Court** of **Federal Claims** . SEABOARD LUMBER CO., et al., Plaintiffs, v. UNITED STATES, Defendant. Nos. 95-85C, 370-88C, 464-88C, 610-84C, 750-87C. ...

...Value and Effective Purchaser Credit." [FN8] In Madigan v. Hobin Lumber Company, 986 F.2d 1401 (Fed.Cir.1993) the Federal Circuit, reversed the **United States Department** of **Agriculture** , Board of Contract Appeals decision, and held that the United States was entitled to contract damages as calculated...

### 75. Prowest Diversified, Inc. v. U.S.,
40 Fed.Cl. 879, 42 Cont.Cas.Fed. (CCH) P 77,293, Fed.Cl., May 13, 1998

...**United States Court of Federal Claims** . PROWEST DIVERSIFIED, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 94-516C. May 13, 1998. ...

...resolution of liability and damages in favor of plaintiff, defendant filed a motion for costs pursuant to Rule 68 of the **United States Court of Federal Claims** (RCFC). Plaintiff opposed the motion and, on February 18, 1997, filed an application for attorney fees and...

...$50,205.16. [FN1] The above-captioned case arose from contract number 50-9JHA-3-1F153, entered into by plaintiff and the Forest Service of the **United States Department** of **Agriculture** (USDA) in September 1993. Under the contract, plaintiff was required to perform construction work on the Eagle Lake...

---

☐ ► **76. Scott Timber Co. v. U.S.,**
40 Fed.Cl. 492, 28 Envtl. L. Rep. 21,149, 42 Cont.Cas.Fed. (CCH) P 77,312, Fed.Cl., Mar 12, 1998

...**United States Court of Federal Claims** . SCOTT TIMBER COMPANY, Plaintiff, v. The UNITED STATES, Defendant. Nos. 94-784C, 96-204C. ...

...David M. Cohen, Director, and Richard E. Rice, Assistant Director, for defendant. Leslie Lagomarcino and Laurie Ristino, Office of General Counsel, **United States Department** of **Agriculture** , of counsel. OPINION MARGOLIS, Judge. This contract case is currently before the Court on plaintiff's motion for partial...

...concern 11 separate contracts that were made between plaintiff, Scott Timber Company ("Scott"), and defendant, the United States, acting through the **United States Department** of **Agriculture** , United States Forest Service ("Forest Service"), for the sale and harvest of timber in the Siskiyou and Siuslaw...

---

✓☐ ▷ **77. Wetsel-Oviatt Lumber Co., Inc. v. U.S.,**
40 Fed.Cl. 557, 42 Cont.Cas.Fed. (CCH) P 77,273, Fed.Cl., Feb 06, 1998

...**United States Court of Federal Claims** . WETSEL-OVIATT LUMBER COMPANY, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 94-411C. ...

... Susan V. Cook, Environmental & Natural Resources Division, Department of Justice, Washington, DC, and Lori Polin Jones, Office of General Counsel, **United States Department** of **Agriculture** , Washington, DC, of counsel. OPINION MARGOLIS, Judge. This is a government contract action and pre-award bid protest challenging...

---

☐ ▸ **78. Prowest Diversified, Inc. v. U.S.,**
39 Fed.Cl. 276, 42 Cont.Cas.Fed. (CCH) P 77,204, Fed.Cl., Nov 19, 1997

...**United States Court** of **Federal Claims** . PROWEST
DIVERSIFIED, INC., Plaintiff, v. The UNITED STATES, Defendant.
No. 94-516 C. ...

...resolution of liability and damages in favor of plaintiff,
defendant filed a Motion for Costs pursuant to Rule 68 of the
**United States Court** of **Federal Claims** (RCFC 68). Plaintiff
opposed the motion, and on February 18, 1997, filed an
application for attorney fees...

...of $50,205.16. The above-captioned case arose from contract
number 50-9JHA-3-1F153, entered into by plaintiff and the Forest
Service of the **United States Department** of **Agriculture**
(USDA) in September 1993. Under the contract, plaintiff was
required to perform construction work on the Eagle Lake...

---



**79. Reservation Ranch v. U.S.,**
39 Fed.Cl. 696, 42 Cont.Cas.Fed. (CCH) P 77,286, Fed.Cl., Oct 22, 1997

...**United States Court** of **Federal Claims** . RESERVATION
RANCH, a California partnership, Plaintiff, v. The UNITED STATES,
Defendant. No. 94-403C. ...

...David M. Cohen, Director, for defendant. Susan Cook,
Environment and Natural Resources Division, United States
Department of Justice and Laurie Ristino, **United States
Department** of **Agriculture** , of counsel. OPINION MEROW,
Judge. Plaintiff Reservation Ranch seeks $5,500,000.00 from the
United States for the cancellation of...

...219) state that: 'Fish and wildlife habitats will be managed to
maintain viable populations of all existing native vertebrate
species....' **United States Department** of **Agriculture** , Forest
Service, Region Five, Spotted Owl: Land and Resource
Management Standards and Guidelines, January 21, 1981
("Region 5...

---

☐ **80. Quiman, S.A. de C.V. v. U.S.,**
39 Fed.Cl. 171, 42 Cont.Cas.Fed. (CCH) P 77.227, Fed.Cl., Oct 20, 1997

...**United States Court** of **Federal Claims** . QUIMAN, S.A. de
C.V., Plaintiff, v. The UNITED STATES, Defendant. No. 92-442C.
...

... (OSI) Program which allowed exporter to send fetal bovine
serum (FBS) to United States without testing or irradiation.
Following trial, the **United States Court** of **Federal Claims** ,
Futey, J., held that: (1) agreement was not enforceable contract;
(2) even if agreement were enforceable contract,...

...be imported as either "raw" product, which is unfiltered, or as

"finished" or "sterile" product, which has been filtered. The
**United States Department** of **Agriculture** (USDA), Animal and
Plant Health Inspection Service (APHIS), manages the export and
import of FBS. In early 1987,...

Clear all | Clear 61-80

Print: All Options    ◀ 81-100 ▶    **Edit Search**  |  Locate in Result  |  Hide Terms  Go to:

Search: "united states court of federal claims" & "united states department of agriculture"

# Result - 103 Documents

ResultsPlus℠    About

☐ **81. Boers v. U.S.,**
39 Fed.Cl. 25, Fed.Cl., Sep 30, 1997

...**United States Court** of **Federal Claims** . Howard L. BOERS, Donna M. Boers, Plaintiffs, v. The UNITED STATES, Defendant. No. 96-509C. ...

...Sept. 30, 1997. Dairy farmers, appearing pro se, sought judicial review of decision by **United States Department** of **Agriculture** (USDA) denying them benefits under Dairy Indemnity Payment Program (DIPP). In a case of first impression, the Court...

...indicated that milk handler acted as agent of Arizona in testing and removing farmers' milk from commercial market, and thus, **United States Department** of **Agriculture's (** USDA) denial of farmers' claims for reimbursement under Dairy Indemnity Payment Program (DIPP), based solely on absence of...

ˈ**Key Number**  add terms

1. AGRICULTURE
⇐AGRICULTURE >
Agricultural boards and
officers

**Key Number**  add terms

2. AGRICULTURE
⇐Marketing and
production control in
general; quotas and
allotments >  Judicial
review of administrative
action

☐ **82. Wetsel-Oviatt Lumber Co., Inc. v. U.S.,**
38 Fed.Cl. 563, 41 Cont.Cas.Fed (CCH) P 77,178, Fed.Cl., Aug 12, 1997

...**United States Court** of **Federal Claims** . WETSEL-OVIATT LUMBER COMPANY, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 96-323C. ...

... Lance J. Lerman, Civil Division, Department of Justice (Leslie Lagomarcino, Lori Polin Jones, and Jeff Moulton, Office of General Counsel, **United States Department** of **Agriculture** , of counsel), Washington, DC, for defendant. OPINION MARGOLIS, Judge. In this government contract action, currently before the Court...

...analysis for those units and issue a new decision. [FN3] Each of the Appeal Deciding Officer's Decisions purported to be the **United States Department** of **Agriculture's** final administrative determination with regard to the four contracts. FN3. On October 31, 1995, Phipps issued a new...

☐ **83. Forest Properties, Inc. v. U.S.,**
39 Fed.Cl. 56, 45 ERC 1679, 27 Envtl. L. Rep. 21,454, Fed.Cl., Aug 06, 1997

...**United States Court** of **Federal Claims** . FOREST PROPERTIES, INC., v. The UNITED STATES, and Big Bear Municipal Water District, third party. ...

...agencies, including the United States Environmental Protection Agency ("EPA"), the United States Department of the Interior's Fish and Wildlife Service, the **United States Department** of **Agriculture's** Forest Service, and the California Department of



Fish and Game had recommended the denial of FPI's 404 permit...

---

□ **84. Kanehl v. U.S.,**
38 Fed.Cl. 89, 41 Cont.Cas.Fed. (CCH) P 77,160, Fed.Cl., May 14, 1997

...**United States Court** of **Federal Claims** . Richard V. KANEHL, Plaintiff, v. The UNITED STATES, Defendant. No. 93-647X. May 14, 1997. ...

...million withheld from the trustee representing the DLA's claimed share as creditor under the loan guarantee, Dri-Mix's unpaid fees to the **United States Department** of **Agriculture** , and Dri-Mix's tax liability to the Internal Revenue Service. Shortly thereafter, Merchants recovered $1.1 million due under the...

...S. 974, entitled "A bill for the relief of Richard Kanehl of Mobile, Alabama," [FN3] to the chief judge of the **United States Court** of **Federal Claims** . S. Res. 108, 103d Cong., 1st Sess. (1993). On October 4, 1994, the United States Senate passed...

---

□ **85. Janicki Logging Co., Inc. v. U.S.,**
36 Fed.Cl. 338, 41 Cont.Cas.Fed. (CCH) P 76,974, Fed.Cl., Jul 31, 1996

...**United States Court** of **Federal Claims** . JANICKI LOGGING CO., INC., Plaintiff, v. The UNITED STATES, Defendant. No. 95-453C. ...

...contract action, plaintiff, Janicki Logging Co., Inc., seeks to recover damages it incurred under a contract it entered into with the **United States Department** of **Agriculture** Forest Service (the Forest Service) for the removal of timber within the Mount Baker-Snoqualmie National Forest in Washington...

...the contract should be governed by contract principles rather than constitutional takings principles. FN1. 28 U.S.C. § 1500 provides: The **United States Court** of **Federal Claims** shall not have jurisdiction of any claim for ... which the plaintiff ... has pending in any...

---

□ **86. Thomas Creek Lumber and Log Co. v. U.S.,**
36 Fed.Cl. 220, 41 Cont.Cas.Fed. (CCH) P 76,971, Fed.Cl., Jul 30, 1996

...**United States Court** of **Federal Claims** . THOMAS CREEK LUMBER AND LOG CO., Plaintiff, v. UNITED STATES, Defendant. Nos. 94-362C, 94-544C, 94-545C. ...

...with whom were David M. Cohen, Director, and the Assistant Attorney General, attorneys of record for defendant. OPINION HORN, Judge. The **United States Department** of **Agriculture** , acting through the United States Forest Service ("Forest Service"), regularly contracts with private companies for the removal of...



...for partial summary judgment and defendant's cross-motion for summary judgment, both pursuant to Rule 56 of the Rules of the **United States Court** of **Federal Claims** (RCFC). Plaintiff in the Butte West case appeals from a December 7, 1993 determination of the Forest...

**87. Logan Canyon Cattle Assoc. v. U.S.,**
34 Fed.Cl. 165, Fed.Cl., Oct 10, 1995

...**United States Court** of **Federal Claims** . LOGAN CANYON CATTLE ASSOC., et al., Plaintiffs, v. The UNITED STATES, Defendant. No. 95-90C. ...

...whom were Assistant Attorney General Frank W. Hunger, David M. Cohen, and Kirk T. Manhardt, Washington, DC, for defendant. Jeffrey Eisenberg, **United States Department** of **Agriculture** , of counsel. OPINION BRUGGINK, Judge. This action, brought pursuant to the Tucker Act, 28 U.S.C. § 1491 (1988),...

...Cattle Association ("LCCA") and Harold Selman, Inc., ("Selman"), are holders of ten-year grazing permits issued by the United States Forest Service, **United States Department** of **Agriculture** ("Forest Service"). These permits entitle plaintiffs to grazing rights on allotments located in the Wasatch-Cache National Forest, in...

**88. Garza v. U.S.,**
34 Fed.Cl. 1, Fed.Cl., Jul 18, 1995

...**United States Court** of **Federal Claims** . C. Carlos GARZA, Jr., Anthony DePonce, and Johnie Wise v. The UNITED STATES. No. 234-88C. ...

...a country, such as Colombia, which is a common source of contraband. The search team, as usual, contained agents of the **United States Department** of **Agriculture** , agents of the Immigration and Naturalization Service, and several Customs officers to secure the crew and examine the...

...filed a Complaint initiating the current action for breach of contract in the United States Claims Court, now renamed the **United States Court** of **Federal Claims** . Although originally seeking some $16.5 million in damages, the plaintiffs later amended their Complaint to seek expectation...

**89. Lee v. U.S.,**
33 Fed.Cl. 374, 63 USLW 2702, Fed.Cl., Apr 26, 1995

...**United States Court** of **Federal Claims** . Doris Marie LEE, Plaintiff, v. The UNITED STATES, Defendant. Nos. 94-520C, 94-

557C. ...

...conclusion prior to filing suit. Alternatively, Defendant argued that if any court retained jurisdiction at that stage, it would be the **United States Court** of **Federal Claims** as damages exceeded $10,000, the jurisdictional damage limit on actions for money damages brought against the United...

...had dismissed Plaintiff's complaint in its entirety and that her client would have to file the case anew in the **United States Court** of **Federal Claims**, if she wished to continue to seek relief. Barber Affid. ¶ 4. Apparently relying on this advice,...

---

☐ **90. HNV Cent. River Front Corp. v. U.S.,**
32 Fed.Cl. 547, Fed.Cl., Jan 06, 1995

...**United States Court** of **Federal Claims** . HNV CENTRAL RIVER FRONT CORPORATION, Plaintiff, v. UNITED STATES, Defendant. No. 285-89C. ...

...his appearance for HNV. The Bankruptcy Court, pursuant to an August 30, 1993 Order, approved Bowden's representation of HNV in the **United States Court** of **Federal Claims** . On September 13, 1993, HNV moved for the remand of this case to the **United States Department** ...

...**Federal Claims** . On September 13, 1993, HNV moved for the remand of this case to the **United States Department** of **Agriculture** , or in the alternative, for the dismissal of its claim without prejudice. Both in the motion, and at the pretrial...

---

☐ **91. Stone Forest Industries, Inc. v. U.S.,**
32 Fed.Cl. 424, 39 Cont.Cas.Fed. (CCH) P 76,719, Fed.Cl., Dec 19, 1994

...**United States Court** of **Federal Claims** . STONE FOREST INDUSTRIES, INC. v. The UNITED STATES. No. 92-491C. Dec. 19, 1994. ...

...to purchase timber located in the Willamette National Forest in Lane County, Oregon, from the United States Forest Service of the **United States Department** of **Agriculture** (Forest Service). The timber sale was identified as the Titan Too Timber Sale, Contract No. 089130 (the "Titan...

---

☐ ▷ **92. Smokey Bear, Inc. v. U.S.,**
31 Fed.Cl. 805, Fed.Cl., Aug 31, 1994

...**United States Court** of **Federal Claims** . SMOKEY BEAR, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 90-444C. Aug. 31, 1994. ...

...before the court upon defendant's motion to dismiss, in part, pursuant to Rules 12(b)(1) and (4) of the Rules of the **United States Court** of **Federal Claims** (RCFC), the complaint of plaintiff Smokey Bear, Inc., for lack of jurisdiction and for failure to state...

...in conformity with the Smokey Bear Act, 18 U.S.C. § 711 (1988), and applicable regulations, submitted an application to the **United States Department** of **Agriculture** , Forest Service ("Forest Service" or "Service") in January 1986 seeking a license to use the Smokey Bear logo...

---

### 93. Round Place, Inc. v. U.S.,
31 Fed.Cl. 749, 39 Cont.Cas.Fed. (CCH) P 76.699, Fed.Cl., Aug 18, 1994

...**United States Court** of **Federal Claims** . ROUND PLACE, INC., Plaintiff, v. The UNITED STATES, Defendant. No. 90-227C. Aug. 18, 1994. ...

...at the Lower Running Water Draw Watershed, Site 2, in Hale County, Texas, under the jurisdiction of the Soil Conservation Service, **United States Department** of **Agriculture** . Following careful consideration of the briefs and case law, and oral argument, the court must deny plaintiff's motion...

...14, 1984). A firm fixed-price construction contract for a flood water retaining structure was awarded by the Soil Conservation Service, **United States Department** of **Agriculture** , to Round Place, Inc., on May 27, 1976. The contracting officer issued a final decision on October 26,...

---

### ► 94. James M. Ellett Const. Co., Inc. v. U.S.,
1994 WL 912250, 41 Cont.Cas.Fed. (CCH) P 76,996. Fed.Cl., Jul 27, 1994

...**United States Court** of **Federal Claims** , Office of the Special Masters. JAMES M. ELLETT CONSTRUCTION COMPANY, INC., an Oregon Corporation v. ...

...dismissed without prejudice. The plaintiff's Motion for Rule 11 sanctions is denied. Facts In July 1988, the Forest Service of the **United States Department** of **Agriculture** awarded a contract to James M. Ellett Construction Co., Inc. ("Ellett") requiring Ellett to construct a 2.7 mile...

...jurisdiction. Reynolds, 846 F.2d at 748; Maniere v. United States, No. 93-624C, 1994 WL 190732 (Fed.Cl. May 17, 1994). The **United States Court** of **Federal Claims** is a court of limited jurisdiction. Bath Iron Works Corp. v. United States [38 CCF ¶ 76,432], ...

---

### 95. Security Bank & Trust Co. v. U.S.,
31 Fed.Cl. 589, Fed.Cl., Jul 22. 1994

...**United States Court** of **Federal Claims** . SECURITY BANK
AND TRUST CO. Blackwell, Oklahoma, Plaintiff, v. The UNITED
STATES, Defendant. No. 90-616C. ...

...will be denied. The court's reasoning follows. Background On
December 6, 1986, Ms. LaVeta Shoffner entered into a contract
with the **United States Department** of **Agriculture** ,
Commodity Credit Corporation (CCC), to participate in the
Agriculture Stabilization and Conservation Service (ASCS) 1987
wheat deficiency program. ...

...assignment of benefits to SBT. On April 10, 1990, the District
Court issued an order transferring the lawsuit to the **United
States [Court** of **Federal Claims** ]. On July 23, 1990, SBT filed
its complaint in the instant case seeking $29,823.57, or the
balance...

---

☐ ▷ **96. Schuerman v. U.S.,**
30 Fed.Cl. 420, Fed.Cl., Feb 10, 1994

...**United States Court** of **Federal Claims** . David C.
SCHUERMAN and Diane E. Schuerman, Plaintiffs, v. The UNITED
STATES, Defendant. No. 93-203C. ...

...1962-1 dispute was resolved in plaintiffs' favor via the
administrative appeal process. Claiming breach of contract,
plaintiffs filed suit in the **United States Court** of **Federal Claims**
on April 6, 1993, seeking lost profits and other damages in an
amount exceeding $500,000.00. Plaintiffs also...

...Guarantee alone constitutes an express contract fails because
plaintiffs have not established privity of contract. The court in
Parker v. **United States Department** of **Agriculture** , 879 F.2d
1362 (6th Cir.1989), addressed the issue of privity with respect to
a borrower under the FmHA...

---

☐ **97. Walter Dawgie Ski Corp. v. U.S.,**
30 Fed.Cl. 115, 39 Cont.Cas.Fed. (CCH) P 76,583. Fed.Cl., Oct 21, 1993

...**United States Court** of **Federal Claims** . WALTER DAWGIE
SKI CORPORATION, an Arizona Corporation, v. The UNITED
STATES. No. 92-12C. ...

...Government for the alleged denial of road access to its ski
facilities occupied by the plaintiff under permits issued by the
**United States Department** of **Agriculture** , Forest Service.
Citing language contained in its special use permit agreements
with the Forest Service requiring yearlong operation...

...constituted contractual agreements with the Forest Service,
[FN3] and that "[i]mplicit in the contract was a covenant that the
Forest Service, **United States Department** of **Agriculture**
would permit access to the recreational facilities operated by

Walter Dawgie." Id. at 1. In short, the plaintiff...

---

☐  **98. Fields v. U.S.,**
29 Fed.Cl. 376, 39 Cont.Cas.Fed. (CCH) P 76,580, Fed.Cl., Sep. 30. 1993

...**United States Court** of **Federal Claims** . Ed FIELDS, Plaintiff,
v. The UNITED STATES, Defendant. No. 273-88C. Sept. 30, 1993.
...

... On September 14, 1984, plaintiff Ed Fields was awarded
contract No. 53-04N7- 4-56 by the United States Forest Service,
**United States Department** of **Agriculture** (Forest Service), to
provide site preparation services for 18 acres of land, which was
the proposed site of...

...the Federal Courts Administration Act of 1992, Pub.L. No. 102-
572, 106 Stat. 4506 (1992), the name--"United States Claims
Court"--was changed **to--**"**United States Court** of **Federal
Claims** ." Approximately three and one-half (3 1/2 ) months later,
on February 23, 1990, defendant filed a motion...

---

☐ ▷ **99. Reliance Ins. Co. v. U.S.,**
27 Fed.Cl. 815, 38 Cont.Cas.Fed. (CCH) P 76,494, Fed.Cl., Mar 22, 1993

...**United States Court** of **Federal Claims** . RELIANCE
INSURANCE COMPANY, Plaintiff, v. The UNITED STATES,
Defendant. No. 387-87C. March 22, 1993. ...

... Surety for government contractor brought claims against
government for amounts allegedly due in connection with contract
to install **United States Department** of **Agriculture** (USDA)
laboratory equipment. On government's motion to dismiss, the
Court of Federal Claims, Horn, J., held that: (1)...

...is DENIED and defendant's motion to dismiss plaintiff's claims
one and two is GRANTED. FACTS On September 28, 1983, the
**United States Department** of **Agriculture** (USDA), Food Safety
and Inspection Service (FSIS) entered into prime contract # 50-
5721-3-21 with the Small Business...

---

☐  **100. Henrichs v. U.S.,**
27 Fed.Cl. 669, 124 Lab.Cas. P 35,781, Fed.Cl., Mar 01, 1993

...**United States Court** of **Federal Claims** . Samuel HENRICHS,
Plaintiff, v. The UNITED STATES, Defendant. No. 92-596C. March
1, 1993. ...

... 170BXII Claims Court (Formerly Court of Claims) 170BXII(A)
Establishment and Jurisdiction 170Bk1071 k. Establishment and
Jurisdiction in General. **United States Court** of **Federal Claims**
is successor to United States Claims Court in all respects. [2]

170B Federal Courts 170BXII Claims Court...

... will look to the parties' subsequent filings for further elucidation of the facts. Plaintiff was an employee of the **United States Department** of **Agriculture** Forest Service (USFS) at the USFS Region I Fire Cache Warehouse in Missoula County, Montana. In 1989, plaintiff...

---

Clear all | Clear 81-100

Search: "united states court of federal claims" & "united states department of agriculture"

## Result - 103 Documents

☐ ⚑ **101. Cascade Development Co., Inc. v. U.S.,**
27 Fed.Cl. 595, Fed.Cl., Feb 03, 1993

...**United States Court** of **Federal Claims** . CASCADE DEVELOPMENT CO., INC., Plaintiff, v. The UNITED STATES, Defendant. No. 342-86L. ...

... Cascade, 14 Cl.Ct. at 655. Specifically, plaintiff seeks declaratory relief in the form of an order requiring the Secretary of the **United States Department** of **Agriculture** to complete the road access permitting process in a timely manner. See Cascade Dev. Co. v. Yeutter, No....

...106 Stat. 4506 (1992), enacted on October 29, 1992, changed the name of the United States Claims Court to the **United States Court** of **Federal Claims** . The **United States Court** of **Federal Claims** is the successor to the United States Claims...

---

☐ **102. Rochman v. U.S.,**
27 Fed.Cl. 162, Fed.Cl., Nov 24, 1992

...**United States Court** of **Federal Claims** . Barrett ROCHMAN, Marilyn Rochman, James Rochman & William Burns, Plaintiffs, v. UNITED STATES, Defendant. No. 376-88C. ...

...Reserve Program (CRP). The CRP is administered under the general supervision of the Agricultural Stabilization and Conservation Service (ASCS) of the **United States Department** of **Agriculture** . Defendant contends that plaintiffs fail to state a claim showing that they are entitled to relief, as required...

...into this alleged contract." FN1. Following the enactment of P.L. 102-572 (1992), the United States Claims Court was renamed the **United States Court** of **Federal Claims** . The Rules will be renamed to conform shortly. The Rules at issue herein are unaffected by the...

---

☐ ⚑ **103. Adams v. U.S.,**
27 Fed.Cl. 5, 123 Lab.Cas. P 35,729. Fed.Cl., Oct 30, 1992

...**United States Court** of **Federal Claims** . Stephen S. ADAMS, et al., Plaintiffs, v. The UNITED STATES, Defendant. No. 90-162C. ...

...and laws pertaining to other fraudulent use of electronic funds transfers, credit and debit cards, false identification documents, computer access, and **United States Department** of **Agriculture** food coupons; to stop forgery of obligations of the United States; and to conduct investigations of criminal

---

**ResultsPlus℠**      About

**Key Number** add terms

1. AGRICULTURE
⇐⇒AGRICULTURE >
Agricultural boards and officers

**Key Number** add terms

2. AGRICULTURE
⇐⇒Marketing and production control in general; quotas and allotments > Judicial review of administrative action

violations...

Clear all | Clear 101-103

## Westlaw Attached Printing Summary Report
### for
### BRANNON, ANTHONY 4145253 Thursday, July 24, 2003 11:11:43 Eastern

(C) 2003. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2003 West, a Thomson business. No claim to orig. U.S. govt. works."Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.

| | |
|---|---|
| Request Created Date/Time: | Thursday, July 24, 2003 11:11:00 Eastern |
| Client Identifier: | WELLS |
| Database: | USER-DEFINED-MB |
| Citation Text: | 229 F.Supp.2d 710 |
| Query Text: | "UNITED STATES COURT OF FEDERAL CLAIMS" & "VENEMAN" |
| Lines: | 483 |
| Documents: | 1 |
| Images: | 0 |

229 F.Supp.2d 710
(Cite as: 229 F.Supp.2d 710)

Page 1

C

United States District Court,
S.D. Texas,
McAllen Division.

RAIN & HAIL INSURANCE SERVICE, INC., an
Iowa Corporation, and Rain & Hail,
L.L.C., an Iowa Limited Liability Company,
Plaintiffs,
v.
FEDERAL CROP INSURANCE CORP., A
Corporation Within the United States Department
of Agriculture, and Risk Management Agency, An
Agency Within the United States
Department of Agriculture, Defendants.

Civil Action No. M-01-280.

Oct. 31, 2002.

Crop insurer brought action challenging Federal
Crop Insurance Corporation's (FCIC) and
Agriculture Board of Contract Appeals' (ABCA)
determination to withhold reinsurance funds based
on insurer's alleged overpayments to farmers for
cotton crop losses during drought. On government's
motion to dismiss, the District Court, Crane, J., held
that: (1) insurer failed to state colorable takings
claim, and (2) insurer had to exhaust its
administrative remedies before bringing suit.

Motion granted in part, and denied in part.

West Headnotes

**[1] Eminent Domain** ☜⇒2(1.1)
148k2(1.1) Most Cited Cases

Insurer's allegation that Federal Crop Insurance
Corporation (FCIC) improperly set off entire
indemnity amount that it paid to farmers pursuant to
multi-peril crop insurance policies did not constitute
colorable takings claim against United States; claim
did not differ from breach of contract claim or
statutory violation claim, and FCIC regulations
provided administrative avenue for insurer to obtain
full relief. U.S.C.A. Const.Amend. 5; Federal Crop
Insurance Act, §§ 506(d), 508(j), 7 U.S.C.A. §§
1506(d), 1508(j); Department of Agriculture
Reorganization Act of 1994, § 212(e), 7 U.S.C.A. §
6912(e); 7 C.F.R. § 400.169(a, d).

**[2] Eminent Domain** ☜⇒266
148k266 Most Cited Cases

Takings claim is inappropriate where it duplicates
breach of contract claim, and breach of contract
remedy is available to plaintiff. U.S.C.A.
Const.Amend. 5.

**[3] Insurance** ☜⇒3627
217k3627 Most Cited Cases

Risk Management Agency (RMA) and Federal
Crop Insurance Corporation (FCIC) could be sued
by crop insurer under Federal Crop Insurance Act
for alleged breach of standard reinsurance
agreement (SRA) between insurer and FCIC.
Federal Crop Insurance Act, § 506, 7 U.S.C.A. §
1506; Department of Agriculture Reorganization
Act of 1994, § 212, 7 U.S.C.A. § 6912.

**[4] Insurance** ☜⇒3633
217k3633 Most Cited Cases

Crop insurer was required to exhaust its
administrative remedies before bringing suit in
federal district court against Federal Crop Insurance
Corporation (FCIC) seeking monetary damages
arising from FCIC's alleged breach of standard
reinsurance agreement (SRA). Federal Crop
Insurance Act, § 506(d), 7 U.S.C.A. § 1506(d);
Department of Agriculture Reorganization Act of
1994, § 212(e), 7 U.S.C.A. § 6912(e); 7 C.F.R. §
400.169.
*711 Mark W. Walker, Walker & Twenhafel LLP,
McAllen, TX, Frank W. Pechacek, Jr., Bruce B.
Green, Willson & Pechacek PLC, Council Bluffs,
IA, for Plaintiffs.

David Guerra, U.S. Attorneys Office, McAllen,
TX, Mark A. Melnick, Kevin W. McArdle, U.S.
Dept of Justice, Civil Div, Washington, DC,
Michael Taylor Shelby, AUSA, Houston, TX, for
Defendants.

*ORDER ON MOTION TO DISMISS*

CRANE, District Judge.

**I. Background**

Plaintiffs' claims arise out of the Federal Crop
Insurance Corporation's (FCIC) and the Agriculture

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

229 F.Supp.2d 710
(Cite as: 229 F.Supp.2d 710)

Page 2

Board of Contract Appeals' (ABCA) determination to withhold reinsurance funds from Rain and Hail, who Defendants claim improperly paid over $1.5 million dollars in primary insurance to farmers in the Texas Coastal Bend area for cotton crop losses during the drought of 1996.

Plaintiffs Rain and Hail [FN1] provide multi-peril crop insurance (MPCI) to farmers. Defendant FCIC provides reinsurance to Plaintiffs, pursuant to a "Standard Reinsurance Agreement" (SRA) and in accordance with the Federal Crop Insurance Act, codified at 7 U.S.C. §§ 1501, *et seq.* The Risk Management Agency (RMA) supervises the FCIC and Plaintiffs allege that the RMA is actually a "successor agency" to the FCIC. Plaintiffs paid Texas cotton farmers over $1.5 million in insurance funds after a drought wiped out the cotton crops in 1996. Two years after **\*712** reinsuring these indemnity payments, the FCIC determined that Plaintiffs had improperly adjusted the crop losses and overpaid the farmers. Plaintiffs appealed the FCIC's decision to the ABCA, who upheld the FCIC's findings. Accordingly, the FCIC offset the $1.5 million Plaintiffs had paid to the farmers, along with an additional $722,291.83 in interest.

> FN1. Pursuant to a corporate reorganization on May 1, 1996, Rain & Hail, LLC succeeded to the rights and obligations of Rain & Hail Insurance Service, Inc. Both are named plaintiffs in this case (Docket No. 24, First Amended Complaint at 4).

Plaintiffs then brought suit in federal court, alleging breach of the SRA, statutory violations, and a constitutional taking by the FCIC, RMA, and the United States. Plaintiffs, alternatively, request administrative review of the ABCA's decision, to the extent Plaintiffs do not have an original cause of action regarding matters already determined by the ABCA. Finally, Plaintiffs request declaratory relief against the FCIC, RMA, and the United States pursuant to 28 U.S.C. § 2201.

Defendants responded with a motion to dismiss arguing, in sum, the following points. First, Defendants assert that the district court lacks jurisdiction to hear Plaintiffs' claims against the RMA, ABCA, and the United States. Rather, such

claims must be brought in the **United States Court of Federal Claims**, pursuant to 28 U.S.C. §§ 1346(a)(2) and 1491, which direct that suits against the United States in excess of $10,000 be brought in Federal Claims Court. Second, Defendants contend that the Plaintiffs failed to state a colorable takings claim against the United States. Third, they argue that Plaintiffs' claim for reimbursement of the interest amount offset by the FCIC is barred either by *res judicata* or failure to exhaust the interest claim administratively. Finally, Defendants argue that the Plaintiffs are limited to this Court's administrative review of the claims brought before the ABCA.

During the initial August 13, 2002 hearing on the Defendants' motions to dismiss, [FN2] the Court entered an Order granting the dismissal of the ABCA as a party but denying dismissal of Plaintiffs' claims against the FCIC and RMA. Subsequently, in response to the Court's request for supplemental briefing on Plaintiffs' takings claim, Plaintiffs filed a "Third Supplemental Response to Defendants' Motion to Dismiss," in which they clarified that their takings claim seeks to recover Plaintiffs' own portion of indemnity payments and interest, offset by Defendants, that is not part of the reinsurance agreement. Defendants replied that Plaintiffs improperly allege a breach of contract claim under the guise of a takings claim; rather, Plaintiffs' claim is simply that Defendants offset too much money and a remedy exists for such calculation errors under the SRA.

> FN2. Plaintiffs' filed their original Complaint on November 16, 2001. Defendants filed an original Motion to Dismiss on March 22, 2002. (Docket No. 17). After the case was reassigned to this Court on April 3, 2002, Plaintiffs responded to the original Motion to Dismiss on April 14th (Docket No. 21). Plaintiffs then filed an Amended Complaint on May 6, 2002 (Docket No. 24) and a Supplemental Response to the Motion to Dismiss on May 10th (Docket No. 26). In light of the Amended Complaint, Defendants filed a Supplemental Motion to Dismiss (Docket No. 28), to which Plaintiffs responded in a Second Supplemental Response (Doc. 30). Defendants replied to Plaintiff's Second

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Response at Docket No. 33.

Therefore, the following issues are ripe for determination by the Court:
1. Whether Plaintiffs have a colorable takings claim against the United States?
2. Whether Plaintiffs are limited to a review of the ABCA's administrative determination of their claims?
3. Whether Plaintiffs can pursue their claim for the interest that the FCIC allegedly offset against Plaintiffs, even though Plaintiffs may not have asserted this claim for interest before the ABCA?

**\*713 II. Discussion**

*A. Standard of Review*

Motions to dismiss for failure to state a claim are "viewed with disfavor and rarely granted." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000). The district court must assume that all material facts in the plaintiff's complaint are true and should not dismiss the complaint "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* The *Collins* court summarized the inquiry as follows: " '[W]hether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.' " *Id.* (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969)). The court should limit its review to the plaintiff's pleadings, including any attached documents. *Id.* It should not, generally, consider other evidence attached to the motion to dismiss. *Id.*

*B. Takings Claim*

[1] Plaintiffs do not have a colorable takings claim against the United States. Plaintiffs claim that the FCIC improperly set off the entire indemnity amount that Plaintiffs paid to the cotton farmers. This amount necessarily included not only the FCIC's portion of reinsurance payments, but also Plaintiffs' portion of indemnity payments. Thus, Plaintiffs maintain that they are entitled to their portion of the indemnity payments "irrespective [of] the outcome of [their] claim for breach of the SRA." (Docket No. 38 at 6, ¶ 14). Defendants are

correct, however, that such claim does not differ from a breach of contract claim for improper offsets under the SRA.

*1. Federal Law Provides a Remedy for Plaintiffs' Claim of Improper Offsets*

The FCIC regulations provide an administrative avenue for insurance companies to challenge FCIC actions that are "not in accordance with the provisions of the Standard Reinsurance Agreement" and to appeal the FCIC's determinations with the ABCA. 7 C.F.R. § 400.169(a), (d); *see also* 7 U.S.C. § 6912(e) (requiring exhaustion of administrative appeals process). The statutes governing claims against the FCIC also provide for suit against the FCIC in district court and require that the FCIC indemnify insurance providers "due to errors or omissions on the part of the [FCIC]." 7 U.S.C. §§ 1506(d), 1508(j).

[2] A takings claim is inappropriate where it duplicates a breach of contract claim and a breach of contract remedy is available to the plaintiff. *Castle v. United States,* 48 Fed. Cl. 187, 218 (Fed.Cl.2000) *aff'd in part and rev'd in part, on other grounds,* 301 F.3d 1328 (Fed.Cir.2002). Regardless of the amount the FCIC improperly offset, and regardless of whether that amount came from reinsurance moneys or indemnity payments, the FCIC's action was allegedly "not in accordance with the SRA." The law thus allows Plaintiffs to recover the full amount of improper offset through a breach of contract challenge.

Moreover, it is difficult to see why Plaintiffs would want to characterize the improper offsets as a takings claim because any claims against the United States [FN3] in excess of $10,000 must be brought in the **\*714** Court of Federal Claims. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Judicial efficiency would not be served by severing the takings claim and transferring it to the Court of Federal Claims when the claim could be tried here in district court under the provisions allowing suits against the FCIC.

> FN3. The Plaintiff's claims may or may not be barred under the Federal Tort Claims Act; the cases do not address whether the notice requirement under the FTCA applies to constitutional claims. At least one case has held that the notice

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

229 F.Supp.2d 710
(Cite as: 229 F.Supp.2d 710)

Page 4

requirement does not apply to contract claims. *Shapex Corp. v. United States,* 629 F.Supp. 751, 752 (M.D.Ala.1985).

### 2. Plaintiffs' Constitutional Claim is Not Colorable

The Ninth Circuit has squarely addressed the propriety of filing a direct constitutional claim against the Department of Agriculture without first exhausting the administrative process. In *McBride Cotton and Cattle Corp. v. Veneman,* the Secretary of Agriculture offset farmers' debts by taking pro-rata shares of contract payments that the Department owed to non-debtor family members and shareholders. 290 F.3d 973, 976 (9th Cir.2002) . Before doing so, the Secretary gave notice only to the *debtors,* which the regulations required. *Id.* The plaintiff non-debtors claimed that the offsets and lack of notice deprived them of due process and filed a direct claim with the district court. *Id.*

The court considered whether the plaintiffs' due process claims constituted an exception to the requirement that they exhaust their administrative remedies. [FN4] Exhaustion is excused, the court concluded, only under the following circumstances: where the "suit alleges a constitutional claim which is '(1) collateral to a substantive claim of entitlement, (2) colorable, and (3) one whose resolution would not serve the purposes of exhaustion.' " *Id.* at 980 (quoting its earlier case, *Hoye v. Sullivan,* 985 F.2d 990, 991 (9th Cir.1992) ). A claim is not colorable if it " 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous.' " *Id.* Thus, a plaintiff cannot circumvent an exhaustion requirement by alleging a frivolous constitutional claim.

> FN4. The court focused largely on the issue of whether the plaintiffs' claims were barred for failure to exhaust their administrative remedies. The court concluded that failure to exhaust was not a *bar* to federal jurisdiction unless the governing statute explicitly divests the court of jurisdiction. *Id.* at 979-980. The court found that 7 U.S.C. § 6912(e), which governs claims against Department of Agriculture, did not provide such a bar to jurisdiction. *Id.* Instead, exhaustion was

simply a *requirement* under § 6912(e) that could be excused under the proper circumstances. *Id.See also Zephyr Aviation, L.L.C. v. Dailey,* 247 F.3d 565, 570 (5th Cir.2001) (addressing a different statute--the Aviation Act--but affirming the same principle regarding statutory exhaustion requirements).

The court found that the plaintiffs' claims were collateral because they presented a facial challenge to the regulations (which did not require notice to non-debtors) rather than a challenge to the Secretary's application or interpretation of the regulations. *Id.* at 981. The claims were "colorable" because they alleged facts sufficient to state a due process violation and because the defendant denied the plaintiffs' earlier attempt to appeal the offsets, claiming that plaintiffs were not entitled to such appeal. *Id.* at 982. Finally, the court held that exhaustion would be futile because the National Appeals Division did not have the authority to resolve plaintiffs' claims. *Id.*

Conversely, Rain & Hail's "takings" claim does not fulfill this three-part test. Plaintiffs here complain that the FCIC's mishandling of their claims and the deficiencies in the procedures the FCIC followed in adjusting Plaintiffs' claims violated the SRA and the FCIA and regulations. Rain & Hail does not contend that the Federal Crop Insurance Act (FCIA) facially deprives it of a remedy. Plaintiffs' claim is also not colorable because it does *715 not state facts that constitute a claim different from a breach of the SRA or statutory violation. Plaintiffs apparently alleged the takings claim in an attempt to have the facts of their case heard *de novo* by the Court. Finally, Plaintiffs have exhausted the administrative appeals process, so the exhaustion prong of the test is moot.

Because the Plaintiffs can obtain full relief through their breach of contract claim against the FCIC, their takings claim is dismissed.

### C. Administrative Review

Although the FCIA does not contain a standard of review clause, the weight of authority suggests that the Court should review the administrative record for abuse of discretion.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

229 F.Supp.2d 710
(Cite as: 229 F.Supp.2d 710)

Page 5

1. The RMA Can be Sued Along With the FCIC Under the Applicable Statutes.

Plaintiffs have named both the RMA and FCIC as Defendants and allege that, because the RMA is the successor agency to the FCIC, it should be subject to suit in district court under 7 U.S.C. § 1506(d).

Although the statute and regulations do not address Plaintiff's contention, the RMA's own website clearly indicates that it now administers the FCIA and that the FCIC is simply a division within the RMA. RMA Online, *at http:// www.rma.usda.gov/aboutrma.* After examining recent case law discussing the parity of the RMA and FCIC, the Southern District of Iowa also held that, because the RMA "has supervisory authority over the FCIC ... sections 1506 and 6912 apply equally to it." *American Growers Ins. Co. v. Federal Crop Ins. Corp.,* 2002 WL 1461889 at *5 (S.D.Iowa, June 26, 2002).

[3] This Court is likewise persuaded that the RMA is equally subject to suits against the FCIC under 7 U.S.C. § 1506. Therefore, Plaintiffs may maintain both the FCIC and its supervising entity, the RMA, as named defendants in this suit.

2. The Court is Limited to a Review of the Administrative Record Under an Abuse of Discretion Standard. [FN5]

> FN5. The Parties spend much time debating whether the standard of review in the Wunderlich Act, 41 U.S.C. § 321, applies. (See Docket No. 28 at 20-21; Docket No. 30 at 32-36). The Wunderlich Act applies to government contracts and sets forth an arbitrary and capricious standard of review. 41 U.S.C. § 321. Both *American Growers* and another unpublished order hold that SRAs are not standard government procurement contracts and so are not governed by the Contract Disputes Act (CDA). *American Growers Ins. Co. v. Federal Crop Ins. Corp.,* 2002 WL 1461889 at 4-5 (S.D.Iowa, June 26, 2002); *Rain and Hail Ins. Service, Inc. v. Honor,* 32 Fed. Appx. 544, 545, 2002 WL 539017 at *1 (Fed.Cir.2002). The cases do not address whether the Wunderlich Act would govern

the standard of review of SRAs. Although the Wunderlich Act arguably does not apply since SRAs are not governed by the CDA, the Court need not reach this question. The case law overwhelmingly directs that the APA's arbitrary and capricious standard should govern the review of the FCIC's determinations. Because this is the same standard the Wunderlich Act sets forth, the Parties' debate is rendered moot.

[4] Plaintiffs contend that because 7 U.S.C. § 1506(d) confers "exclusive original jurisdiction" in the district courts for suits against the FCIC, the Court must necessarily review its claims *de novo.* Yet such position ignores the existence of 7 U.S.C. § 6912(e) and 7 C.F.R. § 400.169, which require parties to exhaust their claims against the FCIC. The *American Growers Ins. Co. v. FCIC* case concerned issues virtually identical to the instant case and the court there explained that § 1506(d) and § 6912(e) must be read together and in harmony. 2002 WL 1461889 at *2-3. Under such reading, these two **\*716** sections dictate that plaintiffs must exhaust their administrative remedies before bringing suit in federal district court. *Id.* While not reaching the precise standard for review, the court believed that Congress intended for "judicial review of plaintiff's claims within an administrative review context." *Id.* at *4.

The statute requiring exhaustion of administrative appeals to the Department of Agriculture and its agencies does not provide a standard of review. 7 U.S.C. § 6912(e). The Fifth Circuit directs that "[W]hen a statute authorizes judicial review of agency action without providing standards for that review, we look to the APA, 5 U.S.C.A. § 701 *et seq.,* for guidance." *Sierra Club v. Glickman,* 67 F.3d 90, 96 (5th Cir.1995). The Administrative Procedures Act (APA) limits the court to a review of the whole record and directs that the reviewing court shall "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706.

Although *Sierra Club* involved the review standard under the Endangered Species Act, other Fifth Circuit cases have also applied the arbitrary and capricious standard in statutory contexts closer to

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

229 F.Supp.2d 710
(Cite as: 229 F.Supp.2d 710)

Page 6

that of the instant case. In a case involving a question of statutory interpretation under the Perishable Agricultural Commodities Act (PACA), the court invoked 5 U.S.C. § 706 in holding that the arbitrary and capricious standard would govern its review of the agency's decision and that it would "uphold an agency's factual findings if they are supported by substantial evidence." *Hawkins v. Agricultural Marketing Service Dept. of Agriculture, U.S.A.,* 10 F.3d 1125, 1128 (5th Cir.1993). It defined substantial evidence as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* at 1129 (citations omitted). The court also employed an arbitrary and capricious standard to its review of the Agricultural Stabilization and Conservation Service's decision to deny disaster payments for crop losses to rice farmers. *Wilson v. United States Department of Agriculture,* 991 F.2d 1211, 1215 (5th Cir.1993).

The Seventh Circuit came to the same conclusion regarding the standard of review for FCIC determinations. *Old Republic Ins. Co. v. Federal Crop Insurance Corp.,* 947 F.2d 269, 282 (7th Cir.1991). In holding that the APA's arbitrary and capricious standard governed, the court stated:

The FCIA does not contain a standard of review for its administrative hearings, therefore, the standard of review set forth in the APA applies. This standard is whether the action is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.' [citations omitted] ... When reviewing agency action under the arbitrary and capricious standard 'the court must consider whether the decision was based on consideration of the relevant factors and whether there has been a clear error of judgment.... The court is not empowered to substitute its judgment for that of the agency.' [citations omitted]. *Id.*

The Seventh Circuit found that the FCIC followed proper procedures in offsetting reinsurance payments pursuant to the SRA. *Id.* at 283.

The combined case law, then, appears to prescribe the following standard of review of FCIC/ABCA determinations:

1. The APA scope of review governs. *Sierra Club,* 67 F.3d at 96; *Old Republic Ins. Co.,* 947 F.2d at 282.

2. The court should review the FDIC/ABCA's decision under an arbitrary and capricious standard. *717Sierra Club,* 67 F.3d at 96; *Old

*Republic Ins. Co.,* 947 F.2d at 282.

3. The agencies' factual determinations must be supported by substantial evidence. *Hawkins,* 10 F.3d at 1128.

4. Pure questions of law should be reviewed *de novo. Hawkins,* 10 F.3d at 1129; *Wilson,* 991 F.2d at 1215.

5. The court should employ the "Chevron Doctrine" to review the agencies' construction of a statute and must "give effect to the unambiguously expressed intent of Congress." *Hawkins,* 10 F.3d at 1129. [FN6]

> FN6. *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc* held that review of agency interpretations of statutory provisions involves a two-step process: First, if the court determines that the statutory provision is clear and "unambiguous" then the court must apply the express provisions of the statute; Second, if the statute is ambiguous, then the court should uphold the agency's reasonable and plausible interpretation of the statute. 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Therefore, Plaintiffs can pursue judicial review of the claims that they already exhausted before the ABCA.

3. Even Under Administrative Review, Plaintiffs Can Recover Monetary Relief.

Plaintiffs seek reimbursement for the FCIC's allegedly improper offsets, as well as other relief provided by the statute governing suits against the FCIC. By borrowing the APA's scope of review under 5 U.S.C. § 706, the Court does not mean to suggest that the APA otherwise governs Plaintiffs' suit so as to limit their damages to equitable relief. The APA waives sovereign immunity for the United States and allows judicial review of an agency action when the party seeks relief "other than money damages." 5 U.S.C. § 702. Thus, a plaintiff seeking primarily monetary relief, as Plaintiffs do here, would not be able to obtain the immunity waiver and would, therefore, lack jurisdiction to sue under the APA. *Armendariz-Mata v. U.S. Dept. of Justice, Drug Enforcement Admin.,* 82 F.3d 679, 682 (5th Cir.1996); *Drake v. Panama Canal*

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

*Comm'n.,* 907 F.2d 532, 535 (5th Cir.1990).

Waiver of immunity under the APA is unnecessary here, however, where the statute governing Plaintiffs' claims clearly waives immunity as to the FCIC (and, by extension, the RMA, as discussed above). 5 U.S.C. §§ 1506, 1508(j). Section 1506(d) allows suits against the FCIC in district court "without regard to the amount in controversy" and does not place a limitation on the type of relief available. 5 U.S.C. § 1506(d). Section 1508(j) further provides for indemnification to insurance providers "including costs and reasonable attorney fees." 5 U.S.C. § 1508(j). Moreover, § 6912(e), which requires administrative exhaustion for claims against the FCIC, also places no limitation on the type of recovery available.

Thus, Plaintiffs may continue to pursue their requests for agency review and reimbursement against the FCIC/RMA. The cases cited above borrowed the standard of review from § 706 of the APA only because the specific administrative exhaustion provision (7 U.S.C. § 6912(e)) did not provide a standard of review. The Plaintiffs' claims are otherwise still governed by 5 U.S.C. §§ 1506 and 6912, which place no bar on the recovery of monetary relief.

*D. Interest Claim*

The FCIC also seeks to dismiss Plaintiffs' claim for improperly offset interest payments because Plaintiffs allegedly failed to exhaust their administrative remedies regarding the "interest" portion of their claim. The Court does not yet decide this question because the information *718 necessary to make a determination is not before the Court on Defendants' motion to dismiss.

When the court lacks clear information as to whether an issue was already addressed by the ABCA, or should have been brought before the ABCA, the court should not seek such information outside the pleadings on a motion to dismiss. *American Growers Ins. Co.,* 2002 WL 1461889 at 4. The information regarding whether the ABCA already addressed the facts and circumstances surrounding Plaintiff's claim for interest money lies in the administrative record, which Defendants filed with the Court after the August 13th hearing. Such information is not appropriate to consider on a motion to dismiss; it would be more appropriately

addressed in a summary judgment motion. *Id.; Boudeloche v. Grow Chemical Coatings Corp.,* 728 F.2d 759, 762 (5th Cir.1984).

Because it is not clear that Plaintiffs have not already exhausted their interest claim before the ABCA, or whether such claim for interest must be separately exhausted, the Court cannot presently hold that the Plaintiffs have failed to state any valid claim for relief regarding their request for reimbursement of interest as well as principal. Defendants' request for dismissal of Plaintiffs' interest claim is, therefore, denied at this time.

**III. Conclusion**

For the reasons stated above, the Court hereby:
1. Grants Defendants' Motion to Dismiss Plaintiffs' constitutional takings claim and the United States as a party;
2. Denies Defendants' Motion to Dismiss Plaintiffs' "interest" claim for failure to exhaust administrative remedies and directs the Defendants to re- urge such challenge in a later summary judgment motion when the Court will be at liberty to review the full administrative record.

The Court also Orders Plaintiffs to re-plead, within thirty days hereof, to conform to the Court's decisions. Plaintiffs, therefore, should amend their complaint to drop the United States and ABCA as parties and to recharacterize their claims for original jurisdiction and damages as a claim for review of the ABCA's decision and specific relief. The Court will review these claims under an arbitrary and capricious/abuse of discretion standard, limited to the administrative record of the ABCA decision.

The Court Orders Defendants to submit their answer within ten days of Plaintiffs' amended pleading. As the Court directed during the October 3rd, 2002 hearing, the Plaintiffs' brief on the merits of their case is due to the Court by December 20th, 2002 and Defendants' brief is due January 31st, 2003. Plaintiffs must submit their response brief by February 14th, 2003 and Defendants' reply will be due February 21st, 2003. The parties shall appear before the Court for a scheduling conference on February 25th, 2003 at 9:30am.

229 F.Supp.2d 710

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

229 F.Supp.2d 710
**(Cite as: 229 F.Supp.2d 710)**

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Docket No. 03-445C

## UNITED STATES COURT OF FEDERAL CLAIMS

### MEMORANDUM

TO:         JUDGE ~~Firestone~~
FROM:     CLERK'S OFFICE

The attached was received on 9-8-03
and the following defect(s) is/are noted:

1. _____     Untimely, due to be filed by _____ [Rule 7.1]

2. _____     Proof of service: [Rule 5.1]
               _____ is missing; _____ is not signed and/or dated;
               _____ shows service on wrong attorney or of wrong item;
               _____ is not attached to each document or copy

3. _____     Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. _____     Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ✓ | 5.2(a)(1)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
| ____ | 5.2(a)(1)(G) | Re: index to appendix is to be located in both the front of the brief <u>and</u> in front of the appendix |
| ____ | 5.2(b) | Re: length of briefs or memorandum |
| ✓ | 5.3(c) | Re: binding |
| ____ | 5.3(d) | Re: original/copies missing |
| ____ | 5.3(g) | Re: Judge's name on all filings |
| ____ | 24(c) | Re: motion to be accompanied by a pleading |
| ____ | 7(b) | Re: brief, supporting memorandum, affidavits shall be attached to motion |
| ____ | 56(h) | Re: proposed findings and/or response to proposed findings is missing or not a separate document |
| ____ | 56.1(b) | Re: statement of facts and/or counter-statement of facts is missing or not a separate document |
| ____ | 77.1(a) | Re: improper use of the night box |
| ____ | 83.1(c)(1) | Re: one attorney for a party; attorney to be an individual not a firm |
| ____ | _____ | Re: _____ |

5. _____     Original affidavit(s)/declaration(s) is/are missing
6. _____     No provision in the Rules for the filing of this item
7. _____     _____

Deputy Clerk