# ORIGINAL

No. 03-445C
(Judge Firestone)

FILED
SEP 1 5 2003
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TEXAS PEANUT FARMERS, et. al,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANT'S RULE 12 (b)(1) MOTION
TO DISMISS FOR LACK OF JURISDICTION

A TRUE COPY:
TEST:    APR   4 2006
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By _____
Deputy Clerk

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

OF COUNSEL:
Kim Arrigo
United States Department
of Agriculture
Office of the General Counsel
Washington, D.C.

Mark Simpson
United States Department
of Agriculture
Office of the General Counsel
Atlanta, Georgia

JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Classification Unit
    8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-1011

September 15, 2003

Attorneys for Defendant

$\mathcal{P}$ 16

## TABLE OF CONTENTS

Introduction . . . . . . . . . . . . . . . . . . . . . 2

    1.   Defendant's Response to Plaintiffs' Statement
         of the Case and Statement of Facts . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 4

    1.   The Applicable Statutes, 7 U.S.C. §1506(d)
         and 7 U.S.C. §1508(j)(2)(A), Vest The United
         States District Courts With Exclusive
         Jurisdiction Over Claims Relating to
         the Federal Crop Insurance Program . . . . . . . 4

        A.   This Court Lacks Jurisdiction To
            Entertain Plaintiffs' Complaint . . . . . . . 4

        B.   Plaintiffs' Suit Is Against the
            United States, With the Principal
            Agency Being the USDA, Which Includes
            the FCIC; The FCIC Is Not The Named
            Defendant, Nor Could The FCIC
            Intervene, as Plaintiffs Contend . . . . . . 10

    3.   This Court Does Not Possess "Concurrent"
         Jurisdiction with Federal District Courts
          To Entertain Plaintiffs' Claims . . . . . . . . . 11

    4.   Dismissal for Lack of Jurisdiction Is
         Warranted . . . . . . . . . . . . . . . . . . . 14

        A.   Dismissal Pursuant to 28 U.S.C.
            §1500 Is Not Appropriate Because
            These Particular Plaintiffs Filed
            First In This Court, Before Filing
            In Various Other Federal District
            Courts . . . . . . . . . . . . . . . . . . . 14

        B.   There Is No Need To Invoke 28 U.S.C.
            §1631 To Transfer The Case Filed By Any
            of the Named Plaintiffs To Any Of the
            Appropriate Federal District Courts;
            Each Of The Plaintiffs Listed In The
            Style Of This Complaint Is Also Listed
            In A Complaint Filed In Another Federal
            District Court . . . . . . . . . . . . . . . 15

5.    Defendant Respectfully Requests That, If the
      Court Schedules a Telephone Status Conference,
      And/Or Schedules Oral Argument On Our Motion,
      The Proceedings Be Recorded   . . . . . . . . . . .  16

6.    Summary   . . . . . . . . . . . . . . . . . . . .  16

CONCLUSION   . . . . . . . . . . . . . . . . . . . . . . .  18

## TABLE OF AUTHORITIES

### FEDERAL CASES

Amell v. United States,
        384 U.S. 158 (1966) .................................... 6

American Growers Insurance Co. v. Federal Crop. Insurance Corp.,
        210 F. Supp. 2d 1088 (S.D. Iowa 2002) ........... 10,11, 12

Brazos Electric Power Cooperative, Inc v. United States,
        144 F.3d 784 (Fed. Cir. 1998) ......................... 6

Christianson v. Colt Industrial Operating Corp.,
        486 U.S. 800 (1988) .................................. 16

Deaf Smith County Grain Processors, Inc. v. Glickman,
        162 F.3d 1206 (D.C. Cir. 1998) ........................ 9

Del-Rio Drilling Programs, Inc. v. United States,
        146 F.2d 1358 (Fed. Cir. 1998)........................6

Farmers Farmers & Merchants Bank of Eatonton, Georgia v. United
States,
        43 Fed. Cl. 38 (1999)     ............................ 5,9

Hallstrom v. Tillamook County,
        493 U.S. 20 (1989) .................................... 5

Massie v. United States,
        166 F.3d 1184 (Fed. Cir. 1999)  ....................... 6

Matson Navigation Co. v. United States,
        284 U.S. 352 (1932) ................................... 6

McNutt v. General Motors Acceptance Corp. of Indiana,
        298 U.S. 178 (1936) ................................... 4

Mients v. United States,
        50 Fed. Cl. 665 (2001) ................................ 8

Owen v. Crop Hail Management,
        841 F. Supp. 297 (W.D. Mo. 1994) ..................... 7

Quinalt Allottee Ass'n v. United States,
        197 Ct. Cl. 134 (1972) ................................ 4

Rain & Hail Insurance Service, Inc. v. Federal Crop Insurance
Corp., 229 F. Supp. 710 (S.D. Texas)
    appeal dismissed, 2002 WL 539077 (Fed. Cir. 2002)
    (unpublished) ................................................ 8

Reed by and Through Reed v. United States,
    891 F.2d 878 (11th Cir. 1990) ........................... 6

United States v. Winstar,
    518 U.S. 839 (1996) .................................... 13

Williams Farms of Homestead, Inc. v. Rain and Hail Insurance
Services, Inc.,
    121 F.3d 630 (11th Cir. 1997) .......................... 12

## DOCKETED CASES

Barnhill v. Davidson,
    No. 4:02-CV-159-H (4) ................................. 15

## FEDERAL STATUTES

7 U.S.C. §1506(d) ....................................... passim

7 U.S.C. §1508(j)(2)(A) ................................. passim

7 U.S.C. §6993 (1994) ........................................ 9

28 U.S.C. §1491(a)(1) ....................................... 10

28 U.S.C. §1500 .......................................... 14,15

28 U.S.C. §1631 ............................................. 15

41 U.S.C. §§601 ........................................... 8,12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TEXAS PEANUT FARMERS et. al,                )
                                             )
              Plaintiff,                     )
                                             )
       v.                                    ) No. 03-445C
                                             ) (Judge Firestone)
     THE UNITED STATES,                      )
                                             )
              Defendant.                     )

DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANT'S RULE 12(b)(1)
<u>MOTION TO DISMISS FOR LACK OF JURISDICTION</u>

<u>Introduction</u>

In our motion to dismiss for lack of jurisdiction, we established that this Court lacks jurisdiction to entertain these claims. Rather, it is the only the Federal district courts that possess exclusive original jurisdiction, regardless of the amount in controversy, to entertain the types of claims brought by these plaintiffs: claims brought by farmers under the Federal crop insurance program. We relied upon 7 U.S.C. §1506(d), which provides, in pertinent part:

> The Corporation [Federal Crop Insurance Corporation (FCIC)],
> . . . may sue and be sued in its corporate name, . . . The
> district courts of the United States, . . . shall have
> <u>exclusive original jurisdiction</u>, <u>without regard to the
> amount in controversy</u>, of all suits brought by or against
> the Corporation. . .

1

After filing that motion, we learned of a more specific statutory provision relating to these matters, 7 U.S.C. §1508(j)(2)(A), which provides:

   (j)  Claims for losses
   (2)  Denial of claims
   (A)  In general

      Subject to subparagraph (B), if a claim for indemnity
      is denied by the Corporation or an approved provider,
      an action on the claim may be brought against the
      Corporation or Secretary <u>only in the United States
      district court for the district in which the insured
      farm is located</u>.

Appendix (App.) 1-2. (emphasis added).[1]  We immediately informed plaintiffs' counsel of this additional section of the United States Code relating to these matters.[2]

Plaintiffs raise several points in their opposition brief (Pl. Opp.), none of which make any sense or have any merit. While the burden is upon plaintiffs to establish jurisdiction,

---

[1]  The reference to "approved provider" is a reference to a state insurance company, approved and reinsured by the FCIC and with which the farmer signs the crop insurance policy.

The reference to subparagraph (B) is to the applicable statute of limitations:

A suit on the claim may be brought not later than 1 year after the date on which final notice of denial of the claim is provided to the claimant.

[2]  We cited 7 U.S.C. §1508(j)(2)(A) in a letter dated August 15, 2003 to plaintiffs' counsel.  App. 3-8.  Thus, this is not a new issue to plaintiffs, even though they chose not to address it in their opposition brief.

2

they clearly have failed to do so in this Court.[3]

While plaintiffs complain that they wish only to reach the merits of their claims, it is plaintiffs who have caused the delays in these cases by failing, in the first instances, to file in the correct courts.  The Government has been required to devote substantial yet scarce resources to attempting to resolve this important matter, which must be resolved before any court can proceed to decide the merits.[4]

1.    Defendant's Response to Plaintiffs'
      Statement of the Case and Statement of Facts

Plaintiffs make numerous factual assertions, many of which are incorrect.  We address briefly only some of their errors.

Named defendant.  Plaintiffs make their first error in stating that, in February 2003, they filed this action in this

_____

[3] Plaintiffs have compounded further these jurisdictional problems, because, as we have informed them, they have also failed, in the various Federal district courts in which they have filed suit, to establish jurisdiction.  They have failed (among other things) because, for each state that has more than one Federal district court within it, plaintiffs have not established that each plaintiff has filed in the district of a particular district court, according to the boundaries of the area in which their farm is located.

[4] Plaintiffs complain that, after they submitted their "Outline" to the Court (on the day of the last telephone status conference),  the Government did not make any proposal for resolving the jurisdictional issue. See App. 11-15.  However, the parties cannot "negotiate" about jurisdiction in a case involving the United States, given the strict limitations upon any waiver of sovereign immunity to be sued.  In any event, the Government proffered some constructive suggestions to plaintiffs' counsel about these cases.  App. 3-8; see App. 9.

Court against: the Administrator for the Risk Management Agency (RMA); the RMA; the RMA Regional Office Director in Oklahoma; the RMA Regional Office Director in Georgia; the Secretary of Agriculture; the United States Department of Agriculture (USDA); and, the United States.

However, no matter how plaintiffs typed the style of their Complaint, the only defendant in this Court is the United States. In fact, pursuant to decades of practice, the official caption of the case lists only the United States as the defendant.

Class Action allegations. Plaintiffs also make factual allegations in their Complaint about a class action. However, plaintiffs have not filed any motion for class certification. Neither this Court, nor any of the Federal district courts in which plaintiffs have filed, have certified any action as a class action.[5]

ARGUMENT

1. The Applicable Statutes, 7 U.S.C. §1506(d) and 7 U.S.C. §1508(j)(2)(A), Vest The United States District Courts With Exclusive Jurisdiction Over Claims Relating to the Federal Crop Insurance Program

    A. This Court Lacks Jurisdiction To Entertain Plaintiffs' Complaint

As we established in our motion, plaintiffs have failed to meet their burden to establish jurisdiction. E.g., McNutt v.

---

[5] Indeed, the standards for qualifying for class action are particularly rigorous in this Court (Rule 23). E.g., Quinalt Allottee Ass'n v. United States, 197 Ct. Cl. 134 (1972).

4

<u>General Motors Acceptance Corp. of Indiana</u>, 298 U.S. 178 (1936)
(burden is upon plaintiff to establish jurisdiction).  For this
type of crop insurance case, 7 U.S.C. §1506(d) establishes
<u>exclusive</u> and <u>original</u> jurisdiction, regardless of the amount in
controversy, in the appropriate Federal district court.  In
addition, 7 U.S.C. §1508(j)(2)(A) provides specifically for
claims for indemnity – that is, for crop insurance claims; a
farmer must file <u>only</u> in the Federal district court in the
district in which his farm (or farms) is located.

The language of these statutes is plain.  <u>See e.g.</u>, <u>Farmers</u>
<u>Farmers & Merchants Bank of Eatonton, Georgia v. United States</u>,
43 Fed. Cl. 38, 43 (1999), citing <u>Hallstrom v. Tillamook County</u>,
493 U.S. 20, 28 (1989) (absent clearly expressed legislative
intention to the contrary, words of the statute are conclusive).
This Court clearly lacks jurisdiction to entertain plaintiffs'
claims.  Only the appropriate Federal district court would
possess jurisdiction (assuming other insurance-related elements
were satisfied).

This Court's lack of jurisdiction to entertain plaintiffs'
claims relating to crop insurance is analogous to a handful of
other categories of unique types of claims for money, involving
particularized and comprehensive Federal programs, which Congress
has decided must be heard in courts other than this Court.  Thus,
for certain programs, Congress has withdrawn Tucker Act

5

jurisdiction from this Court and placed jurisdiction elsewhere.
E.g., Reed by and Through Reed v. United States, 891 F.2d 878,
880 (11th Cir. 1990) (Court of Federal Claims lacks jurisdiction
to entertain dispute relating to agreement settling claims under
Federal Torts Claims Act because district court's jurisdiction
includes power to enforce a settlement resulting from claim that
provided the basis for jurisdiction); accord Matson Navigation
Co. v. United States, 284 U.S. 352, 359-60 (1932) (Court of
Claims lacked jurisdiction over contract whose subject matter was
covered by Suits in Admiralty Act);[6] see generally Massie v.
United States, 166 F.3d 1184, 1188 (Fed. Cir. 1999) (contract may
not be within Tucker Act jurisdiction if Congress placed
jurisdiction over claim elsewhere, citing Del-Rio Drilling
Programs, Inc. v. United States, 146 F.3d 1358, 1367 (Fed. Cir.
1998)) (Congress is authorized to displace Tucker Act
jurisdiction).

None of the other cases cited by plaintiffs supports their
position.  For example, Brazos Electric Power Cooperative, Inc v.
United States, 144 F.3d 784 (Fed. Cir. 1998), represents one of

---

[6]   Nothing in Amell v. United States, 384 U.S. 158 (1966),
cited by plaintiffs, supports their position.  The Supreme Court
in Amell simply addressed "intersecting" jurisdictional statutes,
recognized that exclusive admiralty jurisdiction was "deeply
woven" in the fabric of the law, and held that federal employees
who worked aboard Government vessels should file suit in the
Court of Claims in view of their traditional treatment as federal
employees because their suit was not a suit in admiralty.

6

many types of cases in which a plaintiff filed suit in a district court, attempted to characterize what is essentially a money claim for damages as a request for declaratory and injunctive relief, the court understood the true nature of the claim, and transferred the case to this Court. Further, on its face, <u>Owen v. Crop Hail Management</u>, 841 F.Supp. 297 (W.D. Mo. 1994), is a case brought against a private party, an insurance company, <u>not</u> against the United States; therefore, <u>Owen</u> is hardly applicable to the jurisdictional issue in this case in which the United States is the defendant and sovereign immunity is at issue.   In addition, neither <u>Brazos</u> nor any of the other cases cited by plaintiffs involves the particular statutory provisions governing Federal crop insurance at issue, and plaintiffs' reliance on those cases is clearly misplaced.

Plaintiffs also argue that numerous cases have been filed in this Court in which the United States Department of Agriculture (USDA) "has been a party."  Pl. Opp. 8.  Plaintiffs attach a lengthy list of cases as Exhibit A to their opposition brief. This argument is frivolous.

First, no Federal department, including USDA, is named as the "party" defendant in this Court.  Rather, as explained above, the United States is the named defendant, and one or more agencies may be the principal agency involved in the case.

Further, none of the cases listed in plaintiffs' Exhibit A[7]
involves claims under the crop insurance program that are subject
to 7 U.S.C. §1506(d) and §1508(j)(2)(A), at issue here.  Indeed,
the cases listed in plaintiffs' Exhibit A include many types of
cases for which the United States has, for years, acknowledged
the jurisdiction of this Court and this Court has entertained the
actions, including: many types of cases brought pursuant to the
Contract Disputes Act (CDA), 41 U.S.C. §§601 et. seq. (e.g.,
timber cases, construction cases); commercial leases; contract
for janitorial services; contract for marketing services; takings
claims involving real property; special use permits, grazing
permits, and/or licenses; loan agreement with the Farmers Home
Administration; eligibility for bidding on government contracts
if there are concerns about possible fraud; bid protests; and,
actions for monies withheld.  In some of the cases listed, the
entry that plaintiffs listed reflects that the Court held, in
fact, that it did *not* possess jurisdiction (e.g., Mients v.
United States, 50 Fed. Cl. 665 (2001)).[8]

---

[7] Plaintiffs' Exhibit A contains some duplication of
entries.

[8]  Plaintiffs attach to Exhibit A a copy of Rain & Hail
Insurance Service, Inc v. Federal Crop Insurance Corp, 229
F.Supp. 710 (S.D. Texas), appeal dismissed, 2002 WL 539077 (Fed.
Cir. 2002) (unpublished).  The district court held that it is in
the appropriate Federal district court in which a plaintiff
farmer, or state insurance company that insures crops under the
FCIC programs, should file (after having exhausted the
appropriate administrative remedies).  To the extent that the

8

In fact, in another case listed in Plaintiffs' Exhibit A, Farmers & Merchants Bank of Eatonton, Georgia v. United States, 43 Fed. Cl. 38 (1999), the plaintiff was a bank, not a farmer. The bank brought an action seeking money damages for an alleged breach of a loan note guarantee issued by USDA, an action not at all comparable to this case. In any event, in Farmers & Merchants Bank, the court held that it _lacked_ jurisdiction because Congress, in the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994, 7 U.S.C. §6999, had displaced Tucker Act jurisdiction in these types of cases in favor of administrative review in the Department's National Appeals Division and judicial review in a district court. Id. at 43. Therefore, Farmers & Merchants clearly does not support plaintiffs' arguments here.[9] Thus, plaintiffs'

---

Government argued in Rain & Hail that the Court of Federal Claims possessed jurisdiction, the argument was in error.

[9] In addition, while 7 U.S.C. §1506(d) and §1508(j)(2)(A) were enacted long before the 1994 reorganization of the Department of Agriculture, the development of the law in this area has been to transfer _more_ of the disputes relating to USDA's programs to a mandatory administrative review process, with judicial review in the district courts. Farmers & Merchants, 43 Fed. Cl. at 40-43. See 7 U.S.C. §6993 (1994). See generally Deaf Smith County Grain Processors, Inc. v. Glickman, 162 F.3d 1206, 1210-13 (D.C. Cir. 1998) (district court, not Court of Federal Claims, possessed jurisdiction to entertain case involving farm subsidy and disaster relief payments in which part of relief sought was money; Congress, by specifying that jurisdiction would lie in district court, "was arguably signaling its intent" to remove Tucker Act jurisdiction in Court of Federal Claims).

Exhibit A is totally irrelevant.

Accordingly, plaintiffs must file in the appropriate district court. This Court lacks jurisdiction to entertain their complaint.

> B.   Plaintiffs' Suit Is Against the United States, With the Principal Agency Being the USDA, Which Includes the FCIC; The FCIC Is Not The Named Defendant, <u>Nor Could The FCIC Intervene, as Plaintiffs Contend</u>

Plaintiffs assert in their opposition brief, several times, that plaintiffs have not named the FCIC as a defendant in this action and that the FCIC has not intervened; therefore, according to plaintiffs, this Court possesses jurisdiction. Plaintiffs' argument makes no sense.

It is axiomatic that, in this Court, the defendant is always the United States, and there can be one or more agencies involved as the principal agency. 28 U.S.C. §1491(a)(1)("jurisdiction to render judgment upon any claim against the United States . . ."). Further, there are no provisions in the Rules of the United States Court of Federal Claims, nor in its practice for decades, that would permit one particular agency either to be named specifically or affirmatively to "intervene" in an action pending before this Court.

Further, Congress established the RMA in 1996 and placed the FCIC under the authority of the RMA. <u>E.g.</u>, <u>American Growers Ins. Co. v. Fed. Crop. Ins. Corp.</u>, 210 F.Supp. 2d 1088, 1094 (S.D. Iowa 2002). In <u>American Growers</u>, the court concluded that,

10

because the RMA possesses supervisory authority over the FCIC, the provisions of §1506 apply equally to the RMA and the FCIC. Therefore, plaintiffs, who argue that they have sued the RMA, cannot reasonably contend that they have not, in essence, sued the FCIC.

Accordingly, plaintiffs' arguments about the FCIC lack merit.

3.   This Court Does Not Possess "Concurrent" Jurisdiction with Federal District Courts To Entertain Plaintiffs' Claims

We established in our motion that this Court does <u>not</u> possess jurisdiction that is concurrent with that of the district courts to entertain these types of claims.  Plaintiffs cite no authority in their opposition brief to establish concurrent jurisdiction.

In our motion, we cited <u>American Growers Ins. Co. v. Fed. Crop. Ins. Corp.</u>, 210 F.Supp. 2d 1088.  Plaintiffs, in their opposition brief, attempt to argue that <u>American Growers</u> supports their position.  Plaintiffs are wrong.

<u>American Growers</u> was filed by a crop insurance provider that alleged that the FCIC has set actuarially unsound premium rates for prevented planting insurance policies.  <u>Id</u>. at 1090.  Before filing that suit, the plaintiff had asserted unsuccessfully before the Department of Agriculture Board of Contract Appeals a breach of contract claim based upon the Standard Reinsurance Agreement (SRA) between the plaintiff and the FCIC.  <u>Id</u>.

11

Plaintiff then reasserted its breach of contract claim before the Federal district court, not as an appeal of the administrative decision, but rather as an original, de novo claim. Id. at 1092. In reviewing the breach claim, the district court concluded, correctly, that the SRA is not a contract subject to the Contract Disputes Act because none of the four statutory definitions of a CDA contract applied to the SRA. Id. at 1093. Rather, the SRA

> sets the parameters and conditions of a federal program that
> primarily benefits farmers, but also benefits insurance
> companies and provides reimbursement and support.

Id.

While the Multiple Peril Crop Insurance (MPCI) policies at issue in this case are not identical to the SRA, the MPCI serves many of the same functions as the SRAs, and, like the SRAs, are not subject to the CDA. Thus, the district court in American Growers correctly concluded that the district court possessed jurisdiction to entertain the claims, and that the Court of Federal Claims did not possess jurisdiction. Id. at 1093. Accordingly, while American Growers is not directly on point, its rationale supports our position that this Court lacks jurisdiction to entertain plaintiffs' claims.[10]

---

[10]    A case that we cited to plaintiffs in our August 15, 2003 letter, Williams Farms of Homestead, Inc. v. Rain and Hail Insurance Services, Inc., 121 F.3d 630, 633 (11th Cir. 1997), helps to prove our point. See App. 3-8. That circuit court recognized that exclusive jurisdiction to entertain crop insurance cases vested in Federal district courts, even though, prior to 1990, Federal district courts and state courts had

Indeed, it may be that it is <u>because</u> no one has been so unwise as to file this type of claim in this Court that there is no case law directly on point.  In contrast, there are legions of cases in which farmers seeking redress under crop insurance policies have filed in district court and the district courts have entertained those action.

Finally, plaintiffs' argument about concurrent jurisdiction -- that both the district courts and this Court possess jurisdiction ---is inconsistent with their argument that it is only this Court that has the expertise required to address the issues that plaintiffs raise pursuant to <u>United States v. Winstar</u>, 518 U.S. 839 (1996).  Pl. Opp. 3.  While there is no doubt that this Court possesses expertise to adjudicate <u>Winstar</u> issues, that is not the point.  Congress enacted legislation that provides for "exclusive" and "original" jurisdiction (7 U.S.C. §1506(d)) of these claims to vest in the district courts, and in addition, the district court is the "only" court with jurisdiction to entertain claims for indemnity (7 U.S.C. §1508(j)(2)(A)).  It makes no difference that some other court, <u>e.g.</u>, this Court, may possess expertise in the <u>Winstar</u> line of cases.

In any event, plaintiffs also concede, in the same paragraph in their brief, that they raise several legal theories, above and

_____

shared concurrent jurisdiction over actions against the FCIC.

beyond to their Winstar theories.  For example, some of
plaintiff's other legal theories include claims under the Due
Process Clause of the Constitution, and district courts clearly
possess the necessary expertise to address due process claims.
Therefore, plaintiffs' argument that it is, in essence, only this
Court that would possess the expertise to address the claims
raised in this lawsuit makes no sense.

4.    Dismissal for Lack of Jurisdiction Is Warranted

     Out of an abundance of caution, defendant addresses, for the
record, a few points that plaintiffs raised in their "Outline"
submitted to the Court in August.  They argued these points in
the (unrecorded) telephone status conference, although they
appear at present to abandon them.

          A.    Dismissal Pursuant to 28 U.S.C. §1500 Is Not
                Appropriate Because These Particular Plaintiffs
                Filed First In This Court, Before Filing
                In Various Other Federal District Courts

     As counsel for defendant has stated in at least two
(unrecorded) telephone status conferences, any motion under 28
U.S.C. §1500 would not be appropriate because all of these
plaintiffs filed first in this Court, and subsequently, in other
Federal district courts in various other states.

     Plaintiffs filed their Complaint in this Court in February
2003 (Complaint dated February 19; docketed on February 25,

14

2003).[11]  After that time (as we set forth in our motion)
plaintiffs filed in the Federal district courts in Texas,
Georgia, Alabama, Florida and South Carolina.  Therefore,
dismissal pursuant to 28 U.S.C. §1500 is not appropriate.

B.   There Is No Need To Invoke 28 U.S.C. §1631 To Transfer The
     Case Filed By Any of the Named Plaintiffs To Any Of the
     Appropriate Federal District Courts; Each Of The Plaintiffs
     Listed In The Style Of This Complaint Is Also Listed
     In A Complaint Filed In Another Federal District Court

     With their opposition brief, plaintiffs did not file any
motion to transfer, pursuant to 28 U.S.C. §1631, to the
appropriate Federal district court.  Defendant raises this issue
to clarify matters for the Court so that it does not consider a
transfer, which would be wholly inappropriate and unnecessary.

     All of the plaintiffs named in the style of this complaint
are also named plaintiffs in other suits filed by plaintiffs'
counsel in various Federal district courts in Texas, Florida,
Alabama, South Carolina, and Georgia.  Because these plaintiffs
have another action pending, there is no need to transfer this
case to any one of multiple fora.

     In any event, if this Court were to consider any transfer,
the Court would require information from plaintiffs (subject to
defendant's verification) as to the location of each plaintiff's
farm and residence and which district, within a state, would be

---

     [11]   The only complaint that other peanut farmers filed
before filing in this Court was: Barnhill v. Davidson, No. 4:02-
CV-159-H(4)(E.D. N.C.).

15

the appropriate district court.   (For example, there are
potentially four different districts in Texas in which some of
the plaintiffs should have filed.)

Thus, this Court should not issue any transfer order.

5.   Defendant Respectfully Requests That, If the Court
     Schedules a Telephone Status Conference, And/Or Schedules
     Oral Argument On Our Motion, The Proceedings Be Recorded

Defendant respectfully requests that, if this Court
schedules a telephone status conference, and/or schedules oral
argument on our motion to dismiss, the proceedings be recorded by
a court reporter.

At present, there are numerous other actions pending in
various Federal district courts involving the same issues.
Because of the apparent difficulty that plaintiffs have had in
filing in the correct court, and the coordination required among
Government counsel, it would be helpful to have a formal record
of proceedings in this Court relating to jurisdiction so that
there is no confusion in the future.

6.   Summary

Defendant has just as much interest as plaintiffs do in
reaching the merits of these cases.   Defendant has no interest in
any jurisdictional "ping-pong."  Pl. Opp. 12, citing Christianson
v. Colt Indus. Operating Corp., 486 U.S. 800, 818-190 (1988).

However, it is apparent that it is plaintiffs who have
either failed to meet their burden to establish jurisdiction

16

and/or have filed in an inappropriate Federal district court. To
the extent that there is any "ping-pong" of cases among the
districts, it is plaintiffs' fault for filing in the incorrect
courts in the first place.

In contrast, counsel for defendant and other Government
attorneys have proceeded diligently, within the constraints of
their schedules, to research various aspects of these cases,
including jurisdiction. As soon as we have completed our work
and coordinated, we have informed plaintiffs' counsel of our
positions. See App. 3-8. The burden is now upon plaintiffs to
determine the correct Federal district court in which to file,
and provide the information that the Government requested of
plaintiffs (App. 3-8), so that both parties may proceed as
diligently as possible in the appropriate courts on various
issues, including possible threshold issues of jurisdiction
(depending upon the location of the farm), failure to
exhaustadministrative remedies,[12] and time-bars, as well as any
merits issues.

---

[12] Plaintiffs note correctly that the Government did not
raise, in our motion to dismiss, any issue of failure to exhaust
administrative remedies. However, as we informed plaintiffs'
counsel in our letter dated August 15, 2003, we reserve the right
to raise that issue.

17

<u>CONCLUSION</u>

For the foregoing reasons, and those set forth in our moving brief, defendant respectfully requests that this Court dismiss plaintiffs' complaint for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:   Classification Unit
        8th Floor
1100 L Street, N.W.
Washington, D.C.  20530
Tele: (202) 307-1011
Facsimile: (202) 514-8624

Attorneys for Defendant

Kim Arrigo
United States Department
  of Agriculture
Office of the General
  Counsel
Washington, D.C.

Mark Simpson
United States Department
  of Agriculture
Office of the General
  Counsel
Atlanta, Georgia

September 15, 2003

18

# APPENDIX

## INDEX TO APPENDIX

                                                                    Page

7 U.S.C. §1508(j)(2)(A)                                               1

Letter, August 15, 2003, from Ms. Jane W. Vanneman,
     United States Department of Justice,
     to Mr. R. Daniel Boyce                                          3

Letter, July 30, 2003, from Mr. R. Daniel Boyce
     to Ms. Jane W. Vanneman                                         9

Letter, July 25, 2003, from Mr. R. Daniel Boyce
     to The Honorable Nancy Firestone                               11

A crop loss shall be covered by the additional prevented planting coverage if--

(i) crop insurance policies were obtained for--

(I) the crop year the loss was experienced; and

(II) the crop year immediately preceding the year of the prevented planting loss; and

(ii) the cause of the loss occurred--

(I) after the sales closing date for the crop in the crop year immediately preceding the loss; and

(II) before the sales closing date for the crop in the year in which the loss is experienced.

(i) Adoption of rates and coverages

(1) In general

The Corporation shall adopt, as soon as practicable, rates and coverages that will improve the actuarial soundness of the insurance operations of the Corporation for those crops that are determined to be insured at rates that are not actuarially sound, except that no rate may be increased by an amount of more than 20 percent over the comparable rate of the preceding crop year.

(2) Review of rating methodologies

To maximize participation in the Federal crop insurance program and to ensure equity for producers, the Corporation shall periodically review the methodologies employed for rating plans of insurance under this chapter consistent with section 1507(c)(2) of this title.

(3) Analysis of rating and loss history

The Corporation shall analyze the rating and loss history of approved policies and plans of insurance for agricultural commodities by area.

(4) Premium adjustment

If the Corporation makes a determination that premium rates are excessive for an agricultural commodity in an area relative to the requirements of subsection (d)(2) of this section for that area, then, for the 2002 crop year (and as necessary thereafter), the Corporation shall make appropriate adjustments in the premium rates for that area for that agricultural commodity.

(j) Claims for losses

(1) In general

Under rules prescribed by the Corporation, the Corporation may provide for adjustment and payment of claims for losses. The rules prescribed by the Corporation shall establish standards to ensure that all claims for losses are adjusted, to the extent practicable, in a uniform and timely manner.

(2) Denial of claims

(A) In general

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Subject to subparagraph (B), if a claim for indemnity is denied by the Corporation or an approved provider, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located.

(B) Statute of limitations

A suit on the claim may be brought not later than 1 year after the date on which final notice of denial of the claim is provided to the claimant.

(3) Indemnification

The Corporation shall provide approved insurance providers with indemnification, including costs and reasonable attorney fees incurred by the approved insurance provider, due to errors or omissions on the part of the Corporation.

(4) Marketing windows

The Corporation shall consider marketing windows in determining whether it is feasible to require planting during a crop year.

(k) Reinsurance

(1) In general

Notwithstanding any other provision of this chapter, the Corporation shall, to the maximum extent practicable, provide reinsurance to insurers approved by the Corporation that insure producers of any agricultural commodity under 1 or more plans acceptable to the Corporation.

(2) Terms and conditions

The reinsurance shall be provided on such terms and conditions as the Board may determine to be consistent with subsections (b) and (c) of this section and sound reinsurance principles.

(3) Share of risk

The reinsurance agreements of the Corporation with the reinsured companies shall require the reinsured companies to bear a sufficient share of any potential loss under the agreement so as to ensure that the reinsured company will sell and service policies of insurance in a sound and prudent manner, taking into consideration the financial condition of the reinsured companies and the availability of private reinsurance.

(4) Rate

(A) In general

Except as provided in subparagraph (B), the rate established by the Board to reimburse approved insurance providers and agents for the administrative and operating costs of the providers and agents shall not exceed--

(i) for the 1998 reinsurance year, 27 percent of the premium used to define loss ratio; and

(ii) for each of the 1999 and subsequent reinsurance years, 24.5 percent of the premium used to define loss ratio.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works



**U.S. Department of Justice**

Civil Division

PK:DMC:JVanneman
154-03-445

Telephone:  (202) 307-1011
Fax:          (202) 514-8624

*Washington, D.C. 20530*

August 15, 2003

Mr. R. Daniel Boyce
Boyce & Isley
Post Office Box 1990
Raleigh, North Carolina 27602-1990

     Re:  Texas Peanut Farmers, et al. v. United States,
          No. 03-445C (Fed. Cl.)

Dear Mr. Boyce:

    This letter is to respond, on behalf of the United States
Department of Justice, to your letter dated July 30, 2003.  In
your letter, you propose a dismissal of this action, subject to a
variety of conditions.  We cannot agree to your proposal, for the
following reasons.[1]

    <u>Jurisdiction</u>.  As a threshold matter, there is a specific
statutory provision that provides that jurisdiction to entertain
these types of claims resides exclusively in the Federal district
court in which the peanut farm is located.  Given the sovereign
immunity issues involved when a party sues the United States, the
parties cannot stipulate to jurisdiction in a court in which
jurisdiction does not properly lie.  Therefore, it is not
possible for all of the cases that you have filed on behalf of
peanut farmers in various district courts to be adjudicated all
in one district court, the Eastern District of North Carolina
(the first case you filed).

---

[1]  We are still researching various issues, so this letter is a
preliminary response.  We reserve the right to amend and/or
supplement our response to your letter at a later date.

3

-2-

The statute at issue that governs claims involving Federal crop insurance is 7 U.S.C. §1508(j)(2)(A).[2/]   See Williams Farms of Homestead, Inc. v. Rain and Hail Insurance Services, 121 F.3d 630 (11th Cir. 1997).  This statute governs jurisdiction and cannot be waived.  Therefore, we cannot enter into the type of "stipulation" that you propose.

As we establish in our motion to dismiss, the Court of Federal Claims lacks jurisdiction to entertain the suit.  Each plaintiff must file his or her suit in the appropriate district court, that is, the court in which his or her farm(s) are located.[3/]

In addition, even if the potentially dispositive issues (e.g., alleged breach of contract and violation of due process) are purely issues of law, all of the remaining issues would clearly be fact-bound (e.g., whether there was an insurable cause of loss, whether each individual farmer complied with all of the terms and conditions of the insurance policy).  These and other factual issues (including potential damages issues) may depend

---

[2/]   In our motion to dismiss, we established that a plaintiff peanut farmer who holds Federal crop insurance must file in an appropriate district court.  While we cited 7 U.S.C. §1506(d) (any suit against the Corporation shall be brought in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business), it is the section cited above, 7 U.S.C. §1508(j)(2)(A), that is more specific and governs here.  The statute, 7 U.S.C. §1508(j)(2)(A), requires that a plaintiff, such as the ones you represent, who asserts a claim for indemnity, must file in the district court in which the insured farm is located.

[3/]   For a listing of district courts and their areas of jurisdiction, see 28 U.S.C. Chapter 5, §81 (Alabama), §89 (Florida), §90 (Georgia), §113 (North Carolina), §121 (South Carolina), §124 (Texas), §127 (Virginia).

In your letter, you also refer to 28 U.S.C. §1407, governing multidistrict litigation.  If you are aware of any authority that would permit the type of transfer to one court, in suits involving the United States involving the types of jurisdictional issues raised in these cases, we would consider any such authority.

4

-3-

upon key dates and/or conditions in a particular state and/or
peanut-growing region. As another example, there may be
important factual differences among peanut-growing regions,
states, and counties, and among the plaintiffs, that would affect
the merits issues. Further, the opinion that you proffer as an
expert opinion (Mr. Gary Bullen) in the North Carolina motion for
partial summary judgment provided his opinions only with respect
to peanut crop insurance in North Carolina and Virginia (with
only tangential reference to South Carolina). Mr. Bullen's
affidavit contains no information on any of the other peanut-
growing regions at issue in the other cases (e.g., Georgia,
Florida, Alabama, Texas).

    In sum, it is too early in these sets of cases to reach any
possible agreement on any global treatment of these cases.
Accordingly, even if there were no jurisdictional or other bars
to consolidation, we cannot agree at this time to your proposal
to litigate all of the cases in one district court, given the
potentially wide variety of factual scenarios among plaintiffs
and peanut-growing regions and states.

    <u>Transfer</u>. For the same reasons, we cannot stipulate to a
transfer of all of the cases to the one case that you filed in
the Eastern District of North Carolina. As we established above,
the court in North Carolina lacks jurisdiction to entertain
claims brought by plaintiffs whose farms are located in another
state.

    Indeed, for the same reasons, the court in North Carolina
may lack jurisdiction to entertain the claim of any particular
plaintiff named in that suit if the person's farm is located
outside the boundaries of the Eastern District of North Carolina
in which you filed. This applies not only to the plaintiffs
whose farms are located in Virginia or South Carolina, but also
to those whose farms may be located in the Middle or Western
Districts of North Carolina.

    As another example, only approximately twenty of the more
than fifty plaintiffs named in the suit that you filed in the
Eastern District of Texas have farms located in that district;
other named plaintiffs have farms located in the other three
districts for Federal district courts in Texas.

5

-4-

   We are still in the process of reviewing all the named plaintiffs in each suit that you have filed in the several states.  There may be other examples of these problems as well with respect to plaintiffs in the other states.

   <u>One trial court disposition, one circuit court of appeals</u>. Similarly, because the district court in North Carolina would not possess jurisdiction to entertain the claims of farmers in other Circuits, we cannot agree to only one "trial court disposition," with an appeal to only one Circuit Court, as you suggest. (Further, we do not agree to trial by jury, one of your other conditions.)

   <u>Information requested</u>.  It is your burden to establish jurisdiction on behalf of each individually-named plaintiff for the court(s) in which you file.  I have consulted with many of the Assistant United States Attorneys assigned to these cases and with agency counsel and we request that you provide the following information (some of which is not available to the Government). We request this information so that we may ascertain whether the named plaintiffs in each of the complaints that you have filed are individuals whose farms[4] are located in the respective (appropriate) districts and so that we may also determine other

---

[4]  We recognize that it may be that an individual who owns a farm for which the farm property boundaries extend beyond more than one county line, or who owns more than one farm in more than one state (and/or more than one district within a state), may properly be named in more than one district court complaint.  7 U.S.C. §1508(j)(2)(A).

-5-

facts relating to other issues that are potentially
jurisdictional in nature (see discussion below):

1.    name of plaintiff[5/];
2.    address of farm (include county);
3.    address of residence (include county);
4.    farm number (number assigned by the Farm Services Agency
      (FSA) and any other pertinent numbers associated with the
      crop insurance program;
5.    name and address of plaintiff's insurance company;
6.    whether the plaintiff filed a claim with his or her
      insurance company (and if so, the date), and if so;
      a.    whether the claim was allowed (and if so, the date), or
      b.    whether the claim was denied (and if so, the date);
            and,
7.    whether the plaintiff filed any notice of appeal to the
      National Appeals Division (NAD), United States Department of
      Agriculture (and if so, the date).

      I believe that the most prudent course would be first to
clarify and correct these jurisdictional and other matters,
before proceeding in any of the district courts on the merits or
any other matters.

      Other defenses.  We also wish to make clear that, even
though one or more of the plaintiffs may be named in the
appropriate district court, the Government reserves the right to
assert other defenses (which may or may not be jurisdictional in
nature), and if we prevail, these defenses would result in a
dismissal of that plaintiff's action.  These potential defenses
include: statute of limitations and/or other time-bars, and/or
failure to exhaust administrative remedies.

---

[5/]    Please ensure the correct spelling of names.  For example,
for some of the plaintiffs in the complaint filed in the Court of
Federal Claims and also in the Eastern District of Texas, the
names are spelled differently.

      You should also be aware that there is an inconsistency in
your filings; for example, in the Texas complaint, some of the
named plaintiffs are listed in the caption of the complaint but
not listed in the text of the complaint, while some are in the
text of the complaint but not listed in the style of the caption.

7

-6-

In addition, there may be other reasons to support the denial of a plaintiff's claim (e.g., whether the plaintiff complied with all the terms and conditions of the insurance policy), which also might support dismissal of the action. Therefore, even if any of the individually-named plaintiffs are or will be in the correct district court, there may be other defenses (in addition to the merits) that would warrant dismissal of the plaintiff's action.

* * *

If you have any questions, please feel free to telephone me at (202) 307-1011 (or on my direct line if you are unable to reach me at the main number).

Very truly yours,

JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division

cc:  Mr. Eric Goulian (AUSA, North Carolina)
     Mr. Rand Neeley (AUSA, Alabama)
     Ms. Pat Stout (AUSA, Georgia)
     Ms. Ruth Yeager (AUSA, Texas)
     Mr. Bryan Wilson (AUSA, Florida)
     Ms. Terri Bailey (AUSA, South Carolina)
     Mr. Kent Porter (AUSA, Virginia)
     Ms. Kim Arrigo (USDA, OGC, Washington, D.C.)
     Mr. Mark Simpson (USDA, OGC, Atlanta)

# BOYCE & ISLEY, PLLC

### ATTORNEYS AT LAW
LAWYERS WEEKLY BUILDING , SUITE 100
POST OFFICE BOX 1990
RALEIGH, NORTH CAROLINA 27602-1990

G. Eugene Boyce
R. Daniel Boyce
Philip R. Isley
Laura Boyce Isley

107 Fayetteville Street Mall
Raleigh, North Carolina 27601

Telephone: (919) 833-7373
Facsimile: (919) 833-7536

July 30, 2003

<u>VIA FACSIMILE (202) 514-8625</u>
<u>AND UNITED STATES MAIL</u>

Ms. Jane W. Vanneman
Senior Trial Counsel, Commercial Litigation Branch
Civil Division, Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530

    Re:    <u>Texas Peanut Farmers, et al. v. The United States</u>
           No. 03-445C (Judge Firestone)

Dear Jane:

      We agree with Judge Firestone that it would be best for the Courts and all concerned to have these cases heard all in one place. Also, as Judge Firestone said, the Plaintiffs "need something in our hand" to assure our clients that this case will not be switched back and forth from jurisdiction to jurisdiction and thereby avoid an expeditious decision on the merits of the case and the ultimate issue of liability.

      Judge Firestone's suggestion of a joint stipulation on jurisdiction seems to make sense. It may be that we can reach an agreement that any claims under the first filed Complaint are properly before that court and that court has jurisdiction over all the claims. We could further stipulate pursuant to 28 U.S.C. § 1407, assuming we have approval of the other Courts, to transfer all of the cases to one court for hearing on the same issues. Activity in the other cases could be stayed pending resolution of discovery and pretrial motions. The other U.S. Attorneys would likely agree, we believe. If that agreement can be reached, we could then take a dismissal in the Court of Federal Claims. We could have one trial court disposition. one jury trial, if needed, and one appeal to one Circuit Court.

      Given both of our summer vacation plans (I also will be out of the office quite extensively during August), we would appreciate your efforts this week in advising us of the Government's position on these matters and advising whether a stipulation can be reached.

      Thank you for your prompt attention to this matter, and I look forward to hearing from you.

Sincerely yours,

BOYCE & ISLEY, PLLC

Dan Boyce (cj)

R. Daniel Boyce

RDB/bh

9 - 10

# BOYCE & ISLEY, PLLC
### ATTORNEYS AT LAW
LAWYERS WEEKLY BUILDING, SUITE 100
POST OFFICE BOX 1990
RALEIGH, NORTH CAROLINA 27602-1990

G. Eugene Boyce
R. Daniel Boyce
Philip R. Isley
Laura Boyce Isley

107 Fayetteville Street Mall
Raleigh, North Carolina 27601

Telephone: (919) 833-7373
Facsimile: (919) 833-7536

July 25, 2003

VIA FACSIMILE AT 202.219.1474
The Honorable Nancy Firestone
Judge - United States Court of Federal Claims
717 Madison Place, NW
Washington, DC 20005

Re: **Texas Peanut Farmers, *et al.* v. The United States**
No. 03-445C (Judge Firestone)

Dear Judge Firestone:

Per my conversation with your Clerk, enclosed please find an outline regarding the three (3) key statutes involved in the jurisdiction issue (28 U.S.C. § 1346, 28 U.S.C. § 1491, and 7 U.S.C. § 1506). I am providing these documents for the status conference to be held at 2:30 pm today. I advised the Government late yesterday afternoon (via facsimile-I was unable to reach Ms. Vanneman by telephone) that we oppose the motion. By copy of this facsimile I am also advising the Government of our position and suggesting some possible solutions.

As the Court is aware, this case was filed and served in early March, 2003. The Government's Motion to Dismiss, filed four months later, gave them ample opportunity to research and review this issue. We were not aware of the Government's position until late Monday afternoon (July 21, 2003). Obviously, Plaintiffs deserve some reasonable period of time to research and review this issue too. We are drafting a response opposing the Government's Motion to Dismiss for Lack of Jurisdiction and if necessary, we will file it upon instruction by this Court. I look forward to speaking with you at the status conference at 2:30 pm today.

With kindest personal regards, I remain

Very truly yours,

BOYCE & ISLEY, PLLC

R. Daniel Boyce

R. Daniel Boyce

RDB/bh
Enclosures
cc:
Ms. Jane Vaneman, *via facsimile at 202.514.8624*

//

# PEANUT FARMERS vs. DEPARTMENT OF AGRICULTURE & OTHERS

**DEFENDANTS (identical in all lawsuits)**
Ross Davidson (Administrator for Risk Management Agency
Risk Management Agency
United States of America
United States Department of Agriculture
Ann M. Veneman, Secretary of Agriculture

**NOTE:**
Federal Crop Insurance Corporation is **NOT** a party in any lawsuit

## CLAIMS FOR RELIEF (identical in all lawsuits):

Breach of contract (Winstar)

Due Process violations by congressional act (Winstar)

Due Process violation by changing terms of contract but not giving timely notice and opportunity to be heard.

Violation of federal register notice & comment requirements of changes (federal regulatory violation)

## PRAYER FOR JUDGMENT (identical in all lawsuits):

Breach of contract under Winstar seeking monetary damages-some may be less than $10,000 and some may be greater than $10,000

Injunctive Relief against the continued breach-- seeking enforcement of contract

/2

**KEY: CONCURRENT JURISDICTION, NOT EXCLUSIVE JURISDICTION ON SOME PLAINTIFFS AND SOME CLAIMS**

**28 USC 1491(a)(1) (COURT OF FEDERAL CLAIMS JURISDICTION)**
**("Tucker Act")**

Federal Court of claims has jurisdiction (concurrent, not exclusive??) to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department or upon any express or implied contract with the United States

**28 USC 1346 (a)(2) (DISTRICT COURT JURISDICTION)**
**("Little Tucker Act")**

District Courts possess original jurisdiction <u>concurrent</u> with the Court of Federal Claims in cases in which the amount claimed from the United States does not exceed $10,000 founded upon either the Constitution, any Act of Congress or any regulation of executive department, or upon any express or implied contract with the United States

**7 USC 1506(d): FCIC statute**
Exclusive jurisdiction lies in Federal District Courts of all suits brought by or against the Corporation (over FCIC only—not a party to this lawsuit)

**GOAL:**

Promote judicial economy and preserving court resources; as well as efficiency for Plaintiff peanut farmers, Defendant government & its officials and the parties' attorneys

**TIMELINE:**

11/19/02    NC/Va Peanut Farmers chose to file Complaint in Federal District Court for Eastern District of North Carolina (EDNC)

1/16/03    NC/Va Answer filed by government in EDNC

???    Separate complaint filed by Alabama farmer Watford (different attorneys)

2/19/03    Texas & other states' Peanut Farmers chose to file complaint in Court of Federal Claims (CFC)

6/5/03    NC/Va case: motion for partial summary judgment pending (Government asking for stay to respond pending Court of Federal Claims ruling on jurisdiction)

6/12/03    Alabama joint motion by Government & plaintiffs to stay Alabama case until Court of Federal Claims rules on jurisdiction?

7/21/03    Texas & other states case: Government files motion to dismiss for lack of jurisdiction in Court of Federal Claims; says *exclusive (not concurrent)* jurisdiction lies in federal district court

7/25/03    CFC status conference on jurisdiction

Now, the Government says there is no jurisdiction at all in Court of Federal Claims, so there is no longer any reason to delay Government's filing a response on motion for summary judgment and allow EDNC Judge Howard to rule.

14

## POSSIBLE SOLUTIONS:

Option 1:  Stay this lawsuit and proceed with Motion for Summary Judgment on key issues to be heard by Judge Howard: Does <u>Winstar</u> control and was there a breach of contract?  This ruling could be dispositive of all cases (ruling would be collateral estoppel/ res judicata against the government)

Option 2:  Related cases pending in different federal courts may be consolidated in a single district by a transfer of venue.  Under 28 USC Section 104(a), "the court may... in the interests of justice transfer any civil action to any other district or division where it might have been brought."  (Plaintiffs' choice of forum is, however, entitled to substantial deference--see. Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508 (1947)). *

Option 3:  Multi-district litigation rules under 28 USC Section 1407 regarding consolidation or transfer of cases to a single district court to promote the just and efficient conduct of such actions— eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost and save time and effort on the part of the parties, the attorneys, witnesses, and the courts.

*NOTE:  Same rules for Court of Federal Claims/District Court cases under 28 USC Section 1631 (referring to 28 USC Section 610).

15

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September
15th, 2003, I caused to be served by United States mail, postage
prepaid, copies of "DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS FOR
LACK OF JURISDICTION" and "APPENDIX" addressed as follows:

> R. Daniel Boyce
> Post Office Box 1990
> Raleigh
> North Carolina 27602-1990

_Karlisha Bethia_