# In the United States Court of Federal Claims

No. 03-445C
(Filed: December 16, 2003)

FILED
DEC 1 6 2003
U.S. COURT OF
FEDERAL CLAIMS

```
*******************    *
                       *
TEXAS PEANUT FARMERS,  *
et al.,                *
                       *
              Plaintiffs, *   Suits Involving Crop Insurance Under
                       *   7 U.S.C. § 1506 and 7 U.S.C. § 1508.
       v.              *
                       *
THE UNITED STATES,     *
                       *
              Defendant. *
                       *
*******************    *
```

*R. Daniel Boyce*, Raleigh, NC, for plaintiffs.

*Jane W. Vanneman*, U.S. Department of Justice, Washington, DC, with whom were *Peter D. Keisler, Assistant Attorney General,* and Director *David M. Cohen*, for defendant. *Kim Arrigo* and *Mark Simpson*, U.S. Department of Agriculture, of counsel.

### ORDER ON RULE 12(b)(1) MOTION TO DISMISS

**FIRESTONE**, *Judge*.

Pending before the court is the United States' ("defendant's" or "government's") July 21, 2003 motion to dismiss plaintiff-peanut farmers ("plaintiffs"). At issue is a government-reinsured crop insurance policy, which, according to plaintiffs, was improperly and unfairly adjusted due to an act of Congress, causing a reduction in monetary recovery for lost crops under that insurance policy. The defendant argues that this case must be dismissed for lack of subject matter jurisdiction on the grounds that this

action may only be brought against the Federal Crop Insurance Corporation ("FCIC"), the reinsurer of the crop policy at issue, in a United States district court, under 7 U.S.C. § 1508. The plaintiffs argue that because they have not named the FCIC, the statute dictating jurisdiction in a United States district court does not apply. For the reasons that follow, the government's motion is hereby **GRANTED**.

## BACKGROUND

Plaintiffs are peanut farmers in various states, including Texas, Georgia, Alabama, Florida, and South Carolina. The plaintiffs all insured their 2001-2002 peanut crops under the Multiple Peril Crop Insurance ("MPCI") policies, which cover weather-related crop losses. MPCI is issued by private insurers and reinsured by the FCIC. The Risk Management Agency ("RMA"), an agency under the Department of Agriculture ("USDA"), oversees the FCIC and administers the MPCI.

The MPCI coverage prior to 2002 varied depending on whether the lost crops were "quota" or "non-quota" peanuts. Quota peanuts were covered at $0.31 per pound, while non-quota peanuts were covered at $0.16 per pound. Thus, if plaintiffs' quota peanut crop was lost or destroyed, they were to receive $0.31 per pound. The 2002 Farm Bill (the "Bill" or "Farm Bill"), Pub. L. 107-171, 116 Stat. 182, enacted by Congress on May 13, 2002, repealed the peanut quota program, causing all peanuts to become non-quota peanuts. The Bill also set a price of $0.1775 per pound for all non-quota peanuts. Section 1301(c), App. 2-3. As a result of the 2002 Farm Bill, all of plaintiffs' peanuts

2

became insured at $0.1775 versus the $0.31 per pound that had been set in their contract.

The plaintiffs experienced serious adverse weather conditions in 2002, which damaged their peanut crops. Plaintiffs filed claims for the lost crops, and were informed of the insurance policy change whereby all losses would be covered at $0.1775 per pound. The plaintiffs are suing to recover the difference in coverage rate between $0.31 per pound and $0.1775 per pound. The plaintiffs' claim that the Farm Bill breached their MPCI contract.

> In this connection, the MPCI set out the procedure for changing the contract:
>
> (a) We may change the terms of your coverage under this policy from year to year.
> (b) Any changes in policy provisions, price elections, amount of insurance, premium rates, and program dates will be provided by us to your crop insurance agent not later than the contract change date contained in the Crop Provisions, except that price elections may be offered after the contract change date in accordance with section 3. You may view the documents or request copies from your crop insurance agent.
> (c) You will be notified, in writing, of changes to the Basic Provisions, Crop Provisions, and Special Provisions not later than 30 days prior to the cancellation date for the insured crop. Acceptance of changes will be conclusively presumed in the absence of notice from you to change or cancel your insurance coverage.

Contract at 5. The contract also provided for a method to bring legal action:

> (a) You may not bring legal action against us unless you have complied with all the policy provisions.
> (b) If you do take legal action against us, you must do so within 12 months of the date of denial of the claim. <u>Suit must be brought in accordance with the provisions of 7 U.S.C. 1508(j)</u>.
> (c) Your right to recover damages (compensatory, punitive, or other), attorney's fees, or other charges is limited or excluded by this contract or by Federal Regulations.

Contract at 12 (emphasis added).

3

As set forth in the contract, 7 U.S.C. § 1508(j), provides in relevant part:

(1) In general
Under rules prescribed by the [Federal Crop Insurance] Corporation, the Corporation may provide for adjustment and payment of claims for losses. The rules prescribed by the Corporation shall establish standards to ensure that all claims for losses are adjusted, to the extent practicable, in a uniform and timely manner.

(2) Denial of claims
    (A) In general
    Subject to subparagraph (B), <u>if a claim for indemnity is denied by the Corporation or an approved provider, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located</u>.

    (B) Statute of limitations
    A suit on the claim may be brought not later than 1 year after the date on which final notice of denial of the claim is provided to the claimant.

(3) Indemnification
The Corporation shall provide approved insurance providers with indemnification, including costs and reasonable attorney fees incurred by the approved insurance provider, due to errors or omissions on the part of the Corporation.

7 U.S.C. § 1508(j) (emphasis added).

As noted above, the government has moved to dismiss plaintiffs' case on the ground that the United States district courts have exclusive jurisdiction over plaintiffs' claims.

## DISCUSSION

### I. Standard of Review

In reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1), this court "must

accept as true the facts alleged in the complaint, and must construe such facts in the light most favorable to the pleader." AINS, Inc. v. United States, 56 Fed. Cl. 522, 527 (2002) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). See also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 747 (Fed. Cir. 1988); Air Prods. and Chems., Inc. v. Reichhold Chems., Inc., 755 F.2d 1559, 1562 n.4 (Fed. Cir. 1985.), cert. dismissed, 473 U.S. 929 (1985). However, "[t]he burden of establishing the court's subject matter jurisdiction rests with the party seeking to invoke it." McRae Industries, Inc. v. United States, 53 Fed. Cl. 177 (2002) (citing Myers Investigative and Sec. Serv., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002)).

## II.    Position of the Parties

The plaintiffs argue that they are entitled to the higher $0.31 cents per pound payment because that is the amount for which they contracted. The plaintiffs argue that they are not suing the FCIC, but the RMA and the USDA, and that because they have neither named the FCIC nor has it moved to intervene, jurisdiction lies in this court. The plaintiffs argue that the FCIC is not a named defendant because the contract was breached by the USDA and RMA when it implemented the changes as legislated by Congress in the Farm Bill. The plaintiffs analogize their situation to those of the plaintiff-banks in the various Winstar cases, where legislation was found to have effectively breached the contracts. See United States v. Winstar, 518 U.S. 839 (1996).

The plaintiffs also argue that if jurisdiction is not exclusive in this court, then it is at least concurrent with jurisdiction in the United States district courts under the Little Tucker Act, 28 U.S.C. § 1346, which dictates that this court and the district courts share jurisdiction for claims seeking monetary damages under $10,000.

The plaintiffs also claim a violation of their due process rights and various violations of controlling statutory provisions because the legislative change to their insurance policies came after the contracted-for cut-off date for changes; the announcement of the change was not timely published in the Federal Register; and the government failed to notify the plaintiffs of their right to appeal the change in coverage price.

The government argues that because plaintiffs' claims in this case arise under their MPCI policies both by contract and statute, this case may be heard only in a United States district court, under 7 U.S.C. § 1508. In particular, the government relies on 7 U.S.C. § 1508(j)(2)(a) (1999), which states that "if a claim for indemnity is denied by the [FCIC] or an approved provider, an action on the claim may be brought against the [FCIC] or [Secretary of Agriculture] only in the United States district court for the district in which the insured farm is located."

The government argues that the plaintiffs cannot circumvent the jurisdictional rules regarding crop insurance policy suits by not naming the FCIC. Indeed, the plaintiffs have named the Secretary of Agriculture, and the Secretary may only be sued in United States district court for actions involving payments under individual crop insurance

policies under 7 U.S.C. § 1508. According to the government, because the plaintiffs are suing to vindicate rights under their MPCI contract, they must follow their contracts and sue in the appropriate United States district court.

### III. Proper Subject Matter Jurisdiction For Plaintiffs' Claims of Breach of Contract Lies in a United States District Court

The court finds that it does not have subject matter jurisdiction to hear the plaintiffs' claims regarding a breach of their MPCI contract. The statute governing claims under a FCIC crop insurance policy makes it clear that jurisdiction lies in the United States district court in the district where the peanut farm is located.

At the center of plaintiffs' complaint is a breach of contract action. As plaintiffs state, "[t]he very essence of this case is that Congress, by statute, and the [USDA], by regulation, caused the insurance contract to be breached by reducing the agreed upon coverage from $.31 per pound to $.1775 per pound." Pls.' Mem. in Opp'n to Mot. to Dismiss at 6. The plaintiffs' argument that they need not sue in United States district court because the FCIC is not a party fails. Here, the contract plainly states that the contracting parties are the plaintiffs and the FCIC, as reinsurer. In fact, the first sentence on the first page of the contract states, "This insurance policy is reinsured by the Federal Crop Insurance Corporation . . . ." Because this case involves a breach of a FCIC contract, the plaintiffs may not ignore the terms of their contract and not name the FCIC.

Plaintiffs' suggestion that the FCIC is not the breaching party because Congress breached the contract when it enacted the 2002 Farm Bill is also not supported. In this connection, plaintiffs rely on Winstar to suggest that where Congress has breached the

7

contract, jurisdiction is proper in this Court. What plaintiffs fail to recognize, however, is that jurisdiction over Winstar cases was proper in this court because this Court was the only court to have jurisdiction over those breach of contract claims, under the Tucker Act. There was no other statute governing the Winstar claims. Here, in contrast, the contracts between plaintiffs and the FCIC specifically require claimants to bring their claims for payment in a United States district court pursuant to 7 U.S.C. § 1508(j).

It is well-settled that where there is a specific jurisdictional statute, it is controlling. "[A] contract will not fall within the purview of the Tucker Act if Congress has placed jurisdiction over it elsewhere." Massie v. United States, 166 F.3d 1184, 1188 (Fed. Cir. 1999) (citing Del-Rio Drilling Programs, Inc. v. United States, 146 F.3d 1358, 1367 (Fed. Cir. 1998)). See also United States v. Fausto, 484 U.S. 439, 454-55 (1988). Here, there is a specific jurisdictional statute governing crop insurance contract claims. Plaintiffs are therefore bound by that statute. Moreover, plaintiffs agreed to be bound by that statute in their individual contracts:

> (b) If you do take legal action against us, you must do so within 12 months of the date of denial of the claim. Suit must be brought in accordance with the provisions of 7 U.S.C. § 1508(j). (c) Your right to recover damages (compensatory, punitive, or other), attorney's fees, or other charges is limited or excluded by this contract or by Federal Regulations.

Contract at 12. In these circumstances this court has no choice but to dismiss plaintiffs' breach of contract claims.

## IV.   This Court Does Not Have Jurisdiction Over Plaintiffs' Due Process Claims

This court must also dismiss plaintiffs' due process claims and request for injunctive relief for lack of jurisdiction. The jurisdiction of this court is limited by 28

U.S.C. § 1491 to "such cases where the Constitution or federal statute requires the payment of money damages as compensation for the violation." Murray v. United States, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987) (citations omitted), cert. denied, 489 U.S. 1055 (1989). See also United States v. Testan, 424 U.S. 392, 398-99 (1976). It is well-settled that violations of the due process clause do not give rise to money damages. Wheeler v. United States, 11 F.3d 156, 159 (Fed. Cir. 1993) (citing Bobula v. United States Dept. of Justice, 970 F.2d 854, 859 (Fed. Cir. 1992)); Sanders v. United States, 34 Fed. Cl. 38, 49 (1995) (citing Morales v. United States, 19 Cl. Ct. 342, 345 (1990)). In addition, this court does not have jurisdiction to hear plaintiffs' statutory claims arising from violations of the statutes and regulations governing the crop insurance program. Like due process claims, these claims are also not money mandating and, therefore, this court does not have jurisdiction to grant injunctive relief. James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (citations omitted). Thus, all of plaintiffs' remaining claims must also be dismissed for lack of subject matter jurisdiction.[1]

---

[1] In this regard, the court notes that the United States district courts also have exclusive jurisdiction over these due process and statutory claims under 7 U.S.C. § 1506(d):

> The Corporation, subject to the provisions of section 1508(j) of this title, may sue and be sued in its corporate name, . . . . The district courts of the United States, including the district courts of the District of Columbia and of any territory or possession, shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the Corporation. The Corporation may intervene in any court in any suit, action, or proceeding in which it has an interest. Any suit against the Corporation shall be brought in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business.

7 U.S.C. § 1506(d) (1999) (emphasis added).

## CONCLUSION

For the above-stated reasons, the government's motion to dismiss is hereby **GRANTED**. Plaintiffs' complaint shall be dismissed without prejudice under RCFC 12(b)(1). Each party to bear its own costs.

**IT IS SO ORDERED**.

_____
NANCY B. FIRESTONE
Judge

A TRUE COPY:
TEST: APR 4 2006
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By: _____
Deputy Clerk