ORIGINAL

# In the United States Court of Federal Claims

No. 03-445C
(Filed: March 2, 2004)

```
* * * * * * * * * * * * * * *
                              *
TEXAS PEANUT FARMERS, et al., *
                              *
                Plaintiffs,   *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
                Defendant,    *
                              *
* * * * * * * * * * * * * * *
```

FILED
MAR - 2 2004
U.S. COURT OF
FEDERAL CLAIMS

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND TO TRANSFER OR IN THE ALTERNATIVE FOR A STAY

On December 16, 2003, this court issued an order dismissing plaintiffs' claims for breach of their government-reinsured crop policy contracts. The court concluded that it did not have subject matter jurisdiction to hear the case on the grounds that Congress had placed exclusive jurisdiction over crop insurance contracts in the United States district courts where the claim arose. The court also dismissed plaintiffs' remaining claims for lack of subject matter jurisdiction on the grounds that they did not involve money-mandating statues.

On January 5, 2004, more than 10 days after the court's order of dismissal, plaintiffs filed a Rule 60 Motion for Reconsideration[1]. It is well settled that motions for reconsideration must be filed within 10 days following the decision under Rule 59(b) of the court. Plaintiffs motion to reconsider is not timely. Moreover, it is not supported.

---

[1] In its January 5, 2004 motion to reconsider, the plaintiffs' also request that the case be transferred or, in the alternative, stayed pending final resolution of related cases in federal district courts.

Plaintiffs allege that this court should retain jurisdiction because they are still facing motions in the various federal district courts suggesting that this court has jurisdiction. A careful examination of those federal district court cases demonstrates that they involve claims that differ from those presented in this case. To the extent the plaintiffs wish to file new actions involving claims within this court's jurisdiction they may do so. This court does not at present have subject matter jurisdiction over the claims filed by the plaintiffs in this case. The untimely motion for reconsideration is, therefore, **DENIED**.

Plaintiffs motion to transfer the case to the various federal district courts with jurisdiction over plaintiffs' breach of contract actions is also **DENIED**. Pursuant to 28 U.S.C. § 1631 this court may transfer a case to the federal district court with proper jurisdiction, however, the court is not required to do so. Plaintiffs never filed a timely request for transfer and because this case involves more than one district court, transfer is not practical. Moreover, the government represents and plaintiffs have not disputed that the individual plaintiffs in this case are already named in the suits pending in the different federal district courts. Thus, there is no reason to transfer the claims of the named plaintiffs. As for the unnamed plaintiffs (identified as 'other similarly situated plaintiffs' on the case caption), the court has never been given sufficient information to transfer their claims and it is now too late.

Finally, plaintiffs motion to stay is **DENIED**. Having concluded that the court does not have jurisdiction over the case a stay is not authorized.

**IT IS SO ORDERED**.

_____
NANCY B. FIRESTONE
Judge

A TRUE COPY APR 4 2006
TEST:
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By: _____
Deputy Clerk

-2-