SEARCH    LOGIN    SUGGESTIONS    USER PREF'S    COURTWATCH    HELP    HOM

RACER U.S. District Court Case Search

# Docket Sheet for 4:02-cv-159 USDC North Carolina Eastern District

```
                          U.S. District Court                    DAN
            Eastern District of North Carolina (New Bern)

                  CIVIL DOCKET FOR CASE #: 02-CV-159

Barnhill, et al v. Davidson, et al
Assigned to: Judge Malcolm J. Howard                    Filed: 11/19/02
Demand: $0,000
Lead Docket: None                             Nature of Suit: 190
Dkt# in other court: None                     Jurisdiction: US Defendant

Cause: 05:702 Administrative Procedure Act
```

```
MARVIN TAYLOR BARNHILL          Philip R. Isley
     plaintiff                  [COR LD NTC]
                                Boyce & Isley
                                pisley@boyceisley.com
                                P.O. Box 1990
                                Raleigh, NC 27602-1990
                                919-833-7373
                                FTS 833-7536


                                G. Eugene Boyce
                                [COR LD NTC]
                                Boyce & Isley
                                gboyce@boyceisley.com
                                P.O. Box 1990
                                Raleigh, NC 27602
                                919-833-7373
                                FTS 833-7536


                                R. Daniel Boyce
                                [COR LD NTC]
                                Boyce & Isley, PLLC
                                dboyce@boyceisley.com
                                P. O. Box 1990
                                Raleigh, NC 27602-1990
                                919-833-7373
                                FTS 833-7536


JERRY HAMILL                    Philip R. Isley
     plaintiff                  (See above)
                                [COR LD NTC]

                                G. Eugene Boyce
                                (See above)
                                [COR LD NTC]
```

EXHIBIT

_____

v.

ROSS J. DAVIDSON, Administrator for Risk Management Agency;
RISK MANAGEMENT AGENCY; UNITED STATES OF AMERICA; ANN M.
VENEMAN, Secretary of Agriculture for The United States of
America; UNITED STATES DEPARTMENT OF AGRICULTURE

                  defendant

## Proceedings include all events

| Date Filed | Doc. No. | Image | Description |
|---|---|---|---|
| 11/19/2002 | 1 | Yes: 54 Page(s); 2916 KB; PDF | Complaint filed - Class action on behalf of all peanut farmers in NC and VA who are eligible for the Multiple Peril Crop Insurance Policy for crop year 2002. w/attach. cy. to J. Howard. [Date Entered: 12/02/02, By: js] |
| 11/19/2002 | -- | No | Filing Fee Paid; FILING FEE $ 150.00 RECEIPT # 104 9744 [Date Entered: 12/02/02, By: js] |
| 11/19/2002 | 2 | Yes: 13 Page(s); 359 KB; PDF | Motion by Marvin Taylor Barnhill, Jerry Hamill, John Branham, Clark Jenkins, Tom Clements, David mni Grant, Tim Phelps, Tommy Flythe, Jim Ferguson, Glen Hawkins, Billy Bain, Glen Moore, R. L. Smith, H. Steven Allen withmemorandum in support for joinder of additional plaintiffs. cy. to J. Howard w/prop. order. [Date Entered: 12/02/02, By: js] |
| 11/20/2002 | -- | No | Summons(es) issued for Ross Davidson (RMA), Ann Veneman (USDA), Frank Whitney and John Ashcroft. [Date Entered: 12/02/02, By: js] |
| 12/09/2002 | 3 | Yes: 4 Page(s); 94 KB; PDF | Return of service executed as to Frank Whitney 11/21/02 Served by certified mail, return receipt attached. [Date Entered: 12/13/02, By: dh] |
| 12/09/2002 | 4 | Yes: 4 Page(s); 94 KB; PDF | Return of service executed as to Ann M. Veneman 11/25/02 Answer due on 1/25/03 for Ann M. Veneman. Served by certified mail, return receipt attached. [Date Entered: 12/13/02, By: dh] |
| 12/16/2002 | 5 | Yes: 4 Page(s); 91 KB; PDF | Return of service of summons, complaint and motion to join executed as to Ross J. Davidson 11/29/02 by certified mail. Answer due on 1/29/03 for Ross J. Davidson. [Date Entered: 12/17/02, By: ll] |
| 12/16/2002 | 6 | Yes: 5 Page(s); 122 KB; PDF | Return of service of summons, complaint and motion to join executed 11/25/02 as to John Ashcroft by certified mail. [Date Entered: 12/17/02, By: ll] |

| 01/06/2003 | 7 | Yes: 3 Page(s); 117 KB; PDF | Stipulation by Marvin Taylor Barnhill, Jerry Hamill, John Branham, Clark Jenkins, Tom Clements, David mni Grant, Tim Phelps, Tommy Flythe, Jim Ferguson, Glen Hawkins, Billy Bain, Glen Moore, R. L. Smith, H. Steven Allen, Ross J.Davidson, Risk Manage. Agency, USA, Ann M. Veneman, U.S. Dept. of Agric. - as to $.1775 per pound of insurance coverage for the 2002 Crop Year. Further stipulate that pla. and others similarly situated are entitled to settle any and all insurance claims for the 2002 Crop Year at the rate of $.1775 per pound without waiving any further claimsto the difference between $.31 per pound and $.1775 per pound etc... [Date Entered: 01/09/03, By: dh] |
|---|---|---|---|
| 01/09/2003 | -- | No | Motion(s) submitted: [2-1] motion for joinder of additional plaintiffs submitted. CASE FILE TO JUDGE HOWARD FOR CONSIDERATION. [Date Entered: 01/09/03, By: dh] |
| 01/13/2003 | 8 | Yes: 2 Page(s); 47 KB; PDF | Order - the stipulations as set forth in the Stipulation are accepted as fact. It is hereby ORDERED that plaintiff may settle their claims with their insurance carriers under the Multiple Peril Crop Insurance Policy for the 2002 CropYear based on $.1775 per pound without waiving their right to claims additional coverage up to and including $.31 per pound for any loss under the Multiple Crop Insurace Policy for the 2002 Crop Year. ccys served signed by Malcolm J. Howard, US Judge. [Date Entered: 01/13/03, By: dh] |
| 01/16/2003 | 9 | Yes: 7 Page(s); 161 KB; PDF | Answer to Complaint by Ross J. Davidson, Risk Manage. Agency, USA, Ann M. Veneman, U.S. Dept. of Agric., cs. NO JURY DEMAND. [Date Entered: 01/22/03, By: dh] |
| 01/22/2003 | 10 | Yes: 1 Page(s); 35 KB; PDF | Order granting [2-1] motion for joinder of additional plaintiffs. **NOTE**400 plaintiffs to be added to case. Clerks will add plaintiffs to case in intervals of fifty until all plaintiffs are added. ccys served. signed byMalcolm H. Howard, US Judge. [Date Entered: 01/22/03, By: dh] |
| 01/22/2003 | -- | No | Advised by Mr. Boyce's office he will be filing a second motion to join an additional fifty plaintiffs to the case. [Date Entered: 01/22/03, By: dh] |
| 01/22/2003 | 11 | Yes: 17 Page(s); 378 KB; PDF | Motion by Marvin Taylor Barnhill, Jerry Hamill, John Branham, Clark Jenkins, Tom Clements, David mni Grant, Tim Phelps, Tommy Flythe, Jim Ferguson, Glen Hawkins, Billy Bain, Glen Moore, R. L. Smith, H. Steven Allen for joinderof additional parties, cs. [Date Entered: 01/28/03, By: dh] |
| 01/28/2003 | -- | No | Motion(s) submitted: [11-1] motion for joinder of additional parties submitted. CASE FILE TO JUDGE HOWARD FOR |

| | | | |
|---|---|---|---|
| | | | CONSIDERATION. [Date Entered: 01/28/03, By: dh] |
| 02/07/2003 | 12 | Yes: 2 Page(s); 38 KB; PDF | Order granting [11-1] second motion for joinder of additional parties signed by Malcolm J. Howard, US Judge. ccys served. [Date Entered: 02/07/03, By: dh] |
| 06/05/2003 | 13 | Yes: 32 Page(s); 1227 KB; PDF | Memorandum by Marvin Taylor Barnhill and all other plaintiffs, in support of Plaintiff's Motion for Partial Summary Judgment (filed next day on 6/6/03). w/cs. [Date Entered: 06/13/03, By: ll] |
| 06/06/2003 | 14 | Yes: 3 Page(s); 51 KB; PDF | Motion by Marvin Taylor Barnhill and all other plaintiffs for partial summary judgment. w/cs. (*NOTE: Memorandum in Support of this motion previously filed on 6/5/03) [Date Entered: 06/13/03, By: ll] |
| 06/18/2003 | 15 | Yes: 3 Page(s); 71 KB; PDF | Motion by Marvin Taylor Barnhill, and all other plaintiffs, for class certification; appointment of class representatives and designation of class counsel. w/cs. [Date Entered: 06/25/03, By: ll] |
| 06/18/2003 | 16 | Yes: 13 Page(s); 481 KB; PDF | Memorandum by Marvin Taylor Barnhill, and all other plaintiffs, in support of [15-1] motion for class certification; appointment of class representatives and designation of class counsel. w/cs and attachments. [Date Entered: 06/25/03, By: ll] |
| 06/25/2003 | 17 | Yes: 6 Page(s); 177 KB; PDF | Motion by Ross J. Davidson, Risk Manage. Agency, USA, Ann M. Veneman, U.S. Dept. of Agric. to stay responses to motion for partial summary judgment and motion for class certification. w/cs. [Date Entered: 06/27/03, By: ll] |
| 07/03/2003 | 18 | Yes: 10 Page(s); 347 KB; PDF | Response in Opposition by Marvin Taylor Barnhill (and all other plaintiffs) to [17-1] motion to stay responses to motion for partial summary judgment and motion for class certification. w/cs and attachments. [Date Entered: 07/19/03, By: ll] |
| 07/22/2003 | 19 | Yes: 17 Page(s); 588 KB; PDF | Notice of Filing by Ross J. Davidson, Risk Manage. Agency, USA, Ann M. Veneman, U.S. Dept. of Agric. - In Support of Defendants' Motion to Stay, cs. [Date Entered: 07/25/03, By: dh] |
| 07/29/2003 | -- | No | Case file to David W. Daniel, Clerk/Magistrated Judge Designee for consideration of {#17-1} motion to stay responses to motion for partial summary judgment and motion for class certification. [Date Entered: 07/29/03, By: dh] |
| | | | Motion by Marvin Taylor Barnhill, Jerry Hamill, John Branham, Clark Jenkins, Tom Clements, David mni Grant, Tim Phelps, Tommy Flythe, Jim Ferguson, Glen Hawkins, |

| | | | |
|---|---|---|---|
| 12/10/2003 | 20 | Yes: 27 Page(s); 1736 KB; PDF | Billy Bain, Glen Moore, R. L. Smith, H. Steven Allen, GP Kittrell& Son, Earley and Taylor, Walter W. Anderson Jr., Paul C. Askew, John K. Askew, David Wayne Aycock, Leon T. Baird, Donald E. Barnes, Bennie C. Barnes, Stanley H. Barnes, Elizabeth Prince Barnes Family, Marvin Taylor Barnhill, Benford L. Barrett, Jerry W. Batten, Michael E. Belch, Milton E. Bennett, Tony R. Bennett, Billy Drewette, SandraD. Flythe, Estelle Edwards Blanton, Jimmy G. Blythe, Terry C. Boone, Jean J. Boseman, Joel M. Boseman, Wayne Boseman, Mark Boseman, Chris A. Braddy, Timothy R. Braddy, James Arthur Bradley Jr., John W. Branham IV, Clemmon W.Bridgers, Gary B. Bridgers, Sadie V. Bridgers, Keith F. Britt Sr., David W. Britton, Andrew J. Britton, Josiah B. Brown, Thomas E. Brown, Robert T. Brown, Berry Robert Brown, Edward Merrion Brown III, Bobby Joe Browning, Jesse L. Bunch, Lori S. Burgess, Neil B. Burgess, Robert Earl Byrum, Tommy Daniel Byrum Jr., Tommy D. Byrum Sr., James L.Champion, Clark Farms WS, Allen D. Clary, Mike W. Corey, Loumus Council, Charlie Council, Harvey Lee Council, Ben S. Cowin, Bobby E. Crawley, Joy S. Critzer, Jeffrey A. Cumbo, Jack J. Dail Jr., Kelly Mack Davis, Michael A. Davis, Anderson Mack Davis, Joey D. Davis, Hallet S. Davis, Phillip V. Davis, Thomas L. Davis, Grady P. Davis III, Lawrence Dickens, Allen A. Dickens, Aubrey N. Dickens, Edward Lee Dickens, Jacob L. Dickens III, Jacob L. Dickens Jr., Barbara W. Drewett, Conwell S. Duncan, David Dunlow, James R. Earley Sr., Calvin R. Eason, Leonard WayneEdwards, Patrick B. Edwards, Robert D. Edwards, Rose T. Edwards, Stephen Scott Edwards, Keith Hugh Edwards, Scott Edwards, James S. Eley, Bobby Lee Eubanks, Myrick Farm Partners, Beech Run Farms, Barnes Farms, Futrell Farms,Star Valley Farms, Sumner Farms, Inc., Richard W. Feher, Jim W. Fisher, Bruce Lea Flye, Bryan K. Flythe, M. Thomas Flythe Jr., James Earl Flythe Jr., James Earl Flythe Sr., George K. Francis, William Earl Futrell Jr., Robert P. Gardner Jr., Robert P. Gardner Sr., Raymond P. Garner, RP & EC Garner, Edward C. Garner, Raymond P. Garner Jr., Thomas [Date Entered: 12/17/03, By: dh] |
| 12/10/2003 | 21 | Yes: 15 Page(s); 438 KB; PDF | Motion by plaintiffs with memorandum in support to compel discovery, cs. [Date Entered: 12/17/03, By: dh] |
| 12/22/2003 | 22 | Yes: 13 Page(s); 424 KB; PDF | Second Motion by plaintiffs for entry of judgment or alternatively, Scheduling Order, cs. [Date Entered: 12/24/03, By: dh] |
| 12/29/2003 | 23 | Yes: 3 Page(s); 72 KB; PDF | Response by USA in opposition to [21-1] motion to compel discovery [Date Entered: 01/12/04, By: dh] |

| 12/30/2003 | 24 | Yes: 3 Page(s); 67 KB; PDF | Motion by plaintiffs to amend [1-1] complaint [Date Entered: 01/12/04, By: dh] |
|---|---|---|---|
| 12/30/2003 | 25 | Yes: 12 Page(s); 558 KB; PDF | Memorandum in support of [24-1] motion to amend [1-1] complaint to add additional defts. [Date Entered: 01/12/04, By: dh] |
| 01/02/2004 | 26 | Yes: 25 Page(s); 966 KB; PDF | Motion with memorandum in support by defts to dismiss or alternatively for Summary Judgment, cs. w/attachments. [Date Entered: 01/12/04, By: dh] |
| 01/02/2004 | 27 | Yes: 11 Page(s); 419 KB; PDF | Defts. Response in opposition to [15-1] motion for class certification; appointment of class representatives and designation of class counsel [Date Entered: 01/12/04, By: dh] |
| 01/02/2004 | 28 | Yes: 29 Page(s); 1088 KB; PDF | Response in opposition to [22-1] motion for entry of judgment or alternatively, Scheduling Order, [20-1] motion to enter judgment or alternatively schedule a status conference with incorporated Memorandum of Law, [14-1] motion for partial summary judgment, cs. [Date Entered: 01/12/04, By: dh] |
| 01/02/2004 | 29 | Yes: 25 Page(s); 757 KB; PDF | Motion by defts with memorandum in support for protective order, cs. [Date Entered: 01/12/04, By: dh] |
| 01/12/2004 | | No | Motion(s) referred: referred [21-1] motion to compel discovery to USMJ David W. Daniel. COPY OF MOTION AND UPDATED DOCKET SHEET TO JUDGE DANIEL FOR CONSIDERATION. [Date Entered: 01/12/04, By: dh] |
| 01/16/2004 | 30 | Yes: 4 Page(s); 83 KB; PDF | Motion by the plaintiffs to extend time to file responses to governments' pleadings and request for status conference . Counsel for the defendant's does not oppose this motion. [Date Entered: 02/02/04, By: dh] |
| 01/30/2004 | 31 | Yes: 31 Page(s); 1145 KB; PDF | Reply by plaintiffs to response to [15-1] motion for class certification; appointment of class representatives and designation of class counsel, cs. w/attachments. [Date Entered: 02/05/04, By: dh] |
| 01/30/2004 | 32 | Yes: 15 Page(s); 553 KB; PDF | Reply by plaintiffs to response to [20-1] motion to enter judgment or alternatively schedule a status conference with incorporated Memorandum of Law, [14-1] motion for partial summary judgment, cs. w/attachments. [Date Entered: 02/05/04, By: dh] |
| 01/30/2004 | 33 | Yes: 25 Page(s); 963 KB; PDF | Response by plaintiffs to [26-1] motion to dismiss or alternatively for Summary Judgment, cs. w/attachments. [Date Entered: 02/05/04, By: dh] |
| | | | Motion(s) referred: referred [30-1] motion to extend time to |

| | | | |
|---|---|---|---|
| 02/02/2004 | -- | No | file responses to governments' pleadings and request for status conference to USMJ David W. Daniel. COPY OF MOTION AND UPDATED DOCKET SHEET TO JUDGE DANIEL FOR CONSIDERATION. [Date Entered: 02/02/04, By: dh] |
| 02/09/2004 | 34 | Yes: 1 Page(s); 23 KB; PDF | Order, set status conference before USMJ David W. Daniel for 3:00 2/12/04 in Room 624, Terry Sanford Fed. Bldg., Raleigh, NC signed by David W. Daniel, USMJ. ccys served. Copy to Beck for deputy clerk. Calendar Copy. TelephonedCounsel. [Date Entered: 02/09/04, By: dh] |
| 02/10/2004 | -- | No | Received telephone call from Eric Goulian advising he is in California this week and requesting a continuance of the Status Conf. set for Thursday, Feb. 12th before Judge Daniel in Raleigh. Deputy Clerk Heath advised Mr. Goulianhe would need to file a Motion to Continue and she would get it to Judge Daniel immediately. [Date Entered: 02/10/04, By: dh] |
| 02/10/2004 | 35 | Yes: 2 Page(s); 46 KB; PDF | Motion by deft. to continue hearing scheduled for 2/12/04 at 3:00 p.m., cs. cy to USMJ Daniel. [Date Entered: 02/13/04, By: dh] |
| 02/13/2004 | 36 | Yes: 1 Page(s); 20 KB; PDF | Order granting [35-1] motion to continue hearing scheduled for 2/12/04 at 3:00 p.m., reset status conference before USMJ David W. Daniel for 9:00 2/19/04, 6th floor courtroom, Raleigh signed by David W. Daniel, USMJ. ccysserved. Calendar Copy. Copy to Becky. [Date Entered: 02/13/04, By: dh] |
| 02/17/2004 | -- | No | Motion(s) referred: referred [30-1] motion to extend time to file responses to governments' pleadings and request for status conference to USMJ David W. Daniel, [29-1] motion for protective order, [24-1] motion to amend [1-1] complaint, [21-1] motion to compel discovery, [20-1] motion to enter judgment or alternatively schedule a status conference with incorporated Memorandum of Law, [17-1] motion to stay responses to motion for partial summary judgment and motion for class certification, [15-1] motion for class certification; appointment of classrepresentatives and designation of class counsel. LAST PART OF CASE FILE TO USMJ DANIEL FOR CONSIDERATION. [Date Entered: 02/17/04, By: dh] |
| 02/17/2004 | 37 | Yes: 10 Page(s); 393 KB; PDF | Reply by defendants to response to [26-1] motion to dismiss or alternatively for Summary Judgment, cs. [Date Entered: 02/23/04, By: dh] |
| | | | Motion hearing re: [30-1] motion to extend time to file responses to governments' pleadings and request for status |

| Date | | | |
|---|---|---|---|
| 02/19/2004 | -- | No | conference, [24-1] motion to amend [1-1] complaint, [17-1] motion to stay responses to motion for partial summary judgment and motion for class certification before USMJ David W. Daniel; Courtroom Deputy - Becky Bowen. Court Reporter - Donna Tomawski. Danny Boyce present for Plaintiffs; Eric Goulian for the government; Judge Daniel grants the following motions from the bench: Motion to Extend Time (#30); Motion to amend complaint (#24); Government's motion to stay is MOOT (#17); the Court will defer ruling on other pending motions to Judge Howard (.5 hr) [Date Entered: 02/19/04, By: bb] |
| 02/23/2004 | -- | No | Will submit motion to dismiss once file is back from Judge Daniel's Chamber. [Date Entered: 02/23/04, By: dh] |
| 02/26/2004 | 38 | Yes: 3 Page(s); 77 KB; PDF | Motion by plaintiffs to transfer for hearing on preliminary matters, cs. cy to USMJ Daniel. [Date Entered: 03/11/04, By: dh] |
| 02/26/2004 | 39 | Yes: 27 Page(s); 1015 KB; PDF | Document filed by plaintiffs titled: Plaintiffs' Supplemental Memorandum Regarding Summary Judgment Issues, cs. w/attachments. [Date Entered: 03/11/04, By: dh] |
| 03/03/2004 | 40 | Yes: 28 Page(s); 759 KB; PDF | Memorandum by plaintiffs in opposition to [29-1] motion for protective order, cs. [Date Entered: 03/11/04, By: dh] |
| 03/16/2004 | 41 | Yes: 18 Page(s); 622 KB; PDF | Document filed titled: Supplemental Memorandum of Points and Authorities Regarding Defendants Motion to Dismiss for Failure to Exhaust Administrative Remedies, cs. w/attachment. [Date Entered: 03/18/04, By: dh] |
| 04/02/2004 | 42 | Yes: 2 Page(s); 40 KB; PDF | Certificate of service of Plaintiffs' Memo. in Opposition to Gov't's Motion for Proto w/Supporting Memo. [Date Entered: 04/06/04, By: dh] |
| 04/06/2004 | -- | No | Will submit motion to dismiss once file comes back from Judge Daniel's chamber. [Date Entered: 04/06/04, By: dh] |
| 05/03/2004 | 43 | Yes: 6 Page(s); 110 KB; PDF | Notice of Filing by the defendant's of Administrative Record, cs. w/attached CD in clear plastic binder. [Date Entered: 05/10/04, By: dh] |
| 05/03/2004 | 44 | Yes: 16 Page(s); 675 KB; PDF | Document filed by the defendants titled: Defendant's Supplemental Memorandum Regarding Summary Judgment and Response To Plaintiffs' Supplemental Memorandum. cs. w/attachments marked volume 1 - 3. (Place in gray expandable folder) [Date Entered: 05/10/04, By: dh] |
| | | | Order - This court hereby schedules a hearing on Thursday, May 20, 2004 at 1:00 p.m. in G'ville. The parties should present arguments on the following: Motion hearing before Judge Malcolm J. Howard set for 1:00 5/20/04 for [26-1] |

| 05/07/2004 | 45 | Yes: 1 Page(s); 26 KB; PDF | motion to dismiss or alternatively for Summary Judgment, set for 1:00 5/20/04 for [15-1] motion for class certification; appointment of class representatives and designation of class counsel, set for 1:00 5/20/04 for [14-1] motion for partial summary judgment signed by Malcolm J. Howard, US Judge. ccys served. Calendar Copy. Copy to Becky for CourtReporter. [Date Entered: 05/07/04, By: dh] |
| --- | --- | --- | --- |
| 05/10/2004 | -- | No | Case submitted to: Judge Howard [45-1] order Motion hearing before Judge Malcolm J. Howard set for 1:00 5/20/04 for [26-1] motion to dismiss or alternatively for Summary Judgment, set for 1:00 5/20/04 for [15-1] motion for classcertification; appointment of class representatives and designation of class counsel, set for 1:00 5/20/04 for [14-1] motion for partial summary judgment submitted. CASE FILE TO JUDGE HOWARD FOR CONSIDERATION. [Date Entered: 05/10/04, By: dh] |
| 05/12/2004 | 45 | Yes: 7 Page(s); 201 KB; PDF | Document filed titled: Defendant's Notice of Filing of Order Denying Discovery In Related Case, cs. cy to Judge Howard. [Date Entered: 05/17/04, By: dh] |
| 05/17/2004 | 46 | Yes: 1 Page(s); 21 KB; PDF | Order, Motion hearing before Judge Malcolm J. Howard set for 10:00 5/20/04 for [26-1] motion to dismiss or alternatively for Summary Judgment, set for 10:00 5/20/04 for [15-1] motion for class certification; appointment of class representatives and designation of class counsel, set for 10:00 5/20/04 for [14-1] motion for partial summary judgment signed by Malcolm J. Howard, US Judge. ccys served. Calendar Copy. [Date Entered: 05/17/04, By: dh] |
| 05/20/2004 | -- | No | Motion hearing held in G'ville before Judge Malcolm J. Howard. Courtroom Deputy - Delsia Heath. Counsel present for plaintiffs - Philip R. Isley, G. Eugene Boyce, R. Daniel Boyce and Bob Sutte, N.C. Peanut Grower'sAssociation. Counsel present for the defendants - Eric Goulian, AUSA. Court calls case. Court notes attys appearances. Opening remarks by counsel. Counsel present arguments. Court will enter written order within two to four weeks. Court does not anticipate any further hearings on the pending motions. Court adjourned at 12:27 p.m. [Date Entered: 05/20/04, By: dh] |
| 06/02/2004 | -- | No | Transcript Filed - regarding hearing on May 20, 2004 before Judge Howard Court Reporter - Sharon Kroeger [Date Entered: 06/03/04, By: dh] |
| 06/30/2004 | -- | No | Received letter from R. Daniel Boyce dated June 25, 2004 with attached copies of documents that were sent to MDL. Letter placed on left side of file. [Date Entered: 06/30/04, By: dh] |

| | | | |
|---|---|---|---|
| 07/22/2004 | 47 | Yes: 49 Page(s); 1710 KB; PDF | Order granting [26-1] motion to dismiss or alternatively for Summary Judgment, granting [15-1] motion for class certification; appointment of class representatives and designation of class counsel, denying [14-1] motion forpartial summary judgment. The court hereby orders that this case shall proceed as a class action and hereby certified the following class: (see order for language). The court hereby appoints the following pla's as class representative: Marvin Taylor Barnhill, Jerry Hamill, John Branham, Clark Jenkins, Tom Clements, David Grant, TimPhelps, and Tommy Flythe. Philip R. Isley, G. Eugene Boyce, and R. Daniel Boyce shall represent the certified class. For lack of subject matter jurisdiction, the court hereby dismisses all plaintiffs who do not have peanut farms inthe EDNC, including Jim Ferguson, Glen Hawkins, Billy Bain, Glen Moore, R.L. Smith, H. Steven Allen, and all pla's listed in Exhibit B to pla's motin to join addtional pla's filed Nov. 19, 2002. Class representative shall have 15 days from the date of this order to file a proposed notice for class members. signed by Malcolm J. Howard, US Judge.ccys served. [Date Entered: 07/22/04, By: dh] |
| 07/29/2004 | 48 | Yes: 5 Page(s); 96 KB; PDF | Motion by plaintiffs to Transfer Virginia Plaintiffs or Other Plaintiffs to Appropriate Venues.cs [Date Entered: 08/19/04, By: sf] |
| 07/29/2004 | 49 | Yes: 12 Page(s); 395 KB; PDF | Memorandum by plaintiffs in support of [48-1] motion to Transfer Virginia Plaintiffs or Other Plaintiffs to Appropriate Venues. cs w/attachments. [Date Entered: 08/19/04, By: sf] |
| 08/05/2004 | 50 | Yes: 21 Page(s); 856 KB; PDF | Motion with memorandum in support for reconsideration of [47-1] order cs [Date Entered: 08/19/04, By: sf] |
| 08/16/2004 | 51 | Yes: 6 Page(s); 121 KB; PDF | Motion by plaintiffs to extend time to file response to deft's m/reconsideration, cs. cy to clerk w/p.o. [Date Entered: 08/20/04, By: dh] |
| 08/18/2004 | 52 | Yes: 5 Page(s); 179 KB; PDF | Response to [48-1] motion to Transfer Virginia Plaintiffs or Other Plaintiffs to Appropriate Venues., cs. [Date Entered: 08/20/04, By: dh] |
| 08/20/2004 | -- | No | Received Proposed Consent Protective Order. [Date Entered: 08/20/04, By: dh] |
| 08/20/2004 | -- | No | Original Consent Protective Order to USMJ Daniel for consideration. [Date Entered: 08/20/04, By: dh] |
| 08/20/2004 | 53 | Yes: 3 Page(s); 93 KB; PDF | Consent Protective Order as to certain information re: potential class members. ccys served. signed by David W. Daniel, USMJ. [Date Entered: 08/20/04, By: dh] |

USDC North Carolina Eastern District

| 08/20/2004 | 54 | Yes: 1 Page(s); 18 KB; PDF | Order granting [51-1] motion to extend time to file response to deft's m/reconsideration, Response to motion reset to 9/7/04 for [50-1] motion for reconsideration of [47-1] order signed by Michael D. Brooks, Acting Clk..ccys served. [Date Entered: 08/20/04, By: dh] |
|---|---|---|---|
| 08/20/2004 | 55 | Yes: 15 Page(s); 595 KB; PDF | Document filed by defendants titled: Defendants' Response to Plaintiff's Proposed Class Notice, cs. w/attachments. [Date Entered: 08/25/04, By: dh] |
| 08/30/2004 | 56 | Yes: 3 Page(s); 62 KB; PDF | Reply to response to [48-1] motion to Transfer Virginia Plaintiffs or Other Plaintiffs to Appropriate Venues., cs. [Date Entered: 09/10/04, By: dh] |
| 09/01/2004 | -- | No | Case submitted to: Judge Howard per request. [Date Entered: 09/01/04, By: dh] |
| 09/07/2004 | 57 | Yes: 14 Page(s); 492 KB; PDF | Response by pla's to [50-1] motion for reconsideration of [47-1] order-cs- w/attachments [Date Entered: 09/13/04, By: sf] |
| 09/16/2004 | 58 | Yes: 1 Page(s); 31 KB; PDF | Order - The plaintiffs have presented to this court a proposed Notice to Class Member pursuant to Rule 23 of the Fed. R. Civ. P. Accordingly, the Notice to Class Members is hereby approved. Class counsel are hereby Ordered to send the Class Notice to each member of the Class as soon as possible. ccys served 9/16/04 signed by Malcolm J. Howard, US Judge. [Date Entered: 09/17/04, By: dh] |
| 09/17/2004 | 59 | Yes: 5 Page(s); 150 KB; PDF | Reply by Ross J. Davidson, Risk Manage. Agency, USA, Ann M. Veneman, U.S. Dept. of Agric. to response to [50-1] motion for reconsideration of [47-1] order.- cs [Date Entered: 10/01/04, By: sf] |
| 10/01/2004 | -- | No | Motion(s) submitted: [50-1] motion for reconsideration of [47-1] order submitted. Case file to Judge Howard for consideration. [Date Entered: 10/01/04, By: sf] |
| 10/12/2004 | -- | No | Motion(s) submitted: [48-1] motion to Transfer Virginia Plaintiffs or Other Plaintiffs to Appropriate Venues. COPY OF UPDATED DOCKET SHEET TO JUDGE HOWARD. [Date Entered: 10/12/04, By: sf] |
| 11/09/2004 | 60 | Yes: 4 Page(s); 80 KB; PDF | Motion for class certification and summary judgment for pla. peanut farmers in other states, cs. [Date Entered: 01/05/05, By: dh] |
| 11/09/2004 | 61 | Yes: 11 Page(s); 390 KB; PDF | Memorandum by plaintiffs in support of [60-1] motion for class certification and summary judgment for pla. peanut farmers in other states, cs [Date Entered: 01/05/05, By: dh] |

| | | | |
|---|---|---|---|
| 11/22/2004 | 62 | Yes: 3 Page(s); 58 KB; PDF | Motion for setting of formula for calculation of damages and establishment of common fund for all class members, cs. [Date Entered: 01/05/05, By: dh] |
| 11/22/2004 | 63 | Yes: 25 Page(s); 922 KB; PDF | Memorandum in support of [62-1] motion for setting of formula for calculation of damages and establishment of common fund for all class members, cs. [Date Entered: 01/05/05, By: dh] |
| 11/29/2004 | 64 | Yes: 4 Page(s); 134 KB; PDF | Response by deft's in opposition to [60-1] motion for class certification and summary judgment for pla. peanut farmers in other states, cs. [Date Entered: 01/05/05, By: dh] |
| 12/09/2004 | 65 | Yes: 4 Page(s); 91 KB; PDF | Motion by plaintiffs for status conf. and hearing on pending pretrial issues, cs. [Date Entered: 01/05/05, By: dh] |
| 12/15/2004 | 66 | Yes: 2 Page(s); 37 KB; PDF | Motion by deft's for adoption of damages formula, cs. [Date Entered: 01/05/05, By: dh] |
| 12/15/2004 | 67 | No | Memorandum by deft's in support of [66-1] motion for adoption of damages formula, cs. [Date Entered: 01/05/05, By: dh] |
| 12/15/2004 | 67 | Yes: 26 Page(s); 992 KB; PDF | Response by deft's to [62-1] motion for setting of formula for calculation of damages and establishment of common fund for all class members, cs. [Date Entered: 01/05/05, By: dh] |
| 12/22/2004 | 68 | Yes: 3 Page(s); 60 KB; PDF | Motion to extend time to respond to deft's memorandum in support of deft's motion for adoption of damages...., cs. cy to Clerk w/p.o. [Date Entered: 01/05/05, By: dh] |
| 12/30/2004 | 69 | Yes: 1 Page(s); 26 KB; PDF | Order granting [68-1] motion to extend time to respond to deft's memorandum in support of deft's motion for adoption of damages....to and including ten (10) days from the date of service. signed by Michael D. Brooks, Acting Clk.. ccysserved 12/30/04. [Date Entered: 01/05/05, By: dh] |
| 01/06/2005 | -- | No | Motion(s) submitted: [66-1] motion for adoption of damages formula submitted, [65-1] motion for status conf. and hearing on pending pretrial issues submitted, [62-1] motion for setting of formula for calculation of damages andestablishment of common fund for all class members submitted, [60-1] motion for class certification and summary judgment for pla. peanut farmers in other states submitted. UPDATED DOCKET SHEET TO JUDGE HOWARD FOR CONSIDERATION. [Date Entered: 01/06/05, By: dh] |
| 01/10/2005 | 70 | Yes: 38 Page(s); 5636 KB; PDF | Reply to response to [62-1] motion for setting of formula for calculation of damages and establishment of common fund for all class members, cs. cy to Judge Howard. [Date |

| | | | |
|---|---|---|---|
| | | | Entered: 01/26/05, By: dh] |
| 01/26/2005 | 71 | Yes: 1 Page(s); 22 KB; PDF | Order denying [50-1] motion for reconsideration of [47-1] order signed by Malcolm J. Howard, US Judge. ccys served. [Date Entered: 01/26/05, By. dh] |
| 01/31/2005 | 72 | Yes: 13 Page(s); 476 KB; PDF | Deft's Reply to response to [66-1] motion for adoption of damages formula, cs. [Date Entered: 02/08/05, By: dh] |
| 09/22/2005 | 73 | Yes: 1 Page(s); 32 KB; PDF | Order denying [48-1] motion to Transfer Virginia Plaintiffs or Other Plaintiffs to Appropriate Venues. The court finds no basis for amending its July 22, 2004, order. signed by Malcolm J. Howard, US Judge. ccys served. [Date Entered: 09/22/05, By: dh] |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/28/2005 10:46:11 | | | |
| PACER Login: | bi0157 | Client Code: | peanuts |
| Description: | Docket Listing | Search Criteria: | 4 2 cv 159 |
| Billable Pages: | 11 | Cost: | 0.88 |

Electronic Case Manager™, the Premier Electronic Case File Manager

SEARCH   LOGIN   SUGGESTIONS   USER PREF'S   COURTWATCH   HELP   HOM

RACER U.S. District Court Case Search

# Docket Sheet for 4:05-cv-8 USDC North Carolina Eastern District

```
                    U.S. District Court
        Eastern District of North Carolina (New Bern)

            CIVIL DOCKET FOR CASE #: 05-CV-8

In re: Peanut Crop I v. Davidson              Filed: 11/09/04
Assigned to: Judge Malcolm J. Howard
Demand: $0,000                         Nature of Suit: 190
Lead Docket: None                      Jurisdiction: US Defendant
Dkt# in other court: None

Cause: 07:499 Agricultural Commodities Act


IN RE: PEANUT CROP INSURANCE      R. Daniel Boyce
LITIGATION, MDL-1634              [COR LD NTC]
     plaintiff                   Boyce & Isley, PLLC
                                 dboyce@boyceisley.com
                                 P. O. Box 1990
                                 Raleigh, NC 27602-1990
                                 919-833-7373
                                 FTS 833-7536

                                 L. Andrew Hollis, Jr.
                                  [term 02/23/05]
                                 [COR LD NTC]
                                 Hollis & Wright
                                 andyh@hollis-wright.com
                                 1750 Financial Ctr., 505 North
                                 20th St.
                                 Birmingham, AL 35203
                                 205-324-3600
                                 FTS 324-3636


                                 Paul C. Garrison
                                  [term 03/18/05]
                                 [COR LD NTC]
                                 Hollis & Wright, P.C.
                                 paulg@hollis-wright.com
                                 1750 Financial Ctr., 505 N.
                                 Twentieth St.
                                 Birmingham, AL 35203
                                 205-324-3600
                                 FTS 324-3636



        v.


ROSS J. DAVIDSON,                 Eric D. Goulian
```

EXHIBIT

2

Administrator for Risk
Management Agency
        defendant

[COR LD NTC]
U.S. Attorney's Office
Winnie.Reaves@usdoj.gov
310 New Bern Ave.

Suite 800
Raleigh, NC 27601-1461
919-856-4530
FTS 856-4821

```
IN RE: PEANUT CROP INSURANCE LITIGATION, MDL-1634

              plaintiff

  v.

ROSS J. DAVIDSON, Administrator for Risk Management Agency

              defendant
```

## Proceedings include all events

| Date Filed | Doc. No. | Image | Description |
|---|---|---|---|
| 11/09/2004 | 1 | No | Transfer Order - re: MDL 1634. signed by William Terrell Hodges, Chairman. [Date Entered: 01/20/05, By: dh] |
| 11/09/2004 | -- | No | Reference must be made to the individual docket sheet for entries relating only to individual actions. [Date Entered: 01/20/05, By: dh] |
| 01/21/2005 | 2 | Yes: 5 Page(s); 126 KB; PDF | Order - (ALL CASES) Practice and Procedure Order Number One Upon Transfer - (see order for details) signed by Malcolm J. Howard, US Judge. ccys served to Mr. Boyce, Mr. Goulian and Mr. Hollis. [Date Entered: 01/21/05, By: dh] |
| 01/21/2005 | 3 | Yes: 1 Page(s); 25 KB; PDF | Order Scheduling Hearing - (ALL CASES) Motion hearing before Judge Malcolm J. Howard scheduled for Thursday, February 17, 2005 at 10:00 a.m. in G'ville signed by Malcolm J. Howard, US Judge. ccys to Mr. Boyce, Mr. Goulianand Mr. Hollis. Cy to Becky Bowen for Court Reporter. Calendar Copy. [Date Entered: 01/21/05, By: dh] |
| 01/26/2005 | -- | No | Clerk's Office Received Second Consent Protective Order from counsel. Original forwarded to Judge Howard's Chamber. [Date Entered: 01/26/05, By: dh] |
| 01/27/2005 | 4 | Yes: 3 Page(s); 107 KB; PDF | Second Consent Protective Order - (Individual Cases: 4:04-CV-186-H2;187-H2;188-H2;189-H2;190-H2;191-H2) as to production of potential class members for the purpose of providing class notice...see order for complete details.signed by Malcolm J. Howard, US Judge. ccys served. [Date Entered: 01/27/05, By: dh] |
| 01/31/2005 | 5 | Yes: 2 Page(s); 47 KB; PDF | Deft's Motion for adoption of damages formula in transferred cases. Filed in Case No's. 4:04-CV-186-H2; 187-H2, 188-H2; 189-H2; 190-H2 and 191-H2. cy to Judge Howard 2/2/05. [Date Entered: 02/08/05, By: dh] |

| 01/31/2005 | 6 | Yes: 2 Page(s); 57 KB; PDF | Deft's Motion to dismiss or alternatively for summary judgment in transferred cases, cs. Individual Case No's. 4:04-CV-186-H2; 187-H2; 188-H2; 189-H2; 190-h2 and 191-H2. cy to Judge Howard 2/2/05. [Date Entered: 02/08/05, By: dh] |
|---|---|---|---|
| 02/15/2005 | 7 | Yes: 9 Page(s); 272 KB; PDF | Notice of Filing by defendants of Declaration of David Clauser in support of their Motion for Adoption of Damages Formula - Individual Cases 4:04-CV-159-H2; 186-H2; 187-H2; 188-H2; 189-H2; 190-H2 and 191-H2, cs. w/attachments. [Date Entered: 02/17/05, By: dh] |
| 02/17/2005 | -- | No | Motion hearing held in G'ville before Judge Malcolm J. Howard. Courtroom Deputy - Delsia Heath. Court Reporter - Edith Thompson. Plaintiff's Counsel - R. Daniel Boyce, Eugene Boyce & Paul Garrison, Alabama Attorney. Defendant'sCounsel - Eric Goulian, AUSA, EDNC, Kent Porter, AUSA, EDVA, Don Brittenham, Atty. with USDA and Mark Simpson, Atty. with USDA. Court reviews history of case and pending motions. Court hears argument from counsel as to the issue of class certification and the issue of damages calculation formula and establishment of common fund. Plaintiff presentsevidence by sworn testimony. Court directs counsel to draft Proposed Orders as to the issue of Class Action and Formula and a draft of the Judgment. Proposed Orders to be forward to the Court by the first of March. Court sets StatusConference for Tuesday, March 15, 2005. Total Hearing Time 3 hrs. [Date Entered: 02/17/05, By: dh] |
| 02/17/2005 | 8 | Yes: 4 Page(s); 103 KB; PDF | (ALL CASES) Motion by plaintiff peanut farmersfor discovery order compelling production of documents, cs. [Date Entered: 02/17/05, By: dh] |
| 02/17/2005 | 9 | Yes: 12 Page(s); 378 KB; PDF | (ALL CASES) Memorandum in support of [8-1] motion for discovery order compelling production of documents, cs. [Date Entered: 02/17/05, By: dh] |
| 02/17/2005 | 10 | Yes: 9 Page(s); 240 KB; PDF | Motion by Class Counsel on behalf of potential class members, with memorandum in support of for certification of national class action. Individual Cases 4:02-CV-159-H2; 186-H2; 187-H2; 188-H2, 189-H2, 190-H2 and 191-H2, cs. [Date Entered: 02/17/05, By: dh] |
| 02/23/2005 | -- | No | Issued Notice of Hearing: setting status conference before Judge Malcolm J. Howard for 10:00 3/15/05 in G'ville. cys served. Copy to Becky for Court Reporter. [Date Entered: 02/23/05, By: dh] |
| | | | Amended Certificate of service by In re: Peanut Crop Ins Litigation - re: Motion for Certification of Nationa Class |

| 02/23/2005 | 11 | Yes: 2 Page(s); 46 KB; PDF | Action (and Incorporated Memo. of Law) - Individual Cases 4:02-CV-159-H2; 4:04-186; 4:04-187; 4:04-188; 4:04-189;4:04-190 and 4:04-191. [Date Entered: 02/24/05, By: dh] |
|---|---|---|---|
| 02/25/2005 | 12 | Yes: 3 Page(s); 62 KB; PDF | Document filed by plaintiff titled: (ALL CASES) Memorandum of Additional Points and Authorites, cs. cy to Judge Howard. [Date Entered: 03/01/05, By: dh] |
| 03/01/2005 | 13 | No | Notice of Filing by Ross J. Davidson - (ALL CASES) of Proposed Order. [Date Entered: 03/03/05, By: dh] |
| 03/01/2005 | -- | No | Letter date 3/1/05 From: Dan Boyce Re: Proposed Final Judgment [Date Entered: 03/03/05, By: dh] |
| 03/03/2005 | 14 | Yes: 6 Page(s); 115 KB; PDF | (ALL CASES) Response in opposition by Ross J. Davidson to [8-1] motion for discovery order compelling production of documents, cs. [Date Entered: 03/11/05, By: dh] |
| 03/04/2005 | 15 | Yes: 3 Page(s); 59 KB; PDF | (ALL CASES) Motion by plaintiff to file amended memor. in support of motion for certificaiton of Nat'l. Class Action, cs. [Date Entered: 03/11/05, By: dh] |
| 03/04/2005 | 16 | Yes: 14 Page(s); 450 KB; PDF | (ALL CASES) Amended Memorandum in support of [15-1] motion to file amended memor. in support of motion for certificaiton of Nat'l. Class Action, cs cy to Judge Howard [Date Entered: 03/11/05, By: dh] |
| 03/07/2005 | -- | No | Transcript Filed - regarding motion hearing on 2/17/05 before Judge Malcolm J. Howard in G'ville - Court Reporter - Edith Thompson [Date Entered: 03/11/05, By: dh] |
| 03/09/2005 | 17 | Yes: 5 Page(s); 105 KB; PDF | (ALL CASES) Notice of Filing by Ross J. Davidson of Exhibit 3 to declaration of David Clauser. cy to Judge Howard. [Date Entered: 03/11/05, By: dh] |
| 03/09/2005 | 18 | Yes: 2 Page(s); 47 KB; PDF | (ALL CASES) Motion by Ross J. Davidson to re-schedule status conf., cs. cy to Judge Howard. [Date Entered: 03/11/05, By: dh] |
| 03/09/2005 | 19 | Yes: 1 Page(s); 22 KB; PDF | (ALL CASES) Order granting [18-1] motion to re-schedule status conf., reset status conference before Judge Malcolm J. Howard for 3/18/05 in jury room in G'ville signed by Malcolm J. Howard, US Judge. ccys served. CalendarCopy. [Date Entered: 03/11/05, By: dh] |
| 03/23/2005 | -- | No | Motion(s) submitted: [15-1] motion to file amended memor. in support of motion for certificaiton of Nat'l. Class Action submitted, [10-1] motion for certification of national class action submitted, [8-1] motion for discoveryorder compelling production of documents submitted, [6-1] motion to dismiss submitted, [5-1] motion for adoption of |

| | | | damages formula in transferred cases submitted. CASE FILE TO JUDGE HOWARD FOR CONSIDERATION. [Date Entered: 03/23/05, By: dh] |
|---|---|---|---|
| 03/24/2005 | 20 | Yes: 8 Page(s); 308 KB; PDF | (ALL CASES) Response by Ross J. Davidson in opposition to [10-1] motion for certification of national class action, cs. Copy to Judge Howard. [Date Entered: 03/30/05, By: dh] |
| 03/25/2005 | 21 | No | (ALL CASES) Motion by In re: Peanut Crop Ins. for class certification and summary judgment for pla. peanut farmers in other states, cs. Copy to Judge Howard. [Date Entered: 03/30/05, By: dh] |
| 03/25/2005 | 21 | Yes: 3 Page(s); 67 KB; PDF | (ALL CASES) Motion by In re: Peanut Crop I for summary judgment and motion for setting of formula for calculation of damages and establishment of common fund for all class members in transferred cases, cs. Copy to Judge Howard. [Date Entered: 03/30/05, By: dh] |
| 03/25/2005 | 22 | Yes: 3 Page(s); 43 KB; PDF | (ALL CASES) Notice of Filing by In re: Peanut Crop Ins. of exhibits introduced at the Status Hearing on March 18, 2005, w/attached exhibits, cs. Copy to Judge Howard. [Date Entered: 03/30/05, By: dh] |
| 03/31/2005 | 23 | Yes: 5 Page(s); 140 KB; PDF | (ALL CASES) Order granting plaintiff's [21-1] motion for class certification and summary judgment for pla. peanut farmers in other states, denying defendant's [6-1] motion to dismiss. Deft's motion for reconsideration is also denied. Pla's motion for class certification is granted and class counsel and class representatives were appointed as stated in this order (see order for details.) Class counsel shall send class notice to all potential class members as soon as practicable as required by Federal Rule of Civil Procedure 23. signed by Malcolm J. Howard, USJudge. ccys served. [Date Entered: 03/31/05, By: dh] |
| 03/31/2005 | 24 | Yes: 8 Page(s); 239 KB; PDF | Order granting in part, denying in part [21-1] motion for setting of formula for calculation of damages and establishment of common fund for all class members in transferred cases, granting in part, denying in part [5-1] motion for adoption of damages formula in transferred cases. The formula as established in this order shall be used in calculating the total damages due to each individual class member (see order for details.) signed by Malcolm J. Howard, US Judge. ccys served. [Date Entered: 03/31/05, By: dh] |
| 04/08/2005 | 25 | Yes: 3 Page(s); 52 KB; PDF | (ALL CASES) Motion by In re: Peanut Crop I to extend time to file reply brief, cs. cy to Judge Howard. [Date Entered: 04/08/05, By: dh] |
| | | | (ALL CASES) Order granting [25-1] motion to extend time |

| | | | |
|---|---|---|---|
| 04/08/2005 | 26 | Yes: 1 Page(s); 18 KB; PDF | to file reply brief to deft's opposition to pla's motion for certification of national class action. Reply to Response to Motion reset to 4/20/05 for [10-1] motion forcertification of national class action signed by Malcolm J. Howard, US Judge. ccys served. [Date Entered: 04/08/05, By: dh] |
| 04/20/2005 | 27 | No | (ALL CASES) Reply by In re: Peanut Crop to response to [10-1] motion for certification of national class action, cs. [Date Entered: 04/22/05, By: dh] |
| 04/22/2005 | -- | No | Motion(s) submitted: [10-1] motion for certification of national class action submitted. CASE FILE TO JUDGE HOWARD FOR CONSIDERATION. [Date Entered: 04/22/05, By: dh] |
| 05/03/2005 | 28 | Yes: 10 Page(s); 459 KB; PDF | (ALL CASES) Order On Notice To Class Members - the Notice to Class Members is hereby approved. Class counsel are hereby Ordered to send the Class Notice to each member of the Class as soon as practicable. signed by Malcolm J.Howard, US Judge. ccys served. Individual Case Nos: 4:04-186; 4:04-187; 4:04-188; 4:04-189; 4:04-190; 4:04-191 & 4:05-2. [Date Entered: 05/03/05, By: dh] |
| 09/06/2005 | 29 | Yes: 13 Page(s); 372 KB; PDF | Motion by In re: Peanut Crop Insurance Litigation to begin class administration and request for status conference, cs. Copy to Judge Howard. [Date Entered: 09/13/05, By: dh] |
| 09/06/2005 | 30 | Yes: 17 Page(s); 580 KB; PDF | Renewed Motion by In re: Peanut Crop Insurance Litigation to certify this case as a national class action and supplemental memorandum of additional points and authorities, cs. Copy to Judge Howard. [Date Entered: 09/13/05, By: dh] |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/28/2005 11:31:56 | | |
| PACER Login: | bi0157 | Client Code: | peanuts |
| Description: | Docket Listing | Search Criteria: | 4 5 cv 8 |
| Billable Pages: | 4 | Cost: | 0.32 |

Electronic Case Manager™ - *the Premier Electronic Case File Manager!*

Scanned

FILED-CLERK
U.S. DISTRICT COURT
04 NOV -1 PM 12:58
TX EASTERN-MARSHALL
BY_____

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 6 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1634*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PEANUT CROP INSURANCE LITIGATION  2:03CV120

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of seven actions listed on the attached Schedule A and pending, respectively, in the Middle District of Alabama, the Northern District of Florida, the Middle District of Georgia, the Eastern District of North Carolina, the District of South Carolina, the Eastern District of Texas, and the Eastern District of Virginia [1]. Plaintiffs in the seven actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of North Carolina. The defendants in the actions, who are the United States, two United States Government officials, and three United States departments or agencies, oppose transfer. If the Panel determines to order transfer over their objections, then these defendants suggest that the Eastern District of Virginia would be an appropriate transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiff peanut farmers in each action allege that common defendants on or after May 13, 2002, unlawfully and unilaterally imposed modifications to the Multiple Peril Crop Insurance Policy for Year 2002, which changed the plaintiff farmers' insurance coverage by reducing it from $.31 to $.1775 per pound of peanuts. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to jurisdictional and class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

Objecting defendants have argued that Section 1407 transfer would circumvent the requirements of 7 U.S.C. § 1508 (j)(2)(a), which provides that actions on crop insurance claims may

---

[1] The Section 1407 motion, as originally filed, also pertained to an additional action brought in the United States Court of Federal Claims. Movants subsequently withdrew this action from the list of actions encompassed by their motion in recognition of the fact that the action had been dismissed and was on appeal. Also, the Panel has been notified of one additional related action recently filed in the Middle District of Alabama. In light of the Panel's disposition of this docket, this action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001)



EXHIBIT
3

- 2 -

be brought only in the district court for the district in which the insured farm is located. Opponents argue that because of this clear Congressional mandate that a federal court, in a particular district, possesses exclusive jurisdiction to entertain certain farmers' crop insurance claims, the Panel cannot or should not exercise its Section 1407 authority to transfer multiple such actions to a single district for coordinated or consolidated pretrial proceedings. We note, however, that in considering transfer under Section 1407, the Panel is not encumbered by considerations of venue. *In re Great Western Ranches Litigation*, 369 F.Supp. 1406, n.1 (J.P.M.L. 1974). An opposite conclusion would frustrate the essential purpose of Congress in enacting Section 1407 and providing for transfer of civil actions to "any district" by the Panel, namely, to permit centralization in one district of all pretrial proceedings when civil actions involving one or more common questions of fact are pending in different districts. *See In re Matter of New York City Municipal Securities Litigation*, 572 F.2d 49 (2nd Cir. 1978). We also note that any action transferred under Section 1407 for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court will be remanded to its transferor district for trial. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001).

     In concluding that the Eastern District of North Carolina is an appropriate forum for this docket, we note that the proceedings are furthest advanced in that district, which is also well equipped with the resources that this docket is likely to require.

     IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of North Carolina are transferred to the Eastern District of North Carolina and, with the consent of that court, assigned to the Honorable Malcolm J. Howard for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

                                        FOR THE PANEL:

                                        _____
                                        Wm. Terrell Hodges
                                        Chairman

SCHEDULE A

MDL-1634 -- In re Peanut Crop Insurance Litigation

Middle District of Alabama    MDAL

Terry E. Beasley, et al., v. Ross J. Davidson, et al., C.A. No. 1:03-500

Northern District of Florida    NDFL

Florida Peanut Farmers, et al. v. Ross J. Davidson, et al., C.A. No. 5:03-107

Middle District of Georgia    MDGA

Georgia Peanut Farmers, et al v. Ross J. Davidson, et al., C.A. No. 1:03-175

Eastern District of North Carolina    EDNC

Marvin Taylor Barnhill, et al v. Ross J. Davidson, et al., C.A. No. 4:02-159

District of South Carolina    SCD

Wallace A. Berry, et al v. Ross J. Davidson, et al., C.A. No. 3:03-1631

Eastern District of Texas    EDTX

Texas Peanut Farmers, et al. v. Ross J. Davidson, et al., C.A. No. 2:03-120

Eastern District of Virginia    EDVA

Tom Clements, et al v. Ross J. Davidson, et al., C.A. No 2:03-352



PK:DMC:JVanneman
154-03-445

U.S. Department of Justice

Civil Division

Telephone: (202) 307-1011
Fax:        (202) 514-8624

*Washington, D.C. 20530*

August 15, 2003

Mr. R. Daniel Boyce
Boyce & Isley
Post Office Box 1990
Raleigh, North Carolina 27602-1990

Re:  Texas Peanut Farmers, et al. v. United States,
     No. 03-445C (Fed. Cl.)

Dear Mr. Boyce:

This letter is to respond, on behalf of the United States Department of Justice, to your letter dated July 30, 2003. In your letter, you propose a dismissal of this action, subject to a variety of conditions. We cannot agree to your proposal, for the following reasons.[1/]

Jurisdiction. As a threshold matter, there is a specific statutory provision that provides that jurisdiction to entertain these types of claims resides exclusively in the Federal district court in which the peanut farm is located. Given the sovereign immunity issues involved when a party sues the United States, the parties cannot stipulate to jurisdiction in a court in which jurisdiction does not properly lie. Therefore, it is not possible for all of the cases that you have filed on behalf of peanut farmers in various district courts to be adjudicated all in one district court, the Eastern District of North Carolina (the first case you filed).

---

[1/]  We are still researching various issues, so this letter is a preliminary response. We reserve the right to amend and/or supplement our response to your letter at a later date.

EXHIBIT
4

-2-

The statute at issue that governs claims involving Federal crop insurance is 7 U.S.C. §1508(j)(2)(A).[2/]  See <u>Williams Farms of Homestead, Inc. v. Rain and Hail Insurance Services</u>, 121 F.3d 630 (11th Cir. 1997).  This statute governs jurisdiction and cannot be waived.  Therefore, we cannot enter into the type of "stipulation" that you propose.

As we establish in our motion to dismiss, the Court of Federal Claims lacks jurisdiction to entertain the suit.  Each plaintiff must file his or her suit in the appropriate district court, that is, the court in which his or her farm(s) are located.[3/]

In addition, even if the potentially dispositive issues (e.g., alleged breach of contract and violation of due process) are purely issues of law, all of the remaining issues would clearly be fact-bound (e.g., whether there was an insurable cause of loss, whether each individual farmer complied with all of the terms and conditions of the insurance policy).  These and other factual issues (including potential damages issues) may depend

_____

[2/]  In our motion to dismiss, we established that a plaintiff peanut farmer who holds Federal crop insurance must file in an appropriate district court.  While we cited 7 U.S.C. §1506(d)(any suit against the Corporation shall be brought in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business), it is the section cited above, 7 U.S.C. §1508(j)(2)(A), that is more specific and governs here.  The statute, 7 U.S.C. §1508(j)(2)(A), requires that a plaintiff, such as the ones you represent, who asserts a claim for indemnity, must file in the district court in which the insured farm is located.

[3/]  For a listing of district courts and their areas of jurisdiction, <u>see</u> 28 U.S.C. Chapter 5, §81 (Alabama), §89 (Florida), §90 (Georgia), §113 (North Carolina), §121 (South Carolina), §124 (Texas), §127 (Virginia).

In your letter, you also refer to 28 U.S.C. §1407, governing multidistrict litigation.  If you are aware of any authority that would permit the type of transfer to one court, in suits involving the United States involving the types of jurisdictional issues raised in these cases, we would consider any such authority.

-3-

upon key dates and/or conditions in a particular state and/or peanut-growing region. As another example, there may be important factual differences among peanut-growing regions, states, and counties, and among the plaintiffs, that would affect the merits issues. Further, the opinion that you proffer as an expert opinion (Mr. Gary Bullen) in the North Carolina motion for partial summary judgment provided his opinions only with respect to peanut crop insurance in North Carolina and Virginia (with only tangential reference to South Carolina). Mr. Bullen's affidavit contains no information on any of the other peanut-growing regions at issue in the other cases (e.g., Georgia, Florida, Alabama, Texas).

In sum, it is too early in these sets of cases to reach any possible agreement on any global treatment of these cases. Accordingly, even if there were no jurisdictional or other bars to consolidation, we cannot agree at this time to your proposal to litigate all of the cases in one district court, given the potentially wide variety of factual scenarios among plaintiffs and peanut-growing regions and states.

**Transfer.** For the same reasons, we cannot stipulate to a transfer of all of the cases to the one case that you filed in the Eastern District of North Carolina. As we established above, the court in North Carolina lacks jurisdiction to entertain claims brought by plaintiffs whose farms are located in another state.

Indeed, for the same reasons, the court in North Carolina may lack jurisdiction to entertain the claim of any particular plaintiff named in that suit if the person's farm is located outside the boundaries of the Eastern District of North Carolina in which you filed. This applies not only to the plaintiffs whose farms are located in Virginia or South Carolina, but also to those whose farms may be located in the Middle or Western Districts of North Carolina.

As another example, only approximately twenty of the more than fifty plaintiffs named in the suit that you filed in the Eastern District of Texas have farms located in that district; other named plaintiffs have farms located in the other three districts for Federal district courts in Texas.

5

-4-

We are still in the process of reviewing all the named plaintiffs in each suit that you have filed in the several states. There may be other examples of these problems as well with respect to plaintiffs in the other states.

One trial court disposition, one circuit court of appeals. Similarly, because the district court in North Carolina would not possess jurisdiction to entertain the claims of farmers in other Circuits, we cannot agree to only one "trial court disposition," with an appeal to only one Circuit Court, as you suggest. (Further, we do not agree to trial by jury, one of your other conditions.)

Information requested. It is your burden to establish jurisdiction on behalf of each individually-named plaintiff for the court(s) in which you file. I have consulted with many of the Assistant United States Attorneys assigned to these cases and with agency counsel and we request that you provide the following information (some of which is not available to the Government). We request this information so that we may ascertain whether the named plaintiffs in each of the complaints that you have filed are individuals whose "farms" are located in the respective (appropriate) districts and so that we may also determine other

_____

[1]/ We recognize that it may be that an individual who owns a farm for which the farm property boundaries extend beyond more than one county line, or who owns more than one farm in more than one state (and/or more than one district within a state), may properly be named in more than one district court complaint. 7 U.S.C. §1508(j)(2)(A).

-5-

facts relating to other issues that are potentially
jurisdictional in nature (see discussion below):

1.    name of plaintiff[5/];
2.    address of farm (include county);
3.    address of residence (include county);
4.    farm number (number assigned by the Farm Services Agency
      (FSA) and any other pertinent numbers associated with the
      crop insurance program;
5.    name and address of plaintiff's insurance company;
6.    whether the plaintiff filed a claim with his or her
      insurance company (and if so, the date), and if so;
      a.    whether the claim was allowed (and if so, the date), or
      b.    whether the claim was denied (and if so, the date);
            and,
7.    whether the plaintiff filed any notice of appeal to the
      National Appeals Division (NAD), United States Department of
      Agriculture (and if so, the date).

I believe that the most prudent course would be to
clarify and correct these jurisdictional and other matters
before proceeding in any of the district courts on the merits or
any other matters.

    <u>Other defenses</u>.  We also wish to make clear that, even
though one or more of the plaintiffs may be named in the
appropriate district court, the Government reserves the right to
assert other defenses (which may or may not be jurisdictional in
nature), and if we prevail, these defenses would result in a
dismissal of that plaintiff's action.  These potential defenses
include: statute of limitations and/or other time-bars, and/or
failure to exhaust administrative remedies.

---

[5/]    Please ensure the correct spelling of names.  For example,
for some of the plaintiffs in the complaint filed in the Court of
Federal Claims and also in the Eastern District of Texas, the
names are spelled differently.

    You should also be aware that there is an inconsistency in
your filings; for example, in the Texas complaint, some of the
named plaintiffs are listed in the caption of the complaint but
not listed in the text of the complaint, while some are in the
text of the complaint but not listed in the style of the caption.

- 6 -

In addition, there may be other reasons to support the denial of a plaintiff's claim (e.g., whether the plaintiff complied with all the terms and conditions of the insurance policy), which also might support dismissal of the action. Therefore, even if any of the individually-named plaintiffs are or will be in the correct district court, there may be other defenses (in addition to the merits) that would warrant dismissal of the plaintiff's action.

\* \* \*

If you have any questions, please feel free to telephone me at (202) 307-1011 (or on my direct line if you are unable to reach me at the main number).

Very truly yours,

JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division

cc:  Mr. Eric Goulian (AUSA, North Carolina)
     Mr. Rand Neeley (AUSA, Alabama)
     Ms. Pat Stout (AUSA, Georgia)
     Ms. Ruth Yeager (AUSA, Texas)
     Mr. Bryan Wilson (AUSA, Florida)
     Ms. Terri Bailey (AUSA, South Carolina)
     Mr. Kent Porter (AUSA, Virginia)
     Ms. Kim Arrigo (USDA, OGC, Washington, D.C.)
     Mr. Mark Simpson (USDA, OGC, Atlanta)

# BOYCE & ISLEY, PLLC

ATTORNEYS AT LAW
LAWYERS WEEKLY BUILDING, SUITE 100
POST OFFICE BOX 1990
RALEIGH, NORTH CAROLINA  27602-1990

G. Eugene Boyce
R. Daniel Boyce
Philip R. Isley
Laura Boyce Isley

107 Fayetteville Street Mall
Raleigh, North Carolina 27601

Telephone: (919) 833-7373
Facsimile: (919) 833-7536

November 5, 2004

(VIA FACSIMILE 856-4821
AND UNITED STATES MAIL)

Mr. Eric D. Goulian
Assistant U. S. Attorney
310 New Bern Avenue
Suite 800
Raleigh, North Carolina  27601-1461

Re:    Barnhill *et al* v. Davidson, *et al*
       No. 4:02-CV-159-H(4)

Dear Eric:

As you know, the Judicial Panel on Multidistrict Litigation has issued its Order transferring all cases to the Eastern District of North Carolina. I am requesting that the Court hold a status conference and hearing on the transfer and any other pending motions. Please advise what, if any, issues you would like to be discussed at the hearing, along with any proposed dates for the hearing. I will check with the Clerk's Office to see the next available hearing date that is mutually convenient. If you can give me several weeks in which you are available, I will try to find a mutually acceptable date. If I do not hear from you by November 11, 2004, I will assume that you do not wish to agree to any of the above information.

Also, please advise whether the Government is willing to furnish names of all potential class members in the other states. We received the Court's Order regarding notice to the class members in the Eastern District of North Carolina. We compared the list the Government provided with our internal list of clients and found that there were almost 100 clients who were not considered class members according to the Government's document that you submitted. Before requesting that the Court resolve this matter, it might be that there is some way to resolve this issue. It would be helpful if the Government can go ahead and voluntarily furnish the name of all potential class members in each of the states so we can be working on similar information. Please advise whether you will voluntarily provide this information (we will be happy to enter a similar stipulation or order regarding confidentiality.) If the Government is not willing to provide the information, we will have no recourse but to file a motion with the Court.

EXHIBIT
5

Mr. Eric Goulian
November 5, 2004
Page 2

Thank you for your prompt attention to these matters.

Sincerely yours,

BOYCE & ISLEY, PLLC

R. Daniel Boyce

/sj
Enclosure
[11/5/04 ltr e goul]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 4:02-CV-159-H(4)

| | | |
|---|---|---|
| MARVIN TAYLOR BARNHILL et al., | ) | |
| Plaintiffs, | ) | |
| | ) | DEFENDANTS' RESPONSE TO |
| v. | ) | PLAINTIFFS' FIRST SET OF |
| | ) | INTERROGATORIES |
| ROSS J. DAVIDSON, ADMINISTRATOR, | ) | |
| RISK MANAGEMENT AGENCY, et al. | ) | |
| Defendants. | ) | |

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, defendants hereby

respond as follows to Plaintiffs' First Set of Interrogatories:

INTERROGATORY NO. 1: Provide the total amount of indemnity paid at $.1775 per pound on
the 2002 Multiple Peril Crop Insurance (MPCI) contract for losses by peanut farmers in the
following states including each district in each state:

    a.      Alabama: Middle District, Northern District, and Southern District;
    b.      Florida: Middle District, Northern District, and Southern District;
    c.      Georgia: Middle District, Northern District, and Southern District;
    d.      North Carolina: Eastern District, Middle District, and Western District;
    e.      South Carolina District Court;
    f.      Texas: Eastern District, Northern District, Southern District and Western District
    g.      Virginia: Eastern District and Western District.

INTERROGATORY NO. 2:  Provide the total number of peanut farmers who had MPCI
coverage under the 2002 MPCI policy in the following states that were entitled to recover under
the 2002 MPCI policy for losses in the 2002 crop year (including each district in each state for
the following states):

    a.      Alabama: Middle District, Northern District, and Southern District;
    b.      Florida: Middle District, Northern District, and Southern District;
    c.      Georgia: Middle District, Northern District, and Southern District;
    d.      North Carolina: Eastern District, Middle District, and Western District;
    e.      South Carolina District Court;
    f.      Texas: Eastern District, Northern District, Southern District and Western District
    g.      Virginia: Eastern District and Western District.



EXHIBIT
6
tabbies

RESPONSE:  Defendants object to Interrogatories Nos. 1 and 2 as overbroad in at least

two respects.  First, both interrogatories encompass losses by peanut farmers whose farms would

not have been assigned quota even in the absence of the 2002 Farm Bill.  Second, they

encompass losses by peanut farmers in districts other than those in which parallel civil actions

have been filed.

Without waiving the foregoing objections, Defendants have compiled a listing of all

peanut farmers who were paid an indemnity in 2002 in each of the districts where parallel civil

actions were filed, including the amount of the indemnity paid to each farmer.  This listing will

be provided to plaintiffs upon the Court's approval of the Second Consent Protective Order.

This the 17th day of December, 2004.

FRANK D. WHITNEY
United States Attorney

R. A. RENFER, JR.
Assistant United States Attorney
Chief, Civil Division

ERIC D. GOULIAN
Assistant United States Attorney
310 New Bern Avenue
Raleigh, North Carolina 27601-1461
Telephone:  (919) 856-4356
Fax:          (919) 856-4487
Counsel for Defendants

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed by first class mail on this 17th day of
December, 2004 to R. Daniel Boyce, Esq., P.O. Box 1990, Raleigh, NC, 27602-1990.

Eric D. Goulian
Assistant United States Attorney

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

FILED
8/12/05
US DISTRICT COURT, EDNC

In Re: Peanut Crop Insurance          )          Master Docket Case No.
Litigation, MDL-1634                  )              4:05-CV-8-H2
                                      )              (ALL CASES)

---

## MOTION FOR DISCOVERY ORDER COMPELLING
## PRODUCTION OF DOCUMENTS

---

NOW COME Plaintiff Peanut Farmers ("Plaintiffs"), by and through the undersigned

counsel, and move the Court to compel Defendants to produce previously requested documents

pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure and Local Rule 7.1 EDNC.

As grounds for this Motion, Plaintiffs show the Court as follows:

1.    Plaintiffs have served one set of Interrogatories during the litigation of this case

which included only two requests.  Interrogatory No. 1  requested Defendants to provide the total

amount of indemnity paid at $.1775 per pound on the 2002 Multiple Peril Crop Insurance

(MPCI) contract for losses by peanut farmers in the following states including each district in

each state:

      a.     Alabama: Middle District, Northern District, and Southern District;
      b.     Florida: Middle District, Northern District, and Southern District;
      c.     Georgia: Middle District, Northern District, and Southern District;
      d.     North Carolina: Eastern District, Middle District, and Western District;
      e.     South Carolina District Court;
      f.     Texas: Eastern District, Northern District, Southern District and Western
           District;
      g.     Virginia: Eastern District and Western District

2.    Interrogatory No. 2 requested that Defendants provide the total number of

peanut farmers who had MPCI coverage under the 2002 MPCI policy in the following states that

EXHIBIT
7

were entitled to recover under the 2002 MPCI policy for losses in the 2002 crop year (including each district in each state for the following states):

    a.    Alabama: Middle District, Northern District, and Southern District;
    b.    Florida: Middle District, Northern District, and Southern District;
    c.    Georgia: Middle District, Northern District, and Southern District;
    d.    North Carolina: Eastern District, Middle District, and Western District;
    e.    South Carolina District Court;
    f.    Texas: Eastern District, Northern District, Southern District and Western District;
    g.    Virginia: Eastern District and Western District.

3.    Defendants' response was as follows:

"Defendants object to Interrogatories Nos. 1 and 2 as overbroad in at least two respects. First, both interrogatories encompass losses by peanut farmers whose farms would not have been assigned quota even in the absence of the 2002 Farm Bill. Second, they encompass losses by peanut farmers in districts other than those in which parallel civil actions have been filed."

4.    Class Counsel also request that the Court order similar information for all similarly situated Plaintiffs in all districts in each state.

5.    In order to show a good faith effort in resolving disputes on discovery, undersigned counsel mailed a letter to AUSA Eric Goulian, as well as left a telephone message, asking if there was any way to resolve the differences. AUSA Goulian advised the Government stands by its previously stated position. He advised he would send a letter to that effect; but as of the date of this motion, the letter has not been received.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court compel the Defendants to produce the previously requested information and documents as requested in Plaintiffs' First Set of Interrogatories as well as the same information for all districts in each state where similarly situated farmers resided and farmed in 2002 and suffered losses covered by the 2002 MPCI contract.

Respectfully submitted, this the 17th day of January, 2005.

BOYCE & ISLEY, PLLC

R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, North Carolina  27602-1990
Telephone:  (919) 833-7373
Facsimile:  (919) 833-7536
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this day a copy of the foregoing *Motion*

*for Discovery Order Compelling Production of Documents* was served upon counsel of record

in this action by depositing a copy thereof in the United States mail, postage prepaid, and

addressed as follows:

>  Eric Goulian
>  Assistant U. S. Attorney
>  Suite 800, Federal Building
>  310 New Bern Avenue
>  Raleigh, NC 27601-1464

This the 17ᵗʰ day of January, 2005.

R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, North Carolina 27602-1990
Telephone: (919) 833-7373
Facsimile: (919) 833-7536