# TABLE OF AUTHORITIES

## CASES

Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.) .......... 1, 4, 15

Illinois Municipal Retirement Fund v. Citigroup, Inc., 391 F.3d 844 (7th Cir. 2004) .......... 11

In re Peanut Crop Insurance Litigation, 342 F.Supp.2d 1353 (JPML, 2004).......... passim

Texas Peanut Farmers v. United States, 409 F.3d 1370 (Fed. Cir. 2005) .......... 1

Wiatt v. Merck & Company, 2005 WL 1799740 (W.D. Wa, 2005) .......... 11

## STATUTES

7 U.S.C. §1506(d).......... passim

7 U.S.C. §1508(j)(2)(A) .......... passim

28 U.S.C. §81.......... 8

28 U.S.C. §89.......... 8

28 U.S.C. §90.......... 8

28 U.S.C. §113.......... 5

28 U.S.C. §121.......... 8

28 U.S.C. §124.......... 8

28 U.S.C. §1407.......... 10

28 U.S.C. §1631.......... passim

Ex 13

# TABLE OF CONTENTS

Page(s)

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR TRANSFER OF THIS CASE TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION . . . . . . . . 1

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1. Status of Claims Pending Before Eastern District of North Carolina, Transferred by JPML . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   A. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   B. JPML Transfer Order and Status of Claims Pending Before Eastern District of North Carolina . . . . . . . . . . . . . . . . . . . . . . . . . 4

2. Defendant's Proposed Procedure - Transfer Pursuant to 28 U.S.C. §1631 . . . . . . 6

   A. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   B. Two Categories of Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      1. Plaintiffs Whose Farms Are Located Within One Of the Judicial Districts in the Five States . . . . . . . . . . . . . . . . . . . . . 7

      2. Plaintiffs Whose Farms Are Not Located In The Judicial Districts In The Five States . . . . . . . . . . . . . . . . . . . . 7

      3. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3. It Is Not Necessary For This Court To Notify the JPML Of the Pendency of Potentialf "Tag-Along" Actions in This Court And/or In District Courts Other Than Those Already Subject to the JMPL Order . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## MISCELLANEOUS

"The Judicial Panel and the Conduct of Multidistrict Litigation,:" 87 Harv.L.Rev.1001 (1974) ........ 11

JPML Rules, 199 F.R.D. 425 (2001)........ 11

JPML Rule 1.1........ 11

INDEX TO APPENDIX

Page

Letter, September 6, 2005, from counsel for plaintiffs, Mr. R. Daniel Boyce to The Honorable Nancy Firestone .......... 1

Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.), Order, July 22, 2004 (summary judgment, class certification) .......... 11

Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.), Order, January 21, 2005(practice and procedure order, pursuant to JPML transfer) .......... 61

Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.), Order, March 31, 2005(damage formula) .......... 66

Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.), Order, March 31, 2005(summary judgment in transferee cases; district-wide class) .......... 74

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TEXAS PEANUT FARMERS, et al. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-445C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR TRANSFER OF THIS CASE TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Introduction

Pursuant to the Court's Order dated September 9, 2005, defendant, the United States, respectfully files this opposition to plaintiffs' motion to notify the Judicial Panel on Multidistrict Litigation (JPML) that this case may be a "tag-along" action to the action that the JPML transferred, In re Peanut Crop Insurance Litigation, 342 F.Supp.2d 1353 (JPML, 2004), to the United States District Court for the Eastern District of North Carolina. Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.).

The case before this Court is on remand from the United States Court of Appeals for the Federal Circuit. Texas Peanut Farmers v. United States, 409 F.3d 1370 (Fed. Cir. 2005)(7 U.S.C. §1508(j); 7 U.S.C. §1506(d)). The Federal Circuit affirmed this Court's order, which held that the Court of Federal Claims lacks jurisdiction to entertain plaintiffs' crop insurance claims because the judicial district of the district court in which the farm is located possesses exclusive

jurisdiction to entertain the claims. 7 U.S.C. §1508(j)(2)(A). The court remanded to this court, with instructions to transfer the claims pursuant to 28 U.S.C. §1631.

During the (unrecorded) telephone status conference held on September 7, 2005, which was conducted to address the proceedings required pursuant to the order of the Federal Circuit, the Court stated that it would treat the letter that plaintiffs' counsel sent to the Court, dated September 6, 2005, as a motion. The Court directed defendant to respond to plaintiffs' motion by September 21, 2005.

In plaintiffs' letter/motion, plaintiffs noted only that the Federal Circuit held that jurisdiction to entertain these types of claims (alleging breach of plaintiffs' Multiple Peril Crop Insurance (MPCI) policies) is in Federal district courts, not in this Court, and that the claims pending before this Court should be transferred to "various federal districts where venue would be proper." Appendix (App.) 1-10. Plaintiffs also attached a copy of some of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (JPML). Id.

However, during the status conference, plaintiffs modified their request, and urged that this Court transfer this case directly to the JPML, so that the JPML could transfer the claims to the United States District Court for the Eastern District of North Carolina, pursuant to its earlier transfer order.

During the status conference, we objected to plaintiffs' request. We proposed a different procedure, explained below. The transfer procedure that we propose is based upon the remand from the Federal Circuit, to transfer pursuant to 28 U.S.C. §1631, and is based upon the strict jurisdictional requirements of the applicable crop insurance statute, 7 U.S.C. §1506(d), 1508(j)(2)(A). While the procedures we propose may seem complicated, they reflect the

principle, recently recognized by the Federal Circuit, that Congress waived sovereign immunity of the United States to be sued on these types of claims in a very limited manner. And, even though they may involve additional district courts, that is precisely what Congress directed when it enacted 7 U.S.C. §1508(j)(2)(A).

During the status conference, and in their letter, plaintiffs presented an incomplete and misleading summary of the status of all the cases pending involving these matters. Therefore, we have summarized below the status of various claims relating to this case.

1. Status of Claims Pending Before Eastern District of North Carolina, Transferred by JPML

A. Introduction

These sets of cases are very complicated procedurally, as well as substantively. Congress established a statutory scheme, pursuant to which plaintiffs, if they choose to file a crop insurance claim, must file, as a jurisdictional matter, "only in the district in which the farm is located." 7 U.S.C. §1508(j); 7 U.S.C. §1506(d). Because matters of sovereign immunity of the United States are involved, we respectfully request that the Court consider the remand order from the Federal Circuit in light of this carefully-constructed statutory scheme for administrative and judicial review. We seek to have this Court transfer the claims in a manner that is jurisdictionally correct. It would be far better for this Court to transfer the claims now, in a manner consistent with the jurisdictional requirements of 7 U.S.C. §1508(j)(2)(A), so that in any future proceedings, each plaintiff at least "started" in the correct court, and no further transfer order might be required.

As we indicated in the status conference, and as we address below, this case cannot be considered a "tag-along" case under JPML principles because this Court is not a "district court"

pursuant to 28 U.S.C. §1407, the statute that governs JPML transfers. Therefore, this Court is only authorized, pursuant to 28 U.S.C. §1631, to transfer a claim to the court in which the claim "could have been brought at the time it was filed." The only courts that meet that standard are the judicial districts of the district courts in which the farms are located. The JPML is not a court in which plaintiffs could have filed initially.

B. JPML Transfer Order and Status of Claims <u>Pending Before Eastern District of North Carolina</u>

The JPML, over the Government's opposition, transferred all the claims pending in the district courts in the five states named in this action ((Texas, Florida, Alabama, Georgia, South Carolina, which included all of the plaintiffs named in the caption in the Court of Federal Claims), to the Eastern District of North Carolina. The JPML also ordered the transfer of the plaintiffs named in the Eastern District of Virginia action to the Eastern District of North Carolina. <u>Barnhill v. Davidson</u>, No. 4:02-159 (E.D. N.C.).

Prior to the JPML order, the district court in the Eastern District of North Carolina certified a class, but limited the class to the plaintiffs who had farms in the district of the Eastern District, pursuant to 7 USC 1508(j)(2)(A). App. 24, 58, 75-76. The court in North Carolina also dismissed the claims of plaintiffs in the Eastern District of North Carolina who did not have farms in the Eastern District, pursuant to 7 USC §§1508(j)(2)(A). <u>Id</u>. The court in North Carolina subsequently certified a class as to each of the transferred cases, but also limited the class to the plaintiffs who had farms in the districts where the action had been filed. App. 76.

The North Carolina court ruled against the Government on other issues. The court held that plaintiffs were not required to exhaust administrative remedies before filing suit. App. 34-

58. The court ruled against the Government on liability. Id. The court later issued a decision adopting a damages formula, based upon the difference in the value of peanuts at the higher quota price (31 cents per pound) and the lower non-quota price (17 cents per pound), and rejected some of the Government's proposed offsets. App. 66-73.

Still pending before the Eastern District of North Carolina is plaintiffs' motion for nationwide class certification. This motion includes plaintiffs' attempts, among other things, to include in the action in North Carolina additional plaintiffs from states not previously involved in any of these actions (e.g., Oklahoma). Also pending is plaintiffs' motion for the court to reconsider its dismissal of plaintiffs with farms which are located outside the Eastern District of North Carolina (plaintiffs whose farms were located in the Middle or Western districts of North Carolina). 28 U.S.C. §113.

Also pending before the Eastern District are additional matters relating to damages, including the manner in which the money would be distributed[1] — whether the Government would issue the checks; whether the court would order the Government to pay a lump sum to plaintiffs' counsel who would distribute the checks; or, whether the court should appoint a special master.

[1] If the Government prevails on appeal, there will be no money distributed.

2. Defendant's Proposed Procedure - Transfer Pursuant to 28 U.S.C. §1631

A. Introduction

During the status conference in this Court, we proposed the procedure described below with respect to transfer to various district courts, not involving a transfer to the JPML

This Court is a Court with no jurisdiction to entertain the claims, that is now required to transfer the claim to a court which does possess jurisdiction. Neither the Eastern District of North Carolina nor the JPML possesses jurisdiction to entertain these claims, because the claims that the JPML transferred there are in the Eastern District in North Carolina only for consolidated pre-trial proceedings, not because jurisdiction exists in that court.

B. Two Categories of Plaintiffs

Because it is plaintiffs' burden to establish jurisdiction, plaintiffs should be required to gather the appropriate information for each plaintiff named in this case, and identify the judicial district(s) in each of the five states involved (Texas, Florida, Alabama, Georgia, South Carolina) in which the plaintiff's farm (or farms)[2] is located. This process would reveal two distinct categories of plaintiffs:

(i) those who were named plaintiffs in one of the previously-filed district court cases now pending in the Eastern District of North Carolina, whose farms were located within the judicial district where the case was originally filed; and,

(ii) those whose farms were not within any such judicial districts.

[2] Some plaintiffs may have farms in more than one district within a state, for example, if their farm(s) is located overlapping a county line that is a boundary for a district court, or, if one plaintiff has more than one farm, each in different counties and districts within a state.

1. Plaintiffs Whose Farms Are Located Within One Of the Judicial Districts In the Five States

As to the former category ((i)), those plaintiffs are already a part of, and their claims encompassed within, the class previously certified by the court in the Eastern District of North Carolina for each of the district-specific cases transferred to it by the JPML. Accordingly, as to those plaintiffs, it may be both efficient and appropriate for this Court to transfer their claims directly to the Eastern District of North Carolina - given the transfer order issued by the JPML -- while expressly reserving our right on appeal to argue that the JPML erred in ordering the transfer. Conversely, it could be wasteful for this Court to transfer the claims for these plaintiffs individually named in this action to each of the districts in the five states. Transfer of this nature would require the transferee district courts to retransfer the claims to the JPML, which, in turn, would transfer to the Eastern District of North Carolina.

We propose that this Court, pursuant to 28 U.S.C. §1631, transfer the claims of those named plaintiffs pending before this Court, whose farms are located in the correct judicial districts in the five states in which cases were previously filed, to the Eastern District of North Carolina - given the transfer order issued by the JPML -- while expressly reserving our right on appeal to argue that the JPML erred in ordering the transfer.[3]

2. Plaintiffs Whose Farms Are Not Located In The Judicial Districts In The Five States

The latter category of plaintiffs (category (ii)), are quite different, as they have never been a part of any case pending in any appropriate or correct judicial district. Accordingly, for those

[3] The government also reserves the right to argue to the Eastern District of North Carolina that the transferred claims should be dismissed because they are entirely duplicative of claims already pending in that court.

plaintiffs named in this action, whose farms are not located in the specific judicial districts in the five states in which the cases were filed, this Court should transfer the claims for those named plaintiffs to the *appropriate judicial districts* in the district courts in the five states in which the farms are located, pursuant to 7 USC §1508(j)(2)(A), or, to the "home" district.

For example, in the action filed in this Court, plaintiffs named 56 plaintiffs in Texas, without, however, matching the names of the plaintiffs, to the counties in which the farms are located, to the four possible districts in the district courts in Texas. Plaintiffs filed one action in Texas, in the Eastern District of Texas, naming most if not all of the plaintiffs named in the action filed in this Court. However, in this Court, only 23 of the 56 Texas plaintiffs have farms in the Eastern District of Texas; it appears that the other 33 plaintiffs have farms in the three other districts in Texas (Northern, Southern, and Western districts). 28 U.S.C. §124 (four districts in Texas).[4]

Given the jurisdictional requirement of 7 U.S.C. §1508(j)(2)(A), once plaintiff identifies the named plaintiff and his or her farm, to the county, to the appropriate district within Texas, this Court should transfer the claims of each of those 33 plaintiffs to those districts in which each of the plaintiff's farm(s) are located, or, to the appropriate "home district."

---

[4] Of the five states named, three have more than one district (including the Northern, Middle and Southern Districts): Alabama, 28 U.S.C. §81; Florida, 28 U.S.C. §89; Georgia, 28 U.S.C. §90. In South Carolina, there is only one judicial district within the state. 28 U.S.C. §121.

In some of the complaints filed, there appear to be other errors in naming plaintiffs and matching the counties in which the farms are located to the judicial districts within the states. For example, in paragraph 9 of the Complaint filed in this Court, plaintiffs list "Opp" county in Alabama, but there is no such county listed in 28 U.S.C. §81. Plaintiffs should be responsible for correcting any errors in the names of plaintiffs, counties listed, match of names of plaintiffs to counties to judicial districts within a state, etc.

Once transferred to these appropriate district courts, the Government could agree, for present purposes, that it would not oppose a transfer by the JPML to the Eastern District of North Carolina (pursuant to the earlier transfer order of the JPML), as a tag-along case or otherwise, subject to our reservation of rights to argue on appeal that the JPML erred in ordering the transfer.[5]

While this may seem complicated, we also proposed a procedure to attempt to minimize the burden on the additional courts and offices of the United States Attorney that would become involved. As we explained during the status conference, if this Court effects the transfer as we propose, counsel of record at the Department of Justice, Commercial Litigation Branch, would communicate with all of the respective offices of the United States Attorneys to advise them of these proceedings and their status, and that the claims transferred to their districts should be transferred to the Eastern District of North Carolina, pursuant to the JPML order. This Court could also summarize, in the transfer order, the status of these proceedings. In this fashion, even though other district courts are involved, there will be little, if any, proceedings in the cases, and/or on the merits (at least in the near future) until the Eastern District of North Carolina decides all of the pending issues before it, and the Government determines whether to appeal that decision to the United States Court of Appeals for the Fourth Circuit, and if so, to pursue the appeal to completion.

---

[5] In the status conference, we proposed that the "home" district transfer directly to the Eastern District of North Carolina without plaintiffs filing, first, with the JPML. However, it appears that it would be more appropriate for the parties and the courts to comply with the procedures applicable to JPML transfers, and that, once this Court transfers the appropriate plaintiffs to the appropriate home districts, plaintiffs file their motion with the JPML, which we would not oppose, for transfer to the Eastern District of North Carolina (subject to our appellate rights).

3. Conclusion

The process that we propose is the only transfer process consistent with 28 U.S.C. §1631 and the mandate from the Federal Circuit to this Court. The Federal Circuit remanded the case for a narrow purpose – so that this Court would evaluate *transfer pursuant to 28 U.S.C. §1631* to a district court which possesses jurisdiction to entertain the claim, and nothing more.

In contrast, plaintiffs' proposal ignores the limited scope of the remand, by requesting that this Court direct transfer pursuant to other rules -- that of the JPML, 28 U.S.C. §1407 -- that are not applicable in or to the Court of Federal Claims – and without explaining the authority, if any, that the Court of Federal Claims would possess to invoke those rules. Whatever rules or procedures exist that define or describe for the JPML the manner in which the JPML might treat these claims once they are in an appropriate district have no bearing upon the section 1631 transfer that is the **only** subject matter for this Court. In short, plaintiffs request that this Court act as if it is **both** the JPML and a transferor court that already possesses jurisdiction, when in reality, it is neither.

Accordingly, we respectfully request that this Court:

1. transfer to the Eastern District of North Carolina the claims of those named plaintiffs whose farms are located in the correct judicial districts in which the suits were actually filed in the five states, subject to our right on appeal to argue that the JPML erred in ordering the transfer;

2. require plaintiff's counsel to identify those plaintiffs named in this action, whose farms are <u>not</u> located in the specific judicial districts in the five states in which the cases were filed, so that this Court may transfer the claims for those named plaintiffs to the appropriate judicial districts in the district courts in the five states in which the farms are located, pursuant to 7 USC §1508(j)(2)(A), subject to our right on appeal to argue that the JPML erred in ordering the transfer.

* * *

3. It Is Not Necessary For This Court To Notify the JPML Of the Pendency of Potential "Tag-Along" Actions in This Court And/or In District Courts Other Than Those Already Subject to the JPML Order

Pursuant to this Court's Order dated September 7, 2005, defendant states that, for the reasons set forth above, it is not necessary or appropriate, at this time, for this Court to notify the JPML of the pendency of potential tag-along actions in this Court and/or in district courts other than those already subject to the JPML Order.

There is a body of law developed pursuant to the decisions and rules of the JPML, including the "tag-along" rules of the JPML. See 199 F.R.D. 425 (2001) for a complete set of the JPML Rules. A "tag-along" action is defined in JPML Rule 1.1 as "a civil action pending in a district court and involving common questions of fact with actions previously transferred under section 1407." E.g., Wiatt v. Merck & Company, 2005 WL 1799740, *3 (W.D. Wa, 2005); Illinois Municipal Retirement Fund v. Citigroup, Inc., 391 F.3d 844, (7th Cir. 2004). See generally "The Judicial Panel and the Conduct of Multidistrict Litigation,:" 87 Harv.L.Rev.1001 (1974).

The Court of Federal Claims is not a district court. Any action filed here cannot, by definition, be a "tag-along" action. Therefore, it is not necessary for this Court to notify the JPML of any possible transfer from this Court to the JPML because such a transfer is not authorized by law.

Further, there is no requirement for *this Court* to notify the JPML of any possible transfer from a judicial district in one of the four states (Alabama, Florida, Georgia, Texas) to the JPML. Rather, it is more appropriate for any additional district court (a "home" district) to which

plaintiffs may be transferred, either to notify the JPML of a possible tag-along action, and/or transfer directly to the Eastern District of North Carolina, pursuant to the earlier JPML order.

If, however, this Court determines that it would be an appropriate courtesy for this Court to inform the JPML of the status of these cases, we would have no objection to such notice.

In sum, each named plaintiff should be in the correct "home" district - the judicial district in which the farm is located. 7 U.S.C. §1508(j)(2)(A). After that is accomplished, the Government could stipulate, for present purposes, that it would not oppose any motion filed with the JPML by plaintiffs in the appropriate home district to transfer those claims to the Eastern District of North Carolina (reserving our right on appeal to argue that the JPML transfer order was in error), at least until the North Carolina court issues all the decisions necessary for the Government to be in a position to decide whether to appeal to the Fourth Circuit, and to pursue that appeal through completion.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court issue an order to:

1. transfer to the Eastern District of North Carolina the claims of those named plaintiffs who are named plaintiffs in one of the previously-filed district court cases in the Middle District of Alabama, Northern District of Florida, Middle District of Georgia, District South Carolina, and Eastern District of Texas, whose farms were located in the judicial district in which their claims were filed, subject to our right on appeal to argue that the JPML erred in ordering the transfer;

2. require plaintiff's counsel to identify those plaintiffs named in this action, whose farms are not located in the specific judicial districts in the five states in which the cases were filed, so that this Court may transfer the cases for those named plaintiffs to the appropriate judicial districts in the district courts in the five states in which the farms are located, pursuant to 7 USC §1508(j)(2)(A), subject to our right on appeal to argue that the JPML erred in ordering the transfer.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Facsimile: (202) 514-8624
Attorneys for Defendant

September 21, 2005

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

NOTICE OF ENTRY OF
JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 05/31/05

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

No costs were taxed in this appeal.

Regarding exhibits and visual aids: Your attention is directed to FRAP 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

JAN HORBALY
Clerk

cc: R. DANIEL BOYCE
JANE W. VANNEMAN

TEXAS PEANUT FARMERS V US, O4-5067
CFC - 03-CV-445

Ex. 14

# United States Court of Appeals for the Federal Circuit

04-5067

TEXAS PEANUT FARMERS, GEORGIA PEANUT FARMERS, ALABAMA PEANUT FARMERS, SOUTH CAROLINA PEANUT FARMERS, and FLORIDA PEANUT FARMERS,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

## Judgment

ON APPEAL from the UNITED STATES COURT OF FEDERAL CLAIMS

In CASE NO(S). 03-CV-445

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

VACATED AND REMANDED WITH INSTRUCTIONS TO TRANSFER

ENTERED BY ORDER OF THE COURT

DATED MAY 31 2005

Jan Horbaly, Clerk

ISSUED AS A MANDATE: JUL 22 2005

# United States Court of Appeals for the Federal Circuit

04-5067

TEXAS PEANUT FARMERS, GEORGIA PEANUT FARMERS,
ALABAMA PEANUT FARMERS, SOUTH CAROLINA
PEANUT FARMERS, and FLORIDA PEANUT FARMERS

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

R. Daniel Boyce, Boyce & Isley, PLLC, of Raleigh, North Carolina, argued for plaintiffs-appellants.

Jane W. Vanneman, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General and David M. Cohen, Director.

Appealed from: United States Court of Federal Claims

Judge Nancy B. Firestone

# United States Court of Appeals for the Federal Circuit

04-5067

TEXAS PEANUT FARMERS, GEORGIA PEANUT FARMERS, ALABAMA PEANUT FARMERS, SOUTH CAROLINA PEANUT FARMERS, and FLORIDA PEANUT FARMERS,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

---

DECIDED: May 31, 2005

---

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

MAYER, Circuit Judge.

Appellants appeal the orders of the United States Court of Federal Claims dismissing their claims for breach of government-reinsured crop policy contracts for lack of subject matter jurisdiction, Texas Peanut Farmers v. United States, 59 Fed. Cl. 70 (2003) ("Dismissal Order"), and denying their motion to transfer to various federal district courts contained in their motion to reconsider, Texas Peanut Farmers v. United States, No. 03-445C (Fed. Cl. Mar. 2, 2004) ("Order Denying Reconsideration"). Although we concur in the trial court's dismissal for lack of subject matter jurisdiction, we vacate the Dismissal Order and remand with instructions to transfer. The appeal of the court's denial of the motion to transfer is dismissed.

12(b)(1) of the Rules of the Court of Federal Claims, holding that 7 U.S.C. §§ 1508(j) and 1506(d) placed exclusive jurisdiction in the federal district courts. Dismissal Order, 59 Fed. Cl. at 73, 74 n.1. The court also denied appellants' subsequent motion to transfer to the district courts contained in its motion to reconsider the order of dismissal. Order Denying Reconsideration, slip op. at 2. Appellants appeal both orders.

Discussion

We review the Court of Federal Claims's dismissal for lack of jurisdiction de novo. Frazer v. United States, 288 F.3d 1347, 1351 (Fed. Cir. 2002). Appellants challenge the Dismissal Order, arguing that because they did not name the FCIC as a defendant, sections 1508(j) and 1506(d) do not apply; and the Court of Federal Claims has concurrent jurisdiction with the district courts under the Tucker Act, 28 U.S.C. § 1491(a)(1), and Little Tucker Act, 28 U.S.C. § 1346. They challenge the denial of their motion to transfer on the grounds that the court improperly determined that under Rule 59(b) their motion was untimely and transfer was not required in the interest of justice.

I.

Appellants initially state that the Court of Federal Claims has jurisdiction because they named the United States, the RMA and its Secretary, and the USDA and its Secretary as defendants, not the FCIC. Appellants assert that in enacting the Farm Security and Rural Investment Act, it was Congress, not the FCIC, which breached the MPCI. This theory does not bear scrutiny. It is settled that this court "look[s] to the true nature of the action in determining the existence or not of jurisdiction." Nat'l Ctr. for Mfg. Sciences v. United States, 114 F.3d 196, 199 (Fed. Cir. 1997) (quoting Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994)). An inspection of the contract and

appellants' pleadings reveals the true nature of this action: a suit against the FCIC for breach of the MPCI. Essentially, the appellants argue that the amount of insurance was reduced after the crop year had begun, in violation of section 4 of the MPCI. The MPCI itself plainly states that appellants are the contracting parties and the FCIC is the reinsurer. The clause states: "This insurance policy is reinsured by the Federal Crop Insurance Corporation (FCIC) . . . . All provisions of the policy and rights and responsibilities of the parties are specifically subject to [the Federal Crop Insurance Act]." Appellants' strategic decision not to name the FCIC as a defendant is merely an attempt to avoid the strictures of the MPCI and sections 1508(j) and 1506(d).[1]

We similarly reject appellants' argument that the Tucker Act endows the Court of Federal Claims with jurisdiction concurrent with the federal district courts. They argue that: (1) their contracts with the government provide for lawsuits to be filed in federal district courts but do not prohibit filing in the Court of Federal Claims;[2] (2) the Tucker

---

1 Furthermore, appellants are unable to avoid section 1508(j) because their suit named the Secretary of Agriculture. Section 1508(j) specifically requires that suits against the Secretary under the Federal Crop Insurance Act be brought in district court.

2 The relevant MPCI clauses state:

> (a) You may not bring legal action against us unless you have complied with all of the policy provisions.
> (b) If you do take legal action against us, you must do so within 12 months of the date of denial of the claim. Suit must be brought in accordance with the provisions of 7 U.S.C. § 1508(j).
> (c) Your right to recover damages (compensatory, punitive, or other), attorney's fees, or other charges is limited or excluded by this contract or by Federal Regulations.

(emphasis added).

Act[3] provides jurisdiction in the Court of Federal Claims over their contract claim against the United States; therefore (3) the Tucker Act allows concurrent jurisdiction. Appellants further cite the Little Tucker Act[4] because of its explicit grant of concurrent jurisdiction in certain instances.

Appellants' assertions are unavailing. Congress may withdraw any grant of Tucker Act jurisdiction. See Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1016-17 (1984); Wilson v. United States, No. 04-5051, 2005 WL 913490 (Fed. Cir. Apr. 21, 2005) (affirming the Court of Federal Claims's holding that 42 U.S.C. § 405(g)'s directive that claims arising under the Medicare Act "shall be brought in the district court of the United States" constituted a Congressional withdrawal of Tucker Act jurisdiction); Massie v. United States, 166 F.3d 1184, 1188 (Fed. Cir. 1999) ("[A] contract will not fall within the purview of the Tucker Act if Congress has placed jurisdiction over it elsewhere."). Because appellants are suing the FCIC for breach, sections 1508(j) and 1506(d), by which Congress has granted district courts exclusive jurisdiction over claims against the FCIC, govern. Section 1508(j) specifically governs claims for indemnity by producers of covered crops, and provides in relevant part:

> (j) Claims for losses.
>
> (1) In general. Under rules prescribed by the [Federal Crop Insurance] Corporation, the Corporation may provide for adjustment

---

[3] The Tucker Act sets forth a number of prerequisites for Court of Federal Claims jurisdiction, including that the action be a claim against the United States, that the claim is founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, and that the damages claim not sound in tort. 28 U.S.C. § 1491(a)(1) (2000).

[4] The Little Tucker Act provides for concurrent jurisdiction between the district courts and the Court of Federal Claims when the claim is not for monetary damages in excess of $10,000. 28 U.S.C. § 1346(a)(2) (2000).

> and payment of claims for losses. The rules prescribed by the Corporation shall establish standards to ensure that all claims for losses are adjusted, to the extent practicable, in a uniform and timely manner.
> (2) Denial of claims.
> (A) In general. Subject to subparagraph (B), <u>if a claim for indemnity is denied by the Corporation or an approved provider, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located.</u>
> (B) Statute of limitations. A suit on the claim may be brought not later than 1 year after the date on which final notice of denial of the claim is provided to the claimant.
> (3) Indemnification. The Corporation shall provide approved insurance providers with indemnification, including costs and reasonable attorney fees incurred by the approved insurance provider, due to errors or omissions on the part of the Corporation.

7 U.S.C. § 1508(j) (2000) (emphasis added). And, while not explicitly cited in the MPCI policies, section 1506(d), which outlines the general powers of the FCIC, also applies:

> (d) Suit. The [Federal Crop Insurance] Corporation, subject to the provisions of [7 U.S.C. § 1508(j)], may sue and be sued in its corporate name, . . . . <u>The district courts of the United States, . . . shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the Corporation. . . . Any suit against the Corporation shall be brought in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business.</u>

7 U.S.C. § 1506(d) (2000) (emphasis added). The plain meaning of these two sections is that Congress granted district courts exclusive jurisdiction over claims against the

FCIC. Thus, the Court of Federal Claims did not err in concluding that it lacked jurisdiction.[5]

Although we concur in the trial court's jurisdictional holding, the question that remains is whether the trial court should have, in the interest of justice, transferred this case. We believe transfer is warranted. The transfer statute provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed[.]" 28 U.S.C. § 1631 (2000). "A compelling reason for transfer is that the [appellant], whose case if transferred is for statute of limitations purposes deemed by section 1631 to have been filed in the transferor court . . . will be time-barred if his case is dismissed and thus has to be filed anew in the right court." Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1995) (citations omitted). That is the case here. It is conceivable that, absent transfer, applicable statutes of limitations may bar appellants from adjudicating otherwise legitimate claims.[6] And while the trial court could have ordered transfer

---

5 This holding is not contrary to the decision of the Eleventh Circuit in Williams Farms of Homestead, Inc. v. Rain and Hail Insurance Services, Inc., 121 F.3d 630 (11th Cir. 1997). In that case, the Eleventh Circuit held that sections 1506 and 1508, which require that suits against the FCIC or the Secretary be brought only in district court, do not bar suits against private insurers in state court. The court's decision in that case is not inconsistent with our holding here that a suit that is properly characterized as an action against the FCIC for breach of contract must be brought in district court, and that those statutory restrictions cannot be avoided by naming the United States as defendant even though the action is properly one against the FCIC.

6 The government made repeated requests for extensions of time for filing responses in this action. As a result, appellants delayed filing parallel actions in district court. After appellants filed their district court actions, the government challenged those suits on statute of limitations grounds. Transfer will presumably avoid that inequitable result.

without being asked to do so by either party, see id., 173 F.3d at 610, the record shows that appellants' counsel verbally requested that the court consider transfer during a July 25, 2003, teleconference.[7] That fact, combined with the statutory requirement that transfer be considered to cure jurisdictional defects, raises the question of why the court did not in the first instance address the issue in the Dismissal Order. The circumstances of this case and justice require transfer, the record does not show that transfer would unduly burden the judicial system, and the government cannot logically show that it will be harmed by transfer. Therefore, we vacate the Dismissal Order for the court's failure to consider transfer, and we remand to the trial court with instructions to transfer to the various federal district courts where venue would be proper.

II.

Appellants also argue that the trial court's denial of its motion to transfer to the various federal district courts was contrary to the interest of justice. The court found appellants' transfer motion, which was contained in their January 5, 2004, motion to reconsider, untimely and transfer not required by justice. Our disposition of the Dismissal Order above moots this motion. And, because appellants never timely filed an amended notice of appeal of the Order Denying Reconsideration, that order is not properly before us.

---

[7] The Ninth and Second Circuits have held that a trial court must consider transfer as an alternative to dismissal for want of jurisdiction in cases in which transfer is authorized by section 1631, even in the absence of a request for transfer by the plaintiff. See Cruz-Aguilera v. Immigration & Naturalization Serv., 245 F.3d 1070, 1074 (9th Cir. 2001); Paul v. Immigration & Naturalization Serv., 348 F.3d 43, 46 (2d Cir. 2003). We do not have to decide whether to follow that line of authority because in this case, such a request was made, albeit not with the degree of formality normally required for motions submitted to the court. See R. Ct. Fed. Cl. 7.

Under Fed. R. App. P. 4(a)(4)(B)(ii), "[a] party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) . . . must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion" (emphasis added). Motions listed in Fed. R. App. P. 4(a)(4)(A) include "to alter or amend the judgment under Rule 59; . . . for a new trial under Rule 59; or . . . for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered." Here, the Order Denying Reconsideration disposed of appellants' motion to reconsider on March 2, 2004. Appellants had sixty days from entry of the Order Denying Reconsideration to file an amended notice of appeal of that order. See 28 U.S.C. § 2107 (2000); Fed. R. App. P. 4(a)(1)(B) (requiring a notice of appeal for cases in which the United States is a party be filed within 60 days after the order appealed from is entered). "The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." United States v. Robinson, 361 U.S. 220, 229 (1960); Sofarelli Assocs., Inc. v. United States, 716 F.2d 1395, 1396-97 (Fed. Cir. 1983).

Conclusion

Accordingly, the dismissal order of the Court of Federal Claims dismissing the case is vacated and the case is remanded with instructions to transfer. Appeal of the order denying reconsideration is dismissed.

COSTS

No costs.

VACATED AND REMANDED WITH
INSTRUCTIONS TO TRANSFER

Docket No. 03-445C

UNITED STATES COURT OF FEDERAL CLAIMS

MEMORANDUM

TO: JUDGE Firestone
FROM: CLERK'S OFFICE

The attached was received on 10-21-05 - ? and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by ______________ [Rule 7.2]

2. ____ Proof of service: [Rule 5.1]
____ is missing; ____ is not signed and/or dated;
____ shows service on wrong attorney or of wrong item;
____ is not attached to each document or copy

3. ____ Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. ____ Does not comply with the provisions of Rule:

| | Rule | |
|---|---|---|
| ____ | 5.2(a)(1)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
| ____ | 5.2(a)(1)(G) | Re: index to appendix is to be located in both the front of the brief and in front of the appendix |
| ____ | 5.2(b) | Re: length of briefs or memorandum |
| ✓ | 5.3(c) | Re: binding of attachments to Notice |
| ✓ | 5.3(d) | Re: ~~original~~/copies missing of attachments |
| ____ | 5.3(g) | Re: Judge's name on all filings |
| ____ | 7(b) | Re: brief, supporting memorandum, affidavits shall be attached to motion |
| ____ | 24(c) | Re: motion to be accompanied by a pleading |
| ____ | 56(h) | Re: proposed findings and/or response to proposed findings is missing or not a separate document |
| ____ | 56.1(b) | Re: statement of facts and/or counter-statement of facts is missing or not a separate document |
| ____ | 77.1(a) | Re: improper use of the night box |
| ____ | 83.1(c)(1) | Re: one attorney for a party; attorney to be an individual not a firm |
| ____ | ________ | Re: ______________________ |

5. ____ Original affidavit(s)/declaration(s) is/are missing
6. ✓ No provision in the Rules (or court order) for the filing of this item
7. ____ This case has been designated as an *ECF* case.
8. ____ ______________________



Deputy Clerk