ORIGINAL

FILED
NOV 1 2005
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TEXAS PEANUT FARMERS, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-445C |
| ) | (Judge Firestone) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE ITS RESPONSE TO PLAINTIFFS' RECENT NOTICE AND MOTION

Defendant respectfully requests that this Court grant defendant an enlargement of time of 30 days, to and including December 7, 2005, within which to file defendant's response to plaintiff's recent Notice and Motion. Defendant's response presently is due on November 7, 2005. This is defendant's first request for an enlargement of time for this purpose. Counsel for defendant has contacted plaintiffs' counsel about this matter, but plaintiffs' counsel has not yet responded with his position on this motion.

Plaintiffs' counsel recently filed pleadings in three courts: (1) this Court; (2) the United States District Court for the Eastern District of North Carolina, <u>Barnhill et al. v. Ross J. Davidson et al</u>, No. 4:02-159 (E.D. N.C.), the district court to which the Judicial Panel on Multidistrict Litigation (JPML) had previously transferred the claims of some of the plaintiffs;

1

A TRUE COPY:
TEST:
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By _____
Deputy Clerk

and (3) the Judicial Panel on Multidistrict Litigation, In re Peanut Crop Insurance Litigation, MDL No. 1634 (JPML); see In re Peanut Crop Insurance Litigation, 342 F.Supp.2d 1353 (JPML, 2004).

The jurisdictional issue of the appropriate district court for each plaintiff, involving dozens of peanut farmers and potentially more than one dozen districts of district courts in southern states, is involved all these cases. Counsel for defendant is always required to consult with various Assistant United States Attorneys and agency counsel on matters relating to all these cases,[1] and is certainly required to consult with them and with agency counsel, and agency representatives, in connection with plaintiffs' recent filings.

1.    Matters Relating to This Case

    A.    Plaintiffs' Delay In Ensuring That
          Government Counsel Received Plaintiffs' Filings

On October 27, 2005, counsel for defendant received electronic notification from the Court that plaintiffs' counsel had attempted to file a pleading, a pleading which was ultimately filed by leave of the Court. Because counsel for defendant had not received a copy of plaintiffs' filing as of October 27, 2005, counsel for defendant immediately telephoned the office of counsel for plaintiffs to request that his office send by facsimile a copy of the pleadings and exhibits, and, suggested that, if the exhibits were voluminous, plaintiffs' counsel could send those by overnight delivery. Plaintiffs' counsel did send by facsimile, on the afternoon of October 28, 2005, a copy

---

[1] In Barnhill, the district court denied plaintiffs' motion for reconsideration of a prior order in which the district court dismissed the claims of plaintiffs whose farms were located in North Carolina but outside the boundaries of the Eastern District of North Carolina, 7 U.S.C. §1508(j)(2), and denied plaintiffs' motion to transfer the claims of those plaintiffs to "an appropriate venue." Further, pending before the court in the Eastern District of North Carolina is plaintiffs' renewed motion to certify the case as a national class action

of the pleadings.[2] However, as of the afternoon of November 1, 2005, counsel for defendant has yet to receive the exhibits to the filings. The pleadings reference numerous exhibits, some of which are apparently color-coded. Therefore, counsel for defendant cannot even begin to address whatever matters are raised in the exhibits, much less initiate the coordination required with various offices of the United States Attorneys, those involved in related cases, to prepare defendant's response.

On numerous occasions, counsel for defendant has informed the office of counsel for plaintiffs that, after the events of September 11, 2001, mail can be very slow to be received by Government offices in the Washington, D.C. area. Long ago, counsel for defendant requested service by more expeditious means, facsimile and/or overnight mail. However, it appears that, when it is in plaintiffs' counsel's interest to have defendant's counsel receive quickly a filing or a letter, plaintiffs' counsel's office sends the papers by facsimile, but, inexplicably, plaintiffs' counsel serves other significant filings by mail, the slowest possible manner of service. In this instance, plaintiffs' counsel has apparently refused to honor the request of counsel for defendant to send the exhibits by overnight mail. Therefore, as of October 31, 2005, counsel for defendant has not received the complete set of plaintiffs' filings with the exhibits.

Thus, to the extent that there is any delay in the resolution of plaintiffs' most recent filing, and/or that plaintiffs oppose our motion for more time, the fault is with plaintiffs' counsel for refusing to serve the papers in an expeditious manner, as specifically requested.

In addition, counsel for defendant is also required to prepare the Government's response

---

[2] Counsel for defendant was out of the office at a memorial service on the afternoon of October 28, 2005, and received the copy upon her return to the office on Monday morning, October 31, 2005.

3

to the papers that plaintiffs' counsel filed with the JPML. The Government's response presently is due on November 16, 2005. Counsel will file a motion with the JPML to request that it grant defendant until December 14, 2005, within which to file its response. The basis for the motion will be similar to the grounds established in this motion.

    B.    <u>The Burden Was, And Is, Upon Counsel for Plaintiffs To Be Informed Of The Names, Addresses, And Locations Of The Farms Of His Clients, And To Establish Jurisdiction In Whatever Court(s) In Which He Files</u>

It appears from plaintiffs' pleadings that counsel for plaintiffs lacks the basic information required with respect to each plaintiff -- information vital to jurisdiction -- that plaintiffs' counsel should have had long ago when he filed the complaint in this Court and complaints in various district courts. Even though this Court has already rejected plaintiffs' request that the Government shoulder this burden, plaintiffs' counsel still attempts to shift the burdens to the Government to establish jurisdiction for each plaintiff.

The Court should again reject plaintiffs' request. Plaintiffs' counsel should be the one in the best position to identify, with accuracy, the correct name of each plaintiff/client, the location of each plaintiffs' residence and farm(s), and the correct judicial district as matched with the county of each plaintiff's farm(s).[3] Moreover, the Government cannot simply provide to plaintiffs' counsel the information he requested.[4] Rather, there are strict statutory limits, given

---

[3] Had plaintiffs' counsel undertaken the most basic of research and gathering of information, *before* he filed in the various courts, including this Court, he could have saved himself, various Government attorneys, and judges, a substantial amount of time and resources.

[4] While plaintiff refers to himself as "class counsel," no class was ever certified in this case. In fact, the Eastern District of North Carolina certified a very limited class, based upon the jurisdictional provision at issue in this case – limited to the plaintiffs who had peanut farms located within the judicial boundaries of the Eastern District of North Carolina, and once the case was transferred from the JPML, district-wide classes for other judicial districts. Thus, in this

4

privacy interests, to the release of that information.  E.g., 7 U.S.C 1502(c)(1)(no disclosure of information provided by a producer).  Therefore, because it is axiomatic that it is a plaintiff's burden to establish jurisdiction, plaintiffs' counsel should do so, by complying with this Court's recent order.

In any event, plaintiffs' counsel raises anew arguments that counsel raised in his reply brief on these matters (in late September 2005), arguments that this Court has already rejected in its recent order dated October 12, 2005.[5]

Further, counsel requires time within which to consult with various Assistant United States Attorneys, particularly the Assistant United States Attorney for the Eastern District of North Carolina, upon whom plaintiffs served discovery requests.  Counsel for defendant believes that plaintiffs' counsel has misrepresented the prior course of events relating to any discovery requests that plaintiffs' counsel served, and the positions of the Government in response. Further, it is counsel's understanding that there is no "database" of the kind that plaintiffs' counsel references in his recent filings

If plaintiffs' counsel required additional time within which to secure the requisite information, he could have, and should have, requested it in a motion, and provided an estimated time within which he could comply with the Court's order.  In fact, counsel for defendant

---

Court, plaintiffs' counsel represents individuals, not a class, and as counsel, he should have known, and/or should know by now, the location of each plaintiffs' farm in the context of the judicial districts established by statute in Title 28 of the United States Code (statutory provisions that we have cited numerous times in past filings).

[5]  While the time for filing a motion for reconsideration had not expired when plaintiffs' counsel attempted to file in this Court, plaintiffs have provided no good reason for any reconsideration of this Court's previous order dated October 12, 2005.

5

suggested that approach and informed plaintiffs' counsel that the Government would not oppose a reasonable request for additional time. One possible solution to this situation, therefore, is for the Court to grant to plaintiffs' counsel sixty days, subject to further extension for good cause, for plaintiffs' counsel to secure the information relating to jurisdiction and provide it to the Court and to the Government.

Therefore, plaintiffs' counsel has caused delay in these matters. Counsel for defendant requires additional time after she receives the full set of plaintiffs' filings including the color-coded exhibits, to prepare the Governments response to plaintiffs' recent notice and motion.

2.   <u>Other Responsibilities of Counsel of Record</u>

Counsel of record has significant other case responsibilities during this time. Counsel's caseload at present is an unusually heavy one.

Defendant's two briefs (reply to Chevron's response to defendant's supplemental motion to dismiss; and, response to plaintiff's motion to amend/correct the transcript of the oral argument held on July 21, 2005 were due on October 31, 2005, in <u>Chevron U.S.A., Inc. v. United States</u>, No. 04-1365C (Fed. Cl.). However, defendant recently filed an unopposed motion for an enlargement of time to November 16, 2005, for these briefs, given counsel's caseload. The case raises novel legal issues, including those relating to the Tucker Act jurisdiction of this Court, the NAFI doctrine (non-appropriated funds doctrine), waiver of sovereign immunity by the United States, and whether the Office of Hearing and Appeals at the Department of Energy possesses jurisdiction to entertain the claim raised by Chevron. The case arises in a unique context, is very important to both parties, and involves potentially millions of dollars, and counsel requires additional time to review plaintiff's brief, consult with the agency and prepare the briefs.

Also, by decision dated October 19, 2005, this Court issued its decision on damages in <u>Carabetta v. United States</u>, No. 02-1134C (Fed. Cl.). Counsel of record was not the counsel who handled the trial or briefs at the liability stage; while counsel is familiar with the record, counsel is responsible for preparing the required memorandum to the Solicitor General relating to whether to recommend appeal and/or a cross-appeal on any one of the ten major damages issues adjudicated by the Court, as well as the underlying liability issue. <u>Carabetta v. United States</u>, 58 Fed. Cl. 563 (2003). Counsel is required to consult with the agency, and prepare the memorandum by mid-November 2005. In addition, counsel is required to review a proposed motion that counsel for Carabetta forwarded to counsel, relating to a possible joint motion to amend the total judgment of $18,343,953. Plaintiffs' proposed motion to amend would not propose to change the total amount awarded, but would set forth with particularity the exact amounts of money owed (if any) to each of the numerous plaintiffs in the case (with both parties reserving the right to appeal). Because that motion is due by November 2, 2005 (ten days after the judgment was issued), counsel is required immediately to consult with the Government's expert and agency counsel on these matters. Counsel is also required to review the decision and the record to determine whether there is any basis for the Government to file any motion for reconsideration.

Counsel is also required to prepare the Government's response to the petition for rehearing <u>en</u> <u>banc</u> filed in <u>Members of Peanut Quota Holders Association v. United States</u>, 421 F.3d 1423 (Fed. Cir. 2005). The Government's response, presently is due on November 17, 2005, one enlargement of time having been granted.

Counsel is also counsel of record in three related cases: <u>GHS Health Maintenance</u>

7

Organization, Inc. v. United States, <u>Texas Health Choice v. United States</u>, and <u>Scott & White Health Plan v. United States</u>, No. 01-517C, 05-371C, 05-963C (Fed. Cl.). Defendant was required to file the Appendix[6] in these cases by October 24, 2005. This work required substantially more time than anticipated. Further, the parties are required to file Joint Stipulations of Fact, with citations to the Appendix, by due November 21, 2005. Therefore, counsel is required to coordinate with the agency during November, and, in consultation with plaintiffs' counsel in the three cases, prepare the Joint Stipulation of Facts for all three cases.

Further, on October 12, 2005, counsel presented oral argument in, <u>Lockheed Martin Corp. v. Defense Contract Audit Agency</u>, No. 8:05-cv-01189-RWT (D. Md.), a case involving an important jurisdictional issue, as well as alternative, complex merits issues (briefed on cross motions for summary judgment). By decision dated October 26, 2005, the district court ruled in the Government's favor on the jurisdictional issue. Counsel is required to review the decision and consult with the agency about the implications of the decision.

Accordingly, counsel for defendant's caseload is extremely active, and counsel requires additional time within which to prepare the Government's response to plaintiffs' recent filings.

---

[6] The filing of the Appendix, prior to filing the briefs, was required, because these cases involve the plaintiffs' challenge to a regulation promulgated by the Office of Personnel Management (OPM). Some of the documents in the Appendix were those relating to the "administrative record" involved in the promulgation of the regulation.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court grant defendant an enlargement of time to December 7, 2005, within which to file defendant's response to plaintiff's recent Notice and Motion

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
    Attn: Classification Unit
    8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Facsimile: (202) 514-8624
Attorneys for Defendant

November 1, 2005

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 1st, 2005, I caused to be served by United States mail, postage prepaid, copies of "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO FILE ITS RESPONSE TO PLAINTIFFS' RECENT NOTICE AND MOTION." addressed as follows:

R. Daniel Boyce
Post Office Box 1990
Raleigh, North Carolina 27602-1990

*D. Moore*