Case 2:06-cv-00324-WKW-DRB  Document 40  Filed 02/24/2006  Page 1 of 4

A CERTIFIED TRUE COPY

FEB 13 2006

ATTEST
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

41

FEB 13 2006

FILED
CLERK'S OFFICE

FILED
FEB 24 2006
U.S. COURT OF
FEDERAL CLAIMS

by leave of the Judge →

RELEASED FOR PUBLICATION

DOCKET NO. 1634

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PEANUT CROP INSURANCE LITIGATION

*Texas Peanut Farmers, et al. v. U.S.A.*, United States Court of Federal Claims, C.A. No. 1:03-445

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

### ORDER DENYING TRANSFER

Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by plaintiffs in a United States Court of Federal Claims action (*TPF*). Movants ask the Panel to transfer *TPF* to the Eastern District of North Carolina for inclusion in the MDL-1634 proceedings centralized there before Judge Malcolm J. Howard. The Court of Claims is currently under an appellate mandate to transfer the claims of *TPF*'s constituent plaintiffs to the federal districts (apparently as many as fourteen) where the various *TPF* plaintiffs should, under the relevant jurisdictional statute, have brought their claims. Entry of a Court of Claims order enforcing this mandate would create new actions pending in federal district courts. This presumably accounts for the *TPF* plaintiffs' alternative request to "issue as many as 14 separate orders transferring the cases to the transferee district...," even though at this point in time there are no such cases yet pending in district courts that could be subject to Section 1407 transfer by the Panel for inclusion in the MDL-1634 pretrial proceedings. Defendant United States of America opposes both of the plaintiffs' requests.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 transfer of *TPF* to the Eastern District of North Carolina is inappropriate at this time. Given the unique circumstances under which this matter has come before the Panel, we are persuaded that denial of transfer is appropriate in order to permit the Court of Claims to implement the existing mandate of the appellate court. If implementation of the mandate results, as contemplated, in the creation of new civil actions which share questions with previously centralized MDL-1634 actions and which are pending in federal district courts other than the Eastern District of North Carolina transferee district, then procedures are available whereby the Panel can initiate the process of Section 1407 transfer without further delay. *See* Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).



A TRUE COPY:
TEST:

BRIAN BISHOP
Clerk, U.S. Court of Federal Claims

By _____
Deputy Clerk

- 2 -

IT IS THEREFORE ORDERED that the motion for Section 1407 transfer of this action is denied.

                                            FOR THE PANEL:

                                            Wm. Terrell Hodges
                                               Chairman

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| CHAIRMAN: | MEMBERS: | | DIRECT REPLY TO: |
|---|---|---|---|
| Judge Wm. Terrell Hodges<br>United States District Court<br>Middle District of Florida | Judge John F. Keenan<br>United States District Court<br>Southern District of New York | Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Michael J. Beck<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002 |
| | Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas | |
| | Judge J. Frederick Motz<br>United States District Court<br>District of Maryland | Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit | Telephone: [202] 502-2800<br>Fax:         [202] 502-2888<br>http://www.jpml.uscourts.gov |

February 13, 2006

Brian Bishop, Clerk
U.S. Court of Federal Claims
105A Howard T. Markey National Courts Bldg.
717 Madison Place, N.W.
Washington, DC 20439

Re: MDL-1634 -- In re Peanut Crop Insurance Litigation

    *Texas Peanut Farmers, et al. v. U.S.A.*, United States Court of Federal Claims, C.A. No. 1:03-445

Dear Mr. Bishop:

    I am enclosing a certified copy of an order filed today by the Panel in the above matter.

                               Very truly,

                               Michael J. Beck
                               Clerk of the Panel

                               By /s/
                                  Deputy Clerk

Enclosure

cc:    Transferee Judge:  Judge Malcolm J. Howard
        Transferor Judge:  Judge Nancy B. Firestone

JPML Form 32

UNITED STATES COURT OF FEDERAL CLAIMS         Docket No. 03-4445C

# MEMORANDUM

TO:   JUDGE Firestone
FROM: CLERK'S OFFICE

The attached was received on 2-21-06 and the following defect(s) is/are noted:

1. ____   Untimely, due to be filed by _____ [Rule 7.2]

2. ____   Proof of service: [Rule 5.1]
   ____ is missing; ____ is not signed and/or dated;
   ____ shows service on wrong attorney or of wrong item;
   ____ is not attached to each document or copy

3. ____   Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. ____   Does not comply with the provisions of Rule:

   ____   5.2(a)(1)(A)   Re: table of contents or index to appendix is missing (or in wrong location)
   ____   5.2(a)(1)(G)   Re: index to appendix is to be located in both the front of the brief and in front of the appendix
   ____   5.2(b)         Re: length of briefs or memorandum
   ____   5.3(c)         Re: binding
   ____   5.3(d)         Re: original/copies missing
   ____   5.3(g)         Re: Judge's name on all filings
   ____   7(b)           Re: brief, supporting memorandum, affidavits shall be attached to motion
   ____   24(c)          Re: motion to be accompanied by a pleading
   ____   56(h)          Re: proposed findings and/or response to proposed findings is missing or not a separate document
   ____   56.1(b)        Re: statement of facts and/or counter-statement of facts is missing or not a separate document
   ____   77.1(a)        Re: improper use of the night box
   ____   83.1(c)(1)     Re: one attorney for a party; attorney to be an individual not a firm
   ____   _____       Re: _____

5. ____   Original affidavit(s)/declaration(s) is/are missing
6. ✓     No provision in the Rules (or court order) for the filing of this item
7. ____   This case has been designated as an *ECF* case.
8. ____

_____
Deputy Clerk