ORIGINAL

FILED
MAR 1 0 2006
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TEXAS PEANUT FARMERS, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-445C |
| ) | (Judge Firestone) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE
TO DEFENDANT'S NOTICE OF RECENT ORDER FROM JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION (JPML)
AND
DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR
AN ORDER REQUIRING THE GOVERNMENT TO DETERMINE THE
APPROPRIATE TRANSFEREE COURT FOR EACH NAMED PLAINTIFFS

In our recent Notice, we provided to this Court a copy of the recent order by the Judicial Panel on Multidistrict Litigation (JPML), that denied plaintiffs' motion to transfer pursuant to 28 U.S.C. §1407. In re Peanut Crop Insurance Litigation, No. 1634 (February 13, 2006). Because the JPML denied the motion to transfer, it is now appropriate to lift the stay in this action. This Court may now implement the mandate from the United States Court of Appeals for the Federal Circuit and transfer the claims of the various named plaintiffs to the appropriate Federal district courts, pursuant to the jurisdictional requirements of 7 U.S.C. §§1506(d) and 1508(j)(2). Texas Peanut Farmers v. United States v. United States, 409 F.3d 1370 (Fed. Cir. 2005).

1

As we stated in our notice, the briefs filed during the fall of 2005 should be sufficient for this Court to develop a procedure to accomplish the transfers. However, plaintiffs' counsel continues to take the position that he does not have sufficient information about some of his clients/ plaintiffs - in terms of their address, location of their farm(s) and the counties in which their farms are located, and the appropriate district within any particular state which would be the correct district court for jurisdictional purposes.

And, while plaintiffs' counsel states that the United States District Court for the Eastern District of North Carolina ordered the Government to produce this type of information, plaintiffs' counsel misrepresents the nature and scope of that order. He neglects to state that the court in Barnhill et al. v. Ross J. Davidson et al, No. 4:02-159 (E.D. N.C.), issued such an order with very limited effect and only after classes had been certified on the basis of at least some of the plaintiffs having filed suit in the appropriate Federal districts, pursuant to the jurisdictional requirements of 7 U.S.C. §§1506(d) and 1508(j)(2). Further, the court issued a Protective Order, in January 2005, given the confidentiality provisions of 7 U.S.C. §1502(c) (of the Federal Crop Insurance Act), which prohibits the disclosure of this type of information.

Finally, in any event, the Government does not maintain the type of "database" to which plaintiffs' counsel refers, with the type of information that plaintiff seeks.

Therefore, we respectfully request that the Court order counsel for plaintiffs to produce the information required with respect to each of his clients/plaintiffs – location, by county and state, of each farm(s) of the named plaintiffs, matched to the appropriate Federal district court – so that this Court may issue the correct transfer orders.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court order counsel for plaintiffs to produce the information required with respect to each plaintiff – location, by county and state, of each farm(s) of the named plaintiffs, matched to the appropriate Federal district court – so that this Court may issue the correct transfer orders.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        DAVID M. COHEN
        Director

        JANE W. VANNEMAN
        Senior Trial Counsel
        Commercial Litigation Branch
        Civil Division
        Department of Justice
            Attn: Classification Unit
            8th Floor
        1100 L Street, N.W.
        Washington, D.C. 20530
        Tele: (202) 307-1011
        Facsimile: (202) 514-8624
        Attorneys for Defendant

March 9, 2006

## CERTIFICATE OF SERVICE

     I hereby certify under penalty of perjury that on March 10, 2006, I caused to be served by United States mail, postage prepaid, copies of "DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF RECENT ORDER FROM JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (JPML) AND DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR AN ORDER REQUIRING THE GOVERNMENT TO DETERMINE THE APPROPRIATE TRANSFEREE COURT FOR EACH NAMED PLAINTIFF" and "ATTACHMENT" addressed as follows:

          R. Daniel Boyce
          Post Office Box 1990
          Raleigh, North Carolina 27602-1990

*Ena Goddard* (signature)

A TRUE COPY
TEST: APR 4 2006
BRIAN BISHOP
Clerk, U.S. Court of Federal Claims
By: _____
Deputy Clerk