IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
FILE No. 2:06-cv324-DRB

| | |
|---|---|
| ALABAMA PEANUT FARMERS, *et al.* )<br>　　　　　　Plaintiffs, )<br>　v. )<br>　　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA, )<br>　　　　　　Defendants. ) | 2:06CV324 |

**NOTICE OF "TAG-ALONG" AND MOTION TO TRANSFER TO THE
EASTERN DISTRICT OF NORTH CAROLINA (AND INCORPORATED
MEMORANDUM OF LAW)**

1

NOW COME Plaintiffs, by and through their Counsel (who also has been designated as Class Counsel as set forth below) in the above captioned matter and respectfully give notice to this Court and the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 and JPML Rules 7.4 and 7.5 that this case should be designated a "tag along action" as defined in the JPML rules. Counsel for Plaintiffs/Class Counsel moves that this case be transferred by the JPML to the Eastern District of North Carolina ("EDNC") for all pretrial purposes as allowed by federal law for the reasons set forth below.

### Background of Original Case (Eastern District of North Carolina)

The claims in this case and eight previously filed federal cases involve breach of an insurance contract (known as the Multiple Peril Crop Insurance ("MPCI") policy) covering losses of peanut crops during crop year 2002. Plaintiff Peanut Farmers entered into the insurance contract with Defendant Risk Management Agency (governing agency of Defendant Federal Crop Insurance Corporation ("FCIC")) and overseen by Defendant United States Department of Agriculture ("USDA"). The essence of each of the cases is that after all the key contract dates had passed and the contract was entered with peanut farmers being assured they had coverage for losses at the rate of $.31 per pound, the Defendants refused to provide full coverage based on federal legislation in late spring/early summer of 2002. The actions taken by the Defendants cut the insurance coverage by almost half ($.31 per pound to $.17 pound) for that crop year.

The initial case was filed in November 2002 after farmers in the Eastern District of North Carolina, Virginia and South Carolina suffered significant losses due to a devastating drought during the growing season of 2002. Other than the extent of losse,

the facts in that original lawsuit are almost identical to the other lawsuits mentioned in this Motion.

During the pretrial proceedings the Honorable Judge Malcolm Howard granted Plaintiffs' motion for summary judgment on liability and granted district-wide class certification by limiting the case to peanut farmers whose farms are located in the EDNC. (**Exhibit 1**)  The court also granted Plaintiffs' motion for a formula on calculation of damages. (**Exhibit 2**).

As set forth below, other identical federal cases were transferred to the EDNC and similar orders were entered in those cases (**Exhibit 3**).  The EDNC court subsequently denied nationwide class certification and stayed proceedings pending resolution of transfer issues in the Court of Federal Claims and the JPML (**Exhibit 4**).  Those proceedings relate to this case.

### Related Court of Federal Claims Case

After farmers in other states (who also suffered losses) heard about the lawsuit, farmers in different states requested representation for their losses resulting from the breach of the insurance contract when the Government agencies refused to pay for covered losses at the agreed upon coverage rate of $.31 per pound.  In an effort to consolidate matters, undersigned counsel filed an action in the Court of Federal Claims on behalf of farmers in five (5) different states.  The Court of Federal Claims dismissed the case ruling that there was a lack of jurisdiction and refused to transfer the cases to the various federal district courts where the farmers farmed.  That ruling was appealed. Although the Federal Circuit Court of Appeals agreed that jurisdiction more properly lie in the federal district courts where each Plaintiff Peanut Farmer grew the crops, the

appellate court reversed the trial court (over opposition by the Defendants) and ordered that the cases be transferred to each federal district court where a plaintiff peanut farmer grew his/her crops (**Exhibit 5**). Later, Plaintiffs requested that the case be designated as a "tag-along action" and be transferred to the Eastern District of North Carolina but the Government again opposed all consolidation efforts and refused to stipulate to any action other than the filing of new causes of actions based on the transfer order by the Court of Federal Claims. Thereafter the Court of Federal Claims issued an order to transfer all Plaintiffs' cases to the various federal district courts (**Exhibit 6**). This case is based on that transfer Order.

## District Court Cases and JMPL

While waiting for rulings by the Court of Federal Claims, Plaintiffs' Counsel on behalf of some of the same plaintiffs named in the Court of Federal Claims case became concerned about delays caused by the defendants. Accordingly and to protect against time limitations defenses raised by the Defendants, Plaintiffs' counsel filed "prophylactic" lawsuits in six other federal district courts (Alabama, Georgia, Florida, South Carolina, Texas and Virginia).

In another effort to consolidate the matters for purposes of judicial efficiency and economy, Plaintiffs' Counsel requested that the JPML transfer the six (6) cases to the EDNC. Despite opposition by the Defendants, the JPML agreed and ordered that the cases be transferred to the Eastern District of North Carolina. (**Exhibit 7**) An additional case filed by a different law firm was transferred to the EDNC and was consolidated with the other seven (7) cases. (**Exhibit 8**) Undersigned counsel was named Class Counsel in that case as well as the other seven (7).

In the interests of judicial efficiency and economy, undersigned counsel sought to find a way to streamline the proceedings to expedite the case by transferring the Court of Federal Claims case directly to the EDNC after the Federal Circuit Court of Appeals ordered the transfers of the cases. The Government again opposed those efforts. Inasmuch as the Government refused to stipulate to any expedited proceeding, the JMPL denied the request, acknowledging the "unique circumstances" of the case, but noted that:

> "If implementation of the mandate results, as contemplated, in the creation of new civil actions which share questions with previously centralized MDL-1634 actions and which are pending in federal district courts other than the Eastern District of North Carolina transferee district, then procedures are available whereby the Panel can initiate the process of Section 1407 transfer without further delay (See rule 7.4, RPJPML, 199 F.R.D. 425, 435-36 (2001). **(Exhibit 9)**

### Subsequent Decisions and Orders Issued by the EDNC

As noted above. after the seven (7) federal district court cases had been transferred by the JPML to the EDNC, Judge Howard issued an order granting summary judgment in favor of plaintiffs and against defendants; granting class certification and appointing class representatives in each of the other seven (7) "transferee" cases. As noted above, Judge Howard stayed the original case and the seven (7) transferee cases pending the resolution of transfer issues in the Court of Federal Claims case and JPML and indicated upon notice of the resolution of such issues the court would consider any additional transferee cases, enter orders needed and proceed to final judgment and motions regarding class administration. That stay relates to the anticipated transfer of this case and similarly situated Plaintiff cases.

## **Defendants' Positions in Previous Letters and Filings**

In previous pleadings filed with the JPML and Court of Federal Claims, the Government requested that the claims of various plaintiffs be transferred to "new" federal district courts in the judicial district in which the farms are located and "[o]nce transferred, we would not oppose a subsequent motion by plaintiffs' counsel to the JPML to transfer the cases to the multidistrict panel, the United States District Court for the Eastern District of North Carolina, subject to our express right to argue on appeal that the JPML transfer is in error." (See Defendants' Opposition to Plaintiffs' Notice and Motion for Transfer of "Tag-Along action" to Transferee Court (EDNC)", pg 9 dated November 15, 2005).

Also in eight (8) recent letters to "AUSA's in "new federal districts cases" the Government implicitly concedes the cases should be transferred: "It is likely that before any proceedings of substance will occur in your court, the claims that the Court of Federal Claims transferred to your district court should be re-transferred as a "tag- along" case, from the district court in your district to the United District Court for the Eastern District of North Carolina, *Barnhill et. al. v. Ross J. Davidson et al.* No. 4:02-159 (E.D.N.C.) This transfer would be effected pursuant to an earlier transfer order issued by the JPML. (See letters of David M. Cohen Director of Commercial Litigation Branch for the U.S. Department of Justice dated March 30, 2006, **Exhibits 10 through 17**).

Undersigned counsel requested the Government's position on this request to transfer this case and the Government advised by letter dated April 21, 2006 that "to transfer to the United States District Court for the Eastern District of North Carolina, ..., the recently-transferred cases as 'tag-along' cases. ... The government objects to the

transfer on jurisdictional ground, 7 U.S.C. §§ 1506(d) and (j)(2)(a), but recognizes that the JPML has already rejected this argument in its previous order dated October 26, 2004. In re Peanut Crop Insurance Litigation, 342 F. Supp. 2d 1353 (JPML, 2004). The government, however, wishes to reserve expressly its right to argue on appeal that the JPML order transferring these cases was in error, given the exclusive jurisdictional provisions contained in the Federal Crop Insurance statute. Id."

### The Case at Bar

The recently filed case in this district is no different from the cases filed in the other six federal district courts. The filing of this case is a direct result of the Court of Federal Claims' Order to transfer all cases to the respective districts. For reasons previously cited in pleadings before the JMPL this case involves questions of fact which are common to the actions previously transferred to the EDNC and accordingly should be transferred by the JPML to the EDNC. The Government has conceded as much in its earlier filings and letters.

### Conclusion

WHEREFORE, for reasons previously cited in pleadings before the JPML and in this Notice and Motion, Plaintiffs and others similarly situated as potential class members under Rule 23 of the Federal Rules of Civil Procedure, respectfully request that the case be transferred by the JPML to the EDNC.

Respectfully submitted, this the 11th day of ~~April~~ May, 2006.

                            BOYCE & ISLEY, PLLC

                            */s/ R. Daniel Boyce*
                            R. Daniel Boyce
                            N. C. State Bar # 12329
                            Post Office Box 1990
                            Raleigh, North Carolina 27602-1990
                            Telephone: (919) 833-7373
                            Facsimile: (919) 833-7536
                            *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I have served a copy of the foregoing *Notice of "Tag-Along" and Motion to Transfer to the Eastern District of North Carolina (and Incorporated Memorandum of Law)* by regular, first-class United States mail, postage fully pre-paid, addressed to the last known address to me as follows:

Ms. Jane Wallace Vanneman
U.S. Department of Justice
Civil Division – Commercial Litigation Branch
1100 L Street, NW, 8th Floor
Washington, DC 20530

Ms. Leura Garrett Canary
United States Attorney, Middle District of Alabama
One Court Square, Suite 201
Montgomery, Alabama 36104

This the _____ day of May, 2006.

BOYCE & ISLEY, PLLC

_____
R. Daniel Boyce
N. C. State Bar # 12329
Post Office Box 1990
Raleigh, North Carolina 27602-1990
Telephone: (919) 833-7373
Facsimile: (919) 833-7536
*Attorney for Plaintiffs*