IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| In re Peanut Crop Insurance Litigation, MDL-1634 | Master Docket No: 4:05-CV-8H **ALL CASES** |

ORDER

This matter is before the court on the following motions:

1. Motion for National Class Certification, filed February 17, 2005 [DE #10];
2. Motion to Amend the Motion for National Class Certification, filed March 4, 2005 [DE #15];
3. Motion to Begin Class Administration, filed September 6, 2005 [DE #29]; and,
4. Renewed Motion for National Class Certification, filed September 6, 2005 [DE #30].

A hearing was held in this matter on December 5, 2005. The court has reviewed all the filings by both parties. This matter is ripe for adjudication.

Class counsel and plaintiffs move, pursuant to Federal Rules of Civil Procedure 23(c)(B) and 23(d), for National Class Certification.

**Motion for National Class Certification**

This court, having reviewed the motions for national class certification and the accompanying memoranda and other pertinent matters of record, declines to issue national class certification in this matter. The court finds that certification of a national

EXHIBIT 4

class would be inconsistent with this court's resolution of the class issues in its July 22, 2004, order in <u>Barnhill v. Davidson</u>, No. 4:02-cv-159-H(4) (E.D.N.C.), which was applied to the transferee cases in the above captioned matter by order filed March 31, 2005. Under 7 U.S.C. §§ 1506(d) and 1508(j)(2)(A), the plaintiff class must be limited to peanut farmers whose farms are located in the geographic district where the case is filed[1]. <u>See</u> <u>Barnhill</u>, July 22, 2004, Order at 12 ("Because this court has no jurisdiction over peanut farmers whose farms are located outside the Eastern District of North Carolina, the court agrees that the plaintiff class should be limited to those farmers whose farms are located in this district."). Based on the same reasoning, national class certification is DENIED. Accordingly, the motions for national class certification [DE #10, #15, and #30] are DENIED.

### Motion to Begin Class Administration

Plaintiffs have also moved to begin class administration. The court finds that this motion is premature. On May 31, 2005, the United States Court of Appeals for the Federal Circuit affirmed the lower court's finding that the Court of Federal Claims (CFC) lacks

---

[1] Title 7 U.S.C. §1508(j)(2)(A) provides, in pertinent part, that "an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located." This provision is incorporated in the terms of the Multiple Peril Crop Insurance policy, which requires that any legal action by a producer claiming improper handling of a crop insurance claim "must be brought in accordance with the provisions of 7 U.S.C. §1508(j). <u>Barnhill</u>, Compl. Ex. 1, "Basic Provisions" ¶ 25(b).

jurisdiction to entertain the plaintiffs' crop insurance claims, because exclusive jurisdiction lies with the federal district court where the farm is located under 7 U.S.C. §1508(j)(2)(A). <u>Texas Peanut Farmers, et al. v. United States</u>, 409 F.3d 1370 (Fed. Cir. 2005). The Federal Circuit remanded the matter to the CFC, instructing the court to transfer the claims "to the various federal district courts where venue would be proper." 409 F.3d at 1375. The plaintiffs in the CFC case have farms located in Texas, Georgia, Alabama, Florida and South Carolina. Defendant represents to the court that some of these plaintiffs are already plaintiffs in the instant cases.

The transfer issue is currently pending before the CFC, where plaintiffs argue that the CFC should transfer all claims directly to the Judicial Panel on Multidistrict Litigation for subsequent transfer to this court. Defendant, however, argues that transfer must be to the district where the farm is located, though defendant admits that those claims may ultimately be transferred to this court[2].

Due to the pending transfer issues in <u>Texas Peanut Farmers</u>, this court finds (1) that plaintiffs' motion for class administration [DE #29] must be DENIED as premature and (2) that

---

[2]Defendant does not oppose direct transfer to the Eastern District of North Carolina of those named plaintiffs in Texas Peanut Farmers who are also named plaintiffs in one of the district court cases currently transferred to the Eastern District of North Carolina and part of the above-captioned matter.

this matter should be STAYED pending the resolution of the transfer issues in the Texas Peanut Farmers matter. Counsel shall notify the court within twenty (20) days of the resolution of said issues. At that time, this court will consider any additional transferee cases, shall enter orders needed for this matter to proceed to final judgment, and hear motions regarding class administration.

## CONCLUSION

For the foregoing reasons, plaintiffs' motions for national class certification [DE #10, #15, and #30] are DENIED. Plaintiffs' motion for class administration [DE #29] is DENIED as prematurely filed. This matter is STAYED pending the resolution of the transfer issues in the CFC and the Judicial Panel on Multidistrict Litigation. Counsel shall notify the court within twenty (20) days of the resolution of said issues. At that time, this court will consider any additional transferee cases, shall enter orders needed for this matter to proceed to final judgment, and hear motions regarding class administration.

This the 25th day of January, 2006.

_____
MALCOLM J. HOWARD
United States District Judge

At Greenville, NC
#26