409 F.3d 1370             Page 1
409 F.3d 1370
(Cite as: 409 F.3d 1370)
**H**

Briefs and Other Related Documents

United States Court of Appeals,
Federal Circuit.
TEXAS PEANUT FARMERS, Georgia Peanut Farmers, Alabama Peanut Farmers, South Carolina Peanut Farmers, and Florida Peanut Farmers Plaintiffs-Appellants,
v.
UNITED STATES, Defendant-Appellee.
No. 04-5067.

May 31, 2005.

Background: Peanut farmers whose crops were reinsured by Federal Crop Insurance Corporation (FCIC) brought action against United States, alleging that adjustment of their Multiple Peril Crop Insurance (MPCI) policies caused reductions in recovery for lost crops. The United States Court of Federal Claims, Nancy B. Firestone, J., 59 Fed.Cl. 70, dismissed action for lack of subject matter jurisdiction. Farmers appealed.

Holdings: The Court of Appeals, Mayer, Circuit Judge, held that:
(1) true nature of action was against FCIC;
(2) Tucker Act jurisdiction had been withdrawn; and
(3) interests of justice warranted transfer of action.
Vacated and remanded with instructions.

West Headnotes

[1] Federal Courts ⚖=30
170Bk30
Court of Appeals looks to true nature of action in determining existence of jurisdiction.

[2] Federal Courts ⚖=1141
170Bk1141
Court of Federal Claims lacked subject matter jurisdiction over action brought by peanut farmers whose crops were reinsured by Federal Crop Insurance Corporation (FCIC), alleging that adjustment of their Multiple Peril Crop Insurance (MPCI) policies caused reductions in recovery for lost crops, on grounds that United States, Risk Management Agency (RMA) and its Secretary and United States Department of Agriculture (USDA) and its Secretary were named as defendants rather than FCIC; true nature of action was suit against FCIC for breach of policies, and applicable statutes placed exclusive jurisdiction in federal district courts. Federal Crop Insurance Act, §§ 506(d), 508(j), 7 U.S.C.A. §§ 1506(d), 1508(j).

[3] Federal Courts ⚖=1141
170Bk1141
Court of Federal Claims lacked subject matter jurisdiction over action brought by peanut farmers whose crops were reinsured by Federal Crop Insurance Corporation (FCIC), alleging that adjustment of their Multiple Peril Crop Insurance (MPCI) policies caused reductions in recovery for lost crops, on grounds that Tucker Act endowed jurisdiction concurrent with federal district courts; Tucker Act jurisdiction had been withdrawn by statutory grant of exclusive jurisdiction to district courts over claims against FCIC. Federal Crop Insurance Act, §§ 506(d), 508(j), 7 U.S.C.A. §§ 1506(d), 1508(j); 28 U.S.C.A. §§ 1346, 1491(a)(1).

[4] Federal Courts ⚖=1158
170Bk1158
Transfer of action brought by peanut farmers challenging reductions in recovery for lost crops under Multiple Peril Crop Insurance (MPCI) policies from Court of Federal Claims to federal district court was warranted by interests of justice; absent transfer, applicable statutes of limitations may have barred farmers from adjudicating otherwise legitimate claims, farmers' counsel had verbally requested that trial court consider transfer, and transfer would not have unduly burdened judicial system. Federal Crop Insurance Act, §§ 506(d), 508(j), 7 U.S.C.A. §§ 1506(d), 1508(j); 28 U.S.C.A. § 1631.

*1371 R. Daniel Boyce, Boyce & Isley, PLLC, of Raleigh, North Carolina, argued for plaintiffs-appellants.

Jane W. Vanneman, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General and David M. Cohen, Director.

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 5

409 F.3d 1370 Page 2
(Cite as: 409 F.3d 1370, *1371)

MAYER, Circuit Judge.

Appellants appeal the orders of the United States Court of Federal Claims dismissing their claims for breach of government-reinsured crop policy contracts for lack of subject matter jurisdiction, *Texas Peanut Farmers v. United States*, 59 Fed.Cl. 70 (2003) ("*Dismissal Order*"), and denying their motion to transfer to various federal district courts contained in their motion to reconsider, *Texas Peanut Farmers v. United States*, No. 03-445C (Fed.Cl. Mar.2, 2004) ("*Order Denying Reconsideration*"). Although we concur in the trial court's dismissal for lack of subject matter jurisdiction, we vacate the *Dismissal Order* and remand with instructions to transfer. The appeal of the court's denial of the motion to transfer is dismissed.

Background

Appellants are Texas, Georgia, Alabama, Florida, and South Carolina peanut farmers who insured their 2001-2002 peanut crops under Multiple Peril Crop Insurance ("MPCI") policies. MPCI is issued by private *1372 insurers and reinsured by the Federal Crop Insurance Corporation ("FCIC") for coverage of weather-related crop loss. The FCIC was created to regulate the crop insurance industry and is a wholly-owned government corporation within the United States Department of Agriculture ("USDA"). Under the Federal Crop Insurance Act, 7 U.S.C. §§ 1501 *et. seq*, Congress directed that crop insurance be offered through private insurance providers and reinsured (and regulated) by the FCIC which, in turn, is regulated by the USDA's Risk Management Agency ("RMA"). Prior to 2002, MPCI coverage varied depending on whether lost crops were "quota" or "non-quota"; quota peanuts were covered at $0.31 per pound, and non-quota peanuts were covered at $0.16 per pound. In May 2002, Congress passed the Farm Security and Rural Investment Act, Pub.L. 107-171, 116 Stat. 182, which repealed the peanut quota and caused all peanuts to become non-quota with a per-pound-coverage rate of $0.1775. As a result, all of appellants' peanuts became insured at $0.1775 per pound.

Appellants' crops suffered weather-related damage in 2002. Upon filing claims for their losses, they were informed of the insurance policy modification under which losses would be covered at $0.1775 per pound. Appellants sued the United States in the Court of Federal Claims, alleging breach of contract and claiming as damages the difference between the $0.31 per-pound and $0.1775 per-pound-coverage rates. The court granted the government's motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims, holding that 7 U.S.C. §§ 1508(j) and 1506(d) placed exclusive jurisdiction in the federal district courts. *Dismissal Order*, 59 Fed.Cl. at 73, 74 n. 1. The court also denied appellants' subsequent motion to transfer to the district courts contained in its motion to reconsider the order of dismissal. *Order Denying Reconsideration*, slip op. at 2. Appellants appeal both orders.

Discussion

We review the Court of Federal Claims's dismissal for lack of jurisdiction *de novo*. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed.Cir.2002). Appellants challenge the *Dismissal Order*, arguing that because they did not name the FCIC as a defendant, sections 1508(j) and 1506(d) do not apply; and the Court of Federal Claims has concurrent jurisdiction with the district courts under the Tucker Act, 28 U.S.C. § 1491(a)(1), and Little Tucker Act, 28 U.S.C. § 1346. They challenge the denial of their motion to transfer on the grounds that the court improperly determined that under Rule 59(b) their motion was untimely and transfer was not required in the interest of justice.

I.

[1][2] Appellants initially state that the Court of Federal Claims has jurisdiction because they named the United States, the RMA and its Secretary, and the USDA and its Secretary as defendants, not the FCIC. Appellants assert that in enacting the Farm Security and Rural Investment Act, it was Congress, not the FCIC, which breached the MPCI. This theory does not bear scrutiny. It is settled that this court "look[s] to the true nature of the action in determining the existence or not of jurisdiction." *Nat'l Ctr. for Mfg. Sciences v. United States*, 114 F.3d 196, 199 (Fed.Cir.1997) (quoting *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed.Cir.1994)). An inspection of the contract and appellants' pleadings reveals the true nature of this action: a suit against the FCIC for breach of the MPCI. Essentially, the appellants argue that the amount of insurance was reduced after the crop year had begun, in violation of section 4 of the MPCI. The MPCI itself *1373 plainly states that appellants are the contracting parties and the FCIC is the reinsurer. The clause

409 F.3d 1370
(Cite as: 409 F.3d 1370, *1373)

Page 3

states: "This insurance policy is reinsured by the Federal Crop Insurance Corporation (FCIC) .... All provisions of the policy and rights and responsibilities of the parties are specifically subject to [the Federal Crop Insurance Act]." Appellants' strategic decision not to name the FCIC as a defendant is merely an attempt to avoid the strictures of the MPCI and sections 1508(j) and 1506(d). [FN1]

> FN1. Furthermore, appellants are unable to avoid section 1508(j) because their suit named the Secretary of Agriculture. Section 1508(j) specifically requires that suits against the Secretary under the Federal Crop Insurance Act be brought in district court.

[3] We similarly reject appellants' argument that the Tucker Act endows the Court of Federal Claims with jurisdiction concurrent with the federal district courts. They argue that: (1) their contracts with the government provide for lawsuits to be filed in federal district courts but do not prohibit filing in the Court of Federal Claims; [FN2] (2) the Tucker Act [FN3] provides jurisdiction in the Court of Federal Claims over their contract claim against the United States; therefore (3) the Tucker Act allows concurrent jurisdiction. Appellants further cite the Little Tucker Act [FN4] because of its explicit grant of concurrent jurisdiction in certain instances.

> FN2. The relevant MPCI clauses state:
> (a) You may not bring legal action against us unless you have complied with all of the policy provisions.
> (b) If you do take legal action against us, you must do so within 12 months of the date of denial of the claim. *Suit must be brought in accordance with the provisions of 7 U.S.C. § 1508(j).*
> (c) Your right to recover damages (compensatory, punitive, or other), attorney's fees, or other charges is limited or excluded by this contract or by Federal Regulations.
> (emphasis added).

> FN3. The Tucker Act sets forth a number of prerequisites for Court of Federal Claims jurisdiction, including that the action be a claim against the United States, that the claim is founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, and that the damages claim not sound in tort. 28 U.S.C. § 1491(a)(1) (2000).

> FN4. The Little Tucker Act provides for concurrent jurisdiction between the district courts and the Court of Federal Claims when the claim is not for monetary damages in excess of $10,000. 28 U.S.C. § 1346(a)(2) (2000).

Appellants' assertions are unavailing. Congress may withdraw any grant of Tucker Act jurisdiction. *See Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1016-17, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984); *Wilson v. United States,* 405 F.3d 1002 (Fed.Cir.2005) (affirming the Court of Federal Claims's holding that 42 U.S.C. § 405(g)'s directive that claims arising under the Medicare Act "shall be brought in the district court of the United States" constituted a Congressional withdrawal of Tucker Act jurisdiction); *Massie v. United States,* 166 F.3d 1184, 1188 (Fed.Cir.1999) ("[A] contract will not fall within the purview of the Tucker Act if Congress has placed jurisdiction over it elsewhere."). Because appellants are suing the FCIC for breach, sections 1508(j) and 1506(d), by which Congress has granted district courts exclusive jurisdiction over claims against the FCIC, govern. Section 1508(j) specifically governs claims for indemnity by producers of covered crops, and provides in relevant part:

(j) Claims for losses.
(1) In general. Under rules prescribed by the [Federal Crop Insurance] Corporation, the Corporation may provide for adjustment and payment *1374 of claims for losses. The rules prescribed by the Corporation shall establish standards to ensure that all claims for losses are adjusted, to the extent practicable, in a uniform and timely manner.
(2) Denial of claims.
(A) In general. Subject to subparagraph (B), *if a claim for indemnity is denied by the Corporation or an approved provider, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located.*
(B) Statute of limitations. A suit on the claim may be brought not later than 1 year after the date on which final notice of denial of the claim is provided to the claimant.
(3) Indemnification. The Corporation shall provide approved insurance providers with indemnification, including costs and reasonable attorney fees incurred by the approved insurance

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

provider, due to errors or omissions on the part of the Corporation.

7 U.S.C. § 1508(j) (2000) (emphasis added). And, while not explicitly cited in the MPCI policies, section 1506(d), which outlines the general powers of the FCIC, also applies:

> (d) Suit. The [Federal Crop Insurance] Corporation, subject to the provisions of [7 U.S.C. § 1508(j)], may sue and be sued in its corporate name, .... *The district courts of the United States, ... shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the Corporation.... Any suit against the Corporation shall be brought in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business.*

7 U.S.C. § 1506(d) (2000) (emphasis added). The plain meaning of these two sections is that Congress granted district courts exclusive jurisdiction over claims against the FCIC. Thus, the Court of Federal Claims did not err in concluding that it lacked jurisdiction. [FN5]

> FN5. This holding is not contrary to the decision of the Eleventh Circuit in *Williams Farms of Homestead, Inc. v. Rain and Hail Insurance Services, Inc.*, 121 F.3d 630 (11th Cir.1997). In that case, the Eleventh Circuit held that sections 1506 and 1508, which require that suits against the FCIC or the Secretary be brought only in district court, do not bar suits against private insurers in state court. The court's decision in that case is not inconsistent with our holding here that a suit that is properly characterized as an action against the FCIC for breach of contract must be brought in district court, and that those statutory restrictions cannot be avoided by naming the United States as defendant even though the action is properly one against the FCIC.

[4] Although we concur in the trial court's jurisdictional holding, the question that remains is whether the trial court should have, in the interest of justice, transferred this case. We believe transfer is warranted. The transfer statute provides that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed[.]" 28 U.S.C. § 1631 (2000). "A compelling reason for transfer is that the [appellant], whose case if transferred is for statute of limitations purposes deemed by section 1631 to have been filed in the transferor court ... will be time-barred if his case is dismissed and thus has to be filed anew in the right court." *Phillips v. Seiter,* 173 F.3d 609, 610 (7th Cir.1999) (citations omitted). That is the case here. It is conceivable that, absent transfer, applicable statutes *1375 of limitations may bar appellants from adjudicating otherwise legitimate claims. [FN6] And while the trial court could have ordered transfer without being asked to do so by either party, *see id.,* 173 F.3d at 610, the record shows that appellants' counsel verbally requested that the court consider transfer during a July 25, 2003, teleconference. [FN7] That fact, combined with the statutory requirement that transfer be considered to cure jurisdictional defects, raises the question of why the court did not in the first instance address the issue in the *Dismissal Order.* The circumstances of this case and justice require transfer, the record does not show that transfer would unduly burden the judicial system, and the government cannot logically show that it will be harmed by transfer. Therefore, we vacate the *Dismissal Order* for the court's failure to consider transfer, and we remand to the trial court with instructions to transfer to the various federal district courts where venue would be proper.

> FN6. The government made repeated requests for extensions of time for filing responses in this action. As a result, appellants delayed filing parallel actions in district court. After appellants filed their district court actions, the government challenged those suits on statute of limitations grounds. Transfer will presumably avoid that inequitable result.

> FN7. The Ninth and Second Circuits have held that a trial court must consider transfer as an alternative to dismissal for want of jurisdiction in cases in which transfer is authorized by section 1631, even in the absence of a request for transfer by the plaintiff. *See Cruz-Aguilera v. Immigration & Naturalization Serv.,* 245 F.3d 1070, 1074 (9th Cir.2001); *Paul v. Immigration & Naturalization Serv.,* 348 F.3d 43, 46 (2d Cir.2003). We do not have to decide whether to follow that line of authority because in this case, such a request was made, albeit not with the degree of formality normally required for motions submitted to the court. *See* R. Ct. Fed. Cl. 7.

II.

Appellants also argue that the trial court's denial of its motion to transfer to the various federal district

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

409 F.3d 1370 Page 5
(Cite as: 409 F.3d 1370, *1375)

courts was contrary to the interest of justice. The court found appellants' transfer motion, which was contained in their January 5, 2004, motion to reconsider, untimely and transfer not required by justice. Our disposition of the *Dismissal Order* above moots this motion. And, because appellants never timely filed an amended notice of appeal of the *Order Denying Reconsideration,* that order is not properly before us.

Under Fed. R.App. P. 4(a)(4)(B)(ii), "[a] party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) ... *must file a notice of appeal, or an amended notice of appeal* ... within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion" (emphasis added). Motions listed in Fed. R.App. P. 4(a)(4)(A) include "to alter or amend the judgment under Rule 59; ... for a new trial under Rule 59; or ... for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered." Here, the *Order Denying Reconsideration* disposed of appellants' motion to reconsider on March 2, 2004. Appellants had sixty days from entry of the *Order Denying Reconsideration* to file an amended notice of appeal of that order. *See* 28 U.S.C. § 2107 (2000); Fed. R.App. P. 4(a)(1)(B) (requiring a notice of appeal for cases in which the United States is a party be filed within 60 days after the order appealed from is entered). "The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *Sofarelli Assocs., Inc. v. United States,* 716 F.2d 1395, 1396-97 (Fed.Cir.1983).

*1376 Conclusion

Accordingly, the dismissal order of the Court of Federal Claims dismissing the case is vacated and the case is remanded with instructions to transfer. Appeal of the order denying reconsideration is dismissed.

COSTS

No costs.

*VACATED AND REMANDED WITH INSTRUCTIONS TO TRANSFER*

409 F.3d 1370

Briefs and Other Related Documents (Back to top)

. 04-5067 (Docket) (Feb. 18, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.