JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 6 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1634*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PEANUT CROP INSURANCE LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of seven actions listed on the attached Schedule A and pending, respectively, in the Middle District of Alabama, the Northern District of Florida, the Middle District of Georgia, the Eastern District of North Carolina, the District of South Carolina, the Eastern District of Texas, and the Eastern District of Virginia.[1] Plaintiffs in the seven actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of North Carolina. The defendants in the actions, who are the United States, two United States Government officials, and three United States departments or agencies, oppose transfer. If the Panel determines to order transfer over their objections, then these defendants suggest that the Eastern District of Virginia would be an appropriate transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiff peanut farmers in each action allege that common defendants on or after May 13, 2002, unlawfully and unilaterally imposed modifications to the Multiple Peril Crop Insurance Policy for Year 2002, which changed the plaintiff farmers' insurance coverage by reducing it from $.31 to $.1775 per pound of peanuts. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to jurisdictional and class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

Objecting defendants have argued that Section 1407 transfer would circumvent the requirements of 7 U.S.C. § 1508 (j)(2)(a), which provides that actions on crop insurance claims may

---

[1] The Section 1407 motion, as originally filed, also pertained to an additional action brought in the United States Court of Federal Claims. Movants subsequently withdrew this action from the list of actions encompassed by their motion in recognition of the fact that the action had been dismissed and was on appeal. Also, the Panel has been notified of one additional related action recently filed in the Middle District of Alabama. In light of the Panel's disposition of this docket, this action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

EXHIBIT 1

- 2 -

be brought only in the district court for the district in which the insured farm is located. Opponents argue that because of this clear Congressional mandate that a federal court, in a particular district, possesses exclusive jurisdiction to entertain certain farmers' crop insurance claims, the Panel cannot or should not exercise its Section 1407 authority to transfer multiple such actions to a single district for coordinated or consolidated pretrial proceedings. We note, however, that in considering transfer under Section 1407, the Panel is not encumbered by considerations of venue. *In re Great Western Ranches Litigation*, 369 F.Supp. 1406, n.1 (J.P.M.L. 1974). An opposite conclusion would frustrate the essential purpose of Congress in enacting Section 1407 and providing for transfer of civil actions to "any district" by the Panel, namely, to permit centralization in one district of all pretrial proceedings when civil actions involving one or more common questions of fact are pending in different districts. *See In re Matter of New York City Municipal Securities Litigation*, 572 F.2d 49 (2nd Cir. 1978). We also note that any action transferred under Section 1407 for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court will be remanded to its transferor district for trial. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001).

In concluding that the Eastern District of North Carolina is an appropriate forum for this docket, we note that the proceedings are furthest advanced in that district, which is also well equipped with the resources that this docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of North Carolina are transferred to the Eastern District of North Carolina and, with the consent of that court, assigned to the Honorable Malcolm J. Howard for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

# SCHEDULE A

### MDL-1634 -- In re Peanut Crop Insurance Litigation

#### Middle District of Alabama

*Terry E. Beasley, et al. v. Ross J. Davidson, et al.*, C.A. No. 1:03-500

#### Northern District of Florida

*Florida Peanut Farmers, et al. v. Ross J. Davidson, et al.*, C.A. No. 5:03-107

#### Middle District of Georgia

*Georgia Peanut Farmers, et al. v. Ross J. Davidson, et al.*, C.A. No. 1:03-175

#### Eastern District of North Carolina

*Marvin Taylor Barnhill, et al. v. Ross J. Davidson, et al.*, C.A. No. 4:02-159

#### District of South Carolina

*Wallace A. Berry, et al. v. Ross J. Davidson, et al.*, C.A. No. 3:03-1631

#### Eastern District of Texas

*Texas Peanut Farmers, et al. v. Ross J. Davidson, et al.*, C.A. No. 2:03-120

#### Eastern District of Virginia

*Tom Clements, et al. v. Ross J. Davidson, et al.*, C.A. No. 2:03-352