

U.S. Department of Justice

Civil Division

PDK:DMC:JVanneman
154-03-445

Telephone: 202-307-1011
Facsimile: 202-514-8624

*Washington, D.C. 20530*

March 30, 2006

BY FEDERAL EXPRESS

Mr. Keith Wyatt
United States Attorney Office
c/o U.S. Marshals Service
515 Rusk Avenue
Houston, TX 77002

    Re:    <u>Texas Peanut Farmers v. United States</u>, No. 03-445C (Fed. Cl.)

Dear Mr. Wyatt:

Introduction - Transfer of Cases

    This letter is to advise you that the United States Court of Federal Claims has issued an order, dated March 24, 2006, transferring the claims of some of the plaintiffs named in the above-captioned case to the district court in your district. The transfer order is based upon important jurisdictional provisions governing crop insurance claims, which require that any claim for crop insurance be filed only in the Federal district court for the district in which the farm is located. 7 U.S.C. §§1506(d) and 1508(j)(2). I have attached a copy of the transfer order, as well as copies of other pertinent decisions in related cases.

    These cases have a complicated procedural history. The claims involve crop insurance claims for the peanut crop for 2002, pursuant to the Multiple Peril Crop Insurance (MPCI) policy that plaintiffs held with the Risk Management Agency (governing agency of the Federal Crop Insurance Corporation). Legislation in 2002 repealed the peanut quota and the government paid for peanut crop losses at a lower, non-quota rate, according to the MPCI policy.[1]

    It is likely that, before any proceedings of substance will occur in your court, the claims that the Court of Federal Claims transferred to your district court should be re-transferred, as a "tag-along" case, from the district court in your district to the United States District Court for the

---

[1] See <u>Members of Peanut Quota Holders Ass'n v. United States</u>, 421 F.3d 1323 (Fed. Cir. 2005), <u>petition</u> <u>for</u> <u>certiorari</u> <u>filed</u> (repeal of peanut quota was not a regulatory taking).

-2-

Eastern District of North Carolina, <u>Barnhill et al. v. Ross J. Davidson et al</u>, No. 4:02-159 (E.D. N.C.). This transfer would be effected pursuant to an earlier transfer order issued by the Judicial Panel on Multi-district Litigation (JPML). <u>In re Peanut Crop Insurance Litigation</u>, 342 F.Supp.2d 1353 (JPML, 2004).

Related Lawsuits in Other District Courts
and the Judicial Panel on Multidistrict Litigation

    Plaintiffs are represented by Mr. R. Daniel Boyce, P.O. Box 1990, Raleigh, North Carolina 27602, to whom I have also forwarded a copy of this letter.

    Mr. Boyce initially filed an action on behalf of some peanut farmers in the Eastern District of North Carolina, <u>Barnhill</u>. He then filed an action in the Court of Federal Claims, <u>Texas Peanut Farmers v. United States</u>, 59 Fed. Cl. 70 (2003), on behalf of farmers in five states. On the government's motion to dismiss, the Court of Federal claims held that it lacked jurisdiction, because exclusive jurisdiction for these types of claims are in the Federal district court in the district in which the farm is located. <u>Id.</u>, citing 7 U.S.C. §§1506(d) and 1508(j)(2). The United States Court of Appeals for the Federal Circuit affirmed, although the court of appeals remanded so that the Court of Federal Claims could transfer the claims of various plaintiffs to the appropriate Federal district court in which the case should have originally been filed – the district in which the farm is located. <u>Texas Peanut Farmers v. United States</u>, 409 F.3d 1370 (Fed. Cir. 2004).

    In the meantime, plaintiffs' counsel, on behalf of the same plaintiffs named in the Court of Federal Claims, and also other plaintiffs, filed several cases in other district courts in other states (Alabama, Georgia, Florida, South Carolina, Texas; these states are involved in the Court of Federal Claims action), and also in Virginia.[2] The 2004 order from the JPML transferred many of these claims of the farmers in the five states, as well as those from Virginia, to the Eastern District of North Carolina. <u>In re Peanut Crop Insurance Litigation</u>, 342 F.Supp.2d 1353 (JPML, 2004).

---

    [2] <u>Tom Clements et al. v. Ross J. Davidson</u>, Civil Action No. 2:03cv352 (E.D. Va); <u>Texas Peanut Farmers, Barnes, et al. v. Davidson, et al.</u>, No. 2-03CV-120 (E.D. TX.); <u>Terry E. Beasley, et al. v. Davidson, et al.</u>, No. CV-03–T-500-S (M.D. Ala.); <u>Joey Watford, et al. v. Davidson, et al.</u>, No. 03-M-153-S (M.D. Ala.); Georgia Peanut Farmers: <u>Bradford L. Carroll; Edwin Clark; et al v. Ross J. Davidson et al.</u> (M.D. Ga), Case No. 1:03-CV175-WLS; <u>Florida Peanut Farmers, James C. Barnes, et al. v. Davidson, et al.</u>, No. 5:03-CV-107-MCR (N.D. Fla.); <u>Wallace A. Berry, et al. v. Davidson, et al.</u>, No. 3-03-1631-10 (D.S.C.).

-3-

Decisions and Orders Issued by Eastern District of North Carolina

During this time, the Eastern District of North Carolina has issued several orders and decisions. The court granted plaintiffs' motion for summary judgment on liability, and granted plaintiffs' motion for a formula on damages. The court also granted district-wide class certification limited to the appropriate Federal district in which the farms are located, and denied nationwide class certification.

Recently, by order issued in February, 2006, the JPML denied plaintiffs' second motion to transfer all of the plaintiffs named in the Court of Federal Claims directly to the Eastern District of North Carolina. While the Court of Federal Claims last fall stayed its case pending the JPML decision on plaintiffs' counsel's most recent motion to the JPML to transfer, after the JPML denied that motion, the Court of Federal Claims complied with the mandate of the Federal Circuit. Thus, the Court of Federal Claims has now transferred the claims of the plaintiffs named in the Court of Federal Claims complaint – which includes the claims of plaintiffs transferred to the district court for which you and your attorneys have responsibility.[3]

In the recent order of the Court of Federal Claims, the judge indicated that the cases may be "tag-along" cases to the earlier JPML order. See footnote 1 (referencing Barnhill, although not by case caption). As such, it may be appropriate to transfer the cases to the Eastern District of North Carolina. It is possible, however, that plaintiffs' counsel will attempt to secure additional information from the government with respect to additional possible plaintiffs within your state and district, and/or file a motion for class certification in your court. It may be appropriate for the government not to oppose district-wide class certification, before the Eastern District of North Carolina, after the case is re-transferred as a tag-along case (subject to reserving our rights to argue on appeal all of the objections to class certification that we presented in the briefs to the Eastern District of North Carolina). For assistance in determining exactly what the Eastern District of North Carolina has ordered with respect to class certification and the obligation, if any, upon the government to provide information to plaintiffs' counsel with respect to additional peanut farmers, please contact Mr. Eric Goulian, the Assistant United States Attorney (AUSA) in Raleigh, North Carolina, who has responsibility for Barnhill, and/or Mr. Kent Porter, the AUSA in Norfolk, Virginia, who handled matters in the Eastern District of Virginia. In addition, Ms. Ruth Yeager, Assistant United States Attorney in the Eastern District of Texas, has handled matters in Texas Peanut Farmers, Barnes, et al. v. Davidson, et al., No. 2-03CV-120 (E.D. TX.), which has been stayed in late 2004. For attorneys in Texas, please feel free to contact Ms. Yeager (903) 590-1400. Please be advised that there is a confidentiality requirement contained in the governing crop insurance statute, 7 U.S.C. §1502(c). Government

---

[3] It would be advisable to check the names of the persons whose cases were transferred. Plaintiffs' counsel submitted to the Court of Federal Claims a list of persons, which included additional persons and/or farms. However, only those persons who were named in the complaint filed in the Court of Federal Claims should be listed in the case transferred to your court, as the Court of Federal Claims did not certify any class.

-4-

officials are not permitted to release any information to anyone relating to peanut farmers with crop insurance policies, unless there is a protective order in place (which the court in Barnhill issued).

Once the parties and the district court in the North Carolina case determine the exact amount of damages for each plaintiff, according to the formula that the court adopted, the United States will determine whether it will seek permission to file an appeal to the United States Court of Appeals for the Fourth Circuit.[4]

Conclusion

We hope that this summary of the procedure and substance of these cases will assist you and your office in effecting the transfer, without requiring substantial work on your part.

If you have any questions, please feel free to telephone Ms. Jane Vanneman, Senior Trial Counsel, at the Commercial Litigation Branch, Washington, D.C., at 202 307-1011. Ms. Vanneman has handled these matters in the various courts and/or coordinated with Assistant United States Attorneys handling the cases in the various district courts, and is familiar with the entire procedural and substantive history of the cases. Agency counsel are Mr. Don Brittenham, Office of the General Counsel (OGC), United States Department of Agriculture (USDA), Washington, D.C., and Mr. Mark Simpson, OGC, USDA, Atlanta, Georgia. The telephone number for Mr. Brittenham is (202) 690-2293, and for Mr. Simpson is (404) 347-1085. Mr. Dave Clauser, with the Risk Management Agency (RMA) in Kansas City, Missouri, should also be able to assist you. His telephone is (816) 926-7730.

Very truly yours,

DAVID M. COHEN
Director
Commercial Litigation Branch

Enclosures
cc:  Mr. Eric Goulian (AUSA, Raleigh, North Carolina)(w/ encl.)
     Mr. Kent Porter (AUSA, Norfolk, Virginia)(w/ encl.)

---

[4] We have reserved our right to appeal the decision of the JPML transferring these cases, as well as the merits of the liability and damages issues, based upon the jurisdictional requirements of 7 U.S.C. §1506(d) and §1508(j)(2). Therefore, it is possible that at some future date, the claims of the plaintiffs who have peanut farms in the district within the district court in which you practice would be re-transferred by to your court.

-5-

Ms. Ruth Yeager (AUSA, Eastern District, Texas) (w/ encl.)
Mr. Dave Stauss (USDA, OGC, Temple, Texas)(w/ encl.)
Mr. Don Brittenham (USDA, Washington, D.C.)(w/ encl.)
Mr. Mark Simpson (USDA, Atlanta, Georgia)(w/ encl.)
Mr. Dave Clauser (RMA, Kansas City, Missouri)(w/ encl.)
Mr. Daniel Boyce (counsel for plaintiffs)(w/ encl.)

List of Enclosures

1. Order, March 24, 2006, <u>Texas Peanut Farmers v. United States</u>, No. 03-445C (Fed. Cl.)(transfer order)
2. Complaint, <u>Texas Peanut Farmers v. United States</u>, No. 03-445C (Fed. Cl.)(February 25, 2003)
3. <u>Texas Peanut Farmers v. United States</u>, 59 Fed. Cl. 70 (2003)
4. <u>Texas Peanut Farmers v. United States v. United States</u>, 409 F.3d 1370 (Fed. Cir. 2005).
5. Orders in <u>Barnhill et al. v. Ross J. Davidson et al</u>, No. 4:02-159 (E.D. N.C.)
   a. <u>Barnhill et al. v. Ross J. Davidson et al</u>, (July 22, 2004, E.D. N.C.)(grant of summary judgment to plaintiffs; denial of Government's motion for summary judgment;
   b. <u>Barnhill et al v. Ross J. Davidson et al</u>, (March 31, 2005)(certification of district-wide classes)
   c. <u>Barnhill et al. v. Ross J. Davidson et al</u> (March 31, 2005, E.D. N.C.)(order on damages)
   d. <u>Barnhill et al. v. Ross J. Davidson et al</u>, (January 26, 2006, E.D. N.C.) (denial of motion for nationwide class certification)
   e. <u>Barnhill et al. v. Ross J. Davidson et al</u>, (2005) Second Consent Protective Order
6. <u>In re Peanut Crop Insurance Litigation</u>, 342 F.Supp.2d 1353 (JPML, 2004)(transfer pursuant to 28 U.S.C. §1407 to Eastern District of North Carolina)
7. <u>In re Peanut Crop Insurance Litigation</u>, No. 1634, Order, February 13, 2006 (denial of motion to transfer)